UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; RUTH WEAVER; DIAMANTINA ALVARADO; AND LINDA GARCIA<br><br>Plaintiffs<br><br>vs.<br><br>CAMERON COUNTY and TONY YZAGGUIRE, JR., Tax Assessor-Collector of Cameron County and Director, Cameron County Automobile Crimes Enforcement Task Force, in his individual capacity | § § § § § § § § § § § § § § § § | Civil Action No. 03-CV-96<br><br>**JURY TRIAL REQUESTED** |

### PLAINTIFF ALVARADO AND PLAINTIFF GARCIA'S RESPONSE TO DEFENDANT YZAGUIRRE'S MOTION TO DISMISS JOINDER OF PLAINTIFFS ALVARADO AND GARCIA AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) OR QUALIFIED IMMUNITY

Plaintiffs allege Defendants, acting under color of state law, violated their right to freedom of speech and association as guaranteed by the First Amendment to the United States Constitution.

### STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

Defendant Yzaguirre filed a Motion to Dismiss Joinder of Plaintiffs Alvarado and Garcia and Motion to Dismiss for failure to state a claim under FRCP 12(b)(6) or Qualified Immunity. These are the issues addressed in this response.

### SUMMARY OF THE ARGUMENT

#### I.

#### "Joinder of Alvarado and Garcia"

1.    FRCP 15(a) provides that "A party may amend the party's pleading once as a matter

of course at any time before a responsive pleading is served." At the time that Plaintiffs amended the complaint to include Alvarado and Garcia, the Defendants had not filed a responsive pleading. Pursuant to FRCP 15(a), Plaintiffs were not required to obtain leave to amend their pleading.

## II.

### FRCP 12(b)(6)

2.  Federal Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 45, 46 (1957); *Leffal v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994), see also *Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (citing Wright & Miller, *Federal Practice and Procedure: Civil*, §1357 at 598 [1969] for the proposition that "a motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted."), cert. denied, 459 U.S. 1105 (1983).

3.  In determining whether dismissal should be granted in this case, the Court must accept all well-plead facts as true and view them in the light most favorable to Plaintiff Alvarado and Plaintiff Garcia, the non-movants. *Captial Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir.1994); *see also Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir.1996) (dismissal reversed, since complaint was sufficient to state §1983 action.)

4.  Plaintiff Alvarado and Plaintiff Garcia have each set out numerous paragraphs in their live pleading which raise a claim under the First Amendment to the United States Constitution. These paragraphs specify their protected speech or association, when the protected speech or association occurred, who witnessed the protected speech or association, whether the protected

speech or association was written or oral, and a causal link between the protected speech or association and the adverse employment actions claimed. Taking these well-plead facts as true and viewed in the light most favorable to Plaintiff Alvarado and Plaintiff Garcia, Plaintiff Alvarado's and Plaintiff Garcia's claims should not be dismissed under FRCP 12(b)(6).

### III.

### FIRST AMENDMENT RETALIATION - SPEECH

5. The First Amendment to the United States Constitution states that Congress shall make no laws that abridge the right of free speech. Therefore, at all times that Plaintiffs were employed with Cameron County, they had a clearly established federal constitutional right of free speech. U.S. Const., Amend. I

6. Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, prohibits any person acting under color of state law from depriving any citizen or person of the rights, privileges and immunities secured by the Constitution.

7. To establish a cause of action under §1983 for an employee's First Amendment claim of retaliation, a plaintiff has the burden of showing: (1) Defendants were acting under color of state law; (2) Plaintiffs' speech activities were protected under the First Amendment; and (3) Plaintiffs' exercise of their protected right was a substantial or motivating factor in Defendants' actions. *Pierce v. Texas Dep't. of Crim. Justice Inst. Div.*, 37 F.3d 1146, 1149 (5th Cir.1994); *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 329 U.S. 274, 287, 97 S. Ct. 568, 576 (1977).

8. An employee claiming retaliation for speech protected by the First Amendment to the United States Constitution is required to be specific as to when the statement or statements were made, to whom they were made, whether they were oral or written, and the content of those

3

statements. *Connick v. Myers*, 461U.S. 138, 147 (1983).

9. The First Amendment "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Roth v. United States*, 354 U.S. 476, 484 (1957); *New York Times Co. v. Sullivan*, 376 U.S. 254, 269 (1964). "[Speech] concerning public affairs is more than self-expression; it is the essence of self-government." *Garrison v. Louisiana*, 379 U.S. 64, 74-75 (1964). Accordingly, the Court has frequently reaffirmed that speech on public issues occupies the "'highest rung of the hierarchy of First Amendment values,'" and is entitled to special protection. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 913 (1982); Carey v. Brown, 447 U.S. 455, 467 (1980).

10. Plaintiffs' First Amended Complaint alleges that in the exercise of Plaintiffs' right to free speech, they, or someone closely associated (in other words, Blacklisting) to them as specifically stated in Plaintiffs' First Amended Complaint known by Defendant Yzaguirre, spoke out against unlawful vehicle registration transactions and other unlawful practices by Defendant Yzaguirre and others under Defendant Yzaguirre's direction. Plaintiffs' statements concerned matters of public concern in that there may be no greater issue of public concern than an elected official's violation of laws. Plaintiff Alvarado and Plaintiff Garcia's protected speech and association is specifically set-out in paragraphs 53-68 of Plaintiffs' First Amended Complaint.

11. Defendant's Motion mischaracterize Plaintiffs' pleadings. One specific example is that Defendant states on pages 15-18 of its Motion that Plaintiff Garcia's written communication regarding Eniel Barreda does not involve allegations of criminal misconduct or official corruption, but instead is a communication about office methodology. This is clearly incorrect. Plaintiff Garcia specifically discussed facts of impropriety and unlawful actions in the transactions in issue.

Defendant Yzaguirre has a long history, which the Plaintiffs have spoken out against to Defendant Yzaguirre, of providing unlawful favors to his friends and business associates. Mr. Barreda is a relative of one of these "friends and business associates" of Defendant Yzaguirre and arguably the transactions in issue are relevant to these unlawful favors to "friends and business associates". Plaintiff Garcia specifically alleged that Mr. Barreda was making unlawful transactions which are regulated by the State of Texas – not merely failing to follow office procedures. Plaintiff Garcia's speech is clearly protected speech. See *Davis v. Ector County, Texas*, 40 F.3d 777,782 (5th Cir. 1994) ("There is perhaps no subset of matters of public concern more important than bringing official misconduct to light."). Defendant alleges that because the speech is private that Plaintiff loses her First Amendment protections, but this incorrect. The Fifth Circuit has specifically held that *the fact that the employee chooses to communicate privately with his employer rather than spread his views before the public does not automatically exclude the speech from being public.* *Benningfield v. The City of Houston* 157 F3d 369 (5th Cir.1998), *citing Thompson v. City of Starkville, Miss.*, 901 F.2d 463-65 (5th Cir. 1990). Further, Defendant's allegations that Plaintiff spoke as an employee rather than as a citizen is irrelevant in this case because all of the Plaintiffs' protected speech concerned criminal activities, improprieties, etc. In *Schultea v. Wood*, 27 F.3d 1112 (5th Cir. 08/09/1994), the Fifth Circuit wrote:

"[a] public employee who engages in whistleblowing does not 'forfeit[] his protection against governmental abridgment of freedom of speech if he decides to express his views privately rather than publicly.'" *Brown*, 804 F.2d at 337 (quoting *Givhan v. Western Line Consol. Sch. Dist.*, 439 U.S. 410, 414, 99 S. Ct. 693, 696, 58 L. Ed. 2d 619 (1979)). More importantly, however, the pleadings demonstrate that Schultea's letters relate to a matter of public concern--the *possibly* criminal acts

5

committed by a public official.[emphasis mine]. *See Brawner v. City of Richardson*, 855 F.2d 187, 191 (5th Cir. 1988) (letter containing "serious allegations of possible police misconduct" related to a matter of public concern where letter was sent to the police chief, mayor, city council members, and reporters at a local paper); *Conaway v. Smith*, 853 F.2d 789, 796 (10th Cir. 1988) ("*Speech which discloses any evidence of corruption, impropriety, or other malfeasance on the part of city officials, in terms of content, clearly concerns matters of public import*." [emphasis mine]); *Brown*, 804 F.2d at 327 (reports of possible financial improprieties by a public employee related to a matter of public concern). Consequently, Schultea has alleged the violation of a constitutional right." Because of Defendant's "mischaracterizations", Plaintiffs respectfully request that the Court refer to Plaintiff's First Amended Complaint for the most accurate account of Plaintiffs' allegations.

### III.

### FIRST AMENDMENT RETALIATION - ASSOCIATION

13. Plaintiffs allege infringement of their constitutional right of freedom of association under the First Amendment to the United States Constitution against Cameron County and Defendant Yzaguirre in his Individual Capacity.

14. Discussion of public issues are integral to the operation of the system of government established by the United States Constitution. The First Amendment affords the broadest protection to such political expression in order "to assure [the] unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Buckley v. Valeo, Secretary of the United States Senate, 424 U.S. 1, 96 S.Ct. 612 citing Roth v. United States*, 354 U.S. 476, 484 (1957). Although First Amendment protections are not confined to "the exposition of ideas," *Buckley citing Winters v. New York*, 333 U.S. 507, 510 (1948), "there is practically universal agreement that

a major purpose of that Amendment was to protect the free discussion of governmental affairs,... of course includ[ing] discussions of candidates...." *Buckley citing Mills v. Alabama*, 384 U.S. 214, 218 (1966). This no more than reflects our "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open," *Buckley citing New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).

15.   Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, prohibits any person acting under color of state law from depriving any citizen or person of the rights, privileges and immunities secured by the Constitution.

16.   Plaintiff Alvarado's claims are based on her right to association under the First Amendment to the United States Constitution. Plaintiff Alvarado's association with her sister, Plaintiff Weaver, and Plaintiff Alvarado's being seen by Defendant Yzaguirre's wife on February 26, 2003 associating with Plaintiff Cantu and then being immediately transferred and subsequently constructively discharged. These are protected associations contemplated by the First Amendment to the United States Constitution. This is also bolstered by Defendant Yzaguirre's remarks to Plaintiff Garcia that he wanted to terminate Plaintiff Alvarado when he terminated her sister, Plaintiff Weaver, but that he needed her assistance through the "tax rush" season. Further, it is important to stress that Plaintiff Alvarado alleges in the live pleading that her sister's speech and Plaintiff Cantu's speech was imputed to her which is also a basis for her First Amendment claim.

17.   Plaintiff Alvarado's specific allegations relevant to her association claim are specifically set-out in the live complaint in paragraphs 53-65.

## VI.

## **QUALIFIED IMMUNITY**

18.   Whether and to what extent a §1983 defendant is protected by immunity from liability is a question of federal law because the immunity question involves the construction of federal statute. *See Howlett v. Rose*, 110 S. Ct. 2430, 2442-44 (1990); *Wood v. Strickland,* U.S. 308, 314 (1975).

19.   In the Fifth Circuit, the immunity defense involves a shifting burden of proof. The Defendant official [Yzaguirre] must initially plead his good faith and establish that he was acting within the scope of his discretionary authority. *Bazan v. Hidalgo County*, 246 F.3d 481 (5th Cir. 03/27/2001); *Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 12/16/1992); *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982), cert. denied, 460 U.S. 1012, 75 L. Ed. 2d 481, 103 S. Ct. 1253 (1983). Once the defendant has done so, the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law. *Id.*; *Whatley v. Philo*, 817 F.2d 19, 20 (5th Cir. 1987); *United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1310 (5th Cir. 1987), cert. denied, 484 U.S. 1065, 108 S. Ct. 1026, 98 L. Ed. 2d 990 (1988).

20.   Defendant Yzaguirre failed to meet his required burden for qualified immunity by failing to plead his good faith and establish that he was acting within the scope of his discretionary authority. Therefore, Defendant Yzaguirre request that Plaintiffs' First Amended Complaint be dismissed on this basis should be denied.

21.   Assuming Defendant Yzaguirre met his pleading burden, whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness" of the action, assessed in light of the legal rules that were "clearly established" at the time the action was taken. *See Anderson v. Creighton*, 107 S.Ct. 3014 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

22.  The speech and association which Plaintiff Alvarado and Plaintiff Garcia exercised, and which is the basis of this lawsuit, was clearly established as being protected speech. The details of Plaintiffs' speech are contained in paragraphs 53-68 of Plaintiff's live pleading and are incorporated by reference as if fully set-out herein.

23.  The following Fifth Circuit cases establish that the Plaintiff's speech about Defendant Yzaguirre's unlawful activity as the Cameron County Tax Assessor-Collector had been clearly established as protected speech at the time of the speech: A.) "There is perhaps no subset of matters of public concern more important than bringing official misconduct to light." *Davis v. Ector County, Texas*, 40 F.3d 777, 782 (5th Cir. 1994). Therefore, virtually all matters that could be the subject of whistleblowing under the Texas Whistleblower Act would also be matters or public concern for First Amendment purposes. *See Id.* ; B.) Reporting *suspected* criminal activity of city council members is protected speech. [emphasis mine]. *Schultea v. Woods*, 27 F.3d 112, 1120 (5th Cir.1994); *superceded on other grounds* 47 F.3d 1427 (1994) (en banc).

24.  At the time of Plaintiff's protected speech or association regarding Defendant's Yzaguirre's unlawful actions regarding title transfers and vehicle registrations, Defendant Yzaguirre knew or should have known that each Plaintiff had a Constitutional right to such speech or association and that it was unlawful for him to take retaliatory actions against them for their protected activity. Therefore, Defendant Yzaguirre is not entitled to qualified immunity.

## VII.

### DISPUTED FACTS AS TO REASONABLENESS OF DEFENDANTS' ACTIONS TO BE DETERMINED BY TRIER OF FACT

25.  The Fifth Circuit, in rejecting a defendant's claim to summary judgment on the issue

of qualified immunity, stated in *Johnston v. City of Houston*, 14 F3d 1056, 1058-1061 (5th Cir.1994), "[d]ivergent versions of what happened have been offered by Appellants and Johnston.... Because a genuine dispute as to the material and operative facts of this case exists,...[s]ummary judgment is inappropriate unless plaintiff's version of the violations does not implicate clearly established law."

26.     There are genuine disputes of the facts of this case. Because there are numerous factual disputes, the Rule 12(b)(6) Motion should be denied.

## VIII.

### REQUEST FOR LEAVE TO FILE 7(a) REPLY IF NECESSARY

27.     Plaintiffs assert that their live pleading satisfies the pleading requirements for the claims raised and that their pleading satisfies the pleading requirements to defeat Defendant Yzaguirre's immunity defenses. However, if the Court finds that Plaintiffs' pleadings do not meet the pleading requirements for the claims presented, Plaintiffs request that they be granted to leave to file a FRCP 7(a) Reply.

### CONCLUSION

28.     The subject Motion to Dismiss is a "shotgun" defensive pleading which repetitiously asks the Court to construe facts against the non-movant Plaintiffs and in favor of the Defendant. It is an example of a strongly disfavored procedural tool which should be, and is, routinely denied in the federal courts unless a plaintiff pleads themself clearly into a dispositive facts scenario. This Motion to Dismiss should be denied. In the alternative, if the Court finds that Plaintiffs' pleadings do not meet the pleading requirements for such claims, the Plaintiffs should be allowed leave to file a FRCP 7(a) Reply.

Respectfully submitted,

By: /s/ Gay E. Gilson for
DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
ATTORNEY IN CHARGE FOR PLAINTIFFS

GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
CO-COUNSEL FOR PLAINTIFFS

### CERTIFICATE OF CONFERENCE
### AS TO REQUEST FOR LEAVE TO FILE FRCP 7(a) REPLY

I certify that I have spoken to Roger Hughes, attorney for Defendant Yzaguirre, and Roman "Dino" Esparza, attorney for Cameron County, about Plaintiffs' alternative request for leave to file a FRCP 7(a) Reply and both attorneys are unopposed to Plaintiffs' request.

/s/ Gay E. Gilson
Gay E. Gilson

11

## CERTIFICATE OF SERVICE

    I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure:

Craig Vittitoe                                                                                  VIA CMRRR
Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
ATTORNEYS FOR TONY YZAGUIRRE, JR.

Charles Willitte                                                                         VIA CMRRR
Roman "Dino" Esparza
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd., Suite 460
Brownsville, Texas 78520
ATTORNEYS FOR CAMERON COUNTY

on this 18th day of July, 2003.

                                                                                        Gay E. Gilson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; RUTH WEAVER; DIAMANTINA ALVARADO; AND LINDA GARCIA<br><br>    Plaintiffs<br><br>vs.<br><br>CAMERON COUNTY and TONY YZAGGUIRE, JR., Tax Assessor-Collector of Cameron County and Director, Cameron County Automobile Crimes Enforcement Task Force, in his individual capacity | §§§§§§§§§§§§§§§ | Civil Action No. 03-CV-96<br><br>**JURY TRIAL REQUESTED** |

### ORDER ON DEFENDANT YZAGUIRRE'S MOTION TO DISMISS PLAINTIFF ALVARADO'S AND PLAINTIFF GARCIA'S FIRST AMENDED COMPLAINT

On the _____ day of _____, 2003, the Court considered Defendant Yzaguirre's Motion to Dismiss Plaintiff Alvarado and Plaintiff Garcia's First Amended Complaint, the Court ORDERS _____

_____

_____

_____

_____

_____

SIGNED this _____ day _____, 2003.

_____
PRESIDING JUDGE