*19*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; | § | |
| RUTH WEAVER; | § | |
| DIAMANTINA ALVARADO; AND | § | |
| LINDA GARCIA | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | Civil Action No. 03-CV-96 |
| | § | |
| CAMERON COUNTY and | § | **JURY TRIAL REQUESTED** |
| TONY YZAGGUIRE, JR., Tax Assessor- | § | |
| Collector of Cameron County and Director, | § | |
| Cameron County Automobile Crimes | § | |
| Enforcement Task Force, in his | § | |
| individual capacity | § | |

## PLAINTIFF ALVARADO AND PLAINTIFF GARCIA'S RESPONSE TO DEFENDANT CAMERON COUNTY'S MOTION TO DISMISS JOINDER OF PLAINTIFFS ALVARADO AND GARCIA AND MOTION TO DISMISS UNDER RULE 12(b)(6)

Plaintiffs allege Defendants, acting under color of state law, violated their right to freedom of speech and association as guaranteed by the First Amendment to the United States Constitution.

### STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

Defendant Cameron County filed a Motion to Dismiss Joinder of Plaintiffs Alvarado and Garcia and Motion to Dismiss under FRCP 12(b)(6). These are the issues addressed in this response.

### SUMMARY OF THE ARGUMENT

#### I.

#### "Joinder of Alvarado and Garcia"

1.     FRCP 15(a) provides that "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." At the time that Plaintiffs amended the complaint to include Alvarado and Garcia, the Defendants had not filed a responsive pleading.

Pursuant to FRCP 15(a), Plaintiffs were not required to obtain leave to amend their pleading.

2.    Defendant's cite the case of *Summit Office Park v. U.S. Steel Corp.*, 639 F.2d 1278, 1282-84 (5th Cir.1981) to support that Plaintiffs are required to seek leave. This case does not pose the same fact situation as our present case.  In part, the *Summitt* case states:

> The circumstances of this case are unique. Here the original plaintiff was left with no cause of action upon which it could recover as the result of an intervening Supreme Court decision. There was no way in which the plaintiff could properly amend the complaint to give it a cause of action. Plaintiff had no identity of interest with either the new proposed plaintiffs, or the new class named in the complaint, or their cause of action. It is clear that the new cause of action which the new proposed amended complaint attempted to insert could not benefit the original plaintiff.  Id.  The principal issue involved is not whether the complaint can be amended as a matter of course, as urged by appellants, but under the special circumstances here whether Summit could offer an amendment to the complaint at all. Since there was no plaintiff before the court with a valid cause of action, there was no proper party available to amend the complaint. Thus none of the appellants had a right to file the amended complaint. *Id.*

The case cited by Defendant is not on point.  FRCP 15(a) controls.  Plaintiff Alvarado and Plaintiff Garcia are properly a part of this action and their inclusion in this action serves judicial economy because their claims arise from the facts as the other Plaintiffs.

## II.

## FRCP 12(b)(6)

2.    Federal Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  A motion under Rule 12(b)(6) should be granted only if it

appears beyond doubt that the plaintiff can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 45, 46 (1957); *Leffal v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994), see also *Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (citing Wright & Miller, *Federal Practice and Procedure: Civil*, §1357 at 598 [1969] for the proposition that "a motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted."), cert. denied, 459 U.S. 1105 (1983).

3.    In determining whether dismissal should be granted in this case, the Court must accept all well-plead facts as true and view them in the light most favorable to Plaintiff Alvarado and Plaintiff Garcia, the non-movants. *Captial Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir.1994); *see also Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir.1996) (dismissal reversed, since complaint was sufficient to state §1983 action.)

4.    Plaintiff Alvarado and Plaintiff Garcia have each set out numerous paragraphs in their live pleading which raise a claim under the First Amendment to the United States Constitution. These paragraphs specify their protected speech or association, when the protected speech or association occurred, who witnessed the protected speech or association, whether the protected speech or association was written or oral, and a causal link between the protected speech or association and the adverse employment actions claimed. Taking these well-plead facts as true and viewed in the light most favorable to Plaintiff Alvarado and Plaintiff Garcia, Plaintiff Alvarado's and Plaintiff Garcia's claims should not be dismissed under FRCP 12(b)(6).

## III.

## FIRST AMENDMENT RETALIATION - SPEECH

5.    The First Amendment to the United States Constitution states that Congress shall

make no laws that abridge the right of free speech. Therefore, at all times that Plaintiffs were employed with Cameron County, they had a clearly established federal constitutional right of free speech. U.S. Const., Amend. I

6.     Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, prohibits any person acting under color of state law from depriving any citizen or person of the rights, privileges and immunities secured by the Constitution.

7.     In order to establish a cause of action under §1983 for an employee's First Amendment claim of retaliation, a plaintiff has the burden of showing: (1) Defendants were acting under color of state law; (2) Plaintiffs' speech activities were protected under the First Amendment; and (3) Plaintiffs' exercise of their protected right was a substantial or motivating factor in Defendants' actions. *Pierce v. Texas Dep't. of Crim. Justice Inst. Div.*, 37 F.3d 1146, 1149 (5th Cir.1994); *Mt. Healthy City School Dist. Bd. of Educ. V. Doyle*, 329 U.S. 274, 287, 97 S. Ct. 568, 576 (1977).

8.     An employee claiming retaliation for speech protected by the First Amendment to the United States Constitution is required to be specific as to when the statement or statements were made, to whom they were made, whether they were oral or written, and the content of those statements. *Connick v. Myers*, 461 U.S. 138, 147 (1983).

9.     The First Amendment "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Roth v. United States*, 354 U.S. 476, 484 (1957); *New York Times Co. v. Sullivan*, 376 U.S. 254, 269 (1964). "[Speech] concerning public affairs is more than self-expression; it is the essence of self-government." *Garrison v. Louisiana*, 379 U.S. 64, 74-75 (1964). Accordingly, the Court has frequently reaffirmed

that speech on public issues occupies the "'highest rung of the heirarchy of First Amendment values,'" and is entitled to special protection. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 913 (1982); Carey v. Brown, 447 U.S. 455, 467 (1980).

10.    Plaintiffs' First Amended Complaint alleges that in the exercise of Plaintiffs' right to free speech, they, or someone closely associated (in other words, Blacklisting) to them as specifically stated in Plaintiffs' First Amended Complaint known by Defendant Yzaguirre, spoke out against unlawful vehicle registration transactions and other unlawful practices by Defendant Yzaguirre and others under Defendant Yzaguirre's direction.  Plaintiffs' statements concerned matters of public concern in that there may be no greater issue of public concern than an elected official's violation of laws.   Plaintiff Alvarado and Plaintiff Garcia's protected speech and association is specifically set-out in paragraphs 53-68 of Plaintiffs' First Amended Complaint.

11.    Plaintiff Garcia specifically discussed facts of impropriety and unlawful actions in the transactions of Eniel Barreda which are in issue. Defendant Yzaguirre has a long history, which the Plaintiffs have spoken out against to Defendant Yzaguirre, of providing unlawful favors to his friends and business associates.  Mr. Barreda is a relative of one of these "friends and business associates" of Defendant Yzaguirre and arguably the transactions in issue are relevant to these unlawful favors to "friends and business associates".  Plaintiff Garcia specifically alleged that Mr. Barreda was making unlawful transactions which are regulated by the State of Texas – not merely failing to follow office procedures.  Plaintiff Garcia's speech is clearly protected speech.  See *Davis v. Ector County, Texas*, 40 F.3d 777, 782 (5th Cir. 1994) ("There is perhaps no subset of matters of public concern more important than bringing official misconduct to light."). Defendant alleges that because the speech is private that Plaintiff loses her First Amendment protections, but this incorrect.

The Fifth Circuit has specifically held that the fact that the employee chooses to communicate privately with his employer rather than spread his views before the public does not automatically exclude the speech from being public. *Benningfield v. The City of Houston* 157 F3d 369 (5th Cir.1998), *citing Thompson v. City of Starkville, Miss.*, 901 F.2d 463-65 (5th Cir. 1990). Further, Defendant's allegations that Plaintiff spoke as an employee rather than as a citizen is irrelevant in this case because all of the Plaintiffs' protected speech concerned criminal activities, improprieties, etc. In *Schultea v. Wood*, 27 F.3d 1112 (5th Cir. 08/09/1994), the Fifth Circuit wrote: "[a] public employee who engages in whistleblowing does not 'forfeit[] his protection against governmental abridgment of freedom of speech if he decides to express his views privately rather than publicly.'" *Brown*, 804 F.2d at 337 (quoting *Givhan v. Western Line Consol. Sch. Dist.*, 439 U.S. 410, 414, 99 S. Ct. 693, 696, 58 L. Ed. 2d 619 (1979)). More importantly, however, the pleadings demonstrate that Schultea's letters relate to a matter of public concern--the possibly criminal acts committed by a public official. *See Brawner v. City of Richardson*, 855 F.2d 187, 191 (5th Cir. 1988) (letter containing "serious allegations of possible police misconduct" related to a matter of public concern where letter was sent to the police chief, mayor, city council members, and reporters at a local paper); *Conaway v. Smith*, 853 F.2d 789, 796 (10th Cir. 1988) ("*Speech which discloses any evidence of corruption, impropriety, or other malfeasance on the part of city officials, in terms of content, clearly concerns matters of public import.*" [emphasis mine]); *Brown*, 804 F.2d at 327 (reports of possible financial improprieties by a public employee related to a matter of public concern). Consequently, Schultea has alleged the violation of a constitutional right."

Because of Defendant's "mischaracterizations", Plaintiffs respectfully request that the Court refer to Plaintiff's First Amended Complaint for the most accurate account of Plaintiffs' allegations.

## III.

### FIRST AMENDMENT RETALIATION - ASSOCIATION

13.     Plaintiffs allege infringement of their constitutional right of freedom of association under the First Amendment to the United States Constitution against Cameron County and Defendant Yzaguirre in his Individual Capacity.

14.     Discussion of public issues are integral to the operation of the system of government established by the United States Constitution. The First Amendment affords the broadest protection to such political expression in order "to assure [the] unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Buckley v. Valeo, Secretary of the United States Senate, 424 U.S. 1, 96 S.Ct. 612 citing Roth v. United States,* 354 U.S. 476, 484 (1957). Although First Amendment protections are not confined to "the exposition of ideas," *Buckley citing Winters v. New York,* 333 U.S. 507, 510 (1948), "there is practically universal agreement that a major purpose of that Amendment was to protect the free discussion of governmental affairs,... " *Buckley citing Mills v. Alabama,* 384 U.S. 214, 218 (1966).

15.     Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, prohibits any person acting under color of state law from depriving any citizen or person of the rights, privileges and immunities secured by the Constitution.

16.     Plaintiff Alvarado's claims are based on her right to association under the First Amendment to the United States Constitution.  Plaintiff Alvarado's association with her sister, Plaintiff Weaver, and Plaintiff Alvarado's being seen by Defendant Yzaguirre's wife on February 26, 2003 associating with Plaintiff Cantu and then being immediately transferred and subsequently constructively discharged.  Also, Plaintiff Alvarado suffered a demotion in the form of a undesirable

transfer. Harris v. Victoria Independent School District, 168 F.3d 216 (5th Cir. 03/04/1999) (transfer may be adverse employment action in First Amendment retaliation claim). These are protected associations contemplated by the First Amendment to the United States Constitution. This is also bolstered by Defendant Yzaguirre's remarks to Plaintiff Garcia that he wanted to terminate Plaintiff Alvarado when he terminated her sister, Plaintiff Weaver, but that he needed her assistance through the "tax rush" season. Further, it is important to stress that Plaintiff Alvarado alleges in the live pleading that her sister's speech and Plaintiff Cantu's speech was imputed to her which is also a basis for her First Amendment retaliation claim.

17.    Plaintiff Alvarado's specific allegations relevant to her association claim are specifically set-out in the live complaint in paragraphs 53-65.

## VI.

## IMMUNITY

18.    Before liability will be imposed against Cameron County, a policy-making official must be responsible for the decision, action or policy or custom resulting in the deprivation of rights. *City of St. Louis v. Prapotnik*, 485 U.S. 112 (1988); *City of Springfield v. Kibbe*, 480 U.S. 257 (1987); *Pembaur v. Cincinnati*, 475 U.S. 469 (1986); *Jett v. Dallas Indep. Sch. Dist.*, 7 F.2d 1241 (5th Cir.1993).

19.    The trial judge must identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue. *Jett v. Dallas I.S.D.*, 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989).

20.    In the present case, the action alleged to have caused the particular constitutional

violation is the termination and demotion of Plaintiffs. It is undisputed that Defendant Yzaguirre had final policy making authority in the area of demotions and dismissals within the Cameron County Tax Assessor-Collector's office. (See Exhibit B, page 1, Sec. 1.02 and page 44, Sec.13.06, of Defendant's Motion wherein the Cameron County Commissioners delegate final authority to terminate to Department Heads – including Defendant Yzaguirre). The key is that Defendant Yzaguirre is the final policy making actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue. There is no mechanism for review of Defendant Yzaguirre's termination decision. (See Exhibit B, page 46, sec.14.02 of Defendant's Motion wherein Cameron County's policy is that employee terminations cannot be grieved.- making Defendant Yzaguirre the final policy making official in this case).

## VII.

### MOTION SHOULD BE TURNED INTO SUMMARY JUDGMENT AND DISCOVERY SHOULD ENSUE

21.     Defendants have filed a Motion which is supposed to be based solely on the pleadings. Specifically, Defendants have filed a Motion to Dismiss for failure to state a claim upon which relief can be granted as provided for in FRCP 12(b)(6). Nevertheless, Defendants have attached and referenced exhibits.

22.     Under the circumstances, the Court should not consider the exhibits and the arguments based upon them. Alternatively, the Court should consider Defendants' Motion as a FRCP 56 request for summary judgment. *FRCP 12(c)*. In that case Plaintiff should be afforded full and adequate time to conduct discovery and then be allowed the full measure of time under the local rules to respond to the summary judgment. *FRCP 12(c)*

## VIII.

## REQUEST FOR LEAVE TO FILE 7(a) REPLY IF NECESSARY

23.     Plaintiffs assert that their live pleading satisfies the pleading requirements for the claims raised.  However, if the Court finds that Plaintiffs' pleadings do not meet the pleading requirements for the claims presented, Plaintiffs request that they be granted to leave to file a FRCP 7(a) Reply.  Further, it is clear that Defendant Yzaguirre is a final policy making official on behalf of Cameron County in regard to the demotions and terminations in issue in this case and, therefore, Cameron County should not be granted immunity.

## CONCLUSION

24.     The subject Motion to Dismiss is a "shotgun" defensive pleading which repetitiously asks the Court to construe facts against the non-movant Plaintiffs and in favor of the Defendant.  It is an example of a strongly disfavored procedural tool which should be, and is, routinely denied in the federal courts unless a plaintiff pleads themself clearly into a dispositive facts scenario.  This Motion to Dismiss should be denied.  In the alternative, if the Court finds that Plaintiffs' pleadings do not meet the pleading requirements for such claims, the Plaintiffs should be allowed leave to file a FRCP 7(a) Reply.  Further, Defendant Cameron County should not be granted immunity because Defendant Yzaguirre is a final policy making official on behalf of Cameron County in regard to the demotions and terminations in issue in this case.  Under the circumstances, the Court should not consider the exhibits and the arguments based upon them.  Alternatively, the Court should consider Defendants' Motion as a FRCP 56 request for summary judgment. *FRCP 12(c)*.  In that case Plaintiff should be afforded full and adequate time to conduct discovery and then be allowed the full measure of time under the local rules to respond to the summary judgment.  *FRCP 12(c)*.

Respectfully submitted,

By: _____

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
ATTORNEY IN CHARGE FOR
PLAINTIFFS

GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
CO-COUNSEL FOR PLAINTIFFS

<u>CERTIFICATE OF CONFERENCE</u>
<u>AS TO REQUEST FOR LEAVE TO FILE FRCP 7(a) REPLY</u>

I certify that I have spoken to Roger Hughes, attorney for Defendant Yzaguirre, and Roman "Dino" Esparza, attorney for Cameron County, about Plaintiffs' alternative request for leave to file a FRCP 7(a) Reply and both attorneys are unopposed to Plaintiffs' request.

_____
Gay E. Gilson

11

## **CERTIFICATE OF SERVICE**

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure:

Craig Vittitoe                                                                                    VIA CMRRR
Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
ATTORNEYS FOR TONY YZAGUIRRE, JR.

Charles Willitte                                                                                 VIA CMRRR
Roman "Dino" Esparza
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd., Suite 460
Brownsville, Texas 78520
ATTORNEYS FOR CAMERON COUNTY

on this 18th day of July, 2003.

Gay E. Gilson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VICENTA CANTU; FELIX R. MUNOZ;    §
RUTH WEAVER;    §
DIAMANTINA ALVARADO; AND    §
LINDA GARCIA    §
    §
        Plaintiffs    §
    §
vs.    §    Civil Action No. 03-CV-96
    §
CAMERON COUNTY and    §    **JURY TRIAL REQUESTED**
TONY YZAGGUIRE, JR., Tax Assessor-    §
Collector of Cameron County and Director,    §
Cameron County Automobile Crimes    §
Enforcement Task Force, in his    §
individual capacity    §

## ORDER ON DEFENDANT CAMERON COUNTY'S MOTION TO DISMISS PLAINTIFF ALVARADO'S AND PLAINTIFF GARCIA'S FIRST AMENDED COMPLAINT

On the _____ day of _____, 2003, the Court considered Defendant

Cameron County's Motion to Dismiss Plaintiff Alvarado and Plaintiff Garcia's First

Amended Complaint, the Court ORDERS _____

_____

_____

_____

_____

        SIGNED this _____ day _____, 2003.

        _____
        PRESIDING JUDGE

13