UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; RUTH WEAVER; DIAMANTINA ALVARADO; AND LINDA GARCIA | § § § § § | |
| Plaintiffs | § § | |
| vs. | § § | Civil Action No. 03-CV-96 |
| CAMERON COUNTY and TONY YZAGGUIRE, JR., Tax Assessor-Collector of Cameron County and Director, Cameron County Automobile Crimes Enforcement Task Force, in his individual capacity | § § § § § § § | **JURY TRIAL REQUESTED** |

## PLAINTIFF CANTU, PLAINTIFF MUNOZ AND PLAINTIFF WEAVER'S RESPONSE TO DEFENDANT CAMERON COUNTY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6)

Plaintiffs allege Defendants, acting under color of state law, violated their right to freedom of speech and association as guaranteed by the First Amendment to the United States Constitution.

### STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

Defendant Cameron County filed a Motion to Dismiss for failure to state a claim under FRCP 12(b)(6). This is the issue addressed in this response.

### SUMMARY OF THE ARGUMENT

**I.**

### FRCP 12(b)(6)

1. Federal Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim that would

entitle them to relief. *Conley v. Gibson*, 355 U.S. 45, 46 (1957); *Leffal v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994), see also *Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (citing Wright & Miller, *Federal Practice and Procedure: Civil*, §1357 at 598 [1969] for the proposition that "a motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted."), cert. denied, 459 U.S. 1105 (1983).

2. In determining whether dismissal should be granted in this case, the Court must accept all well-plead facts as true and view them in the light most favorable to Plaintiff Cantu, Plaintiff Munoz and Plaintiff Weaver, the non-movants. *Captial Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir.1994); *see also Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir.1996) (dismissal reversed, since complaint was sufficient to state §1983 action.)

3. Plaintiff Cantu, Plaintiff Munoz and Plaintiff Weaver have each set out numerous paragraphs in their live pleading which raise a claim under the First Amendment to the United States Constitution. These paragraphs specify their protected speech or association, when the protected speech or association occurred, who witnessed the protected speech or association, whether the protected speech or association was written or oral, and a causal link between the protected speech or association and the adverse employment actions claimed. Taking these well-plead facts as true and viewed in the light most favorable to Plaintiff Cantu, Plaintiff Munoz and Plaintiff Weaver, Plaintiff Cantu's, Plaintiff Munoz' and Plaintiff Weaver's claims should not be dismissed under FRCP 12(b)(6).

II.

**FIRST AMENDMENT RETALIATION - SPEECH**

4.      The First Amendment to the United States Constitution states that Congress shall make no laws that abridge the right of free speech. Therefore, at all times that Plaintiffs were employed with Cameron County, they had a clearly established federal constitutional right of free speech. U.S. Const., Amend. I

5.      Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, prohibits any person acting under color of state law from depriving any citizen or person of the rights, privileges and immunities secured by the Constitution.

6.      In order to establish a cause of action under §1983 for an employee's First Amendment claim of retaliation, a plaintiff has the burden of showing: (1) Defendants were acting under color of state law; (2) Plaintiffs' speech activities were protected under the First Amendment; and (3) Plaintiffs' exercise of their protected right was a substantial or motivating factor in Defendants' actions. *Pierce v. Texas Dep't. of Crim. Justice Inst. Div.*, 37 F.3d 1146, 1149 (5th Cir.1994); *Mt. Healthy City School Dist. Bd. of Educ. V. Doyle*, 329 U.S. 274, 287, 97 S. Ct. 568, 576 (1977).

7.      An employee claiming retaliation for speech protected by the First Amendment to the United States Constitution is required to be specific as to when the statement or statements were made, to whom they were made, whether they were oral or written, and the content of those statements. *Connick v. Myers*, 461U.S. 138, 147 (1983).

8.      The First Amendment "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Roth v. United States*, 354 U.S. 476, 484 (1957); *New York Times Co. v. Sullivan*, 376 U.S. 254, 269 (1964). "[Speech] concerning public affairs is more than self-expression; it is the essence of self-government."

*Garrison v. Louisiana*, 379 U.S. 64, 74-75 (1964). Accordingly, the Court has frequently reaffirmed that speech on public issues occupies the "'highest rung of the heirarchy of First Amendment values,'" and is entitled to special protection. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 913 (1982); Carey v. Brown, 447 U.S. 455, 467 (1980).

9. Plaintiffs' First Amended Complaint alleges that in the exercise of Plaintiffs' right to free speech, they spoke out against unlawful vehicle registration transactions and other unlawful practices by Defendant Yzaguirre and others under Defendant Yzaguirre's direction. Plaintiffs' statements concerned matters of public concern in that there may be no greater issue of public concern than an elected official's violation of laws. Plaintiff Cantu, Plaintiff Munoz and Plaintiff Weaver each made their statements known to Defendant Yzaguirre as specifically set-out in paragraphs 21-52 of Plaintiffs' First Amended Complaint.

10. Plaintiffs's First Amended Complaint specifically alleges that Defendant Cameron County and Defendant Yzaguirre, in his Individual capacity, acting under the color of state law, took reprisals and retaliation against Plaintiffs for their protected speech by firing Plaintiff Cantu and Plaintiff Weaver from their positions with the Cameron County Tax Assessor-Collector's office and by removing Plaintiff Munoz from his duties as Project Coordinator for the Cameron County Automobile Crimes Enforcement Task Force; by stripping Plaintiff Munoz of a $3,000.00 stipend related to Plaintiff Munoz' Task Force Duties being taken away from him and by reassigning Plaintiff Munoz to another office in order to deprive Plaintiffs of their clearly established federal constitutional right of free speech under the First Amendment and their federal civil rights under Section 1983. Plaintiffs' public and private statements and expressions against Defendant Yzaguirre's unlawful actions regarding the processing of vehicle registrations in Cameron County

were the motivating and substantial factor in Defendants' decision to terminate Plaintiff Cantu's and Plaintiff Weaver's employment with Cameron County and to take adverse employment actions against Plaintiff Munoz.

11. Plaintiff Cantu, Plaintiff Munoz and Plaintiff Weaver spoke out to Defendant Yzaguirre and others about Defendant Yzaguirre's unlawful actions in regard to vehicle titles and registrations and this speech is clearly defined as protected speech. See *Davis v. Ector County, Texas*, 40 F.3d 777,782 (5th Cir. 1994) ("There is perhaps no subset of matters of public concern more important than bringing official misconduct to light."). Because of Defendant's "mischaracterizations", Plaintiffs respectfully request that the Court refer to Plaintiff's First Amended Complaint for the most accurate account of Plaintiffs' allegations.

### III.

### FIRST AMENDMENT RETALIATION - ASSOCIATION

12. Plaintiffs allege infringement of their constitutional right of freedom of association under the First Amendment to the United States Constitution against Cameron County and Defendant Yzaguirre in his Individual Capacity.

13. Discussion of public issues are integral to the operation of the system of government established by the United States Constitution. The First Amendment affords the broadest protection to such political expression in order "to assure [the] unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Buckley v. Valeo, Secretary of the United States Senate*, 424 U.S. 1, 96 S.Ct. 612 citing *Roth v. United States*, 354 U.S. 476, 484 (1957). Although First Amendment protections are not confined to "the exposition of ideas," *Buckley* citing *Winters v. New York*, 333 U.S. 507, 510 (1948), "there is practically universal agreement that

a major purpose of that Amendment was to protect the free discussion of governmental affairs,... of course includ[ing] discussions of candidates...." *Buckley citing Mills v. Alabama*, 384 U.S. 214, 218 (1966). This no more than reflects our "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open," *Buckley citing New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).

14.  Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, prohibits any person acting under color of state law from depriving any citizen or person of the rights, privileges and immunities secured by the Constitution.

15.  Plaintiffs' First Amended Complaint alleges that in the exercise of their right to free association, they organized to discuss unlawful vehicle registration practices by Defendant Yzaguirre. Plaintiffs' association concerned matters of public concern in that there may be no greater issue of public concern than an elected official's violation of laws. Plaintiff Cantu, Plaintiff Munoz and Plaintiff Weaver each associated together to discuss unusual and unlawful practices occurring with the Cameron County Tax Assessor-Collector's office and to discuss ways to correct Defendant Yzaguirre's unlawful acts.

16.  Plaintiffs' specific allegations are specifically set-out in their live complaint in paragraphs 21-52 and meet specific pleading requirements.

## IV.

## IMMUNITY

17.  Before liability will be imposed against Cameron County, a policy-making official must be responsible for the decision, action or policy or custom resulting in the deprivation of rights. *City of St. Louis v. Prapotnik*, 485 U.S. 112 (1988); *City of Springfield v. Kibbe*, 480 U.S. 257

6

(1987); *Pembaur v. Cincinnati*, 475 U.S. 469 (1986); *Jett v. Dallas Indep. Sch. Dist.*, 7 F.2d 1241 (5th Cir.1993).

18. The trial judge must identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue. *Jett v. Dallas I.S.D.*, 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989).

19. In the present case, the action alleged to have caused the particular constitutional violation is the termination and demotion of Plaintiffs. It is undisputed that Defendant Yzaguirre had final policy making authority in the area of demotions and dismissals within the Cameron County Tax Assessor-Collector's office. (See Exhibit A, page 1, Sec. 1.02 and page 44, Sec.13.06, of Defendant's Motion wherein the Cameron County Commissioners delegate final authority to terminate to Department Heads – including Defendant Yzaguirre). The key is that Defendant Yzaguirre is the final policy making actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue. There is no mechanism for review of Defendant Yzaguirre's termination decisions. (See Exhibit A, page 46, sec.14.02 of Defendant's Motion wherein Cameron County's policy is that employee terminations cannot be grieved.- making Defendant Yzaguirre the final policy making official in these cases).

## V.

### MOTION SHOULD BE TURNED INTO SUMMARY JUDGMENT AND DISCOVERY SHOULD ENSUE

20. Defendants have filed a Motion which is supposed to be based solely on the pleadings. Specifically, Defendants have filed a Motion to Dismiss for failure to state a claim upon

which relief can be granted as provided for in FRCP 12(b)(6) and a Motion for Judgment on the Pleadings as provided for in FRCP 12(c). Nevertheless, Defendants have attached and referenced exhibits.

21.    Under the circumstances, the Court should not consider the exhibits and the arguments based upon them. Alternatively, the Court should consider Defendants' Motion as a FRCP 56 request for summary judgment. *FRCP 12(c)*. In that case Plaintiff should be afforded full and adequate time to conduct discovery and then be allowed the full measure of time under the local rules to respond to the summary judgment. *FRCP 12(c)*

## VI.
### REQUEST FOR LEAVE TO FILE 7(a) REPLY IF NECESSARY

22.    Plaintiffs assert that their live pleading satisfies the pleading requirements for the claims raised. However, if the Court finds that Plaintiffs' pleadings do not meet the pleading requirements for the claims presented, Plaintiffs request that they be granted to leave to file a FRCP 7(a) Reply.

### CONCLUSION

23.    The subject Motion to Dismiss is a "shotgun" defensive pleading which repetitiously asks the Court to construe facts against the non-movant Plaintiffs and in favor of the Defendant. It is an example of a strongly disfavored procedural tool which should be, and is, routinely denied in the federal courts unless a plaintiff pleads themself clearly into a dispositive facts scenario. This Motion to Dismiss should be denied. In the alternative, if the Court finds that Plaintiffs' pleadings do not meet the pleading requirements for such claims, the Plaintiffs should be allowed leave to file a FRCP 7(a) Reply. Under the circumstances, the Court should not consider the exhibits and the

arguments based upon them. Alternatively, the Court should consider Defendants' Motion as a FRCP 56 request for summary judgment. *FRCP 12(c)*. In that case Plaintiff should be afforded full and adequate time to conduct discovery and then be allowed the full measure of time under the local rules to respond to the summary judgment. *FRCP 12(c)*.

Respectfully submitted,

By: /s/ David Lee McGee
DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
ATTORNEY IN CHARGE FOR PLAINTIFFS

GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
CO-COUNSEL FOR PLAINTIFFS

### CERTIFICATE OF CONFERENCE
### AS TO REQUEST FOR LEAVE TO FILE FRCP 7(a) REPLY

I certify that I have spoken to Roger Hughes, attorney for Defendant Yzaguirre, and Roman "Dino" Esparza, attorney for Cameron County, about Plaintiffs' alternative request for leave to file a FRCP 7(a) Reply and both attorneys are unopposed to Plaintiffs' request.

/s/ Gay E. Gilson
Gay E. Gilson

## CERTIFICATE OF SERVICE

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure:

| | |
|---|---|
| Craig Vittitoe<br>Roger Hughes<br>Adams & Graham, L.L.P.<br>P.O. Drawer 1429<br>Harlingen, Texas 78551-1429<br>ATTORNEYS FOR TONY YZAGUIRRE, JR. | VIA CMRRR |
| Charles Willitte<br>Roman "Dino" Esparza<br>Willette & Guerra, L.L.P.<br>3505 Boca Chica Blvd., Suite 460<br>Brownsville, Texas 78520<br>ATTORNEYS FOR CAMERON COUNTY | VIA CMRRR |

on this 18th day of July, 2003.

_____
Gay E. Gilson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; <br> RUTH WEAVER; <br> DIAMANTINA ALVARADO; AND <br> LINDA GARCIA <br><br> Plaintiffs <br><br> vs. <br><br> CAMERON COUNTY and <br> TONY YZAGGUIRE, JR., Tax Assessor-Collector of Cameron County and Director, Cameron County Automobile Crimes Enforcement Task Force, in his individual capacity | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 03-CV-96 <br><br> **JURY TRIAL REQUESTED** |

## ORDER ON DEFENDANT CAMERON COUNTY'S MOTION TO DISMISS PLAINTIFF CANTU'S, PLAINTIFF MUNOZ' AND PLAINTIFF WEAVER'S FIRST AMENDED COMPLAINT

On the _____ day of _____, 2003, the Court considered Defendant

Cameron County's Motion to Dismiss Plaintiff Cantu's, Plaintiff Munoz's and Plaintiff Weaver's

First

Amended Complaint, the Court ORDERS _____

_____

_____

_____

_____

SIGNED this _____ day _____, 2003.

_____
PRESIDING JUDGE

11