IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VICENTA CANTU, et al. | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. B-03-096 |
| | : | |
| CAMERON COUNTY, et al. | : | |
| Defendants | : | |

**DEFENDANT YZAGUIRRE'S REPLY IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS ALVARADO AND GARCIA'S FIRST
AMENDED COMPLAINT UNDER RULE 12(b)(6) AND QUALIFIED
IMMUNITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendant Tony Yzaguirre, Jr.**, Individually and files this his Reply in

Support of Motion to Dismiss Plaintiffs' First Amended Complaint Under Rule 12(b)(6) and

Qualified Immunity, and would respectfully show the Court as follows:

**I.  Status and Procedural History**

Defendant Yzaguirre moved to dismiss the Plaintiffs Alvarado and Garcia's First

Amended Complaint. Dkt # 15. Plaintiffs filed a response. Dkt# 17. Plaintiffs filed a Rule

7(a) Reply.  Dkt # 23.

Defendant Yzaguirre renews his motion to dismiss as to Alvarado and Garcia because

neither their Petition or Rule 7 Reply cures the defects noted in his motion.

## II. Argument and Authorities

**A.     Individual Defendant Not Required to File Formal Answer to Use Rule 12(b)(6)**

Plaintiffs appear to argue that they have no burden to plead specifically to defeat qualified immunity because Defendant Yzaguirre has failed to plead the defense. Dkt # 17, ¶¶ 18-20.  No such requirement exists.

Defendant can raise qualified immunity under Rule 12(b)(6) without first filing an answer. *Elliott v. Perez*, 751 F.2d 1472, 1479-82 (5th Cir. 1985).  Rule 12(b) provides that motions to dismiss under Rule 12(b)(6) must be made before any responsive pleading.  The defendant need not file a formal answer if it has filed a Rule 12(b)(6) motion to dismiss. *Murray v. Achambo,* 132 F.3d 609, 611 (10th Cir. 1998).  A Rule 12(b)(6) motion must be filed before filing an answer. *Puckett v. U.S.,* 82 F.Supp.2d 660, 663 (S.D.Tex. 1999); Wright and Miller, FED. PRAC. & PROC. § 1357, pp. 229-300 (1990).  If it is filed after the answer, then it is either waived or treated as a Rule 12(c) motion for judgment on the pleadings. *McAvey v. Lee,* 260 F.3d 359, 371 (5th Cir. 2001); *Puckett,* 82 F.Supp.2d at 663. All the cases Plaintiffs cite are cases dealing with motions for summary judgment or trial motions.

In short, Plaintiffs' waiver argument is simply contrary to Rule 12(b).

**B.    Plaintiff Alvarado Fail to Plead to a Denial of First Amendment Association Rights**

Alvarado's Response and Rule 7 Supplement simply do not join issue on the defects Defendant cites.  Plaintiffs quote *Buckley v. Valeo,* 424 U.S. 1 (1976) at length about the importance of expressive associations.  However, this is beside the point because she does not explain how she has an "association" at the outset.  *Buckley* is no guidance; it involved a challenge to 1971 Federal Election Campaign Act limits on contributions to political candidates.  The plaintiffs were the Mississippi Republican Party, the McCarthy Presidential committee, the New York Civil Liberties Union, etc.  424 U.S. at 14.  These are obviously groups that formally organize to engage in political speech.  No one challenged whether they were expressive or familial associations entitled to protection.

Alvarado asserts her "association" claims are based on the "association" of (1) being Plaintiff Weaver's sister, and (2) a casual conversation with Plaintiff Cantu at Dillard's about paying a bill.  Dkt # 17, ¶ 16; Dkt #23, ¶¶ 62-64.  Defendant cited several cases that, as a matter of law, neither claim is an "association" protected by the First Amendment.  Dkt # 15, pp. 12-13.  Alvarado does not explain how either "association" is any more than a "social" relationship that acquires no protected status.  Her Rule 7 Reply has not met the defects in her "association" claim.  The court should dismiss.

**C.    Alvarado Fails to Show She Engaged In Speech**

Alvarado's Rule 7 Reply does not claim she engaged in speech; rather, she limits her

claim to one that the speech of Weaver and Cantu is "imputed" to her. Dkt # 23, ¶¶ 62, 63.

Defendant provided extensive authorities that there is no "imputed speech" and silence is not

expressive activity. Dkt # 15, pp. 11-12. Alvarado does not even acknowledge the problem;

she simply claims her "protected speech" promoted office efficiency and its mission without

ever claiming she spoke at all. Dkt # 17, ¶ 4; Dkt # 32, ¶ 67. She does not state facts that

she personally spoke; she cites no case that the speech of others is "imputed" to her. This

court should dismiss her claim.

**D.    Alvarado Does Not Explain How She Has Adverse Employment Action**

      1.     No Allegations Showing Constructive Termination

First, Alvarado adds no new facts to her claim of constructive termination. Defendant

Yzaguirre set out cases and argument that (1) the allegations fell short of being so severe that

a reasonable person quote would be compelled to quit, and (2) she failed to allege Yzaguirre

was personally involved in the actions. Dkt # 15, pp. 14-15. Alvarado alleged no new facts

about why she quit or how Yzaguirre was personally involved in the acts described in Reply,

¶¶59 and 64-65; she cites not cases that her allegations suffice. Therefore, her "constructive

termination" allegation fails to plead an adverse employment action.

      2.     Alvarado Fails to Allege Facts Showing Tranfer was An Adverse Employment
              Action

Defendant Yzaguirre carefully set out cases why Alvarado's allegations of a transfer

to an inconvenient location, failure to pay for her course, asking her to get her plants, etc.,

did not amount to an "adverse employment action" for a First Amendment retaliation claim. Dkt # 15, pp. 13-15. Alvarado does not offer legal authorities to explain how they amount to an adverse employment action.

The only new "fact" she alleges in her Rule 7 Reply is that a transfer of "that nature" was known by employees as a means by which Defendants terminated employees. Dkt # 23, ¶ 62. First, this is immaterial; Alvarado was not terminated- she admits she quit.

Second, her transfer must be the equivalent of a demotion, reprimand, failure to promote, etc. *Breaux v. City of Garland,* 205 F.3d 150, 157 (5th Cir. 2000), *cert. denied,* 531 U.S. 816 (2000). To suffice Alvarado must show that the transfer was sufficiently punitive, i.e., objectively viewed it was punitive or a demotion. *Breaux,* 205 F.3d at 157; *Pierce v. Tex. Dept. of Crim. Justice,* 37 F.3d 1146, 1150 (5th Cir. 1994). To be a constitutional injury, the transfer must result in harm that is serious, objective, and tangible. *Serna v. City of San Antonio,* 244 F.3d 479, 483, (5th Cir. 2001), *cert. denied,* 534 U.S. 951 (2001). Her Reply, ¶ 62, is vague when it should be specific. Alvarado does not claim that her transfer involved a pay change; she does not claim it was a demotion of any kind. If "known by employees as a means by which Defendants terminated employees" means criticism or the threat of termination, neither is sufficient. Ostracism, criticism or the threat of termination will not transmute a transfer into an adverse employment action. *Breaux,* 205 F.3d at 158-160.

**E.    Garcia Fails to Allege Facts That She Spoke A Matter of Public Concern**

Garcia claims her allegations have been "mischaracterized." Dkt # 11, ¶ 11.

However, her defense only shows that it is her Complaint that mischaracterizes the letter to Mr. Barreda. First, she says her letter was a matter of public concern because it raised violations of the Transportation Code and the Texas Administration Code about unlawful vehicle registrations. However, the memo said he violated office procedures and her instructions. Transportation Code section 502.002(b) does require the application for registration renewal be submitted in the county of the owner's residence. However, she does not explain how erroneously permitting registration in the wrong county is corrupt or criminal.

Second, this does not address the requirement that her speech be primarily as a citizen rather than an employee. *Bradshaw v. Pittsburg I.S.D.*, 207 F.3d 814, 816 (5th Cir. 2000). The focus is on the hat worn by the employee when speaking rather than the importance of the issue. *Teague v. City of Flower Mound*, 179 F.3d 377, 382 (5th Cir. 1999); *Gillum v. City of Kerrville*, 3 F.3d 117, 121 (5th Cir. 1993), *cert. denied*, 510 U.S. 1072 (1994). Garcia could write the reprimand solely as a supervisor. It was communicated privately. The circumstances show it was at best, a private reprimand for specific individual.

Third, Garcia's allegation that Barreda was a relative of Defendant's "friends" adds nothing to whether her letter addressed an issue of public concern. She does not claim her "speech" accused Defendant of misconduct; therefore her suspicions about Yzaguirre's motives adds nothing to whether her "speech" about Barreda mattered to the public.

## III. Conclusion

The Court should grant Defendant Yzagguirre's motion to dismiss under Rule 12(b)(6) as to Plaintiffs Alvarado and Garcia.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

By_____
Roger W. Hughes
State Bar No. 10229500
Federal ID No. 5950
**Craig H. Vittitoe**
State Bar No. 20593900
Federal ID NO. 18756

Attorneys for *Defendant* TONY YZAGUIRRE, Assessor-Collector of Cameron County and Director of Cameron County Automobile Crimes Enforcement Task Force in his Individual Capacity

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the 9th day of September, 2003.

Mr. David Lee McGee                 *CM/RRR 7002 2410 0002 3608 9830*
**LAW OFFICES OF DAVID LEE McGEE, P.C.**
701 Park Avenue
Corpus Christi, TX 78401

Gay E. Gilson
**LAW OFFICE OF GAY E. GILSON**
719 South Shoreline, Suite 301A
Corpus Christi, TX 78401

*CM/RRR 7002 2410 0002 3608 9847*

Roman "Dino" Esparza
**WILLETTE & GUERRA, L.L.P.**
3505 Boca Chica Blvd., Suite 460
Brownsville, TX 78520

Via Ordinary Mail

Roger W. Hughes