

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VICENTA CANTU, et al().

    Plaintiffs

vs().                          CIVIL ACTION NO. B-03-096

CAMERON COUNTY, et al.

    Defendants

United States District Court
Southern District of Texas
FILED
SEP 1 0 2003
Michael N. Milby
Clerk of Court

## DEFENDANT YZAGUIRRE'S MOTION TO STRIKE RULE 7 REPLY

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW **Defendant Tony Yzaguirre, Jr.,**, and files this his Motion to Strike Rule 7 Reply or Its Attached Exhibits, and would respectfully show the Court as follows:

### I. Certificate of Conference

    The undersigned has conferred with the other counsel. Defendant Cameron County is unopposed; Plaintiffs Cantu, et al., are opposed to the relief requested (striking the motion or ) or exhibits, but are amenable to sealing the Rule 7 Reply.

### II. Procedural Status

    Defendant Yzaguirre moved to dismiss the First Amended Complaint. Dkt # 15, 16. Plaintiffs voluntarily asked leave to file a supplemental pleading under Federal Rule of Civil Procedure 7, which the Court granted. Dkt # 21, 22. Plaintiffs then filed the Rule 7 Reply submitting numerous exhibits. Dkt # 23.

    Defendant Yzaguirre moves to strike the Rule 7 Reply or the attached exhibits.

### III. Issues Submitted

1. Whether the Court should strike Plaintiffs' Rule 7 Reply and/or the exhibits attached to it because most of the exhibits are motor vehicle and tax records containing information made confidential by law.

### IV. Factual Background

On August 27, 2003 Plaintiffs filed their Rule 7 Reply, which submitted/incorporated what appears to be 24 files involving motor vehicle title transfer applications in Defendant's office. Dkt # 23, exhs. 1-24. All of these exhibits provide personal information concerning the applicants; specifically, they provide name, address, phone number, driver license numbers, etc. Exhs. 16 and 19, 20 contains a copy of driver's license photos. Exhibit 3 also contains confidential inventory tax report submitted by a dealer.

At this time, Defendant is unaware how Plaintiffs acquired these records. However, the circumstances strongly suggest that they were copied without authorization.

### V. Argument

To support the Rule 7 Reply, Plaintiffs Cantu and Munoz submit Exhs. 1-27. These exhibits are not properly "evidence" that can be submitted to support their claims to defeat a Rule 12(b)(6) motion to dismiss; Defendant Yzaguirre has already objected to them.

Plaintiffs' use of Exhs. 1-24 by publishing them in public document is a prohibited disclosure. TEX. TRANS. CODE ANN. Chap. 730 (Vernon Supp. 2003); TEX. TAX CODE ANN. § 23.123(b) (Vernon 2002). It is prohibited for an agency to disclose personal information in the motor vehicle records. TEX. TRANS. CODE ANN. § 730.004 (Vernon Supp. 2003). "Motor vehicle records' includes a record that pertains to a motor vehicle registration or title. TEX. TRANS. CODE ANN. §730.003(4)(Vernon Supp. 2003). "Personal information" means information that identifies a person, including their name, address, image, social security number, or driver's license number. TEX. TRANS. CODE ANN. §730.003(6) (Vernon Supp. 2003). "Agency" any political subdivision that compiles or maintains motor vehicle records. TEX. TRANS. CODE ANN. §730.003(1) (Vernon Supp. 2003). "Disclose" means to make

known personal information by any means of communication. TEX. TRANS. CODE ANN. §730.003(2) (Vernon Supp. 2003).

Exhibits 1-24 contain personal information and Plaintiffs have disclosed them to the public by attaching them to their Rule 7 Reply. They do not claim they have the applicants' permission or have properly obtained the records from any agency.

Exhibit 3 contains a Dealer's Motor Vehicle Inventory Tax Statement marked "confidential." Such statements are confidential TEX. TAX CODE ANN. § 23.123(b) (Vernon 2002). Unauthorized disclosure is a class B misdemeanor. TEX. TAX CODE ANN. § 23.123(d) (Vernon 2002).

## VI.

During counsel's conference to discuss this motion, Plaintiffs expressed a willingness to seal the motion from public scrutiny rather than strike it. Defendant Yzaguirre feels this relief is simply inadequate and will not deter such future conduct. State law makes these documents confidential to protect the rights of third parties. Plaintiffs have little excuse for this serious breach of confidentiality. They claim to have been longtime employees, well trained in their field. Is difficult to believe that they were unaware these documents might be confidential.

The purpose of this ploy is transparent. Defendant Yzaguirrre is an elected official and the clear purpose of publishing these records to the public is to unfairly prejudice him by giving false weight to their pleadings. Plaintiffs make inflammatory statements in a document open to the public and attach selected portions of confidential documents. The purpose is obviously to unfairly prejudice a public official in the court of public opinion.

Merely sealing the Rule 7 Reply and its exhibits lends legitimacy to this tactic. It may suggest to the public that the Court has sealed the documents because they support the inflammatory claims.

## VII. Conclusion

WHEREFORE, PREMISES CONSIDERED, the Court should take the motion under consideration by submission and upon hearing same, the Court grant the relief requested and any other such further relief to which Defendant shows himself entitled to receive.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

By _____
Roger W. Hughes
State Bar No. 10229500
Federal ID No. 5950
**Craig H. Vittitoe**
State Bar No. 20593900
Federal ID NO. 18756

ATTORNEYS FOR DEFENDANT TONY YZAGUIRRE, Assessor-Collector of Cameron County and Director of Cameron County Automobile Crimes Enforcement Task Force in his Individual Capacity

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the 10th day of September, 2003.

Mr. David Lee McGee                                    *CM/RRR 7002 2410 0002 3608 9854*
**LAW OFFICES OF DAVID LEE McGEE, P.C.**
701 Park Avenue
Corpus Christi, TX 78401

Gay E. Gilson
**LAW OFFICE OF GAY E. GILSON**
719 South Shoreline, Suite 301A
Corpus Christi, TX 78401

Roman "Dino" Esparza
**WILLETTE & GUERRA, L.L.P.**
3505 Boca Chica Blvd., Suite 460
Brownsville, TX 78520

*CM/RRR 7002 2410 0002 3608 9861*

Via Ordinary Mail

_____
Roger W. Hughes