28

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VICENTA CANTU, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. B-03-096 |
| | : | |
| CAMERON COUNTY, et al. | : | |
| | : | |
| Defendants | | |

**DEFENDANT YZAGUIRRE'S RESPONSE TO PLAINTIFFS'
MOTION TO SEAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendant Tony Yzaguirre, Jr.**, Individually and files this his Response to Plaintiffs' Motion to Seal, and would respectfully show the Court as follows:

**I.**

Ordinarily, Defendant would not respond to a unopposed motion. Dkt # 27. However, Defendant files his response to make it clear that the ultimate relief the Court should grant is to strike (Dkt # 26) not merely to seal.

**II.**

First, Defendant Yzaguirre strongly disagrees that exhibits 1-24 contain the speech of Plaintiff Cantu or any other party. They are mainly title transfer applications submitted by the very

persons whose privacy is protected by Texas Transportation Code Chapter 730. In a few instances, they contain notes to the file, but none of these appear to be speech, much less the speech Plaintiffs allege.

Second, although Defendant Yzaguirre did not oppose Plaintiffs being given leave to file a Rule 7 Reply, he was totally unaware that Plaintiffs had these exhibits, much less that they intended to attach them. Plaintiffs' motion (Dkt #27) somehow suggests that Defendant Yzaguirre "invited" them to attach these documents. Any such inference is false.

Third, it is unlikely their blatant violation of state law prohibiting disclosure was accidental or inadvertent. The Plaintiffs claim to be longtime, well trained employees; therefore, it is unlikely that these laws prohibiting disclosure and protecting privacy were unknown to them.

### III.

Therefore, while the Court should seal these documents for the interim, Defendant Yzaguirre believes the ultimate remedy is to strike the document or the exhibits altogether. See Defendant's Motion to Strike, Dkt # 26.

Respectfully submitted,

By _____
Craig H. Vittitoe
State Bar No. 20593900
Federal ID NO. 18756
**Roger W. Hughes**
State Bar No. 10229500
Federal ID No. 5950

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the 16th day of September, 2003.

| | |
|---|---|
| Mr. David Lee McGee<br>**LAW OFFICES OF DAVID LEE McGEE, P.C.**<br>201 S. 15th, Ste. 204, McAllen (78501)<br>701 Park Avenue<br>Corpus Christi, TX 78401 | *CM/RRR 7002 2410 0002 3603 9953* |
| Gay E. Gilson<br>**LAW OFFICE OF GAY E. GILSON**<br>719 South Shoreline, Suite 301A<br>Corpus Christi, TX 78401 | *CM/RRR 7002 2410 0002 3603 9960* |
| Roman "Dino" Esparza<br>**WILLETTE & GUERRA, L.L.P.**<br>3505 Boca Chica Blvd., Suite 460<br>Brownsville, TX 78520 | Via Ordinary Mail |

_____
Roger W. Hughes