

SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SEP 3 0 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; RUTH WEAVER; DIAMANTINA ALVARADO; AND LINDA GARCIA | § § § § § § § | |
| Plaintiffs | § § | |
| vs. | § § | Civil Action No. 03-CV-96 |
| CAMERON COUNTY and TONY YZAGUIRE, JR., Tax Assessor-Collector of Cameron County and Director, Cameron County Automobile Crimes Enforcement Task Force, in his individual capacity | § § § § § § § | **JURY TRIAL REQUESTED**<br><br>**UNOPPOSED MOTION** |

### PLAINTIFFS' RESPONSE TO DEFENDANT TONY YZAGUIRRE'S MOTION TO STRIKE RULE 7 REPLY

COME NOW, Vicenta Cantu, Felix R. Munoz, Ruth Weaver, Diamantina Alvarado,

Texas laws regarding the processing of vehicle registration papers to allow fraudulent documents to be accepted by the Cameron County Tax Assessor-Collector's office as a paid "favor" to Defendant Yzaguirre's friends and business associates. An employee's speech as an employee qualifies as speech on matters of public concern, where the speech involves the report of corruption or wrongdoing to authorities. *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1050 (5th Cir.1996).

2. The Defendants filed 12(b)(6) Motions to Dismiss Plaintiffs' Complaint. Alternatively, Defendant Yzaguirre requested that Plaintiffs file a FRCP 7(a) Reply. Plaintiffs filed responses and requested that the Court allow them leave to file a FRCP 7(a) Reply if necessary.

3. In the interest of judicial economy, Plaintiffs' Counsel proposed to Defense Counsel that the Plaintiffs file a FRCP 7(a) Reply by August 20, 2003 to aid in preparing this case for the Initial Pretrial Conference which is currently scheduled for October 20, 2003. Defense Counsel were unopposed to this proposal and that Motion.

4. The Court granted the Unopposed Motion for Plaintiffs to file a FRCP 7(a) Reply.

5. Plaintiffs timely filed their FRCP 7(a) Reply on August 20, 2003.

6. On September 9, 2003, the undersigned received a letter from Counsel for Defendant Yzaguirre, Robert Hughes, indicating that it was his opinion that Exhibits 1-24 which were attached to Plaintiffs' FRCP 7(a) Reply violated the Texas Transportation Code 730. This letter is the first indication that there were privacy concerns regarding Exhibits 1-24.

7. The undersigned counsel and Mr. David McGee contacted Mr. Hughes and relayed to him that the Plaintiffs would agree to have the documents sealed, but that we would not agree to strike Plaintiffs' FRCP 7(a) Reply.

8. Plaintiffs filed a motion requesting that Plaintiffs' FRCP 7(a) Reply be sealed in

order to alleviate any privacy concerns that may be connected to the Exhibits attached to Plaintiffs' FRCP 7(a) Reply.

9.      On or about September 10, 2003, Defendant Tony Yzaguirre filed a Motion to Strike Rule 7 Reply.

**II.**

**PLAINTIFFS' PLEADING POINTS TO SPECIFIC PROTECTED SPEECH MADE THE BASIS OF THIS ACTION**

10.     Plaintiffs' claims arise out of their employment with the Cameron County Automobile Crimes Enforcement Task Force who receives a grant from the Texas Automobile Theft Prevention Authority. Part of the purpose of the Cameron County Automobile Crimes Enforcement Task Force is to reduce vehicle theft, education and public awareness, and to work with border states in Mexico to reduce the number of stolen vehicles crossing the border.

11.     Plaintiffs' speech is primarily made up of protestations to Defendant Yzaguirre about his failure to follow laws, rules and regulations which the Cameron County Automobile Crimes Enforcement Task Force is legally responsible for enforcing in processing vehicle title transactions. It is important to emphasize that the Exhibits attached to Plaintiffs FRCP 7(a) Reply are documents which Plaintiffs contend are a part of their actual "speech" which is the basis of the present lawsuit. These documents were shown to Defendant Yzaguirre and it was explained to him by Plaintiff Cantu why the documentation did not meet legal requirements. In response to Defendants' Motions alleging, in part, that Plaintiffs did not meet their pleading burden, Plaintiffs have made every effort in their FRCP 7(a) Reply to meticulously plead the specifics **"as to when there statement or statements were made, to whom they were made, whether they were oral**

3

or written, and the content of those statements." *Foley v. University of Houston System*, 324 F.3d 310 (5th Cir. 03/06/2003). Social Security numbers were redacted from Plaintiffs' Exhibits. Exhibits 1-24 are, in part, literally the Plaintiffs' protected speech made the basis of this lawsuit and are relevant to the factors enumerated in *Foley*.

### FRCP 10 Form of Pleading

13. Pursuant to FRCP 10(c), Plaintiffs attached the exhibits at issue as part of the pleading to meet the heightened pleading requirements.

### Request to Strike Pleading is Request to Dismiss Plaintiffs' Claims

14. The request to strike Plaintiffs' 7a Reply is, in reality, a request that Plaintiffs' claims be stricken. Plaintiffs' speech cannot be separated from the vehicle registration transactions. By having Plaintiffs' pleading struck, Defendants are trying to bar Plaintiffs' ability to plead their protected speech. Further, by demanding that Plaintiff's pleading by stricken, Defendant Yzaguirre is trying to punish Plaintiffs for their protected speech. Defendant Yzaguirre argues that Plaintiffs attached the exhibits to somehow "inflame" and unfairly prejudice a public official which makes no sense. This is a first amendment claim, which by definition, is a claim against a governmental body or official for retaliation for exercising an individual's right to free speech. Plaintiffs are simply stating their claims.

15. Further, Defendant Yzaguirre is speaking out of both side of his mouth – on one side he pleads that Plaintiffs have not been specific enough in their pleadings to get passed the heightened pleading scrutiny for the claims presented and, speaking out of the other side of his mouth, he now argues Plaintiffs have plead too much information and is now trying to have the "too much information" struck. This also evidences Defendant Yzaguirre's tactics at attempting to have

4

Plaintiffs' claims dismissed.

### Defendant Yzaguirre Did Not Similarly Request that Defendant Cameron County Strike It's Exhibit Containing Driver Information

16.     On or about July 1, 2003, Defendant Cameron County attached vehicle registration information about two drivers as "Exhibit A" to "Defendant County's Motion to Dismiss Joinder of Plaintiffs Alvarado and Garcia, and Motion to Dismiss Claims of Plaintiffs Alvarado and Garcia, under Rule 12(B)(6)."

17.     Defendant Yzaguirre made no protestations to the attachment of that information despite the fact that it included "personal information" such as names and addresses which it is now alleging Plaintiffs violated.

### Exceptions to Chapter 730 Motor Vehicle Records Disclosure Act

18.     The Motor Vehicle Records Disclosure Act authorizes numerous disclosures of "personal information" by an agency for things such as matters involving a government agency, including any court or law enforcement agency; in carrying out its functions; a private person or entity acting on behalf of a government agency in carrying out the functions of the agency or in connection with motor vehicle theft; or use in conjunction with a civil, criminal, administrative or arbitral proceeding in any court or government agency. **See Tex.Trans.Code. Ann. §730.007.** The information contained in the Exhibits is relevant to the Auto Theft Prevention Authority and Plaintiffs claims of free speech and association for the sole purpose of a legal proceeding before this Court.

### General Order 2003-4

19.     On August 27, 2003, approximately one week **after** Plaintiffs filed the FRCP 7a

5

Reply on August 20, 2003, Chief United States District Judge Kazen issued an order regarding privacy. Plaintiffs request that this Order be followed in the present case and Plaintiffs will take whatever steps are ordered by the Court including redacting information for a public file if so ordered.

### PRAYER

20. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that their FRCP 7(a) Reply not be struck, but that the Court place the document under seal or take other steps appropriate pursuant to Chief United States District Judge Kazen's order issued on August 27, 2003 to protect the privacy interests of individuals identified in any document filed with this Court.

Respectfully submitted,

By: _____
DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
ATTORNEY IN CHARGE FOR PLAINTIFFS

GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
CO-COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure:

Craig Vittitoe/Roger Hughes                                       VIA FIRST CLASS MAIL
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
ATTORNEYS FOR TONY YZAGUIRRE, JR.

Charles Willette/Roman "Dino" Esparza                     VIA FIRST CLASS MAIL
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd., Suite 460
Brownsville, Texas 78520
ATTORNEYS FOR CAMERON COUNTY

on this September 29, 2003.

                                                            Gay E. Gilson