United States District Court
Southern District of Texas
ENTERED

OCT 0 3 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VINCENTA CANTU, ET AL. § <br>        Plaintiffs § <br> § <br> v. § <br> § <br> CAMERON COUNTY AND TONY § <br> YZAGUIRE, Tax Assessor-Collector § <br> of Cameron County and Director, § <br> Cameron County Automobile Crimes § <br> Enforcement Task Force, in his § <br> individual capacity § <br>        Defendants. § | C.A. No. B-03-96 |

## ORDER

BE IT REMEMBERED that on October 2, 2003, the Court considered Plaintiffs' Unopposed Motion to Seal Plaintiffs' Rule 7(a) Reply [Dkt. No. 27] and the response thereto [Dkt. No. 28]. The Court **DENIES** this motion [Dkt. No. 27].

Plaintiffs request that this Court seal exhibits 1-24 of Plaintiffs' Rule 7(a) Reply because counsel for Defendant Yzaguirre and Robert Hughes indicated these exhibits could contain information that is protected under Title 7 of the Texas Transportation Code. See Plaintiffs' Motion to Seal, at p. 2. Defendants have agreed to have the documents sealed.

Section 730.002 of the Texas Transportation Code implements 18 U.S.C. §§ 2721-2725 for the purpose of "protect[ing] the interest of an individual in the individual's personal privacy by prohibiting the disclosure and use of personal information contained in motor vehicle records, except as authorized by the individual or by law." Tx. Transp. § 730.002 (Vernon's 2003). See also Driver's Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C. §§ 2721-2725 (1994 & Supp. IV) (regulating the disclosure of personal information contained in the records of state motor vehicle departments). Certain documents and information are exempt from privacy protection. In this case the exhibits submitted are mainly comprised of applications for certificates of title and certificates of titles themselves. Plaintiffs have made no effort to explain why these

exhibits are not part of the public record, as is generally the case with title documents. As a result, the Court is reluctant to seal these exhibits or portions of it without more than a conclusory statement that the documents or records should be sealed *and* are not already part of the public record.

The Court **DENIES** Plaintiffs' Motion to Seal Rule 7(a) Reply [Dkt. No. 27].

DONE this 2nd day of October, 2003, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge