IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VICENTA CANTU, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. B-03-096 |
| | : | |
| CAMERON COUNTY, et al. | : | |
| | : | |
| Defendants | | |

**DEFENDANT YZAGUIRRE'S REPLY IN SUPPORT OF MOTION TO STRIKE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendant Tony Yzaguirre, Jr.,**, and files this his Reply in Support of Motion to Strike, and would respectfully show this Honorable Court as follows:

**I.**

On October 6, 2003, Defendant Yzaguirre received the Order [Dkt # 31] on the Unopposed Motion to Seal [Dkt #27]. The court expressed concern that the exhibits in question might be "part of the public record, as is generally the case with title documents." Dkt #31, p. 2. The court was reluctant to act without more than conclusory statements. *Id.*

**II.**

Motor vehicle records ceased to be generally available to the public in 1997 when the Legislature enacted Texas Government Code section 552.130. The Open Records Act now excepts from public access information that relates to (1) a motor vehicle drivers license, and (2) a motor vehicle title or registration issued by a Texas agency. TEX. GOV. CODE ANN. §552.130(a)(2, 3) (Vernon Supp. 2003). Such information may be released only if, and in the manner authorized by Texas Transportation Code Chapter 730. TEX. GOV. CODE ANN. §552.130(b) (Vernon Supp. 2003).

Exhibit 3 contains a Dealers Motor Vehicle Inventory Tax statement. The Open Records Act excludes from public access information considered confidential by law, either statutory or judicial decision. TEX. GOV. CODE ANN. §552.101 (Vernon 1994). Such statements are confidential by statute. TEX. TAX CODE ANN. § 23.123(b) (Vernon 2002).

Therefore, the motor vehicle title transfer records, copies of driver's licenses, and the inventory tax statements are not public records with the meaning of the Open Records Act.

### III.

If by "public records" the court is concerned that the documents are already public in some manner, Defendant Yzaguirre is not aware of any prior publication of these documents or records. Plaintiffs Response to the Motion to Strike, ¶ 18 [Dkt #29] argues that Texas Transportation Code section 730.007 authorizes disclosure of certain motor vehicle information. That section only authorizes an agency to release some information in response to a proper written request. Plaintiffs do not claim they complied with it.

First, section 730.007(a) provides that "personal information" may be disclosed to any requestor if the requestor represents that the requestor's use of the information will be limited to one of twelve different grounds. TEX. TRANS. CODE ANN. § 730.007(a)(2) (Vernon Supp. 2003). However, Plaintiffs do not claim they obtained these exhibits from any particular agency through a proper request. Defendant has no formal request for these records from any of the Plaintiffs. Defendant Yzaguirre has no direct information how Plaintiffs came to have them; however, on information and belief, it is suspected that they were copied without authorization.

Plaintiffs' Response does not state under which section of Section 730.007(a)(2) they did (or could) obtain the records or from what agency. However, the point is they do not claim they obtained the records through a proper request. If they obtained the documents through unauthorized copying before they were terminated, then they obtained the documents improperly and further disclosure is a violation of Transportation Code section 730.004.

Second, section 730.007 permits a requestor to obtain only the name, address, date of birth, and driver's license number. TEX. TRANS. CODE ANN. § 730.007(b) (Vernon Supp. 2003). The driver's license photo is available only to a requester who is a law enforcement officer, an agency investigating welfare fraud, or to prevent a subpoena to produce photographic images. TEX. TRANS.

CODE ANN. § 730.007(c) (Vernon Supp. 2003). Even if a proper request were made, Plaintiffs could not obtain all the documents they have published.

The point is that it strongly appears that Plaintiffs did not properly obtained these documents and that their subsequent use is an abuse of the system. If this were an employment dispute arising within a public hospital over patient treatment, Plaintiffs' rationale would allow them to copy patient medical records without any authorization and attach them to a pleading. Their reasoning would encourage people to obtain documents improperly and disseminate them.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

By_____
Roger W. Hughes
State Bar No. 10229500
Federal ID No. 5950
**Craig H. Vittitoe**
State Bar No. 20593900
Federal ID NO. 18756

ATTORNEYS FOR DEFENDANT TONY YZAGUIRRE, Assessor-Collector of Cameron County and Director of Cameron County Automobile Crimes Enforcement Task Force in his Individual Capacity

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the 7th day of October, 2003.

| | |
|---|---|
| Mr. David Lee McGee<br>**LAW OFFICES OF DAVID LEE McGEE, P.C.**<br>701 Park Avenue<br>Corpus Christi, TX 78401 | *CM/RRR 7002 2410 0002 3598 0157*<br>*& Via Facsimile: 361/888-5585* |
| Gay E. Gilson<br>**LAW OFFICE OF GAY E. GILSON**<br>719 South Shoreline, Suite 301A<br>Corpus Christi, TX 78401 | *CM/RRR 7002 2410 0002 3598 0164*<br>*& Via Facsimile: 361/887-0554* |
| Roman "Dino" Esparza<br>**WILLETTE & GUERRA, L.L.P.**<br>3505 Boca Chica Blvd., Suite 460<br>Brownsville, TX 78520 | *Via Ordinary Mail*<br>*& Facsimile: 956/541-1893* |

_____
Roger W. Hughes