36

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 0 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; § <br> RUTH WEAVER; § <br> DIAMANTINA ALVARADO; AND § <br> LINDA GARCIA § <br> § <br> Plaintiffs § <br> § <br> vs. § <br> § <br> CAMERON COUNTY and § <br> TONY YZAGUIRE, JR., Tax Assessor- § <br> Collector of Cameron County and Director, § <br> Cameron County Automobile Crimes § <br> Enforcement Task Force, in his § <br> individual capacity § | Civil Action No. 03-CV-96 <br><br> **JURY TRIAL REQUESTED** |

## JOINT REPORT OF THE MEETING AND
## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

RESPONSE:

The meeting took place by telephone. David Lee McGee and Gay Gilson attended for Plaintiffs. Craig Vittitoe and Roger Hughes attended for Defendant Tony Yzaguirre. Charles Willette and Roman "Dino" Esparza attended for Defendant Cameron County.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

RESPONSE:

None known at this time.

3.  Briefly describe what this case is about.

RESPONSE: In this action, Plaintiffs allege that Defendants, acting under color of state law, violated their right to freedom of speech and right to freedom of association as guaranteed by the First Amendment to the United States Constitution when each Plaintiff spoke out about matters of public concern and associated with Tax Assessor-Collector employees who spoke out about wrongdoing, illegalities and corruption occurring within the Cameron County Tax Assessor-Collector's Office. The Plaintiffs allege that they spoke out about the fact that Defendant Yzaguirre, the Cameron County Tax Assessor-Collector and Director of the Cameron County Automobile Crimes Enforcement Task Force, violated Texas laws regarding the processing of vehicle registration papers to allow fraudulent documents to be accepted by the Cameron County Tax Assessor-Collector's office as a paid "favor" to Defendant Yzaguirre's friends and business associates. Plaintiffs allege that they were either terminated or demoted as a result of their protected activity.

Defendants deny any wrongdoing.

4. Specify the allegation of federal jurisdiction.

RESPONSE: This Court has jurisdiction over this action by reason of 28 U.S.C. 1331 and 1343, in that pursuant to 42 U.S.C. §1983 Plaintiff seeks redress for deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States of America. Venue is proper pursuant to 28 U.S.C. §1391 because the acts complained of primarily occurred within the geographical boundaries of the United States District Court for the Southern District of Texas, Brownsville, Division.

5.  Name the parties who disagree and the reasons.

RESPONSE:  None.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

RESPONSE:  None known at this time.

7.  List anticipated interventions.

RESPONSE:  None known at this time.

8.  Describe class-action issues.

RESPONSE:  None known at this time.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

RESPONSE:  Plaintiffs and Defendant Cameron County will make Initial Disclosures by November 10, 2003. Defendant Yzaguirre has filed a motion to stay discovery until his motion to dismiss on qualified immunity is resolved. If the court rules on Defendant Yzaguirre's motions at or before hearing on October 20, 2003, then he will make his Initial Disclosures by November 10, 2003. Otherwise Defendant Yzaguirre requests he have until 20 days after the motions to dismiss and/or motion to stay discovery are resolved.

10.  Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

RESPONSE:

    (1)  Plaintiffs and Defendant Cameron County will make Initial Disclosures by November

10, 2003. Defendant Yzaguirre has filed a motion to stay discovery until his motion to dismiss on qualified immunity is resolved. If the court rules on Defendant Yzaguirre's motions at or before hearing on October 20, 2003, then he will make his Initial Disclosures by November 10, 2003. Otherwise Defendant Yzaguirre requests he have until 20 days after the motions to dismiss and/or motion to stay discovery are resolved.

(2) The parties intend on propounding written discovery and taking depositions. At this time, it does not appear that discovery needs to be conducted in phases.

(3) At this time, the parties see that no limitations on discovery imposed under the FRCPs is necessary.

B. When and to whom the plaintiff anticipates it may send interrogatories.

RESPONSE: At this time, Plaintiff intends on sending interrogatories to Defendants by December 1, 2003.

C. When and to whom the defendant anticipates it may send interrogatories.

RESPONSE: Defendants intend on sending Plaintiffs interrogatories by February 1, 2004.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

RESPONSE: At this time, Plaintiff intends on taking the depositions of: Tony Yzaguirre, Lupita DeLeon, Joe Mireles, Susanna Castillo, Vicky Saldana, Julio Hernandez, Jesse and Marizol Sinfuentes. As more information is exchanged through discovery, the Plaintiffs may request additional depositions.

E. Of whom and by when the defendant anticipates taking oral depositions.

RESPONSE: Defendants will take the deposition of Plaintiffs and other persons with knowledge

of material facts.

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

RESPONSE: Plaintiff requests that expert designation be according to the Federal Rules of Civil Procedure unless the Court otherwise orders. Defendants request that the Court set a deadline of 90 days before the close of discovery for Plaintiffs to designate experts and 60 days before the close of discovery for Defendants to designate experts.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report.)

RESPONSE: It is not clear at this time what experts Plaintiff anticipates will be used in the trial of this case. Plaintiff anticipate being able to complete expert depositions before the close of discovery.

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

RESPONSE: It is not clear what experts Defendant anticipates will be used at the trial of the case. Defendants anticipate being able to complete expert depositions before the close of discovery.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

RESPONSE: The parties are in agreement except as to whether or not the expert designations should be staggered for Plaintiffs and Defendants. Further, except that Defendant Yzaguirre has moved to stay discovery as to him until his qualified immunity motion is resolved. Plaintiffs believe that they may need limited discovery on the qualified immunity issue. Plaintiff requested this relief

in their responses to the Defendants' Motions to Dismiss.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

RESPONSE: None at this time.

13. State the date the planned discovery can reasonably be completed.

RESPONSE: The parties should be able to complete discovery regarding the underlying claims, damages and defenses within twelve months. The parties may be able to conclude discovery in a shorter period of time, such as nine months, but the Plaintiffs are concerned that because of the nature of the claims and the number of parties involved it will take longer than usual to complete discovery.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in you Rule 26(f) meeting.

RESPONSE: The parties have discussed mediation and other settlement possibilities and are working to obtain the necessary information to seriously discuss the possibility of settlement.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

RESPONSE: The parties have communicated about settlement possibilities and will exchange information in aid of forming a position for settlement negotiations.

16. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

RESPONSE: Mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

RESPONSE:   The parties do not agree to a trial before a magistrate judge.

18.   State whether a jury demand has been made and if it was made on time.

RESPONSE:   A jury demand was timely made.

19.   Specify the number of hours it will take to present the evidence in this case.

RESPONSE:   At this stage of discovery, it is difficult to determine the length of trial of this case, but the parties anticipate that the number of hours of evidence would be between 40 hours and 50 hours.

20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

RESPONSE:   Defendants filed 12(b)(6) Motions to Dismiss Plaintiffs' Complaint; Defendant Tony Yzaguirre filed a Motion to Strike Plaintiffs' Rule 7 Reply, and a Motion to Stay Discovery.

21.   List other pending motions.

RESPONSE:   None.

22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

RESPONSE:   The Parties have privacy concerns about documents relevant to the claims in this case which need to be addressed with the Court.

23.   List the names, bar numbers, addresses and telephone numbers of all counsel.

RESPONSE:

COUNSEL FOR PLAINTIFF:

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A

Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
ATTORNEY IN CHARGE FOR PLAINTIFFS*

GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
CO-COUNSEL FOR PLAINTIFFS*

*Plaintiffs are in the process of filing an unopposed motion to designate Gay E. Gilson as the Attorney in Charge and David Lee McGee as Co-Counsel.

ATTORNEY FOR DEFENDANTS:

Craig Vittitoe
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
SBN 20593900/ FED ID #18756
ATTORNEY IN CHARGE FOR TONY YZAGUIRRE, JR.

Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
SBN 10229500/FED ID #5960
ATTORNEY FOR TONY YZAGUIRRE, JR.

Charles Willette
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd., Suite 460
Brownsville, Texas 78520
SBN 21509700/FED ID# 1937
ATTORNEY IN CHARGE FOR CAMERON COUNTY

Roman "Dino" Esparza

Willette & Guerra, L.L.P.
3505 Boca Chica Blvd., Suite 460
Brownsville, Texas 78520
SBN 00795337/ FED ID# 22703
ATTORNEY FOR CAMERON COUNTY

Respectfully submitted,

By: _____  By permission
DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
ATTORNEY IN CHARGE FOR PLAINTIFFS

GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
CO-COUNSEL FOR PLAINTIFFS

**WILLETTE & GUERRA, L.L.P.**
International Boulevard, Suite 460
3505 Boca Chica Boulevard
Brownsville, TX 78520
(956) 541-1846
(956) 541-1893 (Fax)

By _____  By permission
    Charles Willette
    State Bar No. 21509700
    Federal ID 1937
    **Dino Esparza**
    State Bar No. 00795337
    Federal ID 22703

Attorneys for Defendant CAMERON COUNTY


**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

By _____
    Craig H. Vittitoe
    State Bar No. 20593900
    Federal ID NO. 18756
    **Roger W. Hughes**
    State Bar No. 10229500
    Federal ID No. 5950

ATTORNEYS FOR DEFENDANT TONY YZAGUIRRE, Assessor-Collector of Cameron County and Director of Cameron County Automobile Crimes Enforcement Task Force in his Individual Capacity

11