# Civil Courtroom Minutes

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Nicolas  ■ Levesque |
| DATE | 10 / 20 / 03 |
| TIME | a.m. — a.m. <br> 2:20 p.m. — 3:45 p.m. |
| CIVIL ACTION | B - 03 - 96 |
| STYLE | VICENTA CANTU, ET AL. <br> *versus* <br> CAMERON COUNTY, ET AL. |



United States District Court
Southern District of Texas
FILED

OCT 20 2003

Michael N. Milby, Clerk of Court

## DOCKET ENTRY

(HGT) ■ Initial Pre-Trial Hearing;    (Court Reporter: Heather Hall)

Attorney(s) for Plaintiff(s):   Gay E. Wilson and David Lee McGee
Attorney(s) for Defendant(s):
Cameron County, Texas     Dino Esparza
Tony Yzaguirre, Jr.        Roger Hughes & Craig Vittitoe

---

Comments:

**Def Yzaguirre - Roger Hughes: M. to Dismiss**

  1. Attachments to the motion were not intended to convert the MTD into a MSJ.

  2. Pls' Associational First A rights:

    A. Pls allege merely social contacts, which are not afforded protection (Garcia doesn't seem to allege associational claim)

    B. Discussions w/ co-workers about disagreements in the procedures of the office are not protected under expressive first amendment rights

  3. Retaliation of Speech:

    A. Alvarado's argument that sister's speech should be imputed to her - Jones case and Vanderhurtz case does not support. Also, no adverse employment decision b/c a transfer w/o more does not constitute an adverse decision. Nor was there constructive discharge. Yzaguirre had a policy of transferring employees to the branch office.

B. Garcia - issued written reprimand but Def argues this is not a matter of public concern, but rather is as an employee and supervisor.

C. Cantu - she examined titles, but Def Yzaguirre had quasi-judicial review of Cantu's discretionary decisions concerning those applications for titles that she felt were not in compliance with the TXDOT regulations.

D. Argued most docs were not public records and further that there is no evidence of forgery. Cantu does not say def was doing something wrong, but that her opinion and recommendation was not followed. Def alleges typographical errors were the cause of many irregularities. Furthermore, there were no facts alleged concerning bribery.

E. Munoz - Def says his allegations are vague, not speech on matter of public concern b/c he was criticizing office procedure. He needs to plead more specific facts. Munoz never says Def is taking money or acting in a fraudulent manner.

F. Weaver - same as Munoz - no accusation of wrong-doing.

**Pls' Response (Gilson).**

A. 7(a) Reply is very detailed and Pls do not need to prove the speech itself was true, just that it was made. The docs they attached in the reply are those that were under investigation and those that Cantu was questioning. The Ct. must construe pled facts in favor of plaintiffs. And, it is appropriate to plead "words to the effect." Pls can't remember verbatim everything they said. See Foley v. U. of Houston. Need only the where, when, what was said.

B. There were adverse employment actions. See Sharp v. City of Houston. Transfer can be adverse when it involves a substantial change in duties.

C. Matter of public concern: Wallace v. Tx Tech.

D. Evidence suggests Def was sensoring Pls right to forward complaints to DOT.

E. All Pls had been employed for a long time and thus their terminations after they complained are all of the more suspect.

F. Rule 7(a) Reply should defeat the MTD based on qualified immunity.

**Esparza's arguments (Cameron County):**

Def was not delegated final policy making. Penbaur case - here there is only a single act and its not enough b/c there is no legislation giving the tax assessor that kind of authority. Simply b/c he is elected does not make him a final policy maker.

**Gilson's Response:**

County Commissioner has delegated authority to Dept. heads. There is a procedure and the tax assessor's decisions for employment are final so there is no review. New case Rosalin Brown v. City of Houston (new case).

**Hughes' Reply:**

No claim of fraud

**Other Pending Motions:**

1. Staying discovery pending court's resolution of qualified immunity issue: Pls - only if the Court considers the exhibits in the Defs' motions to dismiss, then Pls should have discovery to adequately respond.

2. **Court orally granted Pls motion to designate Gay E. Gilson as attorney in charge and David Lee McGee as co-counsel.**

3. Other motions taken under advisement: motions to dismiss, Motion to strike Rule 7(a) Reply, motion to stay discovery pending resolution of qualified immunity.