United States District Court
Southern District of Texas
FILED

MAY 17 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; RUTH WEAVER; DIAMANTINA ALVARADO; AND LINDA GARCIA | § § § § § | |
| Plaintiffs | § § | |
| vs. | § § | Civil Action No. 03-CV-96 |
| CAMERON COUNTY and TONY YZAGGUIRE, JR., Tax Assessor-Collector of Cameron County and Director, Cameron County Automobile Crimes Enforcement Task Force, in his individual capacity | § § § § § § § | **JURY TRIAL REQUESTED** |

### PLAINTIFF ALVARADO'S AND PLAINTIFF WEAVER'S RESPONSE TO DEFENDANT CAMERON COUNTY'S SECOND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

Plaintiffs allege Defendants, acting under color of state law, violated their right to freedom of speech and association as guaranteed by the First Amendment to the United States Constitution.

### STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

Defendant Cameron County filed a Second Motion to Dismiss for failure to state a claim under FRCP 12(b)(6) involving claims of Plaintiff Alvarado and some of the claims of Plaintiff Weaver. These are the issues addressed in this response.

### SUMMARY OF THE ARGUMENT

#### I.

#### FRCP 12(b)(6)

1. Federal Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it

appears beyond doubt that the plaintiff can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 45, 46 (1957); *Leffal v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994), see also *Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (citing Wright & Miller, *Federal Practice and Procedure: Civil*, §1357 at 598 [1969] for the proposition that "a motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted."), cert. denied, 459 U.S. 1105 (1983).

2. In determining whether dismissal should be granted in this case, the Court must accept all well-plead facts as true and view them in the light most favorable to Plaintiff Alvarado and Plaintiff Weaver, the non-movants. *Captial Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir.1994); *see also Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir.1996) (dismissal reversed, since complaint was sufficient to state §1983 action.)

3. Plaintiff Alvarado and Plaintiff Weaver have each set out numerous paragraphs in their live pleading; 7(a) Reply and Supplemental 7(a) Reply which raise a claim under the First Amendment to the United States Constitution. These paragraphs specify their protected speech and association, when the protected speech and association occurred, who witnessed the protected speech or association, whether the protected speech or association was written or oral, and a causal link between the protected speech and association and the adverse employment actions claimed. Taking these well-plead facts as true and viewed in the light most favorable to Plaintiff Alvarado and Plaintiff Weaver, their claims should not be dismissed under FRCP 12(b)(6).

### INCORPORATION OF PLEADINGS

4. Plaintiffs incorporate by reference as if fully set-out herein their live pleading; Plaintiffs' 7(a) Reply and Plaintiffs' Supplemental 7(a) Reply.

2

## II.

## FIRST AMENDMENT RETALIATION - SPEECH

5.  The First Amendment to the United States Constitution states that Congress shall make no laws that abridge the right of free speech. Therefore, at all times that Plaintiffs were employed with Cameron County, they had a clearly established federal constitutional right of free speech. U.S. Const., Amend. I

5.  Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, prohibits any person acting under color of state law from depriving any citizen or person of the rights, privileges and immunities secured by the Constitution.

6.  In order to establish a cause of action under §1983 for an employee's First Amendment claim of retaliation, a plaintiff has the burden of showing: (1) Defendants were acting under color of state law; (2) Plaintiffs' speech activities were protected under the First Amendment; and (3) Plaintiffs' exercise of their protected right was a substantial or motivating factor in Defendants' actions. *Pierce v. Texas Dep't. of Crim. Justice Inst. Div.*, 37 F.3d 1146, 1149 (5th Cir.1994); *Mt. Healthy City School Dist. Bd. of Educ. V. Doyle*, 329 U.S. 274, 287, 97 S. Ct. 568, 576 (1977).

7.  An employee claiming retaliation for speech protected by the First Amendment to the United States Constitution is required to be specific as to when the statement or statements were made, to whom they were made, whether they were oral or written, and the content of those statements. *Connick v. Myers*, 461 U.S. 138, 147 (1983).

8.  The First Amendment "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Roth v. United States*, 354

U.S. 476, 484 (1957); *New York Times Co. v. Sullivan*, 376 U.S. 254, 269 (1964). "[Speech] concerning public affairs is more than self-expression; it is the essence of self-government." *Garrison v. Louisiana*, 379 U.S. 64, 74-75 (1964). Accordingly, the Court has frequently reaffirmed that speech on public issues occupies the "'highest rung of the hierarchy of First Amendment values,'" and is entitled to special protection. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 913 (1982); Carey v. Brown, 447 U.S. 455, 467 (1980).

9.   Plaintiffs' pleadings and 7(a) Replies allege that in the exercise of Plaintiffs' right to free speech, they spoke out against unlawful vehicle registration transactions and other unlawful practices by Defendant Yzaguirre and others under Defendant Yzaguirre's direction. Plaintiffs' statements concerned matters of public concern in that there may be no greater issue of public concern than an elected official's violation of laws. Plaintiff Alvarado and Plaintiff Weaver each made their statements known to Defendant Yzaguirre as specifically set-out in Plaintiffs' pleadings.

10.   Plaintiffs's First Amended Complaint; Plaintiff's 7(a) Reply and Plaintiff's Supplemental 7(a) Reply, specifically allege that Defendant Cameron County and Defendant Yzaguirre, in his Individual capacity, acting under the color of state law, took reprisals and retaliation against Plaintiffs for their protected speech by demoting Plaintiff Alvarado and ultimately constructively discharging Plaintiff Alvarado and terminating Plaintiff Weaver from their positions with the Cameron County Tax Assessor-Collector's office in order to deprive Plaintiffs of their clearly established federal constitutional right of free speech under the First Amendment and their federal civil rights under Section 1983. Plaintiffs' public and private statements and expressions against Defendant Yzaguirre's unlawful actions regarding the processing of vehicle registrations in Cameron County were the motivating and substantial factor in Defendants' decision to terminate

Plaintiff Alvarado's and Plaintiff Weaver's employment with Cameron County.

### Plaintiff Alvarado's activity is protected under First Amendment

13.     Plaintiffs Cantu, Munoz, Weaver and Alvarado closely associated with each other in the performance of their duties for Defendant. Plaintiff Cantu, Plaintiff Weaver and Plaintiff Alvarado went to lunch together almost every day and worked closely together in the office. From 2001 to approximately May 2002, Plaintiff Cantu, Plaintiff Weaver, and Plaintiff Alvarado, discussed their concerns about Defendant Yzaguirre's unlawful actions in processing vehicle title registrations. The adverse actions taken against Plaintiffs Cantu, Munoz, Alvardo and Weaver were also taken against them because of their close association with each other in speaking out against Defendant Yzaguirre's unlawful actions in the processing of vehicle title registrations.

14     On or about February 28, 2003, Plaintiff Alvarado was involuntarily transferred and demoted from her position as Supervisor Property Tax Division at the Central Office to the position of auto clerk in the San Benito Branch Tax Office. Plaintiff Alvarado was ordered to report to Linda Garcia. Plaintiff Alvarado worked for Defendants for approximately eleven years and during that entire time Plaintiff Alvarado had not been transferred until February 28, 2003. Plaintiff Alvarado alleges that her involuntarily transfer and demotion was a direct result of her protected speech and association with Plaintiffs Cantu, Weaver and Munoz which is detailed in Plaintiffs' pleadings, Plaintiffs' 7(a) Reply and Plaintiffs' Supplemental 7(a) Reply. The transfer is an adverse action against Plaintiff Alvarado as it was a demotion; an undesirable transfer and a substantial change in duties wherein her supervisory duties were taken away; Defendant Yzaguirre ordered that Plaintiff Alvarado not be allowed to use the computer, not be advised of events occurring within the office; not be allowed to use the telephone to make long-distance calls because Plaintiff Alvarado had

5

previously called the Executive Director, David E. Montoya, of the Board of Tax Professional Examiners located in Austin, Texas wherein she left a message attempting to make a complaint against Defendant Yzaguirre stating that he was violating Texas laws in the manner in which he was running the office and that she was being denied required training so that her license may be updated. Mr. Montoya returned Plaintiff Alvarado's call, but the office staff was instructed to not allow the call to go through to Plaintiff Alvarado. Plaintiff Alvarado's act of associating with Plaintiff Cantu on February 26, 2003 at Dillards Department Store is protected by the First Amendment to the United States Constitution. Further, Plaintiff Alvarado's speech of contacting Mr. Montoya and making a complaint is protected speech by the First Amendment to the United States Constitution

15      During the pendency of the Special Inventory Tax, Plaintiff Alvarado spoke out to Jesse Garcia, Jr., Chief Deputy - Administration, that the tax was not being properly administered. This speech started in approximately 1998 and continued, almost on a monthly basis, until Plaintiff Alvarado was involuntarily transferred to the auto clerk position in the San Benito Branch Office. Plaintiff alleges that her speech to Mr. Garcia is protected speech under the First Amendment to the United States Constitution and that the adverse actions taken against her were also due to this protected speech. Plaintiff alleges that Defendant Yzaguirre was aware of her speech about the Special Inventory Tax not being properly administered. Defendant Yzaguirre ordered the adverse actions against Plaintiff Alvarado.

**Plaintiff Alvarado - Transfer is actionable under First Amendment**

16.     Plaintiff Alvarado suffered an injury which is recognized by the Fifth Circuit in regard to her First Amendment claims. In *Sharp v. City of Houston*, 164 F.3d 923 (5th Cir.1999), the Fifth Circuit wrote:

Employer actions that can result in liability include more than just actual or constructive discharge from employment. Adverse employment actions can include discharges, demotions, refusals to hire, refusals to promote, and reprimands.

It is now well established that, for the purposes of a § 1983 retaliation claim, an adverse employment action can include a transfer, because it may serve as a demotion. In *Benningfield*, for example, we noted that "[a] transfer may also constitute a demotion." *Benningfield*, 157 F.3d at 377 (citing *Forsyth*, 91 F.3d at 774; *Click*, 970 F.2d at 110). To be equivalent to a demotion, a transfer need not result in a decrease in pay, title, or grade; it can be a demotion if the new position proves objectively worse--such as being less prestigious or less interesting or providing less room for advancement. See *Forsyth*, 91 F.3d at 774. The jury could have viewed transferring from the elite Mounted Patrol to a teaching post at the Police Academy to be, objectively, a demotion.

17.     Plaintiff Alvarado worked for Defendants for approximately eleven years and during that entire time Plaintiff Alvarado had not been transferred until February 28, 2003. Plaintiff Alvarado was involuntarily transferred and demoted from her position as Supervisor Property Tax Division at the Central Office to the position of auto clerk in the San Benito Branch Tax Office. Clearly, there is less prestige in being an auto clerk than being the Supervisor Property Tax Division at the Central Office and the demotion carried with it less room for advancement and a significant downgrade in duties. Further, transfer to the San Benito Office was known by employees as a means by which Defendants terminated employees. The actions taken against Plaintiff Alvarado are related to Defendant Yzaguirre as he was the one who ordered the adverse actions against her.

7

### Plaintiff Weaver

18.     On or about August 2, 2002, Plaintiff Weaver gave a statement to the Cameron County Sheriff's Department about Defendant Yzaguirre's possible unlawful conduct as the Cameron County Tax Assessor-Collector as detailed in Plaintiffs' Supplemental 7(a) Reply. It is alleged that Defendant Yzaguirre became aware of Plaintiff Weaver's statement which was given to the Cameron County Sheriff's Department. Plaintiff Weaver alleges that her statement to the Cameron County Sheriff's Department is protected speech under the First Amendment to the United States Constitution and that the adverse actions taken against her as alleged specifically in Plaintiffs' 7(a) Reply, Plaintiff's First Amended Complaint and this pleading were taken in retaliation for Plaintiff Weaver's protected speech including the statement provided to the Cameron County Sheriff's Department about Defendant Yzaguirre.

19.     Plaintiff Weaver's statement to the Cameron County Sheriff's Department is protected speech under the First Amendment. See *Neubauer v. City of McAllen*, 766 F.2d 1567 (5th Cir. 08/08/1985) (Plaintiff alleged discharge from police department violated his first amendment rights because it was motivated by his furnishing statement to state grand jury concerning incident involving police; First Amendment speech in form of statement to grand jury not issue, but falsity of portions of statement at issue).

### III.

### FIRST AMENDMENT RETALIATION - ASSOCIATION

20.     Plaintiff Alvarado also alleges infringement of her constitutional right of freedom of association under the First Amendment to the United States Constitution against Cameron County

and Defendant Yzaguirre in his Individual Capacity. The Court has previously issued a ruling regarding Plaintiff Weaver's association claim.

21. Discussion of public issues are integral to the operation of the system of government established by the United States Constitution. The First Amendment affords the broadest protection to such political expression in order "to assure [the] unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Buckley v. Valeo, Secretary of the United States Senate, 424 U.S. 1, 96 S.Ct. 612 citing Roth v. United States*, 354 U.S. 476, 484 (1957). Although First Amendment protections are not confined to "the exposition of ideas," *Buckley citing Winters v. New York*, 333 U.S. 507, 510 (1948), "there is practically universal agreement that a major purpose of that Amendment was to protect the free discussion of governmental affairs,... of course includ[ing] discussions of candidates...." *Buckley citing Mills v. Alabama*, 384 U.S. 214, 218 (1966). This no more than reflects our "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open," *Buckley citing New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).

22. Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, prohibits any person acting under color of state law from depriving any citizen or person of the rights, privileges and immunities secured by the Constitution.

23. Plaintiffs' First Amended Complaint; Plaintiffs' 7(a) Reply and Plaintiff's Supplemental 7(a) Reply alleges that in the exercise of Plaintiff Alvarado's right to free association, she organized with other employees to discuss unlawful vehicle registration practices by Defendant Yzaguirre. Plaintiffs' association concerned matters of public concern in that there may be no

greater issue of public concern than an elected official's violation of laws.

24.    Plaintiffs' specific allegations are specifically set-out in her live pleading; Plaintiffs' 7(a) Reply and Plaintiffs' Supplemental 7(a) Reply.

## IV.

### REQUEST FOR LEAVE TO FILE 7(a) REPLY IF NECESSARY

25.    Plaintiffs assert that their live pleading satisfies the pleading requirements for the claims raised and that their pleading satisfies the pleading requirements to defeat Defendant the County's defenses and motion to dismiss. However, if the Court finds that Plaintiffs' pleadings do not meet the pleading requirements for the claims presented, Plaintiffs request that they be granted to leave to file a FRCP 7(a) Reply.

### CONCLUSION

26.    The subject Motion to Dismiss is a "shotgun" defensive pleading which repetitiously asks the Court to construe facts against the non-movant Plaintiffs and in favor of the Defendant. It is an example of a strongly disfavored procedural tool which should be, and is, routinely denied in the federal courts unless a plaintiff pleads themselves clearly into a dispositive facts scenario. This Motion to Dismiss should be denied. In the alternative, if the Court finds that Plaintiffs' pleadings do not meet the pleading requirements for such claims, the Plaintiffs should be allowed leave to file a FRCP 7(a) Reply.

Respectfully submitted,

By: /s/ Gay E. Gilson

GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
ATTORNEY IN CHARGE FOR PLAINTIFFS

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
CO-COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure:

Craig Vittitoe                                                                                       VIA FIRST CLASS MAIL
Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
ATTORNEYS FOR TONY YZAGUIRRE, JR.

Charles Willitte                                                                                    VIA FIRST CLASS MAIL
Roman "Dino" Esparza
Willette & Guerra, L.L.P.
1534 East 6th Street, Suite 200
Brownsville, Texas 78520
ATTORNEYS FOR CAMERON COUNTY

on this May 14, 2004.

                                                            _____
                                                            Gay E. Gilson