United States District Court
Southern District of Texas
FILED
JAN 31 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, et al. | § | |
| | § | CIVIL ACTION NO. B-03-096 |
| vs. | § | |
| | § | |
| CAMERON COUNTY, et al. | § | |

### DEFENDANT CAMERON COUNTY'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant, Cameron County, in the above styled and numbered matter and files this First Amended Answer to Plaintiffs' Second Amended Complaint and will show as follows. Plaintiffs are Vicenta Cantu, Felix R. Munoz, Ruth Weaver, Diamantina Alvarado, and Linda Garcia hereinafter referred to by name or collectively as Plaintiffs. Defendant Cameron County will hereinafter by referred to as Defendant County. Defendant Tony Yzaguirre will hereinafter by referred to as Defendant Yzaguirre.

### ADMISSIONS AND DENIALS

### I. Plaintiffs' Second Amended Complaint

1.   Defendant County denies the allegations contained in Section I of Plaintiffs' Second Amended Complaint entitled Nature of the Action. More specifically, Defendant County denies it violated Plaintiffs' First Amendment rights, denies Plaintiffs spoke out about matters of public concern and denies Defendant Yzaguire violated any Texas laws. The balance of this section regarding Plaintiffs' amended complaint does not require an admission or denial.

2. Defendant County admits the allegations contained in paragraphs 1 through 7 under the Section entitled Parties.

3. Defendant County admits the allegations contained in paragraph 8 under the Section entitled Jurisdiction and Venue. However, Defendant County denies Plaintiffs' civil rights were violated and that Plaintiffs are entitled to redress.

4. Defendant County admits the allegations contained in paragraph 9 under the Section entitled Factual Background regarding when Plaintiff Cantu was first employed and that she received some cost of living raises approved by the County. The remainder of paragraph 9 is denied.

5. Defendant County admits the allegations contained in paragraph 10 under the Section entitled Factual Background regarding when Plaintiff Munoz was first employed and that she received some cost of living raises approved by the County. The remainder of paragraph 10 is denied.

6. Defendant County admits the allegations contained in paragraph 11 under the Section entitled Factual Background regarding when Plaintiff Weaver was first employed and that she received some cost of living raises approved by the County. The remainder of paragraph 11 is denied.

7. Defendant County admits the allegations contained in paragraph 12 under the Section entitled Factual Background regarding when Plaintiff Alvarado was first employed and that she received some cost of living raises approved by the County. The remainder of paragraph 12 is denied.

8. Defendant County admits the allegations contained in paragraph 13 under the Section entitled Factual Background regarding when Plaintiff Garcia was first employed and that she received

some cost of living raises approved by the County. The remainder of paragraph 13 is denied.

9. Defendant County denies the allegations contained in paragraph 14 under the Section entitled Factual Background.

10. Defendant County admits the allegations contained in paragraphs 15 through 20. To the extent these assertions are statements of law, Defendant County is not required to admit or deny purely legal assertions.

11. Defendant County denies the allegations contained in paragraph 21.

12. Defendant County admits the allegations contained in paragraph 22 which state Plaintiff Cantu was a title examiner for a period of time. The remainder of the paragraph is denied.

13. Defendant County denies the allegations contained in paragraphs 23 - 27.

14. Defendant County admits the allegations contained in paragraph 28 which state Lupita DeLeon was assigned to review the examination of title registrations. The remainder of the paragraph is denied.

15. Defendant County denies the allegations contained in paragraph 29 - 31.

16. Defendant County denies all allegations contained in paragraph 32, except that Defendant County admits Plaintiff Cantu was terminated on May 17, 2002.

17. Defendant County denies all allegations contained in paragraph 33.

18. Defendant County admits the allegations contained in paragraph 34 which state Plaintiff Munoz was a Project Coordinator for a period of time. The remainder of the paragraph is denied.

19. Defendant County denies all the allegations contained in paragraphs 35 - 42.

20. Defendant County admits certain allegations contained in paragraph 43 which state Plaintiff

   Munoz was assigned in May 2002 to perform certain duties at the Harlingen Branch Tax Office and later became ineligible for a stipend. The remainder of the paragraph is denied.

21. Defendant County denies all the allegations contained in paragraphs 43 - 51.

22. Defendant County denies the allegations contained in paragraph 52.

23. Defendant County denies all the allegations contained in paragraphs 53 - 54.

24. Defendant County admits the allegations contained in paragraph 55.

25. Defendant County denies all the allegations contained in paragraphs 56 - 58.

26. Defendant County admits the allegations contained in paragraph 59 which state Plaintiff Weaver was terminated on or about September 27, 2002. The remainder of the paragraph is denied.

27. Defendant County is without knowledge or information sufficient to form a belief as to the truth of the averment alleged and to admit or deny the allegation set forth in paragraph 60.

28. Defendant County admits the allegations contained in paragraph 61 which state Plaintiff Alvarado was transferred on or about February 28, 2003 to the San Benito Branch Office. The remainder of the paragraph is denied.

29. Defendant County denies all the allegations contained in paragraphs 62 - 67.

30. Defendant County admits the allegations contained in paragraph 68 which state Plaintiff Garcia wrote a written reprimand to Eniel Barreda, that she supervised him, and that she sent copies of the letter to Defendant Yzaguirre and Jesse Garcia, Jr. The remainder of the paragraph is denied.

31. Defendant County denies the allegations contained in paragraph 69.

32. Defendant County admits the allegations contained in paragraph 70 which state Plaintiff

Garcia was terminated on or about May 23, 2003. The remainder of the paragraph is denied.

33. Defendant County denies all the allegations contained in paragraphs 71 - 72, except that Defendant County admits Defendant Yzaguirre serves as the Tax Assessor-Collector and Director of the Cameron County Automobile Crimes Enforcement Task Force. To the extent these allegations assert legal conclusions, Defendant County is not required to admit or deny.

34. Defendant County denies all the allegations contained in paragraphs 73 - 99.

35. Defendant County denies Plaintiffs are entitled to the relief requested in paragraph 100 entitled Prayer for Relief.

## AFFIRMATIVE DEFENSES

36. Defendant County would show that any adverse personnel action taken against plaintiffs was based on non-discriminatory and non-retaliatory reasons and that Defendant County would have reached the same decision even in the absence of Plaintiffs' alleged protected conduct, although it is denied Plaintiffs' rights were violated as alleged.

37. Defendant County would show that it may only be held liable under 42 U.S.C. § 1983 if Plaintiff proves a policy, custom or practice caused the constitutional deprivation of which Plaintiffs complain. Defendant County would further show Plaintiffs have failed to state a claim upon which relief could be granted.

38. Defendant County would show that Defendant Tony Yzaguirre is not a final policy making official for Defendant County and therefore Defendant County may not be held liable under 42 U.S.C. § 1983 for the alleged constitutional deprivations of which Plaintiffs complain.

39. Defendant County would show that Plaintiffs' alleged protected speech does not involve a matter of public concern and Plaintiffs are not entitled to protected association.

40. In the alternative and without waiving the foregoing defense, defendant County would show that Defendant County's interests outweigh the Plaintiffs' interests in commenting on the matters alleged to be matters of public concern.

41. Defendant County would show that Plaintiffs Weaver and Munoz occupied confidential or policymaking positions in Defendant Yzaguirre's office. Although Defendant County denies that their speech or associations caused or motivated the decisions and actions, Plaintiffs positions are such that they are not protected from allegedly political terminations or demotions; their employer would be entitled to take the alleged actions if the public employer no longer had their trust and loyalty.

42. Plaintiffs' jobs are at-will employment. Nonetheless, Defendant Yzaguirre had cause to terminate Plaintiffs Weaver, Cantu, and Garcia; the alleged transfers or other alleged employment actions were reasonably necessary. Plaintiff Alvarado voluntarily terminated her employment. Defendant would have taken the alleged actions regardless of whether Plaintiffs had engaged in the alleged protected activities, although it is denied Plaintiffs' rights were violated.

43. Plaintiff Garcia was indicted for a felony relating to the performance for her job. Probable cause existed to suspect she committed an offense. She was found guilty of a felony and agreed to reimburse the County for a substantial sum of money.

44. To the extent Plaintiffs assert state law claims (which Defendant denies they have), any such claims are barred by the Texas Tort Claims Act, including but not limited to Texas Civil Practice and Remedies Code section 101.106. Any recovery of damages is limited by Texas Civil Practice and Remedies Code section 108.002.

45. To the extent Plaintiffs claim for punitive/exemplary damages is governed by state law, then any such damages are limited by Texas Civil Practice and Remedies Code sections 41.007 and 41.008. The amount of punitive/exemplary damages is further limited by (1) the 14th Amendment's Due Process clause, U.S. Constitution, and (2) Texas Constitution, article 1, section 13 and 19, the Due Course of Law clause.

46. Defendant County would show that Plaintiffs have failed to mitigate their damages.

47. Defendant County would show they are immune from liability under the doctrine of sovereign immunity.

48. Defendant County seeks reasonable attorney fees and costs as prevailing party pursuant to 42 U.S.C. § 1988.

## PRAYER

49. WHEREFORE, PREMISES CONSIDERED, Defendant County prays that upon final trial and hearing hereof, Plaintiffs take nothing by this suit, that Defendant County recover all costs incurred herein, including reasonable and necessary attorney fees and that Defendant County have such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Signed on January 31, 2005.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 East 6th Street, Suite 200
Brownsville, Texas 78520
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Charles Willette, Jr.
State Bar No. 21509700
USDC Adm. No. 1937

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has on January 31, 2005, been forwarded via certified mail, return receipt requested to:

*Via CMRRR: 7003 1680 0006 5136 1201*
Gay E. Gilson
LAW OFFICE OF GAY E. GILSON
719 South Shoreline, Suite 301A
Corpus Christi, TX 78401
Attorney in Charge for Plaintiffs

*Via CMRRR: 7003 1680 0006 5136 1218*
Mr. David Lee McGee
LAW OFFICES OF DAVID LEE McGEE, P.C.
701 Park Avenue
Corpus Christi, TX 78401
Co-Counsel for Plaintiffs

*Via CMRRR: 7003 01680 0006 5136 1225*
Mr. Roger Hughes
ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Attorney for Defendant Tony Yzaguirre

_____
Charles Willette, Jr.