IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, et al. | : | |
| Plaintiffs | : | |
| vs. | : | CIVIL ACTION NO. B-03-096 |
| CAMERON COUNTY, et al. | : | |
| Defendants | : | |

**DEFENDANTS' THIRD MOTION
TO DISMISS NEW CLAIMS OF PLAINTIFFS ALVARADO
IN PLAINTIFFS' SECOND AMENDED COMPLAINT
UNDER RULE 12(b)(6), and UNDER QUALIFIED IMMUNITY**

| | |
|---|---|
| **Charles Willette** | **Craig H. Vittitoe** |
| State Bar No. 20509700 | State Bar No. 20593900 |
| Federal ID No. 1937 | Federal ID NO. 18756 |
| **WILLETTE & GUERRA, L.L.P.** | **Roger W. Hughes** |
| 1534 East 6th Street, Suite 200 | State Bar No. 10229500 |
| Brownsville, Texas 78520 | Federal ID No. 5950 |
| Phone: 956/541-1846 | **ADAMS & GRAHAM, L.L.P.** |
| Fax: 956/541-1893 | P. O. Drawer 1429 |
| | Harlingen, Texas 78551-1429 |
| Attorneys for *Defendant* CAMERON COUNTY | Phone: 956/428-7495 |
| | Fax:  956/428-2954 |
| | |
| | Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY |

**TABLE OF CONTENTS**

Page:

I. NATURE OF THE CASES STATUS OF PROCEEDING . . . . . . . . . . . . . . . . . . . . . . 1

II. ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV. ARGUMENTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    Plaintiffs cannot re-allege claims there were dismissed
          for failure to state a claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.    Alvarado's conditioned job offer claim does not meet
          the *Connick-Pickering* test . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          1.    Neither Alvarado's alleged speech nor her lawsuit
                allegations are speech on a matter of "public concern." . . . . . . . . . 5

          2.    A rejected conditional job offer is not retaliation
                or an adverse employment action . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          3.    The *Pickering* balance favors allowing public
                employers to offer employment conditioned on
                dropping a civil suit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    D.    Yzaguirre is entitled to qualified immunity. . . . . . . . . . . . . . . . . . . . . . . 10

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**TABLE OF AUTHORITIES**

Page:

Cites:

*Alton v. Texas A&M Univ.*, 168 F.3d 196
 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Colson v. Grohman,* 174 F.3d 498 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Connick v. Myers,* 461 U.S. 138 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Enplanar, Inc. v. Marsh,* 11 F.3d 1284 (5th Cir. 1994),
 *cert. denied*, 513 U.S. 926 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Foley v. Univ. of Houston System,* 355 F.3d 333
 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Glatt v. Chicago Park Dist.,* 87 F.3d 190 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Johnson v. State of Louisiana,* 369 F.3d 826
 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Keenan v. Tejeda,* 290 F.3d 252 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kinney v. Weaver,* 367 F.3d 337 (5th Cir. 2004) (en banc),
 *cert. denied*, 125 S.Ct. 102 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

*Lytle v. Wondrash,* 182 F.3d 1083 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 9

*Martin v. Swift,* 781 F.Supp. 1250 (E.D.Mich. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Mozzochi v. Borden,* 959 F.2d 1174 (2nd Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Pickering v. Bd of Educ.,* 391 U.S. 563 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rankin v. McPherson,* 483 U.S. 378 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rathjen v. Litchfield,* 878 F.2d 836 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Smith v. Plati,* 258 F.3d 1167 (10th Cir. 2001),
 *cert. denied*, 537 U.S. 823 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Town of Newton v. Rumery*, 480 U.S. 386 (1987) .................................. 7

<u>Federal Rules of Civil Procedure:</u>
Rule 12(b)(6) .................................................................. 3

<u>Treatises:</u>
Wright, Miller, & Kane, FED. PRAC. & PROC. §1476 ............................. 4

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendants Cameron County** and **Tony Yzaguirre, Jr.**, and file Defendants' Motion to Dismiss New Claims of Plaintiff Alvarado In Plaintiffs' Second Amended Complaint Under Rule 12(b)(6) and Under Qualified Immunity, and would respectfully show the Court as follows:

## I. NATURE OF THE CASES STATUS OF PROCEEDING

Plaintiffs Vicenta Cantu, Felix Munoz, Diamantina Alvarado, Ruth Weaver, and Linda Garcia sued Defendants under 42 U.S.C. § 1983 for depriving them of rights under the First Amendment, U.S. Constitution, i.e., for freedom of speech and freedom of "association." Dkt #8. Defendants to dismiss their complaints for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)and upon qualified immunity. Dkt # 14, 16.

The Court's March 31, 2004, Order dismissed Garcia's claims, Alvarado's "association" claims, and Weaver original speech retaliation claims. Dkt #48. The Court did not rule on Alvarado and Weaver's new speech retaliation claims in the Supplemental Rule 7 Reply; rather the Court permitted Defendants to file a second motion to dismiss aimed at only those new claims. Dkt #48, pp. 29-30. Defendants did move to dismiss those claims, which is still pending. Dkt #52, 53.

Recently Plaintiffs were granted leave to file a Second Amended Complaint that asserted a new speech retaliation claim by Alvarado. Dkt # 59. Defendants move to dismiss Alvarado's new claim.

## II. ISSUES PRESENTED

1. Whether Alvarado has stated facts showing that her alleged speech and the allegations in her pleadings were speech on matters of "public concern."

2. Whether the alleged offer of employment with another County agency conditioned on her dismissing her civil suit was "retaliation," because (a) a conditioned offer of employment is not an adverse employment action, and (b) the offer did not deter Alvarado and would not deter a reasonable person from engaging in protected speech.

3.. Whether the County's interests under the *Pickering* balancing test allow it to offer employment conditioned upon dropping a civil suit against the County.

4. Whether Defendant Yzaguirre is entitled to qualified immunity against Alvarado's new claim that she was offered employment conditioned on dropping the civil suit.

5. Whether Plaintiffs can insert into their Second Amended Complaints the same claims the Court dismissed for failure to state a claim.

## III. FACTUAL BACKGROUND

A.  Plaintiff Alvarado now claims that, after she quit her job with Defendant Yzaguirre in 2003, in April-May 2004[1] the Cameron County Judge offered her a position with the County's Emergency Response Department, which offer was contingent upon her dropping this civil suit. Amended Complaint, ¶66. She alleges that she has been "retaliated against by Defendants" for the speech contained in her lawsuit and she "lost a job opportunity for

---

[1] The Amended Complaint, ¶66, does not state the year. However, Alvarado did not sue until June 2003, so the allegation of an offer in "April-May" must refer to events in 2004.

her protected speech." Amended Complaint, ¶66. The "retaliation" that allegedly violated her First Amendment rights was is offering her a job contingent upon dismissing this lawsuit. Amended Complaint, ¶66.

B.   The Court dismissed Plaintiff Garcia's claims. Dkt #48, pp. 15-16. The Amended Complaint reasserts Garcia's dismissed claims. Amended Complaint, ¶¶68-70.

The Court dismissed Alvarado's claims for associational rights. Dkt #48, pp. 18-20. The Amended Complaint reasserts her dismissed claims. Amended Complaint, ¶¶58-65.

The Court dismissed Weaver's original speech retaliation claims. Dkt #48, pp. 14-15. The Amended Complaint reasserts her dismissed claims. Amended Complaint, ¶¶47-53.

### IV.  ARGUMENTS AND AUTHORITIES

A.   **Standard of Review**

The Court's March 31, 2004, Order correctly sets out the standard of review for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim and for qualified immunity. Dkt #48, pp. 2, 20-22.

B.   **Plaintiffs cannot re-allege claims there were dismissed for failure to state a claim.**

The second amended complaint reasserts claims by Garcia, Weaver, and Alvarado that the Court dismissed without leave to amend. Dkt #48. Before ruling, the Court allowed them two Rule 7 replies to "fix" any problems. Dkt #22, 48. It must be assumed they lost because they cannot allege any more facts that would save the claims.

If they wished the Court to reconsider, they should have filed a motion to reconsider.

3

The Court should apply its early rulings to the Second Amended Complaint and deemed the repeated claims dismissed. Out of an abundance of caution, Defendants incorporate by reference their earlier motions to dismiss (dkt #14-16) as to those grounds.[2]

C.     **Alvarado's conditioned job offer claim does not meet the *Connick-Pickering* test**

Alvarado's claim is a bit vague. She alleges quit her job in the Tax Assessor's Office, then sued the County, and then was offered a job with the entity she sued by its highest executive officer. She does not allege she applied for the job or even desired employment with the County. She does not allege whether the offer was made after she asked for work or in the context of settlement negotiations over this case. She apparently did not take the job and certainly has not dropped her suit.

A speech retaliation claim against a governmental employer requires proof the speech was on a matter of "public concern"; if the alleged retaliation is for filing a suit, the suit must involve a matter of public concern. *Foley v. Univ. of Houston System,* 355 F.3d 333, 341 (5th Cir. 2003); *Lytle v. Wondrash,* 182 F.3d 1083, 1087 (9th Cir. 1999). An ordinary tort suit or a suit on a matter of personal concern does not qualify. *Rathjen v. Litchfield,* 878 F.2d 836, 841-42 (5th Cir. 1989); *Glatt v. Chicago Park Dist.,* 87 F.3d 190, 193 (7th Cir. 1996). Therefore the alleged speech or lawsuit allegations must be reviewed under the *Connick*[3] test for public concern, i.e., content, form, and context. *Foley*, 355 F.3d at 341;

---

[2] Defendants' other pending motions to dismiss (dkt #52, 53) are deemed to attack the Second Amended Complaint without the need to amend the motions. Wright, Miller, & Kane, FED. PRAC. & PROC. §1476, p. 558 (1990).

[3] *Connick v. Myers,* 461 U.S. 138, 147-48 (1983).

*Lytle,* 182 F.3d at 1088.

Second, a retaliation claim requires allegations and proof that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in constitutionally protected speech. *Keenan v. Tejeda,* 290 F.3d 252, 258 (5th Cir. 2002). Such a retaliation claim requires a constitutional injury, i.e., that the exercise of free speech has been curtailed. *Id*. at 259. In the context of employment, this element requires proof of an adverse employment action. *Id*. at 258, citing *Colson v. Grohman,* 174 F.3d 498, 510, 514 (5th Cir. 1999). Not every retaliatory act that might chill future speech is actionable, either because it is too trivial or because it did not and is not likely to a deter future protected speech. *Colson*, 174 F.3d at 510-514.

Finally, the claim must also satisfy the *Pickering*[4] balance test, i.e., the balance between the plaintiff's right to comment on matters of public concern and the public employer's interest in the efficiency of the public services it performs. *Kinney v. Weaver,* 367 F.3d 337, 357-61 (5th Cir. 2004) (en banc), *cert. denied*, 125 S.Ct. 102 (2004); *Lytle,* 182 F.3d at 1088.

    1.    Neither Alvarado's alleged speech nor her lawsuit allegations are speech on a matter of "public concern."

The Court has already ruled that Alvarado's allegations concerning her rights of association fail to state a claim. Dkt # 48. Therefore, the lawsuit over those claims cannot satisfy the first element.

---

[4] *Pickering v. Bd of Educ.,* 391 U.S. 563, 568 (1968).

Defendants have already argued that Alvarado's alleged speech activities before she quit in 2003 are not on a matter of public concern.  Dkt #52, 53.  They incorporate those arguments by reference.  If her alleged speech is not on a matter of "public concern," then neither the speech or lawsuit allegations over them satisfy the first element.

2.   A rejected conditional job offer is not retaliation or an adverse employment action.

To meet the second prong, Alvarado must explain how an offer of employment conditioned on dropping this suit is itself a constitutional injury.  Such an offer does not meet the prong because (1) a conditioned offer did not deter her and is not likely to deter future constitutionally protect speech, and (2) it is not an adverse employment action.

The point is that she does not alleged the County denied her a job; rather, she alleges it offered her one.  She is not penalized simply because it did not hand her a job on a silver platter.  Not all disadvantages imposed for speech activities constitute actionable retaliation.  *Colson*, 174 F.3d at 510 (city councilwoman was subjected to public criticism by other council members who also threatened to instigate a recall petition; held, such criticism and threats were not actionable retaliation).  Moreover, Alvarado does not claim that the offer or anything else Defendants did impaired her ability to prosecute her claims or speak as she chose.  *Smith v. Plati,* 258 F.3d 1167, 1177 (10th Cir. 2001), *cert. denied*, 537 U.S. 823 (2002); *Martin v. Swift,* 781 F.Supp. 1250, 1254 (E.D.Mich. 1992) (section 1983 plaintiff who alleged police officer groped her during an arrest had no retaliation claim for prosecutor's offer to drop the criminal charges against plaintiff if she released a threatened

6

civil suit, because plaintiff did not take the offer and filed the civil suit).

An outright refusal to deal with someone who is suing an agency does not improperly chill First Amendment rights. *Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1296 (5th Cir. 1994), *cert. denied*, 513 U.S. 926 (2004). There, plaintiffs had sued the U.S. Army Engineer Corps to declare a minority set-aside program unlawful; during the lawsuit the Corps chose not to offer contracts for bidding to anyone and instructed its officers not to speak to Plaintiff or other contractors in order to avoid giving them statements that could be used as evidence. *Id.* at 1296. The Fifth Circuit held that a refusal to speak to or deal with plaintiff about the basis of the lawsuit did not chill any First Amendment rights. *Id.* Therefore, the refusal to offer a non-employee a job until a civil suit is dropped is neither retaliation nor an adverse employment action.

Alvarado cannot avoid the problem by claiming the condition itself is illegal. In more aggravated cases, the courts have approved agreements to drop criminal charges in exchange for release of section 1983 claims incident to the arrest or prosecution. *See e.g., Town of Newton v. Rumery*, 480 U.S. 386, 397 (1987); *Mozzochi v. Borden,* 959 F.2d 1174, 1180-81 (2nd Cir. 1992); *Martin,* 781 F.Supp. at 1254. The Supreme Court has noted that such agreements serve valid public interests and the courts should hesitate to scrutinize the highly discretionary prosecutorial judgment. *Rumery*, 480 U.S. at 295-97. The alternative would be to ban such agreements and give the accused an automatic section 1983 claim every time a prosecutor offers such an exchange. *Mozzochi,* 959 F.2d at 1181. Unlike

*Rumery*, *Mozzochi,* or *Martin,* Defendants had no coercive power over Alvarado in 2004; she quit her job and she did not face any criminal charges. If the offers in *Rumery*, *Mozzochi,* and *Martin* are legal, then the alleged conditional offer here should pose no problem.

Put another way, had Alvarado accepted the alleged offer, this Court would enforce the release. It should not be unlawful retaliation to offer what would be legal if Alvarado had accepted it. It is not unusual in section 1983 for settlement negotiations to bargain about current or prospective employment. The plaintiff/employee may offer resignation to obtain more money in settlement; the employer/defendant may offer re-employment or a transfer to justify paying less. The point is that Alvarado's theory makes settlement discussions in public employment cases nearly impossible.

3. The *Pickering* balance favors allowing public employers to offer employment conditioned on dropping a civil suit.

The *Pickering* balance requires the Court balance the speaker's First Amendment rights against the state's legitimate interests in the efficient provision of public services. *Kinney*, 367 F.3d at 361. On Alvarado's side the issue is the important of the social value of the speech, not her personal gain. *Id.* The balance does not tip in her favor just because she might allege serious misconduct. *Johnson v. State of Louisiana,* 369 F.3d 826, 831 (5th Cir. 2004).

On the Defendants' side, the Court considers whether the speech impairs discipline by superiors or harmony among co-works, has a detrimental impact on close working

8

relations for which personal loyalty and confidence are necessary, or interferes with the regular operation of the enterprise. *Rankin v. McPherson,* 483 U.S. 378, 388 (1987). The Court should consider the reasonable likelihood of disruption in the workplace. *Kinney,* 367 F.3d at 364. The public employer has an interest in preserving loyalty and close working relations. *Id.* at 365-66.

It requires no leap of imagination to believe that co-workers may feel a distinct lack of trust when working with someone who is suing the employer. *Lytle,* 182 F.3d at 1089. They may well conclude that the plaintiff will use the pending litigation as leverage to obtain favoritism in the workplace and undeserved promotions. Given that Alvarado has already named her former co-workers as her persecutors, her co-workers might wonder if they too will be named if they do not become her "buddy."

Even considering the subject of Alvarado's alleged speech, the balance tips in favor of the employer. It is not likely that former employees will be deterred from protected speech (or filing a lawsuit) by the prospect that if, after they have quit their jobs, they might have to drop their suit to obtain employment from the governmental unit they are suing. Here, if anything, the alleged conduct was not to deny Alvarado employment, but to settle a dispute civil suit; the only alleged "speech suppression" is the settlement of a lawsuit, which is usually considered desirable.

**D.     Yzaguirre is entitled to qualified immunity.**

In light of the above, Yzaguirre is entitled to qualified immunity.

First, Alvarado does not specifically allege Yzaguirre committed actionable retaliation. Alvarado alleges the County Judge made her an offer concerning another County Department. Alvarado does not explain how Yzaguirre was involved or responsible except to allege the she had been "retaliated against" by the generic "Defendants." Amended Complaint, ¶66. Even if the new allegations stated an actionable claim (which they do not), Yzaguirre is not vicariously liable for the acts of other Cameron County officials. *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). The allegations fail because Alvarado does not allege facts showing his personal involvement or that anything he did is actionable.

Assuming Yzaguirre is alleged to have been involved in the offer, the law in 2004 was not clearly established (1) that an offer of employment conditioned on dropping the civil suit was actionable retaliation or an adverse employment decision, or (2) that the *Pickering* balance did not give the public employer a greater interest in making such offers to end section 1983 suits.

## V.  CONCLUSION

Alvarado's new claim that she was offered a job conditioned on dropping this suit fails to state an actionable claim and Yzaguirre is entitled to qualified immunity against such a claim. The claims by Garcia, Weaver, and Alvarado that were dismissed before should be deemed dismissed although they have been reasserted in the Second Amended Complaint.

Respectfully submitted,


By  /s/ *Charles Willette*
    Mr. Charles Willette
    State Bar No. 21509700
    Fed. Bar No. 1937
    **WILLETTE & GUERRA, L.L.P.**
    1534 E. 6th Str., Suite 200
    Brownsville, TX 78520
    Telephone: (956) 541-1846
    Facsimile: (956) 371-1428


Attorneys for *Defendant* CAMERON COUNTY



By  /s/ *Roger W. Hughes*
    **Roger W. Hughes**
    State Bar No. 10229500
    Federal ID No. 5950
    **Craig H. Vittitoe**
    State Bar No. 20593900
    Federal ID NO. 18756
    **ADAMS & GRAHAM, L.L.P.**
    P. O. Drawer 1429
    Harlingen, Texas 78551-1429
    Telephone: (956) 428-7495
    Facsimile: (956) 428-2954

Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the February 1, 2005.

Ms. Gay E. Gilson                                                        *CM/RRR 7003 0500 0002 3732 4956*
**LAW OFFICE OF GAY E. GILSON**
719 South Shoreline, Suite 301A
Corpus Christi, TX 78401

Mr. David Lee McGee                                                  *Via Ordinary Mail*
**LAW OFFICES OF DAVID LEE McGEE, P.C.**
201 S. 15th, Ste. 204, McAllen (78501)
701 Park Avenue
Corpus Christi, TX 78401

Mr. Charles Willette                                                       *Via Ordinary Mail*
**WILLETTE & GUERRA, L.L.P.**
3505 Boca Chica Blvd., Suite 460
Brownsville, TX 78520

           /s/ *Roger W. Hughes*
           Roger W. Hughes