IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VICENTA CANTU, et al.                    :
                                         :
        Plaintiffs                       :
                                         :
vs.                                      :          CIVIL ACTION NO. B-03-096
                                         :
CAMERON COUNTY, et al.                   :
                                         :
        Defendants

**DEFENDANT YZAGUIRRE'S AMENDED ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT, RULE 7(a)
REPLY, AND SUPPLEMENT RULE 7(a) REPLY**

COMES NOW Defendant YZAGUIRRE and files his Amended Answer to Plaintiffs'

Second Amended Complaint, Rule 7(a) Reply, and Supplement Rule 7(a) Reply, and would

show this Court as follows:

**I.  First Amended Petition**

1.      Defendant Yzaguirre denies ¶ I of Plaintiffs' Second  Amended Complaint

("Amended Complaint") insofar as it makes any factual allegations.  The balance of

¶ I is a description of the nature their allegations and a reason why they can amend;

neither requires Defendant admit or deny.

2.      Defendant Yzaguirre admits so much of ¶ 1 of the Amended Complaint that states

Plaintiff Cantu's citizenship, residency, and that she was employed by the Office of

the Tax Assessor-Collector at one time as a Titles Examiner; the rest of ¶ 1 is denied.

3.    Defendant Yzaguirre admits so much of ¶ 2 of the Amended Complaint that states Plaintiff Munoz's citizenship, residency; that he is employed by the Office of the Tax Assessor-Collector; and that he at one time was the Project Coordinator.  The rest is of ¶2 is denied.

4.    Defendant Yzaguirre admits so much of ¶ 3 of the Amended Complaint that states Plaintiff Weaver's citizenship, residency, and that she was employed by the Office of the Tax Assessor-Collector for a time as the Executive Secretary; the rest is of ¶ 3 is denied.

5.    Defendant Yzaguirre admits so much of ¶ 4 of the Amended Complaint that states Plaintiff Alvarado's citizenship, residency, and that she was employed by the Office of the Tax Assessor-Collector; the rest is of ¶4 is denied.

6.    Defendant Yzaguirre admits so much of ¶ 5 of the Amended Complaint that states Plaintiff Garcia's citizenship, residency, and that she was employed by the Office of the Tax Assessor-Collector; the rest is of ¶5 is denied.

7.    Defendant Yzaguirre admits ¶¶ 6 and 7 of the Amended Complaint.

8.    Defendant Yzaguirre admits so much of ¶ 8 of the Amended Complaint that states venue is proper; he denies the balance of ¶8 as asserts Plaintiffs have a cause of action and that they are entitled to redress.

9.    Defendant Yzaguirre admits so much of ¶ 9 of the Amended Complaint that states when Plaintiff Cantu was first employed and that she received some cost of living raises as approved by the County; the rest of ¶9 is denied.

10.    Defendant Yzaguirre admits so much of ¶ 10 of the Amended Complaint that states when Plaintiff Munoz was employed and that he received some cost of living raises as approved by the County; the rest of ¶10 is denied.

11.    Defendant Yzaguirre admits so much of ¶ 11 of the Amended Complaint that states when Plaintiff Weaver was employed and that she received some cost of living raises as approved by the County; the rest of ¶ 11 is denied.

12.    Defendant Yzaguirre admits so much of ¶ 12 of the Amended Complaint that states when Plaintiff Alvarado was employed and that she received some cost of living raises as approved by the County; the rest of ¶ 12 is denied.

13.    Defendant Yzaguirre admits so much of ¶ 13 of the Amended Complaint that states when Plaintiff Garcia was employed and that she received some cost of living raises as approved by the County; the rest of ¶ 13 is denied.

14.    Defendant Yzaguirre denies ¶ 14 of the Amended Complaint.

15.    Paragraphs 15-19 of the Amended Complaint are statements of law; Defendant Yzaguirre is not required to admit or deny purely legal assertions.  The current establishment, purpose, powers, composition, etc., of the TATPA are set out in Texas Revised Civil Statutes art. 4413(37), which has been amended during the period in question.  Its funding and the grants it may give change from year to year.

16.    Defendant Yzaguirre admits so much of ¶ 20 of the Amended Complaint that alleged TATPA has awarded a grant; he denies the rest ¶ 20.

17.    Defendant Yzaguirre denies ¶ 21 of the Amended Complaint.

18.     Defendant Yzaguirre admits so much of ¶¶ 22 of the Amended Complaint that states Plaintiff Cantu was a title examiner for a period of time; he denies the rest of ¶ 22.

19.     Defendant Yzaguirre denies ¶¶ 23-27 of the Amended Complaint.

20.     Defendant Yzaguirre admits so much of ¶ 28 of the Amended Complaint that states Lupita DeLeon was assigned to review the examination of title registrations; he denies the rest of ¶28.

21.     Defendant Yzaguirre denies ¶¶ 29-31 of the Amended Complaint.

22.     Defendant Yzaguirre admits so much of ¶ 32 of the Amended Complaint that states Plaintiff Cantu was terminated on or about May 17, 2002; he denies the rest of ¶ 32.

23.     Defendant Yzaguirre denies ¶ 33 of the Amended Complaint.

24.     Defendant Yzaguirre admits so much of ¶¶ 34 of the Amended Complaint that states Plaintiff Munoz served as Project Coordinator for a period of time; he denies the rest of ¶ 34.

25.     Defendant Yzaguirre denies ¶¶ 35-42 of the Amended Complaint.

26.     Defendant Yzaguirre admits so much of ¶¶ 43 of the Amended Complaint that states Plaintiff Munoz was assigned in May 2002 to perform certain duties at the Harlingen Branch Tax Office and later became ineligible for a stipend; he denies the rest of ¶ 43.

27.     Defendant Yzaguirre denies ¶¶ 44-51 of the Amended Complaint.

28.     Defendant Yzaguirre admits so much of ¶¶ 52 of the Amended Complaint that states Plaintiff Weaver was requested to use the balance of her accrued leave time and that

she was terminated on or about September 27, 2002; he denies the rest of ¶ 52.

29.    Defendant Yzaguirre denies ¶¶ 53-54 of the Amended Complaint.

30.    Defendant Yzaguirre admits ¶ 55 of the Amended Complaint.

31.    Defendant Yzaguirre denies ¶¶ 56-58 of the Amended Complaint.

32.    Defendant Yzaguirre admits so much of ¶ 59 of the Amended Complaint that states

Plaintiff Weaver was terminated on or about September 27, 2002; he denies the rest

of ¶ 59.

33.    Defendant Yzaguirre denies ¶ 60 of the Amended Complaint

34.    Defendant Yzaguirre admits so much of ¶¶ 61 of the Amended Complaint that states

Plaintiff Alvarado was transferred on or about February 28, 2003, to the San Benito

Branch Office; he denies the rest of ¶ 61.

35.    Defendant Yzaguirre denies ¶¶ 62-67 of the Amended Complaint.

36.    Defendant Yzaguirre admits so much of ¶¶ 68 of the Amended Complaint that states

Plaintiff Garcia wrote a written reprimand to Eniel Barreda, that she supervised him,

and that she sent copies of the letter to Defendant and Jesse Garcia, Jr.; he denies the

rest of ¶ 68.

37.    Defendant Yzaguirre denies ¶ 69 of the Amended Complaint.

38.    Defendant Yzaguirre admits so much of ¶¶ 70 of the Amended Complaint that states

Plaintiff Garcia was terminated on or about May 23, 2003; he denies the rest of ¶ 70.

39.    Paragraphs 71-72 or the Amended Complaint are purely legal assertions which

Defendant Yzaguirre is not required to admit or deny.

40.     Defendant Yzaguirre denies ¶¶ 73-100 of the Amended Complaint.

## II.  Rule 7(a) Reply

41.     Defendant Yzaguirre denies ¶ 1 of Plaintiffs' Rule 7(a) Reply ("Reply") insofar as it
makes any factual allegations.  The balance is a description of the nature of their
allegations and a reason why they can amend, which Defendant is not required to
admit or deny.

42.     Defendant Yzaguirre denies ¶¶ 2-5  of the Reply insofar as it makes any factual
allegations.  The balance of ¶¶ 2-5 are legal arguments and authority concerning
qualified immunity which Defendant is not required to admit or deny.  Defendant
Yzaguirre asserts that he is entitled to qualified and official immunity.

43.     Defendant Yzaguirre admits so much ¶ 6 of the Reply insofar as it that Plaintiffs
worked for the Cameron County Tax Assessor-Collector; the balance of ¶ 6 is denied.

44.     Paragraphs 7-11 of the Reply are statements of law; Defendant Yzaguirre is not
required to admit or deny purely legal assertions.  The current establishment, purpose,
powers, composition, etc., of the TATPA are set out in Texas Revised Civil Statutes
art. 4413(37), which has been amended during the period in question.  Its funding and
the grants it may give change from year to year.

45.     Defendant Yzaguirre admits so much of ¶ 12 of the Reply that alleged TATPA has
awarded a grant; he denies the rest of ¶ 12.

46.     Defendant Yzaguirre admits so much of ¶ 13 of the Reply that states Plaintiff Cantu's
citizenship, residency, and that she was employed by the Office of the Tax Assessor-

Collector; the rest is of ¶ 13 is denied.

47.    Defendant Yzaguirre admits so much of ¶ 14 of the Reply that states when Plaintiff Cantu was employed and that she received some cost of living raises as approved by the County; the rest of ¶ 14 is denied.

48.    Defendant Yzaguirre denies ¶¶ 15-17, 17A-17X, and 18-24 of the Reply.

49.    Defendant Yzaguirre admits so much of ¶ 25 of the Reply that states that Plaintiff Cantu was terminated on or about May 17, 2002; the rest of ¶ 25 is denied.

50.    Defendant Yzaguirre denies ¶ 26 of the Reply.

51.    Defendant Yzaguirre admits so much of ¶ 27 of the Reply that states Plaintiff Munoz's citizenship, residency, and that he is employed by the Office of the Tax Assessor-Collector; the rest is denied.

52.    Defendant Yzaguirre admits so much of ¶ 28 of the Reply that states when Plaintiff Munoz is employed and that he received some cost of living raises as approved by the County; the rest of ¶ 28 is denied.

53.    Defendant Yzaguirre admits so much of ¶ 29 of the Reply that states that Plaintiff Munoz served as the Project Coordinate; the rest of ¶ 29 is denied.

54.    Defendant Yzaguirre denies ¶¶ 30-37 of the Reply; ¶ 34 was mislabled "44" and is denied.

55.    Defendant Yzaguirre admits so much of ¶ 38 of the Reply that states Plaintiff Munoz was assigned to perform certain duties at the Harlingen Branch Tax office and later became ineligible for the stipend; the rest of ¶ 38 is denied.

56.     Defendant is unable to admit or deny ¶ 39 of the Reply as to whether and when Plaintiff Munoz made the alleged statement because he lack information; the balance of ¶ 39 is denied.

57.     Defendant Yzaguirre denies ¶ 40 of the Reply.

58.     Defendant Yzaguirre admits so much of ¶ 41 of the Reply that states when Plaintiff Munoz filed suit; the rest of ¶ 41 is denied.

59.     Defendant Yzaguirre denies ¶¶ 42-43 of the Reply.

60.     Defendant Yzaguirre admits so much of ¶ 44 of the Reply that states when Plaintiff Weaver was employed and that she received some cost of living raises as approved by the County; the rest of ¶ 44 is denied.

61.     Defendant Yzaguirre admits so much of ¶ 45 of the Reply that states that Plaintiff Weaver served as the Executive Secretary; the rest of ¶ 45 is denied.

62.     Defendant Yzaguirre denies ¶¶ 46-50 of the Reply.

63.     Defendant Yzaguirre admits so much of ¶ 51 of the Reply that states when Plaintiff Weaver was requested to take the balance of her accrued leave and that she was terminated on or about September 27, 2002; the rest of ¶ 51 is denied.

64.     Defendant Yzaguirre denies ¶¶ 52-53 of the Reply.

65.     Defendant Yzaguirre admits so much of ¶ 54 of the Reply that states when Plaintiff Alvarado was employed and that she received some cost of living raises as approved by the County; the rest of ¶ 54 is denied.

66.     Defendant Yzaguirre admits so much of ¶ 55 of the Reply that states that Plaintiff

Alvarado was employed with the Cameron County Tax Assessor Collector; the rest of ¶ 55 is denied.

67.    Defendant Yzaguirre admits ¶ 56 of the Reply.

68.    Defendant Yzaguirre denies ¶¶ 57-59 of the Reply.

69.    Defendant Yzaguirre admits so much of ¶ 60 of the Reply that states that Plaintiff Weaver was terminated on or about September 27, 2002; the rest of ¶ 60 is denied.

70.    Defendant Yzaguirre denies ¶ 61 of the Reply.

71.    Defendant Yzaguirre admits so much of ¶ 62 of the Reply that states that Plaintiff Alvarado was transferred to the San Benito Branch Office on or about February 28, 2003; the rest of ¶ 62 is denied.

72.    Defendant Yzaguirre denies ¶¶ 63-67 of the Reply.

73.    Defendant Yzaguirre admits ¶ 68 of the Reply.

74.    Defendant Yzaguirre admits so much of ¶ 69 of the Reply that states that Plaintiff Alvarado was employed with the Cameron County Tax Assessor Collector; the rest of ¶ 69 is denied.

75.    Defendant Yzaguirre admits so much of ¶ 70 of the Reply that states that Plaintiff Garcia wrote a written reprimand to Eniel Barreda, that she supervised him, and that she sent copies of the letter to Defendant and Jesse Garcia, Jr.; the rest of ¶ 70 is denied.

76.    Defendant Yzaguirre denies ¶ 71 of the Reply.

77.    Defendant Yzaguirre admits so much of ¶ 72of the Reply that states that Plaintiff

Garcia was terminated on or about May 23, 2003; the rest of ¶ 72 is denied.

78. Paragraphs 73-76 of the Reply are legal argument which Defendant Yzaguirre is not required to admit or deny.

### III. Rule 7(a) Supplement

79. Defendant Yzaguirre admits so much of ¶ 1 of the of Plaintiffs' Supplemental Rule 7(a) Reply ("Supplemental Reply") that states Plaintiff Munoz was assigned to perform certain duties at the Harlingen Branch Tax office and later became ineligible for the stipend; the rest of ¶ 1 is denied.

80. Defendant Yzaguirre denies ¶¶ 2-7 of the Supplemental Reply.

81. Defendant is unable to admit or deny ¶ 8 of the Supplemental Reply as to whether and when Plaintiff Weaver made the alleged statement because he lacks information; the balance of ¶ 8 is denied.

82. Defendant Yzaguirre denies ¶¶ 9-12 of the Supplemental Reply.

83. Defendant Yzaguirre admits so much of ¶ 13 of the Supplemental Reply that states that Plaintiff Alvarado was transferred to the San Benito Branch Office on or about February 28, 2003; the rest of ¶ 13 is denied.

84. Defendant Yzaguirre denies ¶ 14 of the Supplemental Reply.

85. Defendant Yzaguirre denies ¶ 15 of the Supplemental Reply. Plaintiff Garcia was indicted for serious misconduct pertaining to official duties. Not only was there probable cause to support the charge in the indictment; Plaintiff Garcia was convicted based upon her voluntary plea agreement to plead "no contest" and reimburse the

County.

## IV. Defenses

86.    Plaintiffs have failed to state claims upon which relief may be granted.  The Court's

March 31, 2004 order dismissed Plaintiff Garcia and dismissed claims asserted by

Plaintiffs Weaver and Alvarado.

87.    Defendant Yzaguirre is entitled to the defenses of qualified and official immunity to

the claims against himself individually.  To the extent the claims pertain to actions

he took in deciding or adjudicating disputes over vehicle registrations as provided in

the Texas Transportation Code, he is entitled to absolute or judicial immunity.

88.    Plaintiffs Weaver and Munoz occupied confidential or policymaking positions in

Defendant's office.  Although Defendant Yzaguirre denies that their alleged speech

or associations cause or motivated his decisions and actions, Plaintiffs positions are

such that they are not protected from allegedly political terminations or demotions;

a public employer would be entitled to take the alleged actions if the public employer

no longer had their trust and loyalty.

89.    Plaintiffs' jobs are at-will employment.  Nonetheless, Defendant Yzaguirre had cause

to terminate Plaintiffs Weaver, Cantu, and Garcia; the alleged transfers, demotions,

or other alleged adverse employment actions either did not occur or were reasonably

necessary and fully justified.  Plaintiffs Munoz and Alvarado voluntarily terminated

their own employment.  Any employment decisions were made without regard to

whether Plaintiffs had engaged in the alleged protected activities.

90.  Plaintiff Garcia was indicted for a felony relating to the performance for her job. Probable cause existed to suspect she committed an offense. She was found guilty of a felony and agreed to reimburse the County for a substantial sum of money.

91.  To the extent Plaintiffs assert state law claims (which Defendant denies they have), then any such claims are barred by Texas Civil Practice and Remedies Code section 101.106. Any recovery of damages is limited by Texas Civil Practice and Remedies Code section 108.002.

92.  To the extent Plaintiffs claim for punitive/exemplary damages is governed by state law, then any such damages are limited by Texas Civil Practice and Remedies Code sections 41.007 and 41.008. The amount of punitive/exemplary damages is further limited by (1) the 14th Amendment's Due Process clause, U.S. Constitution, and (2) Texas Constitution, article 1, section 13 and 19, the Due Course of Law clause.

## V.

Wherefore this Defendant prays that upon final hearing hereof that Plaintiffs not recover as prayed for in Plaintiffs' First Amended Complaint, and for such other and further relief, at law or in equity, as Defendant may show himself justly entitled to receive.

Respectfully submitted,

By: _/s/ *Roger W. Hughes*_____
      **Roger W. Hughes**
      State Bar No. 10229500
      Federal ID No. 5950
      **Craig H. Vittitoe**
      State Bar No. 20593900

Federal ID NO. 18756
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

ATTORNEYS FOR DEFENDANT TONY YZAGUIRRE, Assessor-Collector of Cameron County and Director of Cameron County Automobile Crimes Enforcement Task Force in his Individual Capacity

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the 1st day of February, 2005.

Ms. Gay E. Gilson                    *CM/RRR 7003 05000 0002 3732 4956*
**LAW OFFICE OF GAY E. GILSON**
719 South Shoreline, Suite 301A
Corpus Christi, TX 78401

Mr. David Lee McGee                    *Via Ordinary Mail*
**LAW OFFICES OF DAVID LEE McGEE, P.C.**
701 Park Avenue
Corpus Christi, TX 78401

Mr. Charles Willette                    *Via Ordinary Mail*
**WILLETTE & GUERRA, L.L.P.**
1534 E. 6th Str., Suite 200
Brownsville, TX 78520

　　　　　　　　　　　　　　 /s/ *Roger W. Hughes*
　　　　　　　　　　　　　　Roger W. Hughes