UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; RUTH WEAVER; DIAMANTINA ALVARADO; AND LINDA GARCIA | § § § § § § § | |
| Plaintiffs | § § | |
| vs. | § § | Civil Action No. 03-CV-96 |
| CAMERON COUNTY and TONY YZAGGUIRE, JR., Tax Assessor-Collector of Cameron County and Director, Cameron County Automobile Crimes Enforcement Task Force, in his individual capacity | § § § § § § § | **JURY TRIAL REQUESTED** |

**PLAINTIFF ALVARADO'S RESPONSE TO DEFENDANTS'
THIRD MOTION TO DISMISS NEW CLAIMS OF PLAINTIFF ALVARADO IN
PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER RULE 12(b)(6)
AND UNDER QUALIFIED IMMUNITY**

Plaintiffs allege Defendants, acting under color of state law, violated their right to freedom of speech and association as guaranteed by the First Amendment to the United States Constitution.

I.

**STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

1.  Defendants filed a Third Motion to Dismiss New Claims of Plaintiff Alvarado in Plaintiffs' Second Amended Complaint under FRCP 12(b)(6) and Qualified Immunity. These are the issues addressed in this response.

2.  A ruling is pending regarding Defendant's Second Motion to Dismiss some of Plaintiff Alvarado and Plaintiff Weaver's claims.

II.

**SUMMARY OF THE ARGUMENT**

3.  At the end of April - early May 2004, Plaintiff Alvarado was extended an offer of employment for a position as secretary for the Emergency Response Department for Defendant Cameron County. The offer was extended through the County Judge. The offer was made under the terms that Plaintiff dismiss her lawsuit against Cameron County and Tony Yzaguirre. The County Judge's extending the offer of employment contingent upon Plaintiff Alvarado dismissing this lawsuit is a violation of Plaintiff Alvarado's rights under the First Amendment to the United States Constitution. Further, Plaintiff Alvarado alleges that she has engaged in further protected speech as the speech contained in this lawsuit and related documents which have been publicly filed are protected speech pursuant to the First Amendment to the United States Constitution. Plaintiff Alvarado alleges that she has been retaliated against by Defendants for the speech contained in this lawsuit and related documents which have been filed connected to the prosecution of this lawsuit. Plaintiff Alvarado lost a job opportunity with Cameron County in retaliation for her protected speech.

III.

FRCP 12(b)(6)

4.  Federal Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 45, 46 (1957); *Leffal v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994), see also *Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (citing Wright & Miller, *Federal Practice and Procedure: Civil*, §1357 at 598 [1969] for the proposition that "a motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted."), cert. denied, 459 U.S. 1105 (1983).

5.  In determining whether dismissal should be granted in this case, the Court must accept all well-plead facts as true and view them in the light most favorable to Plaintiff Alvarado, the

non-movant. *Captial Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir.1994); *see also Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir.1996) (dismissal reversed, since complaint was sufficient to state §1983 action.)

      6.      Plaintiff Alvarado has set out numerous paragraphs in her live pleading which raise a claim under the First Amendment to the United States Constitution. These paragraphs specify their protected speech or association, when the protected speech or association occurred, who witnessed the protected speech or association, whether the protected speech or association was written or oral, and a causal link between the protected speech or association and the adverse employment actions claimed. Taking these well-plead facts as true and viewed in the light most favorable to Plaintiff Alvarado, Plaintiff Alvarado's claims should not be dismissed under FRCP 12(b)(6)**.**

## IV.

### FIRST AMENDMENT RETALIATION - SPEECH

      7.      The First Amendment to the United States Constitution states that Congress shall make no laws that abridge the right of free speech. Therefore, at all times that Plaintiff Alvarado had a clearly established federal constitutional right of free speech. U.S. Const., Amend. I

      8.      Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, prohibits any person acting under color of state law from depriving any citizen or person of the rights, privileges and immunities secured by the Constitution.

      9.      In order to establish a cause of action under §1983 for an employee's First Amendment claim of retaliation, a plaintiff has the burden of showing: (1) Defendants were acting under color of state law; (2) Plaintiffs' speech activities were protected under the First Amendment; and (3) Plaintiffs' exercise of their protected right was a substantial or motivating factor in Defendants' actions. *Pierce v. Texas Dep't. of Crim. Justice Inst. Div.*, 37 F.3d 1146, 1149 (5th Cir.1994); *Mt. Healthy City School Dist. Bd. of Educ. V. Doyle*, 329 U.S. 274, 287, 97 S. Ct. 568, 576 (1977).

      10.      An employee claiming retaliation for speech protected by the First Amendment to the United States Constitution is required to be specific as to when the statement or statements were made,

to whom they were made, whether they were oral or written, and the content of those statements. *Connick v. Myers*, 461U.S. 138, 147 (1983). Plaintiff clearly asserts that this lawsuit and the documents disclosed during this lawsuit, as well as the previous addressed speech, is the speech at issue.

11. The First Amendment "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Roth v. United States*, 354 U.S. 476, 484 (1957); *New York Times Co. v. Sullivan*, 376 U.S. 254, 269 (1964). "[Speech] concerning public affairs is more than self-expression; it is the essence of self-government." *Garrison v. Louisiana*, 379 U.S. 64, 74-75 (1964). Accordingly, the Court has frequently reaffirmed that speech on public issues occupies the "'highest rung of the heirarchy of First Amendment values,'" and is entitled to special protection. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 913 (1982); Carey v. Brown, 447 U.S. 455, 467 (1980).

12. In order for a lawsuit to be the basis for a First Amendment retaliation claim, the subject of the lawsuit must touch upon a public concern. *Konits v. Valley Stream Central High School, et al,* (2nd Cir. Jan. 7, 2005) *citing Cobb v. Pozzi*, 363 F.3d 105-06 (2d Cir.2003).

13. Plaintiffs' Second Amended Complaint alleges that at the end of April - early May 2004, Plaintiff Alvarado was extended an offer of employment for a position as secretary for the Emergency Response Department for Defendant Cameron County. The offer was extended through the County Judge. The offer was made under the terms that Plaintiff dismiss her lawsuit against Cameron County and Tony Yzaguirre. The County Judge's extending the offer of employment contingent upon Plaintiff Alvarado dismissing this lawsuit is a violation of Plaintiff Alvarado's rights under the First Amendment to the United States Constitution. Further, Plaintiff Alvarado alleges that she has engaged in further protected speech as the speech contained in this lawsuit and related documents which have been publicly filed are protected speech pursuant to the First Amendment to the United States Constitution. Plaintiff Alvarado alleges that she has been retaliated against by Defendants for the speech contained in this lawsuit and related documents which have been filed

connected to the prosecution of this lawsuit. Plaintiff Alvarado lost a job opportunity in retaliation for her protected speech.

14.     Plaintiffs' statements, the present lawsuit and the documents filed supporting the present lawsuit, concern matters of public concern in that there may be no greater issue of public concern than an elected official's violation of laws. Plaintiff Alvarado's speech is specifically set-out in Plaintiffs' Second Amended Complaint.

V.

**IMMUNITY**

15.     Before liability will be imposed against Cameron County, a policy-making official must be responsible for the decision, action or policy or custom resulting in the deprivation of rights. *City of St. Louis v. Prapotnik*, 485 U.S. 112 (1988); *City of Springfield v. Kibbe*, 480 U.S. 257 (1987); *Pembaur v. Cincinnati*, 475 U.S. 469 (1986); *Jett v. Dallas Indep. Sch. Dist.*, 7 F.2d 1241 (5th Cir.1993).

16.     The trial judge must identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue. *Jett v. Dallas I.S.D.*, 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989).

17.     In the present case, the action alleged to have caused the particular constitutional violation is the action of the Cameron County Judge. It is undisputed that the Cameron County Judge had final policy making authority to offer Plaintiff Alvarado employment with Cameron County and fashion the conditions under which Plaintiff Alvarado may work for Cameron County. (See Exhibit B to Plaintiff's Response to the Previous Motion to Dismiss, page 1, Sec. 1.02 and page 44, Sec.13.06, of Defendant's Motion wherein the Cameron County Commissioners delegate final authority to terminate to Department Heads – including the County Judge). The key is that the County Judge is the final policy making actor concerning the action alleged to have caused the particular constitutional

or statutory violation at issue. There is no mechanism for review of the County Judge's decision.

## VI.

### REQUEST FOR LEAVE TO FILE 7(a) REPLY IF NECESSARY

18. Plaintiff asserts that her live pleading satisfies the pleading requirements for the claims raised. However, if the Court finds that Plaintiffs' pleadings do not meet the pleading requirements for the claims presented, Plaintiffs request that they be granted to leave to file a FRCP 7(a) Reply. Further, it is clear that the Cameron County Judge is a final policy making official on behalf of Cameron County in regard to the demotions and terminations in issue in this case and, therefore, Cameron County should not be granted immunity.

### CONCLUSION

19. The subject Motion to Dismiss is a "shotgun" defensive pleading which repetitiously asks the Court to construe facts against the non-movant Plaintiffs and in favor of the Defendant. It is an example of a strongly disfavored procedural tool which should be, and is, routinely denied in the federal courts unless a plaintiff pleads themselves clearly into a dispositive facts scenario. This Motion to Dismiss should be denied. In the alternative, if the Court finds that Plaintiffs' pleadings do not meet the pleading requirements for such claims, the Plaintiffs should be allowed leave to file a FRCP 7(a) Reply. Further, Defendant Cameron County should not be granted immunity because the Cameron County Judge is a final policy making official on behalf of Cameron County in regard to the actions at issue in this case.

Respectfully submitted,


By:   /S/ Gay E. Gilson
GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
ATTORNEY IN CHARGE FOR PLAINTIFFS

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile:  (956) 687-2937
CO COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

| | |
|---|---|
| Roger Hughes | VIA EMAIL THROUGH ELECTRONIC FILING |
| Adams & Graham, L.L.P. | |
| P.O. Drawer 1429 | |
| Harlingen, Texas 78551-1429 | |
| ATTORNEYS FOR TONY YZAGUIRRE, JR. | |
| | |
| Mr. Charles Willette | VIA FIRST CLASS MAIL |
| Willette & Guerra, L.L.P. | |
| 1534 East 6th Street Suite 200 | |
| Brownsville, Texas 78520 | |

ATTORNEYS FOR CAMERON COUNTY

on this February 21, 2005.

   /S/ Gay E. Gilson
Gay E. Gilson