IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. B-03-096 |
| | : | |
| CAMERON COUNTY, et al. | : | |
| | : | |
| Defendants | | |

**DEFENDANTS' REPLY IN SUPPORT OF THIRD MOTION
TO DISMISS NEW CLAIMS OF PLAINTIFFS ALVARADO
IN PLAINTIFFS' SECOND AMENDED COMPLAINT
UNDER RULE 12(b)(6), and UNDER QUALIFIED IMMUNITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendants Cameron County** and **Tony Yzaguirre, Jr.**, and file **Defendants' Reply in Support of Motion to Dismiss New Claims of Plaintiff Alvarado In Plaintiffs' Second Amended Complaint Under Rule 12(b)(6) and Under Qualified Immunity**, and would respectfully show the Court as follows:

### I. Plaintiff Alvarado is not entitled to another Rule 7 reply.

Plaintiff Alvarado's Response, ¶18, requests leave to file a Rule 7 reply if her pleadings are deemed insufficient. Dkt #63. There is no reason to suppose Alvarado can plead a better case than she has. When she was given leave to assert her new claims she already had filed a Rule 7 reply to her original complaint (Dkt #23). One could suppose only

that she would plead her best case, given that this is her second amended complaint.

Moreover, a Rule 7 reply is unnecessary. A Rule 7 reply is appropriate only to state facts need to defeat an individual official's claim of qualified immunity. *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc). Defendants' Third Motion to Dismiss (Dkt #61) does urge qualified immunity for Defendant Yzaguirre. However, Plaintiff Alvarado's Response nowhere denies Yzaguirre's qualified immunity or even discusses it. Rather Alvarado's Response, ¶¶ 15-18, talks only about the *County's* immunity and that the County Judge is a policymaker for the County. Dkt #63. Alvarado asks for a Rule 7 Reply solely to allege more fully that the County Judge is a final policymaker for the County. Dkt #63, ¶18. That is a "strawman" issue because the Third Motion to Dismiss did not raise it.

## II.  Alvarado does not address the issues.

Alvarado asserts without analysis that she had plead the alleged job offer was retaliation for protected speech or association. She offers no reason to question the Court's earlier ruling that her alleged "association" claim is no claim at all. Defendants offered case authority (1) a conditional job offer is not actionable retaliation or an adverse employment action, and (2) the *Pickering* balance test would permit a job offer conditioned on dropping a pending civil suit. Dkt #61, pp. 6-10. Alvarado simply ignores the cases; she offers neither analysis nor rebuttal.

Defendant Yzaguirre argued he is entitled to qualified immunity on Alvarado's new claims. Dkt #61, p.10. Alvarado offers no argument in rebuttal.

## III. Conclusion

The Third Motion to Dismiss should be granted.

        Respectfully submitted,

By /s/ *Charles Willette*
    Mr. Charles Willette
    State Bar No. 21509700
    Fed. Bar No. 1937
    **WILLETTE & GUERRA, L.L.P.**
    1534 E. 6th Str., Suite 200
    Brownsville, TX 78520
    Telephone: (956) 541-1846
    Facsimile: (956) 371-1428

Attorneys for *Defendant* CAMERON COUNTY


By /s/ *Roger W. Hughes*
    **Roger W. Hughes**
    State Bar No. 10229500
    Federal ID No. 5950
    **Craig H. Vittitoe**
    State Bar No. 20593900
    Federal ID NO. 18756
    **ADAMS & GRAHAM, L.L.P.**
    P. O. Drawer 1429
    Harlingen, Texas 78551-1429
    Telephone: (956) 428-7495
    Facsimile: (956) 428-2954

Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the March 4, 2005.

Ms. Gay E. Gilson                                                          *CM/RRR 7003 2260 0000 0440 4019*
**LAW OFFICE OF GAY E. GILSON**
719 South Shoreline, Suite 301A
Corpus Christi, TX 78401

Mr. David Lee McGee                                                       *Via Ordinary Mail*
**LAW OFFICES OF DAVID LEE McGEE, P.C.**
201 S. 15th, Ste. 204, McAllen (78501)
701 Park Avenue
Corpus Christi, TX 78401

Mr. Charles Willette                                                       *Via Ordinary Mail*
**WILLETTE & GUERRA, L.L.P.**
3505 Boca Chica Blvd., Suite 460
Brownsville, TX 78520


        /s/ *Roger W. Hughes*
        Roger W. Hughes