IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. B-03-096 |
| | : | |
| CAMERON COUNTY, et al. | : | |
| | : | |
| Defendants | | |

**DEFENDANTS' MOTION TO SEVER PLAINTIFF GARCIA'S CLAIMS
AND TO ENTER FINAL JUDGMENT ON PLAINTIFF GARCIA'S CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendants Cameron County** and **Tony Yzaguirre, Jr.**, and file their **Motion to Sever Plaintiff Garcia's Claims and to Enter Final Judgment on Plaintiff Garcia's Claims**, and would respectfully show the Court as follows:

I.

Certificate of Conference

Counsel for Defendants have conferred with counsel for Plaintiffs. No resolution of this motion could be reached.

II. Relief Requested

The Court previously granted Defendants' motions to dismiss Plaintiff Garcia's claims under Federal Rule of Civil Procedure 12(b)(6). Dkt #48. Under Federal Rules of Civil Procedure 21 and/or 54(b), Defendants move to sever Garcia's claims so that the Court may enter a final judgment on them.

III. Factual Background

Plaintiff Garcia sued Defendants claiming her termination was in retaliation for criticism of her subordinate. Dkt #8. Defendants moved to dismiss for failure to state a claim. Dkt #15, 16. On March 31, 2004, the Court granted the motion as to Plaintiff Garcia and dismissed her claims under Rule 12(b)(6). Dkt #48. However, the four other plaintiffs' claims remain pending. Dkt #48, 65, 74.

IV. Argument and Authorities

Under Rule 21, the Court has discretion to several any claim and/or parties to a suit. A severance may be ordered if the right to relief does not arise from the same transaction or occurrence as the other claims or there is no common question of law or fact. *Applewhite v. Reichhold Chem., Inc.,* 67 F.3d 571, 574 (5th Cir. 1995). It is also appropriate to prevent prejudice or delay. *Id.* A comparison of the allegations shows that Garcia's claims arise from a different transaction than those alleged by the remaining plaintiffs. Because the Court has dismissed her claims, there is no need to hold her case in abeyance with the other claims are litigated. Severance into a distinct suit will result in a final judgment.

Alternatively, under Rule 54(b), the Court may direct entry of a final judgment as to the claims of one party upon a finding that there is no just reason for delay. Certification under Rule 54(b) is appropriate when pretrial rulings have dismissed one plaintiff's claims. *Eldredge v. Martin Marrietta Corp.,* 207 F.3d 737, 740 (5th Cir. 2000). The district court must determine that (1) the ultimate disposition of one of multiple claims has been made (i.e., a "final judgement"), and (2) whether there is any just reason for delay. *Briargrove Shopping Center Joint Vent. v. Pilgrim Enterprises, Inc.,* 170 F.3d 536, 539 (5th Cir. 1999).

Both requirements are fulfilled. The dismissal completely disposes of all of Plaintiff Garcia's claims against both defendants; were she the only plaintiff, it would be a final judgment. No just reason for delay exists. Her claims are distinct from the those of the remaining plaintiffs. Her claims will not be tried and the trial of the remaining claims will not affect her dismissal.

Wherefore, premises considered, Defendants pray the court either sever Plaintiff

Garcia's claim so that they may become final, or certify them under R54(b) so that the court can enter a final judgment on them, or for such other relief to which Defendants are entitled.

        Respectfully submitted,

        Richard Burst
        State Bar No. 00785586
        **CAMERON COUNTY ATTORNEY**
        964 E. Harrison
        Brownsville, TX 78520
        Telephone: (956) 550-1345
        Facsimile: (956) 550-1348

By  /s/ *Charles Willette*
        Mr. Charles Willette
        State Bar No. 21509700
        Fed. Bar No. 1937
        **WILLETTE & GUERRA, L.L.P.**
        1534 E. 6th Str., Suite 200
        Brownsville, TX 78520
        Telephone: (956) 541-1846
        Facsimile: (956) 371-1428

Attorneys for *Defendant* CAMERON COUNTY

Richard Bilbie
State Bar No. 02313500
Federal I.D. No. 2239
ARMANDO R. VILLALOBOS CAMERON COUNTY (DISTRICT) ATTORNEY
974 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 544-0849
Facsimile: (956) 544-0869

By  /s/ *Roger W. Hughes*
        **Roger W. Hughes**
        State Bar No. 10229500
        Federal ID No. 5950
        **Craig H. Vittitoe**
        State Bar No. 20593900

Federal ID NO. 18756
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the December 6, 2005.

| | |
|---|---|
| Ms. Gay E. Gilson<br>**LAW OFFICE OF GAY E. GILSON**<br>719 South Shoreline, Suite 301A<br>Corpus Christi, TX 78401 | *CM/RRR 7004 2890 0000 7881 7023* |
| Mr. David Lee McGee<br>**LAW OFFICES OF DAVID LEE McGEE, P.C.**<br>201 S. 15th, Ste. 204, McAllen (78501)<br>701 Park Avenue<br>Corpus Christi, TX 78401 | *Via Ordinary Mail* |
| Mr. Charles Willette<br>**WILLETTE & GUERRA, L.L.P.**<br>1534 East 6th Street, Suite 200<br>Brownsville, TX 78520 | *Via Ordinary Mail* |
| Mr. Richard Bilbie<br>ARMANDO R. VILLALOBOS<br>CAMERON COUNTY (DISTRICT) ATTORNEY<br>974 East Harrison Street<br>Brownsville, Texas 78520 | *Via Ordinary Mail* |

Mr. Richard Burst                                                                                    *Via Ordinary Mail*
**CAMERON COUNTY ATTORNEY**
964 E. Harrison
Brownsville, TX 78520

                                        /s/ *Roger W. Hughes*
                                        Roger W. Hughes