IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, et al. | : | |
| Plaintiffs | : | |
| vs. | : | CIVIL ACTION NO. B-03-096 |
| CAMERON COUNTY, et al. | : | |
| Defendants | : | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS
TO PROVIDE ADEQUATE RULE 26 DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendants Cameron County** and **Tony Yzaguirre, Jr.**, and file their **Motion to Compel Plaintiffs to Provide Adequate Rule 26 Disclosures**, and would respectfully show the Court as follows:

I.

Certificate of Conference

Counsel for Defendants have conferred with counsel for Plaintiffs. No resolution of this motion could be reached.

II.  Relief Requested

This is a suit by four Plaintiffs under 42 U.S.C. §1983 for alleged retaliation for speech activities and association. Dkt #58, 59. On June 13, 2005, Plaintiffs provided disclosures under Rule 26 in which they listed over 500 persons as having discoverable information. Exh. 1. Defendants believe that Plaintiffs have failed to adequately identify the subjects of information each witness has.

Defendants request the Court order Plaintiffs amend their Disclosures (1) to provide more detailed descriptions of the information each witness possesses, (2) to state to which claims and parties the information pertains, and (3) to specify which persons they reasonably anticipate calling to testify at trial.

### III.  Factual Background

On June 13, 2005, Plaintiffs served Rule 26 disclosures which listed over 500 persons as having discoverable information. Exh. 1. For over 400 persons, Plaintiffs stated only that each one "*May* have knowledge of improper title transactions made the basis of suit". Exh. 1, pp. 10-77 [emphasis added].

Of these generically identified witnesses:

-2 reside in Mexico (Exh. 1, pp. 11, 18)

-29 reside in Louisiana (Exh. 1, pp. 11, 15-6, 20-21, 23, 25, 29, 30, 35, 38, 54, 75, 73)

-8 reside in Mississippi (Exh. 1, pp. 14-6, 45, 47, 58, 70)

-6 reside in Georgia (Exh. 1, pp. 17, 42, 56, 75-6, 78)

-6 reside in Arkansas (Exh. 1, pp. 12-3, 19, 22, 47)

-4 reside in Florida (Exh. 1, pp. 36, 49, 52, 70)

-4 reside in Indiana (Exh. 1, pp. 45-6, 71, 74)

-3 reside in Oklahoma (Exh. 1, pp. 18, 43, 71)

-3 reside in Alabama (Exh. 1, pp. 44, 61)

-3 reside in Missouri (Exh. 1, pp. 26, 30, 46)

-2 reside in Illinois (Exh. 1, pp. 47, 72)

-2 reside in Ohio (Exh. 1, pp. 71, 73)

Additional witnesses reside in Indiana, Wisconsin, Kentucky, and Minnesota. Exh. 1, pp. 14, 54, 67, 76. A brief review will show that many designated "witnesses" are businesses or government agencies.

On various occasions between October 7 and November 7, 2005, Defendants corresponded orally, via mail and email with Plaintiffs to supplement their Rule 26

disclosures. See attached exhibits 2-6. No resolution could be reached.

On October 13, 2005, Defendant Yzaguirre served written discovery on Plaintiffs; by agreement the deadline for Plaintiffs to respond was extended to December 2, 2005. The Interrogatories to each Plaintiff asked each one (1) to describe the facts concerning specific allegations, identifying the persons with knowledge of them, and (2) to provide a description of the relevant facts known to each person designated in Plaintiffs' Rule 26 Disclosures.

On December 2, 2005, Plaintiffs served answers to interrogatories. See attached exhibits 7-10. Each Plaintiff simply gave a carbon copy of their Rule 26 disclosure as to each person; virtually the same persons were identified with literally the same statement ("May have knowledge of improper title transaction made the basis of this lawsuit). Exh. 7 (pp. 15-82), Exh. 8, (pp. 15-84), Exh. 9, (pp. 15-83), Exh. 10 (pp. 15-85). None of their answers to the contention interrogatories provided the names of witnesses supporting specific claims. Exh. 7 (pp. 5-6), Exh. 8 (pp. 5-6, 85), Exh. 9 (pp. 5-6, 84), Exh. 10 (pp. 5-6, 86). In short, the interrogatory answers provide no additional information.

## IV.  Argument and Authorities

Federal Rule of Civil Procedure 25(a)(1)(A) requires the initial disclosures provide the names and addresses of persons likely to have discoverable information to support its claims or defenses, "identifying the subjects of the information." The purposes is to accelerate the exchange of information and help focus discovery that is needed. *See* Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P.26(a). Indicating the general topics on which such persons have information will assist the other parties in deciding which depositions will actually be needed. *Id.*   One basic purpose is to minimize the expenditure of time and money. *Sender v. Mann,* 225 F.R.D. 645, 651 (D. Colo. 2004). The disclosures must be based upon information reasonably known to counsel, formed after a reasonable inquiry. *Id.* at 650 citing FED. R. CIV. P. 26(g)(1).

Providing an extensive laundry list of undifferentiated witnesses in inadequate. *Sender,* 225 F.R.D. at 651. A party should not frustrate the purpose of Rule 26(a)(1)(A) by

casting the burden on the opponent to interview each person on the list to determine if they actually have information and to which claim it relates. *Id.* at 653.

In *Sender,* plaintiffs sued several brokers claiming they engaged in a Ponzi scheme to defraud potential investors; it was alleged that defendants conspired to provide false investment information to other brokers and potential investors. *Id.* at 647-648. Plaintiffs' initial disclosures identified 196 investors and 126 brokers in 17 different states. *Id.* at 648-49. For each person, plaintiffs stated he/she had knowledge about the sale of securities and the amounts owed them; they also alleged that the brokers in some cases had knowledge of "other schemes." *Id.* at 648.

The Magistrate concluded the responses were inadequate. Important to the ruling was the fact that the disclosures did not state which persons had knowledge of the specifically alleged schemes or how their information bore on the specific defendants. *Id.* at 650-51. The Magistrate found it significant that plaintiffs' counsel had not interviewed anyone on the list and simply designated every possible investor and broker. *Id.* at 650-51. Plaintiffs' subsequent discovery responses did not cure the deficiency because it did they did not specifically identify the precise investors or brokers involved in each misrepresentation. *Id.* at 653-55. Supplementation should provide greater precision and provide the opposing party with sufficient information to make an informed decision regarding discovery necessary to address the specific claims directed to that party. *Id.* at 655. [1]

The comparison to this case is striking. Defendants cannot intelligibly determine how any of the over 400 persons generically described has any specific information about any specific claim against either Defendant. Plaintiff Cantu has alleged only two dozen individual title transactions as ones she spoke out about. Dkt #23, 58. Given that it was

---

[1] In *Sender* the remedy for the inadequacy was based on the fact that plaintiffs' proposed pretrial trial order reduced the list to 20 probably probable witnesses and 75 more as "may call" witnesses. *Id.* at 649. The Magistrate held plaintiffs to the 20 "will call"witnesses, ordered their depositions could be taken, and taxed defendant's fees and expenses for each deposition against plaintiffs capped at $3,000.00 per deposition. *Id.* at 657-58.

Plaintiff Cantu's job to examine titles and her disclosures came almost two years after she filed suit, her inability to provide more specific information is inexplicable. It is not likely that all 400 hundred persons have pertinent information to the two dozen title applications that she claims she criticized. Plaintiffs' interrogatories answers did not provided any additional detailed, though it was requested.

The burden on Defendants is equally comparable. It is fundamentally unfair to cast the burden on Defendants to track down and interview (or worse, depose) 400 individuals and businesses to find out what they may know concerning these title applications. Unless significant information concerning each witness is provided, Defendants cannot begin to make intelligent decisions about who to depose to prepare for trial.

Over 75 witnesses live outside Texas. These witnesses are clearly beyond subpoena range for trial. FED. R. CIV. P. 45(b)(2).[2] This will require they be deposed to discover and preserve their information for trial. Moreover, Defendants may be forced to depose numerous witnesses within subpoena range for trial just to prevent being surprised at trial. Adequate disclosures should help focus and speed up discovery, not make it expensive and time-consuming to winnow out the likely witnesses from those named only as a precaution.

Defendants urge that the proper remedy includes ordering Plaintiffs to supplement to provide more detailed information about each witness's knowledge and to which claims/parties the knowledge relates. The description should be sufficient to allow Defendants to make informed decisions about discovery. In addition, Plaintiffs should be required to designate those witnesses they reasonably intend to call to testify.

Wherefore, premises considered Defendants Cameron County and Yzaguirre pray this Court grant the relief requested and any other such relief to which they are entitled.

Respectfully submitted,

Richard Burst

---

[2] This does not include the numerous witnesses who live in Texas but still may reside outside subpoena range under Rule 45(b)(2).

State Bar No. 00785586
**CAMERON COUNTY ATTORNEY**
964 E. Harrison
Brownsville, TX 78520
Telephone: (956) 550-1345
Facsimile: (956) 550-1348


By /s/ *Charles Willette*
    Mr. Charles Willette
    State Bar No. 21509700
    Fed. Bar No. 1937
    **WILLETTE & GUERRA, L.L.P.**
    1534 E. 6th Str., Suite 200
    Brownsville, TX 78520
    Telephone: (956) 541-1846
    Facsimile: (956) 371-1428

Attorneys for *Defendant* CAMERON COUNTY

Richard Bilbie
State Bar No. 02313500
Federal I.D. No. 2239
ARMANDO R. VILLALOBOS CAMERON COUNTY (DISTRICT) ATTORNEY
974 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 544-0849
Facsimile: (956) 544-0869


By /s/ *Roger W. Hughes*
    **Roger W. Hughes**
    State Bar No. 10229500
    Federal ID No. 5950
    **Craig H. Vittitoe**
    State Bar No. 20593900
    Federal ID NO. 18756

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the December 8, 2005.

| | |
|---|---|
| Ms. Gay E. Gilson<br>**LAW OFFICE OF GAY E. GILSON**<br>719 South Shoreline, Suite 301A<br>Corpus Christi, TX 78401 | *CM/RRR 7004 2890 0000 7881 7030* |
| Mr. David Lee McGee<br>**LAW OFFICES OF DAVID LEE McGEE, P.C.**<br>201 S. 15th, Ste. 204, McAllen (78501)<br>701 Park Avenue<br>Corpus Christi, TX 78401 | *Via Ordinary Mail* |
| Mr. Charles Willette<br>**WILLETTE & GUERRA, L.L.P.**<br>1534 East 6th Street, Suite 200<br>Brownsville, TX 78520 | *Via Ordinary Mail* |
| Mr. Richard Bilbie<br>ARMANDO R. VILLALOBOS<br>CAMERON COUNTY (DISTRICT) ATTORNEY<br>974 East Harrison Street<br>Brownsville, Texas 78520 | *Via Ordinary Mail* |

Mr. Richard Burst                                                              *Via Ordinary Mail*
**CAMERON COUNTY ATTORNEY**
964 E. Harrison
Brownsville, TX 78520

                                                 /s/ *Roger W. Hughes*
                                                 Roger W. Hughes