IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, et al. | § | |
| | § | CIVIL ACTION NO. B-03-096 |
| vs. | § | |
| | § | |
| CAMERON COUNTY, et al. | § | |

**DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' EXPERT WITNESSES, OR IN THE ALTERNATIVE, DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO AMEND DESIGNATION OF EXPERTS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendants Cameron County and Tony Yzaguirre, Jr., and file their Motion to Exclude Plaintiffs' Expert Witnesses, or in the alternative, Motion to Compel Plaintiffs to Amend Designation of Experts, and would respectfully show the Court as follows:

**I.
CERTIFICATE OF CONFERENCE**

Counsel for Defendants have conferred with counsel for Plaintiffs. *See* Exhibit 2. No resolution of this motion could be reached.

**II.
RELIEF REQUESTED**

This is a suit by four Plaintiffs under 42 U.S.C. § 1983 for alleged retaliation for speech activities and association. Dkt.# 58, 59. On October 21, 2005, Plaintiffs provided their designation of experts under Rule 26 in which they globally identified as non-retained

testifying experts "all persons identified by any Plaintiff and/or Defendant in response to any discovery request or disclosure to provide expert testimony in this case." *See* Exhibit 1. Defendants feel that this global designation of non-retained testifying experts does not provide Defendants with fair notice as to who the Plaintiffs' experts may be. While Plaintiffs improperly provided a global designation of their non-retained testifying experts, Plaintiffs adequately designated their medical providers and attorneys as expert witnesses, which we do not seek to exclude at this time.

Defendants request the Court order Plaintiffs' expert witnesses excluded with the exception of the expert witnesses identified as Plaintiffs' medical providers and attorneys; or in the alternative, Defendants request the Court order Plaintiffs amend their Designation of Experts (1) by identifying exactly who Plaintiffs expect to call upon as experts in this case, and (2) setting forth their qualifications to be an expert under Rule 702 of the Federal Rules of Evidence, the subject of their testimony, and the substance of their opinion.

### III.
### FACTUAL BACKGROUND

On October 21, 2005, Plaintiffs filed their Designation of Experts which globally identified as non-retained testifying experts "all persons identified by any Plaintiff and/or Defendant in response to any discovery request or disclosure to provide expert testimony in this case." Plaintiffs' Designation of Experts further states that "all persons identified may be called upon to give an expert opinion based upon their knowledge and experience relevant to the claims made the basis of this lawsuit." In essence, Plaintiffs designated as non-

retained experts over 500 persons listed in their Rule 26 Disclosures.  *See* Exhibit 1.

On November 7, 2005, Defendants corresponded via mail with Plaintiffs to amend their Designation of Experts and to supplement their Rule 26 Disclosures.  *See* Exhibit 2.  No resolution could be reached.

**IV.**
**ARGUMENT AND AUTHORITIES**

The Federal Rules of Civil Procedure divide potential witnesses into three categories for the purposes of disclosure.  The first group, fact witnesses, must be disclosed in the manner set forth under Rule 26(a)(1)(A).  Fed.R.Civ.P. 26(a)(1)(A).  The second and third groups both consist of witnesses providing expert testimony and are differentiated by Rule 26(a)(2).  The rule states: "(A) In addition to the disclosures required [regarding fact witnesses], a party *shall disclose* to other parties the *identity of any person* who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  (B) Except as otherwise stipulated or directed by the court, this disclosure shall, *with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report* prepared and signed by the witness.....(C) These disclosures shall be made at the times and in the sequence directed by the court...."  Fed.R.Civ.P. 26(a)(2) (emphasis added).  The expert designation requirement of Rule 26(a)(2)(A) applies to all testifying experts.  *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004).  Thus, *all* witnesses who are to give expert testimony under the Federal Rules

of Evidence must be disclosed under Rule 26(a)(2)(A). *Musser v. Gentiva Health Services*, 356 F.3d 751, 756 (7th Cir. 2004).

Disclosing a person as a fact witness and disclosing a person as an expert witness are two distinct acts. The Federal Rules of Civil Procedure demand the formal designation of expert witnesses, and a party must disclose in writing a list of names of persons with the designation of expert witness. *Musser*, 356 F.3d at 757. Even if the list of persons is already known to the opposing party through prior discovery, the party is still required to formally designate the persons who are expert witnesses. *Id*. at 757-758. Formal disclosure of experts is necessary in order to put the opposing party on notice as to who will be an expert witness at trial. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. *Id*. at 757. The failure of the party to disclose experts prejudices the opposing party because there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony on grounds set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report. *Id*. at 757-758.

When a party fails to provide the information required under Rule 26(a), the party is subject to the sanctions as set forth in Rule 37. Under Rule 37(c)(1), "a party that *without substantial justification* fails to disclose information required by Rule 26(a) ... is not, *unless such failure is harmless*, permitted to use as evidence at a trial, at a hearing, or on a motion

any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed.R.Civ.P. 37(c)(1) (emphasis added).

In this case, it has already been established in Defendants' Motion to Compel Plaintiffs to Provide Adequate Rule 26 Disclosures that Plaintiffs' extensive laundry list of witnesses in Plaintiffs' Initial Disclosures is inadequate. Dkt.# 82. In the same regard, Plaintiffs' global designation of non-retained testifying experts does not provide Defendants with fair notice as to who the Plaintiffs' experts may be. It is simply unreasonable for Plaintiffs to designate the more than 500 fact witnesses they have named in Plaintiffs' Initial Disclosures as non-retained testifying experts. In essence, Plaintiffs have attempted to circumvent the formal designation of expert witnesses as required under the Federal Rules of Civil Procedure by providing a global designation of "all persons identified by any Plaintiff and/or Defendant in response to any discovery request or disclosure to provide expert testimony in this case." *See* Exhibit 2. Plaintiffs' designation of expert witnesses is inadequate and does not allow Defendants to properly prepare for trial. Therefore, Plaintiffs' global designation of "all persons identified by any Plaintiff and/or Defendant in response to any discovery request or disclosure to provide expert testimony in this case" should be excluded since it is not a proper designation of expert witnesses.

Defendants urge that the proper remedy includes the exclusion of Plaintiffs' global designation of non-retained experts, with the exception of the expert witnesses identified as

Plaintiffs' medical providers and attorneys. In the alternative, Plaintiffs should be ordered to amend their designation of experts by (1) identifying exactly who Plaintiffs expect to call upon as experts in this case, and (2) setting forth their qualifications to be an expert under Rule 702 of the Federal Rules of Evidence, the subject of their testimony, and the substance of their opinion.

WHEREFORE, PREMISES CONSIDERED, Defendants Cameron County and Tony Yzaguirre, Jr. pray this Court grant the relief requested and any other such relief to which they are entitled.

Signed on December 16, 2005.

Respectfully submitted,

Richard Burst
State Bar No. 00785586
**CAMERON COUNTY LEGAL DIVISION**
964 E. Harrison
Brownsville, TX 78520
Telephone: (956) 550-1345
Facsimile: (956) 550-1348

By:  /s/ Charles Willette
**Charles Willette, Jr.**
State Bar No. 21509700
Fed. Bar No. 1937
**WILLETTE & GUERRA, L.L.P.**
1534 E. 6th St., Suite 200
Brownsville, TX 78520
Telephone: (956) 541-1846
Facsimile: (956) 5411-1893

Attorneys for *Defendant* CAMERON COUNTY

Richard Bilbie
State Bar No. 02313500
Federal Bar No. 2239
ARMANDO R. VILLALOBOS,
CAMERON COUNTY DISTRICT ATTORNEY
974 E. Harrison
Brownsville, TX 78520
Telephone: (956) 544-0849
Facsimile: (956) 544-0869

By:   /s/ Roger Hughes
By:   /s/ Charles Willette with permission
    **Roger W. Hughes**
    State Bar No. 10229500
    Federal ID No. 5950
    **Craig H. Vittitoe**
    State Bar No. 20593900
    Federal ID NO. 18756
    **ADAMS & GRAHAM, L.L.P.**
    P. O. Drawer 1429
    Harlingen, Texas 78551-1429
    Telephone: (956) 428-7495
    Facsimile: (956) 428-2954

Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the 16th day of December, 2005.

| | |
|---|---|
| Ms. Gay E. Gilson | *CMRRR* |
| **LAW OFFICE OF GAY E. GILSON** | |
| 719 South Shoreline, Suite 301A | |
| Corpus Christi, TX 78401 | |

| | |
|---|---|
| Mr. David Lee McGee | *Via Ordinary Mail* |
| **LAW OFFICES OF DAVID LEE McGEE, P.C.** | |
| 201 S. 15th, Ste. 204, McAllen (78501) | |
| 701 Park Avenue | |
| Corpus Christi, TX 78401 | |

| | |
|---|---|
| Mr. Roger Hughes | *Via Ordinary Mail* |
| **ADAMS & GRAHAM, L.L.P.** | |
| P. O. Drawer 1429 | |
| Harlingen, Texas 78551-1429 | |

             /s/ Charles Willette
             Charles Willette, Jr.