IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VICENTA CANTU, ET AL., § | |
| Plaintiffs § | |
| § | |
| v. § | C.A. No. B-03-96 |
| § | |
| CAMERON COUNTY, ET AL., § | |
| Defendants. § | |

## ORDER

BE IT REMEMBERED that on December 22, 2005, the Court considered Defendants' Motion to Exclude Plaintiffs' Expert Witnesses, or in the Alternative, Defendants' Motion to Compel Plaintiffs to Amend Designation of Experts [Dkt. No. 85]. Under Rule 26 of the Federal Rules of Civil Procedure, a party "shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rule 702, 702, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). The global identification by the Plaintiffs of all persons identified in the discovery requests as non-retained testifying experts does not adequately provide a designation of experts as required by the rule. *See Primrose Operating Co. v. Nat'l American Ins.*, 382 F.3d 546, 563 (5th Cir. 2004).

The identification of experts under Rule 26 is required for all testifying experts, not merely those retained for the purpose of providing testimony. *Hamburger v. State Farm Mut. Auto. Ins.*, 361 F.3d 875, 882 (5th Cir. 2004). Therefore, the Court **ORDERS** that twenty (20) days after the entry of this order, Plaintiffs file an amended Designation of Experts which shall (1) identify exactly who Plaintiffs expect to call upon as experts in this case, and (2) set forth their qualifications to be expert under Rule 702 of the Federal Rules of Evidence, the subject of their testimony, and the substance of their opinion.

DONE this 22nd day of December 2005, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge