MOTION TO COMPEL
EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; | § | |
| RUTH WEAVER; | § | |
| DIAMANTINA ALVARADO; AND | § | |
| LINDA GARCIA | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | Civil Action No. 03-CV-96 |
| | § | |
| CAMERON COUNTY and | § | **JURY TRIAL REQUESTED** |
| TONY YZAGUIRE, JR., Tax Assessor- | § | |
| Collector of Cameron County and Director, | § | |
| Cameron County Automobile Crimes | § | |
| Enforcement Task Force, in his | § | |
| individual capacity | § | |

### FELIX R. MUNOZ' RESPONSES TO DEFENDANT'S INTERROGATORIES

Now comes Plaintiff and provides the following responses to Defendant's interrogatories.

Respectfully submitted,

By: _____

GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
ATTORNEY IN CHARGE FOR PLAINTIFFS

1

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile:  (956) 687-2937
CO COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Charles Willette
Willette & Guerra, L.L.P.
1534 East 6th Street Suite 200
Brownsville, Texas 78520

on this December 2, 2005.

Gay E. Gilson

2

1.  Please identify yourself by supplying your full name, current address, telephone number, social security number and date of birth.

ANSWER:    Felix R. Munoz
           3815 Coffee Port
           Brownsville, Texas 78520
           (956) 544-2844
           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

2.  Please list for each place of your employment since leaving employment the Cameron County Tax Assessor giving the following information:

    a)  name and address of your employer;
    b)  the date that you commenced working for such employer and the date that you left; and
    c)  your position and compensation.

ANSWER:

    a)  Montenegro Paving
        6250 FM 802
        Coffee Port
        Brownsville, Texas 78520
    b)  Approximately November 2004 and I continue to work for this company.
    c)  I am paid $50 per diem.

    a)  Self employed selling real estate
    b)  I have had a referral which had been listed for several years which recently sold and I am looking for other listings.
    c)  My commission varies depending upon the property and the parties I represent.

3.  Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital or clinic who has examined, treated you or with whom you have consulted, or to whom you have gone for any reason for a period of since January 1, 1998, by giving the name, address and telephone number of each such healthcare provider; describe the reason for treatment.

ANSWER:    Valley Day and Night Clinic
           3302 Boca Chica, Suite 109
           (956) 932-1001
           Brownsville, Texas
           I sought treatment for gout in approximately 2004. This year may not be correct.

3

4.    Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital or clinic who has examined, treated you or with whom you have consulted by reason of your consortium claim which forms the basis of this lawsuit by giving the name, address and telephone number of each such healthcare provider; and the condition or reason for treatment.

ANSWER:    None.

5.    Heave you ever been arrested, indicted for, plead guilty to or been found guilty of any crime? If so, please state when and where and the nature of the charge.

ANSWER:    No.

6.    Have you ever been a party to a lawsuit prior the present suit? If so, please state the nature of the suit, the court in which said suit took place in, including the complete style, the cause of action, whether you were Plaintiff or Defendant, the date each such suit was filed and the final disposition of said suit.

ANSWER:    I have been divorced and the divorce was in Cameron County. The style of the case was Diana Munoz v. Felix Munoz and it was filed in approximately 1980.

7.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:

   a.    Defendant accepted money or favors from any person or business to process fraudulent or improper vehicle registrations, title applications, or title transfers, stating the names and addresses of such persons, the amounts of money and the favors.

   b.    Defendant Yzaguirre gave special or preferential treatment to anyone in the processing of vehicle registrations, title transfers, or title applications, stating the names and addresses of such persons and describing each individual actual act of special/preferential treatment.

   c.    Defendant Yzaguirre engaged in unprofessional, corrupt, or unlawful activity, describing each such act and when it occurred and stating the names of the persons present or involved.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

4

8.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that on any occasion you told Defendants or any third party that Defendant Yzaguirre did any illegal, improper, or corrupt act. For each occasion of speech, give the names and addresses of all present, the date of such speech activities, and state exactly what you said.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

9.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:

a.    you were demoted in September 2004 as a result of speech activities;

b.    Defendants subjected you to a severe and hostile work environment;

c.    you had authority to place a letter of reprimand in Elidia Barbossa's personnel folder.

ANSWER:    a.    I had authority in my position as Chief Deputy of Operations to take the employment actions that I did while I was employed with the Tax Assessor-Collectors Office. The severe and unwarranted demotion was taken after I brought the current lawsuit which contained very detailed claims and protected First Amendment speech.

b.    My working conditions steadily declined because of my exercise of my protected speech, including the right to file the lawsuit which is pending against Tony Yzaguirre, Jr. and Cameron County. The most horrendous act of retaliation occurred when Tony Yzaguirre demoted me from my position as Chief of Operations to the position of Auto Tax Clerk. The demotion was not only extremely humiliating and unjustified, but it has caused me severe economic damage as my salary was cut by approximately half and I lost significant benefits. The working conditions under which I was placed were intolerable and I could not support my family with that salary cut. I tried to resolve this matter through the appeal process which I exhausted and the County denied me relief and adopted Mr. Yzaguirre's continuous course of illegal retaliation toward myself and others. Therefore, I was constructively discharged.

c.    The Cameron County policies and the job description for the Chief Deputy of Operations allowed me to take the actions which I did.

5

10.     Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that you were part of any association to speak out about alleged improprieties, encourage others to do so, or discuss same. Describe when and how the association began and who were *its* members.

ANSWER:     I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

11.     Identify specifically each vehicle registration, title transfer application, or title application you claim was fraudulent or improper that should have been rejected or questions. For each instances, describe the reasons it was fraudulent or improper, the persons involved in the underlying sale or transfer, and how Defendant Yzaguirre knew of the alleged fraud or impropriety.

ANSWER:     None of the title or registration paperwork went through me. However, in my capacity in the office, I saw certain people frequently in the office and I saw highly questionable procedures such as these persons directly transacting business through Tony Yzaguirre's office rather than over the counter. There are other things I saw which support that there were severe irregularities and favoritism in the processing of paperwork.

12.     For each person identified by you in your disclosures, provide a description of the relevant facts known to that person.

ANSWER:     Vicenta Cantu
c/o Law Office of Gay E. Gilson
719 S. Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Plaintiff in this case. Has knowledge of the claims, facts and damages as specified in complaint.

Felix R. Munoz
c/o Law Office of Gay E. Gilson
719 S. Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Plaintiff in this case. Has knowledge of the claims, facts and damages as specified in complaint.

RuthWeaver
c/o Law Office of Gay E. Gilson
719 S. Shoreline, Suite 301A
Corpus Christi, Texas 78401

6

Domicilio Concocido S/N
Estacion Sandoval
H. Matamoros, Tamps
Tel: 868 847-2115
Provided medical services to Vicenta Cantu for damages she sustained as a result of the facts
made the basis of this lawsuit. May be called to provide expert testimony.

Diana Munoz
P.O. Box 4743
Brownsville, Texas 78523
(956) 778-0447
Has knowledge of Plaintiff Munoz' damages. Has knowledge of how the incidents made the
lawsuit effected Plaintiff Munoz - emotionally and financially.

13.     Identify specifically each act or omission of Defendant Yzaguirre as Cameron County Tax
        Assessor that you claim was fraudulent, illegal, improper, corrupt or unprofessional. For
        instance, describe the reasons it was fraudulent, illegal, improper, corrupt, or
        unprofessional, and the names and addresses of anyone involved in such conduct.

ANSWER:     I incorporate by reference as if full set-out herein, the paragraphs which pertain to
            me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed
            and explain the basis of my claims.

14.     State the amounts of money you claim in your Prayer for Relief for each type of monetary
        damage (e.g. compensatory damages, actual damages, punitive damages, front pay, back
        pay, loss of past and future earnest, lost of retirement/other benefits, and mental anguish);
        state each element separately.

ANSWER:     I will leave the amount of damages for such things as mental anguish, emotional
            distress, hurt, shame and humiliation to the jury to decide. Also, I leave the
            amount of punitive damages to the jury. I need to conduct further discovery in
            order to determine damages related to pay and other benefits.

84

### AFFIDAVIT OF Felix R. Munoz

STATE OF TEXAS          §
                        §
COUNTY OF NUECES        §

BEFORE ME, the undersigned authority, on this day personally appeared Felix R. Munoz after being by me duly sworn did upon his oath depose and say:

"I am the Plaintiff in the above styled and numbered cause, and I have read the foregoing answers to Interrogatories propounded by the Defendant and state that the same are true and correct."

_Felix R Munz_
Felix R. Munoz

SWORN TO AND SUBSCRIBED BEFORE ME by the said Plaintiff, Felix R. Munoz, on this _01 December 2005_ to certify which witness my hand and seal of office.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

ROLANDO PEREZ GARZA
Notary Public, State of Texas
My Commission Expires
January 25, 2009

MY COMMISSION EXPIRES: _01/25/09_

MOTION TO COMPEL
EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; RUTH WEAVER; DIAMANTINA ALVARADO; AND LINDA GARCIA | § § § § § § § | |
| Plaintiffs | § § | |
| vs. | § § | Civil Action No. 03-CV-96 |
| CAMERON COUNTY and TONY YZAGUIRE, JR., Tax Assessor-Collector of Cameron County and Director, Cameron County Automobile Crimes Enforcement Task Force, in his individual capacity | § § § § § § | **JURY TRIAL REQUESTED** |

## <u>FELIX R. MUNOZ' FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES</u>

Now comes Plaintiff and provides the following responses to Defendant's interrogatories.

Respectfully submitted,

By: _____

GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
ATTORNEY IN CHARGE FOR PLAINTIFFS

1

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
CO COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Charles Willette
Willette & Guerra, L.L.P.
1534 East 6th Street Suite 200
Brownsville, Texas 78520

on this December 19, 2005.

Gay E. Gilson

2

1.    Please identify yourself by supplying your full name, current address, telephone number, social security number and date of birth.

ANSWER:    Felix R. Munoz
3815 Coffee Port
Brownsville, Texas 78520
(956) 544-2844
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

2.    Please list for each place of your employment since leaving employment the Cameron County Tax Assessor giving the following information:

a)    name and address of your employer;
b)    the date that you commenced working for such employer and the date that you left; and
c)    your position and compensation.

ANSWER:

a)    Montenegro Paving
6250 FM 802
Coffee Port
Brownsville, Texas 78520
b)    Approximately November 2004 and I continue to work for this company.
c)    I am paid $50 per diem.

a)    Self employed selling real estate
b)    I have had a referral which had been listed for several years which recently sold and I am looking for other listings.
c)    My commission varies depending upon the property and the parties I represent.

3.    Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital or clinic who has examined, treated you or with whom you have consulted, or to whom you have gone for any reason for a period of since January 1, 1998, by giving the name, address and telephone number of each such healthcare provider; describe the reason for treatment.

ANSWER:    Valley Day and Night Clinic
3302 Boca Chica, Suite 109
(956) 932-1001
Brownsville, Texas
I sought treatment for gout in approximately 2004.  This year may not be correct.

3

4.    Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital or clinic who has examined, treated you or with whom you have consulted by reason of your consortium claim which forms the basis of this lawsuit by giving the name, address and telephone number of each such healthcare provider; and the condition or reason for treatment.

ANSWER:    None.

5.    Heave you ever been arrested, indicted for, plead guilty to or been found guilty of any crime? If so, please state when and where and the nature of the charge.

ANSWER:    No.

6.    Have you ever been a party to a lawsuit prior the present suit? If so, please state the nature of the suit, the court in which said suit took place in, including the complete style, the cause of action, whether you were Plaintiff or Defendant, the date each such suit was filed and the final disposition of said suit.

ANSWER:    I have been divorced and the divorce was in Cameron County. The style of the case was Diana Munoz v. Felix Munoz and it was filed in approximately 1980.

7.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:

    a.    Defendant accepted money or favors from any person or business to process fraudulent or improper vehicle registrations, title applications, or title transfers, stating the names and addresses of such persons, the amounts of money and the favors.

    b.    Defendant Yzaguirre gave special or preferential treatment to anyone in the processing of vehicle registrations, title transfers, or title applications, stating the names and addresses of such persons and describing each individual actual act of special/preferential treatment.

    c.    Defendant Yzaguirre engaged in unprofessional, corrupt, or unlawful activity, describing each such act and when it occurred and stating the names of the persons present or involved.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

    Plaintiff Munoz saw Lupita DeLeon counting large amounts of money when

4

Defendant Yzaguirre's friends and business associates came into the office to process vehicle registrations. This was not consistent with the requirements for vehicle registration. Plaintiff Munoz told Ms. DeLeon that it "looked bad" to be counting such large amounts of money in the open. This speech is protected pursuant to the First Amendment to the United States Constitution. Plaintiff's speech in telling Ms. DeLeon that it "looked bad" to be counting such large amounts of money in the open questioned the underlying transactions which culminated in those large amounts of cash. This speech is a matter of public concern because it involves business transactions of a public entity.

On one occasion, Alfredo Gonzalez, told Plaintiff Munoz that every time that he went into Defendant Yzaguirre's office it would cost him [Gonzales] money. Plaintiff understood the comment to mean that Defendant Yzaguirre was accepting bribes in exchange for processing vehicle registrations.

In the Spring of 2002, Plaintiff Munoz stated to Defendant Yzaguirre that he was highly suspicious of one of Defendant Yzaguirre's friends and that he should stay away from this person. Plaintiff Munoz also stated to Defendant Yzaguirre that he was concerned that Defendant Yzaguirre was giving these persons special treatment in the processing of their vehicle registrations – meaning unlawful activities were occurring within the Cameron County Tax Assessor-Collector's office. Plaintiff Munoz' act of telling Defendant Yzaguirre that he, as Tax Assessor-Collector of Cameron County and Director, should stay away from this friend and that Plaintiff Munoz was concerned that Defendant Yzaguirre was giving these persons special treatment in the processing of their vehicle registrations – referencing that unlawful activities which were occurring within the Cameron County Tax Assessor-Collector's office — is free speech protected by the First Amendment to the United States Constitution. This speech is of public concern because it involves the misuse of taxpayer funds and the violation of Texas laws by a public entity.

Plaintiff Munoz also noted that the title paperwork was being stamped "sold for export".

This is what Plaintiff recalls at this time, if he recalls any additional facts responsive to this request, he will supplement this interrogatory and/or provide the information through his deposition testimony.

8.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that on any occasion you told Defendants or any third party that Defendant Yzaguirre did any illegal, improper, or corrupt act. For each occasion of speech, give the names and addresses of all present, the date of such speech activities, and state exactly what you said.

ANSWER:   I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

Plaintiff Munoz saw Lupita DeLeon counting large amounts of money when Defendant Yzaguirre's friends and business associates came into the office to process vehicle registrations. This was not consistent with the requirements for vehicle registration. Plaintiff Munoz told Ms. DeLeon that it "looked bad" to be counting such large amounts of money in the open. This speech is protected pursuant to the First Amendment to the United States Constitution. Plaintiff's speech in telling Ms. DeLeon that it "looked bad" to be counting such large amounts of money in the open questioned the underlying transactions which culminated in those large amounts of cash. This speech is a matter of public concern because it involves business transactions of a public entity.

On one occasion, Alfredo Gonzalez, told Plaintiff Munoz that every time that he went into Defendant Yzaguirre's office it would cost him [Gonzales] money. Plaintiff understood the comment to mean that Defendant Yzaguirre was accepting bribes in exchange for processing vehicle registrations.

In the Spring of 2002, Plaintiff Munoz stated to Defendant Yzaguirre that he was highly suspicious of one of Defendant Yzaguirre's friends and that he should stay away from this person. Plaintiff Munoz also stated to Defendant Yzaguirre that he was concerned that Defendant Yzaguirre was giving these persons special treatment in the processing of their vehicle registrations – meaning unlawful activities were occurring within the Cameron County Tax Assessor-Collector's office. Plaintiff Munoz' act of telling Defendant Yzaguirre that he, as Tax Assessor-Collector of Cameron County and Director, should stay away from this friend and that Plaintiff Munoz was concerned that Defendant Yzaguirre was giving these persons special treatment in the processing of their vehicle registrations – referencing that unlawful activities which were occurring within the Cameron County Tax Assessor-Collector's office — is free speech protected by the First Amendment to the United States Constitution. This speech is of public concern because it involves the misuse of taxpayer funds and the violation of Texas laws by a public entity.

Plaintiff Munoz also noted that the title paperwork was being stamped "sold for export".

This is what Plaintiff recalls at this time, if he recalls any additional facts responsive to this request, he will supplement this interrogatory and/or provide the information through his deposition testimony.

6

9.   Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:

   a.   you were demoted in September 2004 as a result of speech activities;

   b.   Defendants subjected you to a severe and hostile work environment;

   c.   you had authority to place a letter of reprimand in Elidia Barbossa's personnel folder.

ANSWER:   a.   I had authority in my position as Chief Deputy of Operations to take the employment actions that I did while I was employed with the Tax Assessor-Collectors Office. The severe and unwarranted demotion was taken after I brought the current lawsuit which contained very detailed claims and protected First Amendment speech.

   b.   My working conditions steadily declined because of my exercise of my protected speech, including the right to file the lawsuit which is pending against Tony Yzaguirre, Jr. and Cameron County. The most horrendous act of retaliation occurred when Tony Yzaguirre demoted me from my position as Chief of Operations to the position of Auto Tax Clerk. The demotion was not only extremely humiliating and unjustified, but it has caused me severe economic damage as my salary was cut by approximately half and I lost significant benefits. The working conditions under which I was placed were intolerable and I could not support my family with that salary cut. I tried to resolve this matter through the appeal process which I exhausted and the County denied me relief and adopted Mr. Yzaguirre's continuous course of illegal retaliation toward myself and others. Therefore, I was constructively discharged.

   c.   The Cameron County policies and the job description for the Chief Deputy of Operations allowed me to take the actions which I did.

   This is what I recall at this time, if I recall additional facts, I will supplement this interrogatory and/or provide the information through deposition testimony.

10.   Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that you were part of any association to speak out about alleged improprieties, encourage others to do so, or discuss same. Describe when and how the association began and who were its members.

ANSWER:   I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed

7

and explain the basis of my claims.

Plaintiff Munoz served as the Project Coordinator for the Cameron County Automobile Crimes Enforcement Task Force with Plaintiff Cantu and Plaintiff Weaver.

Because of his escalating concern over illegalities occurring within the Cameron County Tax Assessor-Collector's office regarding the processing of vehicle registration paperwork, in the Spring of 2002 Plaintiff Munoz spoke with Plaintiff Cantu, who was serving as the Titles and Registration Examiner.  During Plaintiff Munoz' conversation with Plaintiff Cantu, Plaintiff Cantu told Plaintiff Munoz that she observed fraudulent vehicle registration paperwork being processed by Defendant Yzaguirre and that she had spoken out in opposition to such conduct to Defendant Yzaguirre.  Plaintiff Cantu's and Plaintiff Munoz' speech in discussing fraudulent vehicle registration paperwork being processed by Defendant Yzaguirre is protected by the First Amendment to the United States Constitution. Further, Plaintiff Cantu and Plaintiff Munoz had the right to associate as guaranteed by the First Amendment to the United States Constitution with each other to discuss the fraudulent vehicle registration paperwork being processed by Defendant Yzaguirre because that is a matter of public concern.

Plaintiffs Cantu, Munoz and Weaver closely associated with each other in the performance of their duties for Defendant.  The adverse actions taken against Plaintiffs Cantu, Munoz and Weaver were also taken against them because of their close association with each other in speaking out against Defendant Yzaguirre's unlawful actions in the processing of vehicle title registrations

11.   Identify specifically each vehicle registration, title transfer application, or title application you claim was fraudulent or improper that should have been rejected or questions.  For each instances, describe the reasons it was fraudulent or improper, the persons involved in the underlying sale or transfer, and how Defendant Yzaguirre knew of the alleged fraud or impropriety.

ANSWER:   None of the title or registration paperwork went through me.  However, in my capacity in the office, I saw certain people frequently in the office and I saw highly questionable procedures such as these persons directly transacting business through Tony Yzaguirre's office rather than over the counter.  There are other things I saw which support that there were severe irregularities and favoritism in the processing of paperwork.

12.   For each person identified by you in your disclosures, provide a description of the relevant facts known to that person.

8

ANSWER:    This interrogatory will be supplemented with disclosures.

13.    Identify specifically each act or omission of Defendant Yzaguirre as Cameron County Tax Assessor that you claim was fraudulent, illegal, improper, corrupt or unprofessional. For instance, describe the reasons it was fraudulent, illegal, improper, corrupt, or unprofessional, and the names and addresses of anyone involved in such conduct.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

Plaintiff Munoz saw Lupita DeLeon counting large amounts of money when Defendant Yzaguirre's friends and business associates came into the office to process vehicle registrations. This was not consistent with the requirements for vehicle registration. Plaintiff Munoz told Ms. DeLeon that it "looked bad" to be counting such large amounts of money in the open. This speech is protected pursuant to the First Amendment to the United States Constitution. Plaintiff's speech in telling Ms. DeLeon that it "looked bad" to be counting such large amounts of money in the open questioned the underlying transactions which culminated in those large amounts of cash. This speech is a matter of public concern because it involves business transactions of a public entity.

On one occasion, Alfredo Gonzalez, told Plaintiff Munoz that every time that he went into Defendant Yzaguirre's office it would cost him [Gonzales] money. Plaintiff understood the comment to mean that Defendant Yzaguirre was accepting bribes in exchange for processing vehicle registrations.

In the Spring of 2002, Plaintiff Munoz stated to Defendant Yzaguirre that he was highly suspicious of one of Defendant Yzaguirre's friends and that he should stay away from this person. Plaintiff Munoz also stated to Defendant Yzaguirre that he was concerned that Defendant Yzaguirre was giving these persons special treatment in the processing of their vehicle registrations – meaning unlawful activities were occurring within the Cameron County Tax Assessor-Collector's office. Plaintiff Munoz' act of telling Defendant Yzaguirre that he, as Tax Assessor-Collector of Cameron County and Director, should stay away from this friend and that Plaintiff Munoz was concerned that Defendant Yzaguirre was giving these persons special treatment in the processing of their vehicle registrations – referencing that unlawful activities which were occurring within the Cameron County Tax Assessor-Collector's office — is free speech protected by the First Amendment to the United States Constitution. This speech is of public concern because it involves the misuse of taxpayer funds and the violation of Texas laws by a public entity.

9

Plaintiff Munoz also noted that the title paperwork was being stamped "sold for export".

This is what Plaintiff recalls at this time, if he recalls any additional facts responsive to this request, he will supplement this interrogatory and/or provide the information through his deposition testimony.

14.    State the amounts of money you claim in your Prayer for Relief for each type of monetary damage (e.g. compensatory damages, actual damages, punitive damages, front pay, back pay, loss of past and future earnest, lost of retirement/other benefits, and mental anguish); state each element separately.

ANSWER:    I will leave the amount of damages for such things as mental anguish, emotional distress, hurt, shame and humiliation to the jury to decide. Also, I leave the amount of punitive damages to the jury. I need to conduct further discovery in order to determine damages related to pay and other benefits.

10