IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. B-03-096 |
| | : | |
| CAMERON COUNTY, et al. | : | |
| | : | |
| Defendants | | |

**DEFENDANT TONY YZAGUIRRE'S MOTION TO COMPEL
PLAINTIFF WEAVER TO PROVIDE
ADEQUATE ANSWERS TO INTERROGATORIES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendant Tony Yzaguirre, Jr.**, and files his **Motion to Compel Plaintiff Weaver to Provide Adequate Answers to Interrogatories**, and would respectfully show the Court as follows:

### I. Certificate of Conference

Counsel for Defendant Yzaguirre have conferred with counsel for Plaintiffs and Defendant Cameron County. No resolution of this motion could be reached with Plaintiffs; Cameron County does not oppose this motion.

### II. Relief Requested

This is a suit by four Plaintiffs under 42 U.S.C. §1983 for alleged retaliation for speech activities and association. Dkt #58, 59. On October 14, 2005, Defendant Yzaguirre sent Plaintiffs interrogatories. On December 3 and 29, 2005, Plaintiff Weaver served

inadequate, evasive answers to them.

Defendants request the Court order that with 10 days of entry of an order on this motion that Plaintiff Weaver

a. provide complete answers to Interrogatories 7-11, 13

b. that she be limited in her proof at trial to proof that she spoke out only those twenty-four vehicle registration applications alleged in her Supplemental Rule 7a Reply ¶8 [Dkt #41] and;

c. that she not be permitted to offer evidence of any other alleged improprieties or that she spoke out on any other alleged improprieties, illegal or corrupt acts.

### III. Factual Background

The Court dismissed Plaintiff Weaver's initial claims of speech retaliation. Order of March 31, 2004, Dkt #48, pp. 14-15. The Weaver then alleged she was fired for giving a statement to Cameron County Sheriff Investigator in August 2002. Dkt #41, ¶8. The Court declined to grant Rule 12(b) dismissal on this claim because it wished to defer ruling until the summary judgment. Order March 31, 2005, p. 7-8. Finally Weaver alleged she associated with her co-workers/Plaintiffs from 2001 to May 2002 to discuss their concerns about Defendant Yzaguirre's actions. Dkt# 58 ¶51, 54; Dkt # 41, ¶9.

On October 14, 2005, Defendant Yzaguirre served Interrogatories and Request for Production on Plaintiffs. Exh. 1. By agreement, the deadline for responses was extended until December 2, 2005.

On December 3, 2005, Defendant Yzaguirre received Plaintiff Weaver's answers to interrogatories. Pertinent excerpts are attached as Exh. 1. With some exceptions, Weaver's

answers to Interrogatories Nos. 7-11 mere referred Defendant to her pleadings.  Exh. 1.

Defendant Yzaguirre complained that these responses were inadequate and Plaintiff Weaver agreed to supplement them.  On December 29, 2005, Defendant received supplemental answers.  Exh. 2.

Weaver's answers (as supplemented) to Interrogatories 7-11 and 13-14 were in essence "see my pleadings" and to quote her pleadings.  Exh. 1, 2.  The questions and answers are set out below.

| | |
|---|---|
| 7. Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:<br><br>a. Defendant Yzaguirre accepted money or favors from any person or business to process fraudulent or improper vehicle registrations, title applications, or title transfers, stating the names and addresses of such persons, the amounts of money and the favors.<br><br>b. Defendant Yzaguirre gave special or preferential treatment to anyone in the processing of vehicle registrations, title transfers, or title applications, stating the names and addresses of such persons and describing each individual actual act of special/preferential treatment.<br><br>c. Defendant Yzaguirre engaged in unprofessional, corrupt, or unlawful activity, describing each such act and when it occurred and stating the names of the persons present or involved. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim<br><br>[Here Plaintiff inserts verbatim ¶¶46-50 from Plaintiffs' Rule 7a Reply; Dkt # 23]<br><br>This is what I recall at this time, if I recall additional information, I will supplement this interrogatory and/or provide the information in deposition testimony.<br><br>[Exh. 1, p. 4-5; Exh. 2, p. 4-6] |

| | | |
|---|---|---|
| 8. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that on any occasion you told Defendants or any third party that Defendant Yzaguirred did any illegal, improper, or corrupt act. For each occasion of speech, give the names and addresses of all present, the date of such speech activities, and state exactly what you said. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim<br><br>[Here Plaintiff inserts verbatim ¶¶46-50 from Plaintiffs' Rule 7a Reply; Dkt # 23]<br><br>This is what I recall at this time, if I recall additional information, I will supplement this interrogatory and/or provide the information in deposition testimony.<br><br>[Exh. 1, p. 5; Exh. 2, p. 6-8] |
| 9. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:<br><br>a. Defendant Yzaguirre terminated you for statements you made to any third parties;<br><br>b. Defendant Yzaguirre terminated you because you associated with any of the other Plaintiffs for the purpose of speaking out or encouraging others to do so. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶¶3-8 from Plaintiffs' Supplemental Rule 7a Reply; Dkt # 41]<br><br>This is what I recall at this time, if I recall additional information, I will supplement this interrogatory and/or provide the information in deposition testimony.<br><br>[Exh. 1, p. 5; Exh. 2, p. 8-9] |

| | | |
|---|---|---|
| 10. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that you were part of any association to speak out about alleged improprieties, encourage others to do so, or discuss same. Describe when and how the association began and who were its members. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim<br><br>[Here Plaintiff inserts verbatim ¶¶3, 5-7 from Plaintiffs' Supplemental Rule 7a Reply; Dkt #41]<br><br>This is what I recall at this time, if I recall additional information, I will supplement this interrogatory and/or provide the information in deposition testimony.<br><br>[Exh. 1, p. 5; Exh. 2, p. 9-10] |
| 11. | Identify specifically each vehicle registration, title transfer application, or title application you claim was fraudulent or improper that should have been rejected or questioned. For each instances, describe the reasons it was fraudulent or improper, the persons involved in the underlying sale or transfer, and how Defendant Yzaguirre knew of the alleged fraud or impropriety. | I cannot specify specific documents that I questioned, but I did see signatures there were not valid which were notarized by notaries like Estella Guerra.<br><br>This is what I recall at this time, if I recall additional information, I will supplement this interrogatory and/or provide the information in deposition testimony.<br><br>Exh. 1, p. 5-6; Exh. 2, p. 10. |

| | |
|---|---|
| 13. Identify specifically each act or omission of Defendant Yzaguirre as Cameron County Tax Assessor that you claim was fraudulent, illegal, improper, corrupt, or unprofessional. For each instance, describe the reasons it was fraudulent, illegal, improper, corrupt, or unprofessional, and the names and addresses of anyone involved in such conduct. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>I cannot specify which documents that I questioned but I did see signatures that were not valid which were notarized by notaries like Estella Guerra.<br><br>This is what I recall at this time, if I recall additional information, I will supplement this interrogatory and/or provide the information in deposition testimony.<br><br>Exh. 1, p. 86-87; Exh. 2, p. 11. |

## IV. Argument and Authorities

As this Court has noted, claims of retaliation for public speech are context sensitive. Dkt # 48, pp. 5-8. In several instances, the Court declined to grant Rule 12(b)(6) dismissal of admittedly ambiguous or unclear allegations to give Weaver the benefit of the doubt. However, Weaver makes global vague claims of numerous alleged improprieties and speech activities about them spanning several years. Discovery answers about her nebulous, expansive claims that say only "see pleadings" are worse than no help. They leave Defendants with little more than pages of conclusory pleadings as a guide to narrow discovery and prepare for trial.

Interrogatories must be answered separately and fully. FED. R. CIV. P. 33(b)(1). The purpose is to narrow discovery in order to prepare for trial and to have a verified basis to impeach a party. *United States v. West Virginia Pulp and Paper Co.,* 36 F.R.D. 250, 251

(S.D.N.Y. 1964). For that reason, a response that simply directs the opposing party to the pleadings is insufficient; incorporating the pleadings by reference is not responsive. *King v. E.F. Hutton & Co., Inc.,* 117 F.R.D. 2, 6 (D.C. 1987); *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 119-120 (N.D.Ga. 1972); *West Virginia Pulp and Paper Co.,* 36 F.R.D. at 251. For the same reason, an answer that merely quotes pleadings is insufficient and not responsive. *West Virginia Pulp and Paper Co.,* 36 F.R.D. at 251; *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.,* 144 F.R.D. 258, 263-64 (E.D.Pa. 1992); *Rickles, Inc. v. Frances Denney Corp.,* 508 F.Supp. 4, 7 (D.Mass. 1980). An evasive answer is a failure to answer. FED. R. CIV. P. 37(a)(3).

**Interrogatory 7.** Interrogatory 7A required Weaver to describe the factual basis that Yzaguirre in fact accepted bribes or favors to process fraudulent applications, identify each such person, describe the money or favor, and describe the factual basis that Yzaguirre in fact accepted bribes or favors to process fraudulent applications. Interrogatory 7B required she provide the factual basis for any claim he did special favors in processing vehicle registrations or titles, itemizing each act. Interrogatory 7C required she engaged in any corrupt or unprofessional act, naming the witness. Her answer provides none of these details; they mere parrot the pleadings this Court found insufficient or barely adequate. Exh. 2, pp. 4-6.

**Interrogatory 8.** This question required she give the details of each instance she allegedly spoke out about Yzaguirre, providing exactly what she said and who was present. Her answer provides none of these details; it says in essence, "read my pleadings."

**Interrogatory 9.** This question required she provide the factual basis for claiming

that Yzaguirre terminated her because of her alleged statement or being part of an alleged assocation. Her answer provides none of these details; it says in essence, "read my pleadings." Exh. 2, pp. 8-9. Defendant is left to guess what basis she has to show he knew of the alleged speech or her association in a group organized to speak out about him.

**Interrogatory 10.** Plaintiff plead in a conclusory manner that he and the other plaintiffs were part of an association to discuss and speak out about Yzaguirre. Interrogatory 10 required she identify all members of the association, when it began, and the factual basis that such an association existed. The answer provides none of this. Exh. 2, p. 9-10.

**Interrogatories 11 and 13.** These questions required she describe each improper or fraudulent act or vehicle registration, how it was illegal or improper, who were the witnesses, how Yzaguirre knew of the alleged illegality or impropriety, etc. Her answers admits she can not recall a specific document, but then says she say signature that were not valid from notaries like Estella Guerra. Exh. 2, p. 11. This fails to provide the requested information. Defendant is left to guess how any signatures were "not valid" and who are all the notaries or what they did.

## Conclusion

It is simply too late for Plaintiff Weaver to answer interrogatories by saying "read my pleadings" or "I'll tell more if and when I remember." Her conclusory pleadings survived Rule 12(b)(6) challenges only because the Court gave her nebulous allegations the benefit of the doubt. Plaintiffs began this suit with a specious claim that Defendants were about to destroy evidence, one that resulted in her admonishment in open court. Dkt #9, 11. The Court recently ordered her to supplement her defective Rule 26 disclosures and expert

designations.  Dkt #84, 86.  This demonstrates a pattern the Court should not tolerate.

The Court should grant the relief requested.

> Respectfully submitted,
>
> Richard Bilbie
> State Bar No. 02313500
> Federal I.D. No. 2239
> ARMANDO R. VILLALOBOS CAMERON COUNTY
> (DISTRICT) ATTORNEY
> 974 East Harrison Street
> Brownsville, Texas 78520
> Telephone: (956) 544-0849
> Facsimile: (956) 544-0869
>
> By  /s/ *Roger W. Hughes*
>     **Roger W. Hughes**
>     State Bar No. 10229500
>     Federal ID No. 5950
>     **Craig H. Vittitoe**
>     State Bar No. 20593900
>     Federal ID NO. 18756
>     **ADAMS & GRAHAM, L.L.P.**
>     P. O. Drawer 1429
>     Harlingen, Texas 78551-1429
>     Telephone: (956) 428-7495
>     Facsimile:  (956) 428-2954
>
> Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the January 16, 2006.

Ms. Gay E. Gilson                                                       *CM/RRR 7005 1160 0000 5657 5738*
**LAW OFFICE OF GAY E. GILSON**
719 South Shoreline, Suite 301A
Corpus Christi, TX 78401

| | |
|---|---|
| Mr. David Lee McGee<br>**LAW OFFICES OF DAVID LEE McGEE, P.C.**<br>201 S. 15th, Ste. 204, McAllen (78501)<br>701 Park Avenue<br>Corpus Christi, TX 78401 | *Via Ordinary Mail* |
| Mr. Charles Willette<br>**WILLETTE & GUERRA, L.L.P.**<br>1534 East 6th Street, Suite 200<br>Brownsville, TX 78520 | *Via Ordinary Mail* |
| Mr. Richard Bilbie<br>ARMANDO R. VILLALOBOS<br>CAMERON COUNTY (DISTRICT) ATTORNEY<br>974 East Harrison Street<br>Brownsville, Texas 78520 | *Via Ordinary Mail* |
| Mr. Richard Burst<br>**CAMERON COUNTY ATTORNEY**<br>964 E. Harrison<br>Brownsville, TX 78520 | *Via Ordinary Mail* |

                                          /s/ *Roger W. Hughes*
                                          Roger W. Hughes