IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, et al. | : | |
| Plaintiffs | : | |
| vs. | : | CIVIL ACTION NO. B-03-096 |
| CAMERON COUNTY, et al. | : | |
| Defendants | : | |

### DEFENDANT TONY YZAGUIRRE'S MOTION TO COMPEL
### PLAINTIFF ALVARADO TO PROVIDE
### ADEQUATE ANSWERS TO INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendant Tony Yzaguirre, Jr.**, and files his **Motion to Compel Plaintiff Alvarado to Provide Adequate Answers to Interrogatories**, and would respectfully show the Court as follows:

### I. Certificate of Conference

Counsel for Defendant Yzaguirre have conferred with counsel for Plaintiffs and Defendant Cameron County. No resolution of this motion could be reached with Plaintiffs; Cameron County does not oppose this motion.

### II. Relief Requested

This is a suit by four Plaintiffs under 42 U.S.C. §1983 for alleged retaliation for speech activities and association. Dkt #58, 59. On October 14, 2005, Defendant Yzaguirre sent Plaintiffs interrogatories. On December 3 and 29, 2005, Plaintiff Alvarado served

inadequate, evasive answers to them.

Defendants request the Court order that with 10 days of entry of an order on this motion that Plaintiff Alvarado

    a.    provide complete answers to Interrogatories 7-11 and 13;

    b.    that she be limited in her proof at trial on her speech retaliation claims to the alleged attempt to leave a message for David Montoya and the allege conditional offer of employment; and,

    c.    that she not be permitted to offer evidence of any other alleged improprieties or that she spoke out on any other alleged improprieties, illegal or corrupt acts.

### III.  Factual Background

This Court dismissed Plaintiff Alvarado's association claims based on being Plaintiff Weaver's sister. Order of March 31, 2004, Dkt #49, pp. 18-19. The Court concluded that here claims of associating with her coworker/Plaintiffs from 2001 to May 2002 were sufficient to avoid Rule 12(b)(6) dismissal, but may not ultimately survive a motion for summary judgment. Order of March 31, 2005, Dkt #65, p. 5.

Alvarado also claims she was pressured to resign because she left a voice message on the telephone of the Executive Director of the Texas Board of Tax Professional Examiners. Dkt #41, ¶13. The Court noted Alvarado was ambiguous about what message she left and its content. Order of March 31, 2005, Dkt #65, p. 3. The Court chose not to grant Rule 12(b) dismissal only because it would resolve any ambiguity in her favor. Order of March 31, 2005, Dkt #65, p. 4. She also alleges that she witnessed vehicle registrations processed without proof of insurance and that Defendant waived penalties when "his friends" late filed

their car deal inventory tax forms. Dkt #58, ¶56-57. She alleges she told Defendant's chief deputy the tax was not properly administered. Dkt #41, ¶14.

Finally, Plaintiff alleged that in "April, early May" Defendant County offered her a conditional offer of employment provided she drop this lawsuit, which was speech retaliation. Dkt #58, ¶66. The Court noted this allegation was "unclear," but chose to resolve the ambiguity in Alvarado's favor. Order of August 2, 2005, Dkt #65, p. 5 n. 3.

On October 14, 2005, Defendant Yzaguirre served Interrogatories to Plaintiffs. Exh. 1. By agreement, the deadline for responses was extended until December 2, 2005.

On December 3, 2005, Defendant Yzaguirre received Plaintiff Alvarado's answers to interrogatories. Pertinent excerpts are attached as Exh. 1. With some exceptions, Alvarado's answers to Interrogatories Nos. 7-11 mere referred Defendant to her pleadings. Exh. 1.

Defendant Yzaguirre complained that these responses were inadequate and Plaintiff Alvarado agreed to supplement them. On December 29, 2005, Defendant received supplemental answers. Exh. 2. Alvarado's answers to Interrogatories 7-11 and 13-14 (as supplemented) was in essence to quote her pleadings. Exhs. 1, 2. The questions and answers are set out below.

| | | |
|---|---|---|
| 7. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:<br><br>a.   you observed the processing of fraudulent or improper vehicle registrations, title applications, or title transfers, stating the names and addresses of such persons involved.<br><br>b.   that you were ordered to perform vehicle title transfers and registrations without proof of insurance, stating when this occurred and the names and address of all personal present.<br><br>c.   Defendant Yzaguirre allowed "his friends" to file late vehicle inventory tax reports, waived fees for them, or allowed dealers to continue transactions or transfer titles, describing the names and addresses of each such person and when each instance occurred. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶¶57-58 from Plaintiffs' Rule 7a Reply; Dkt # 23]<br><br>Other than the incidents cited herein, Plaintiff cannot recall any other specific transactions. If Plaintiff recalls any of these specific transactions, she will supplement this interrogatory and/or provide that information during deposition.<br><br>[Exh. 1, p. 4; Exh. 2, p.4] |

| 8. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that on any occasion you told Defendants or any third party that Defendant Yzaguirred did any illegal, improper, or corrupt act. For each occasion of speech, give the names and addresses of all present, the date of such speech activities, and state exactly what you said. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶14 from Plaintiffs' Supplemental Rule 7a Reply and ¶66 from Plaintiffs Second Amended Complaing; Dkt #41, 58]<br><br>These are the specific incidents of speech, other than incidents associated with the association claim, which Plaintiff recalls at this time. If she recalls additional incidents, she will supplement her responses to discovery and/or provide the information through deposition testimony.<br><br>[Exh.1, p. 5; Exh. 2, p. 5] |

| | | |
|---|---|---|
| 9. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:<br><br>a.  you transfer in 2003 to the San Benito branch office was an adverse employment action;<br><br>b.  Defendant Yzaguirre transferred you because you associated with any of the other Plaintiffs for the purpose of speaking out or encouraging others to do so or had complained of his actions;<br><br>c.  Defendants subjected you to a severe and hostile work environment.<br><br>d.  you called David Montoya and/or the Texas Board of Tax Professional Examiners and made a complaint, giving the dates of such contacts, the names of the persons with whom you spoke, and the exact complaints you communicated concerning Defendant Yzaguirre. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶13 from Plaintiffs' Supplemental Rule 7a Reply; Dkt # 41]<br><br>If Plaintiff recalls additional information, this interrogatory will be supplemented and/or the information provided through deposition testimony.<br><br>[Exh. 1, p. 6; Exh. 9, p. 6] |

| | | |
|---|---|---|
| 10. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that you were part of any association to speak out about alleged improprieties, encourage others to do so, or discuss same. Describe when and how the association began and who were its members. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶¶9, 13 from Plaintiffs' Supplemental Rule 7a Reply; Dkt # 41]<br><br>[Exh. 1, p. 5; Exh. 2, p. 7-8] |
| 11. | Identify specifically (1) each vehicle registration, title transfer application, title application, or instance you claim was fraudulent or improper, and (2) each instance that Defendant Yzaguirre permitted late inventory tax reports or waived fees. For each instances, describe the reasons it was fraudulent or improper, the persons involved, and how Defendant Yzaguirre knew of the alleged fraud or impropriety. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶57 from Plaintiffs' Rule 7a Reply; Dkt # 23] If Plaintiff recalls any of these specific transactions, she will supplement this interrogatory and/or provide that information during deposition.<br><br>[Here Plaintiff inserts verbatim ¶58 from Plaintiffs' Rule 7a Reply; Dkt #23] Other than the incidents cited herein, Plaintiff cannot recall any other specific transactions. If Plaintiff recalls any of these specific transactions, she will supplement this interrogatory and/or provide that information during deposition.<br><br>[Exh. 1, p. 6; Exh. 2, p. 9] |

| | |
|---|---|
| 13.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that Cameron County made an offer of employment conditioned upon your dismissal of this lawsuit, describing each time such an offer was made, the exact wording of this offer, and the names and address of the persons making the offer and present when it was made | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶66 from Plaintiffs' Second Am. Complaint; Dkt #58]<br>A copy of Plaintiff's response to this job offer, which was sent by email to the county, has been provided to Defendants.<br><br>[Exh. 4, p. 85-6; Exh. 9, p. 9-10] |

## IV.  Argument and Authorities

As this Court has noted, claims of retaliation for public speech are context sensitive. March 31, 2004, Order; Dkt #48, pp. 5-8.  In several instances, the Court declined to grant Rule 12(b)(6) dismissal of admittedly ambiguous or unclear allegations to give Alvarado the benefit of the doubt.  However, Alvarado makes global vague claims of numerous alleged improprieties and speech activities about them spanning several years.  Discovery answers about her nebulous, expansive claims that say only "see pleadings" are worse than no help. They leave Defendants with little more than pages of conclusory pleadings as a guide to narrow discovery and prepare for trial.

Interrogatories must be answered separately and fully.  FED. R. CIV. P. 33(b)(1).  The purpose is to narrow discovery in order to prepare for trial and to have a verified basis to impeach a party.  *United States v. West Virginia Pulp and Paper Co.,* 36 F.R.D. 250, 251 (S.D.N.Y. 1964).  For that reason, a response that simply directs the opposing party to the pleadings is insufficient; incorporating the pleadings by reference is not responsive.  *King*

*v. E.F. Hutton & Co., Inc.,* 117 F.R.D. 2, 6 (D.C. 1987); *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 119-120 (N.D.Ga. 1972); *West Virginia Pulp and Paper Co.,* 36 F.R.D. at 251. For the same reason, an answer that merely quotes pleadings is insufficient and not responsive. *West Virginia Pulp and Paper Co.,* 36 F.R.D. at 251; *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.,* 144 F.R.D. 258, 263-64 (E.D.Pa. 1992); *Rickles, Inc. v. Frances Denney Corp.,* 508 F.Supp. 4, 7 (D.Mass. 1980). An evasive answer is a failure to answer. FED. R. CIV. P. 37(a)(3).

Plaintiff's pleadings do not provide the kind of specifics and details the interrogatories call for. In several instances the questions call for the exact specifics of what she said, where this occurred and who was present; none of this is provided.

**Interrogatories 7 and 11.** These questions required Alvarado to identify each instance of improper vehicle registration, failure to require insurance, or vehicle inventory tax improprieties, name the witnesses, who were "the friends," etc. The answer provides none of this. Exh. 2, pp. 4, 9. Defendant is left to guess about the specifics of her allegations.

**Interrogatories 8 and 9D.** These questions required Alvarado identify each instance she claims she spoke out about alleged improprieties, the witnesses, exactly what she said, etc. Specifically, she was asked to state exactly what was the exact "message" she alleges she left on the telephone of the Executive Director of the Texas Board of Tax Professional Examiners. Her answer provide none of this information. Exh. 2, pp. 5, 6. Defendant is left to guess what (if anything) she complained, what (if anything) she accused him of doing, her exact words, who were the witnesses, etc.

**Interrogatory 9.**  Plaintiff alleges her transfer to the Defendant's San Benito office was an adverse employment action in retaliation for speech and that she was subjected to a hostile work environment there due to her association and speech.  Dkt #58, ¶64-65; Dkt #41, ¶13.  Interrogatory 9 required her to provide the factual basis for these claims.  Her answer provides none.  Exh. 2, p. 6.  Defendant is left to guess why the transfer could be considered punitive, how the environment there was hostile, how this is attributable to Defendant, etc.

**Interrogatory 10.**  Plaintiff plead in a conclusory manner that she and the other plaintiffs were part of an association to discuss and speak out about Yzaguirre.  Dkt #41, ¶ 9, 13.  Interrogatory 10 required she identify all members of the association, when it began, and the factual basis that such an association existed.  The answer provides none of this.  Exh. 2, p. 7-8.

**Interrogatory 13.**  This question required she provide the factual basis for her claim that Cameron County extended her a job offer conditioned upon her dropping this suit, specifying the exact language or terms of the offer.  Her answer does not provide this information.  She refers to a copy of her "response" the offer and a copy is attached as Exhibit 3.  However, neither her answer nor Exhibit 3 provides this information.

### Conclusion

It is simply too late for Plaintiff Alvarado to answer interrogatories by saying "read my pleadings" or "I'll tell more if and when I remember."  Her conclusory pleadings survived Rule 12(b)(6) challenges only because the Court gave her nebulous allegations the benefit of the doubt.  Plaintiffs began this suit with a specious claim that Defendants were

about to destroy evidence, one that resulted in her admonishment in open court.  Dkt #9, 11.  The Court recently ordered her to supplement her defective Rule 26 disclosures and expert designations.  Dkt #84, 86.  This demonstrates a pattern the Court should not tolerate.

The Court should grant the relief requested.

Respectfully submitted,

Richard Bilbie
State Bar No. 02313500
Federal I.D. No. 2239
ARMANDO R. VILLALOBOS CAMERON COUNTY (DISTRICT) ATTORNEY
974 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 544-0849
Facsimile: (956) 544-0869

By /s/ *Roger W. Hughes*
  **Roger W. Hughes**
  State Bar No. 10229500
  Federal ID No. 5950
  **Craig H. Vittitoe**
  State Bar No. 20593900
  Federal ID NO. 18756
  **ADAMS & GRAHAM, L.L.P.**
  P. O. Drawer 1429
  Harlingen, Texas 78551-1429
  Telephone: (956) 428-7495
  Facsimile:  (956) 428-2954

Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the January 16, 2006.

Ms. Gay E. Gilson                                                              *CM/RRR 7005 1160 0000 5657 5738*
**LAW OFFICE OF GAY E. GILSON**
719 South Shoreline, Suite 301A
Corpus Christi, TX 78401

Mr. David Lee McGee                                                              *Via Ordinary Mail*
**LAW OFFICES OF DAVID LEE McGEE, P.C.**
201 S. 15th, Ste. 204, McAllen (78501)
701 Park Avenue
Corpus Christi, TX 78401

Mr. Charles Willette                                                              *Via Ordinary Mail*
**WILLETTE & GUERRA, L.L.P.**
1534 East 6th Street, Suite 200
Brownsville, TX 78520

Mr. Richard Bilbie                                                              *Via Ordinary Mail*
ARMANDO R. VILLALOBOS
CAMERON COUNTY (DISTRICT) ATTORNEY
974 East Harrison Street
Brownsville, Texas 78520

Mr. Richard Burst                                                              *Via Ordinary Mail*
**CAMERON COUNTY ATTORNEY**
964 E. Harrison
Brownsville, TX 78520

 

                                    /s/ *Roger W. Hughes*
                                    Roger W. Hughes