MOTION TO COMPEL
EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; | § | |
| RUTH WEAVER; | § | |
| DIAMANTINA ALVARADO; AND | § | |
| LINDA GARCIA | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | Civil Action No. 03-CV-96 |
| | § | |
| CAMERON COUNTY and | § | **JURY TRIAL REQUESTED** |
| TONY YZAGUIRE, JR., Tax Assessor- | § | |
| Collector of Cameron County and Director, | § | |
| Cameron County Automobile Crimes | § | |
| Enforcement Task Force, in his | § | |
| individual capacity | § | |

**DIAMANTINA ALVARADO'S RESPONSES
TO DEFENDANT'S INTERROGATORIES**

Now comes Plaintiff and provides the following responses to Defendant's interrogatories.

Respectfully submitted,

By: ___/S/ Gay E. Gilson___
GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
ATTORNEY IN CHARGE FOR PLAINTIFFS

1

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
CO COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Charles Willette
Willette & Guerra, L.L.P.
1534 East 6th Street Suite 200
Brownsville, Texas 78520

on this December 2, 2005.

Gay E. Gilson

1.    Please identify yourself by supplying your full name, current address, telephone number, social security number and date of birth.

ANSWER:    Diamantina Alvarado
           676 Florence Lane
           Brownsville, Texas 78520
           (956) 982-0432
           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
           11/05/72

2.    Please list for each place of your employment since leaving employment the Cameron County Tax Assessor giving the following information:

      a)    name and address of your employer;
      b)    the date that you commenced working for such employer and the date that you left; and
      c)    your position and compensation.

ANSWER:

      a)    Dillards Department Store
            Sunrise Mall
            Brownsville, Texas 78520
      b)    I started working for Dillards in approximately February 5, 2002 and I still work there.
      c)    I am employed as a Estee Lauder Beauty Advisor, part time, and I make approximately $13.75/hour. I work approximately 20-30 hours/week.

      a)    Cameron County Appraisal District
            2021 Amistad Drive
            San Benito, Texas 78586
      b)    I worked for the District from approximately May 2003 to approximately June 2003.
      c)    I was employed as a clerk and I made approximately $7.00/hour.

3.    Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital or clinic who has examined, treated you or with whom you have consulted, or to whom you have gone for any reason for a period of since January 1, 1998, by giving the name, address and telephone number of each such healthcare provider; describe the reason for treatment.

ANSWER:    Dr. Jose Estrella
           Monterrey N.L. Mexico

4.     Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital or clinic who has examined, treated you or with whom you have consulted by reason of your consortium claim which forms the basis of this lawsuit by giving the name, address and telephone number of each such healthcare provider; and the condition or reason for treatment.

ANSWER:     Dr. Jose Estrella
            Monterrey N.L. Mexico
            Consulted for being overweight and for depression.

5.     Have you ever been arrested, indicted for, plead guilty to or been found guilty of any crime? If so, please state when and where and the nature of the charge.

ANSWER:     No.

6.     Have you ever been a party to a lawsuit prior the present suit? If so, please state the nature of the suit, the court in which said suit took place in, including the complete style, the cause of action, whether you were Plaintiff or Defendant, the date each such suit was filed and the final disposition of said suit.

ANSWER:     No.

7.     Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:

    a.     you observed the processing of fraudulent or improper vehicle registrations, title applications or title transactions, stating the names and addresses of such persons involved.

    b.     that you were ordered to perform vehicle title transfers and registrations without proof of insurance, stating when this occurred and the names and address of all personal present.

    c.     Defendant Yzaguirre allowed "his friends" to file late vehicle inventory tax reports, waived fees for them, or allowed dealers to continue transactions or transfer titles, describing the names and addresses of each such person and when each instance occurred.

ANSWER:     I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

4

8.    Please state and describe your lega.                    ...n basis for those contentions
      pertaining to your claim that on any o                  .efendants or any third party that
      Defendant Yzaguirre did any illegal, improper, or corrupt act. For each occasion of
      speech, give the names and addresses of all present, the date of such speech activities, and
      state exactly what you said.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to
           me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed
           and explain the basis of my claims.

9.    Please state and describe your legal contentions and the factual basis for those contentions
      pertaining to your claim that:

      a.    you transfer in 2003 to the San Benito branch office was an adverse employment
            action;

      b.    Defendant Yzaguirre transferred you because you associated with any of the other
            Plaintiffs for the purpose of speaking out or encouraging others to do so or had
            complained of his actions;

      c.    Defendants subjected you to a severe and hostile work environment.

      d.    You called David Montoya and/or the Texas Board of Tax Professional Examiners
            and made a complaint, giving the dates of such contacts, the names of the persons
            with whom you spoke, and the exact complaints you communicated concerning
            Defendant Yzaguirre.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to
           me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed
           and explain the basis of my claims.

10.   Please state and describe your legal contentions and the factual basis for those contentions
      pertaining to your claim that you were part of any association to speak out about alleged
      improprieties, encourage others to do so, or discuss same. Describe when and how the
      association began and who were its members.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to
           me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed
           and explain the basis of my claims.

11.    Identify specifically (1) each vehicle registration, title transfer application, title application or instance you claim was fraudulent or improper, and (2) each instance that Defendant Yzaguirre permitted late inventory tax reports or waived fees. For each instances, describe the reasons it was fraudulent or improper, the persons involved, and how Defendant Yzaguirre knew of the alleged fraud or impropriety.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

12.    For each person identified by you in your disclosures, provide a description of the relevant facts known to that person.

ANSWER:    Vicenta Cantu
c/o Law Office of Gay E. Gilson
719 S. Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Plaintiff in this case. Has knowledge of the claims, facts and damages as specified in complaint.

Felix R. Munoz
c/o Law Office of Gay E. Gilson
719 S. Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Plaintiff in this case. Has knowledge of the claims, facts and damages as specified in complaint.

RuthWeaver
c/o Law Office of Gay E. Gilson
719 S. Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Plaintiff in this case. Has knowledge of the claims, facts and damages as specified in complaint.

Diamantina Alvarado
c/o Law Office of Gay E. Gilson
719 S. Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Plaintiff in this case. Has knowledge of the claims, facts and damages as specified in complaint.

6

Byron Joe Harmon
9 Cela Ave. Apt 7
Brownsville, Texas 78520
May have knowledge of improper title transactions made the basis of this lawsuit.

Clifford Allen Carroll
Marilyn Rose Carroll
612 2nd Street
Radford, VA 24141-1432
May have knowledge of improper title transactions made the basis of this lawsuit.

Sonia Castano
234 Southmost Rd
Brownsville, Texas 78520
May have knowledge of improper title transactions made the basis of this lawsuit.

UMS Unidad Medica Sandoval and the custodian of records
Analisis Clinicos
Q.F.B. Celia Carrera Martinez
Ej. Estacion Sandoval Mpio. De H. Matamoros, Tam.
Tel: 847-21-15
Provided medical services to Vicenta Cantu for damages she sustained as a result of the facts
made the basis of this lawsuit. May be called to provide expert testimony.

Dr. Gustavo M. Rivero Aragon and his custodians of records
Universidad Autonoma De Guerrero
Domicilio Concocido S/N
Estacion Sandoval
H. Matamoros, Tamps
Tel: 868 847-2115
Provided medical services to Vicenta Cantu for damages she sustained as a result of the facts
made the basis of this lawsuit. May be called to provide expert testimony.

13.    Please state and describe your legal contentions and the factual basis for those contentions
       pertaining to your claim that Cameron County made an offer of employment conditioned
       upon your dismissal of this lawsuit, describing each time such an offer was made, the exact
       wording of this offer, and the names and address of the persons making the offer and
       present when it was made.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to
           me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed
           and explain the basis of my claims.

85

14.    State the amounts of money you claim in your Prayer for Relief for each type of monetary damage (e.g. compensatory damages, actual damages, punitive damages, front pay, back pay, loss of past and future earnest, lost of retirement/other benefits, and mental anguish); state each element separately.

ANSWER:    I will leave the amount of damages for such things as mental anguish, emotional distress, hurt, shame and humiliation to the jury to decide. Also, I leave the amount of punitive damages to the jury. I need to conduct further discovery in order to determine damages related to pay and other benefits.

## AFFIDAVIT OF Diamantina Alvarado

STATE OF TEXAS                       §
                                     §
COUNTY OF NUECES                     §

BEFORE ME, the undersigned authority, on this day personally appeared Diamantina Alvarado after being by me duly sworn did upon his oath depose and say:

"I am the Plaintiff in the above styled and numbered cause, and I have read the foregoing answers to Interrogatories propounded by the Defendant and state that the same are true and correct."

Diamantina Alvarado

SWORN TO AND SUBSCRIBED BEFORE ME by the said Plaintiff, Diamantina Alvarado, on this _01 December 2005_ to certify which witness my hand and seal of office.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

ROLANDO PEREZ GARZA
Notary Public, State of Texas
My Commission Expires
January 25, 2009

MY COMMISSION EXPIRES: _01/25/09_

MOTION TO COMPEL
EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; | § | |
| RUTH WEAVER; | § | |
| DIAMANTINA ALVARADO; AND | § | |
| LINDA GARCIA | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | Civil Action No. 03-CV-96 |
| | § | |
| CAMERON COUNTY and | § | **JURY TRIAL REQUESTED** |
| TONY YZAGUIRE, JR., Tax Assessor- | § | |
| Collector of Cameron County and Director, | § | |
| Cameron County Automobile Crimes | § | |
| Enforcement Task Force, in his | § | |
| individual capacity | § | |

## DIAMANTINA ALVARADO'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES

Now comes Plaintiff and provides the following responses to Defendant's interrogatories.

Respectfully submitted,

By: _____
GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
ATTORNEY IN CHARGE FOR PLAINTIFFS

1

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
CO COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Charles Willette
Willette & Guerra, L.L.P.
1534 East 6th Street Suite 200
Brownsville, Texas 78520

on this December 19, 2005.

Gay E. Gilson

2

1.    Please identify yourself by supplying your full name, current address, telephone number, social security number and date of birth.

ANSWER:    Diamantina Alvarado
           676 Florence Lane
           Brownsville, Texas 78520
           (956) 982-0432
           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
           11/05/72

2.    Please list for each place of your employment since leaving employment the Cameron County Tax Assessor giving the following information:

      a)    name and address of your employer;
      b)    the date that you commenced working for such employer and the date that you left; and
      c)    your position and compensation.

ANSWER:

      a)    Dillards Department Store
            Sunrise Mall
            Brownsville, Texas 78520
      b)    I started working for Dillards in approximately February 5, 2002 and I still work there.
      c)    I am employed as a Estee Lauder Beauty Advisor, part time, and I make approximately $13.75/hour. I work approximately 20-30 hours/week.

      a)    Cameron County Appraisal District
            2021 Amistad Drive
            San Benito, Texas 78586
      b)    I worked for the District from approximately May 2003 to approximately June 2003.
      c)    I was employed as a clerk and I made approximately $7.00/hour.

3.    Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital or clinic who has examined, treated you or with whom you have consulted, or to whom you have gone for any reason for a period of since January 1, 1998, by giving the name, address and telephone number of each such healthcare provider; describe the reason for treatment.

ANSWER:    Dr. Jose Estrella
           Monterrey N.L. Mexico

3

4.  Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital or clinic who has examined, treated you or with whom you have consulted by reason of your consortium claim which forms the basis of this lawsuit by giving the name, address and telephone number of each such healthcare provider; and the condition or reason for treatment.

ANSWER:    Dr. Jose Estrella
           Monterrey N.L. Mexico
           Consulted for being overweight and for depression.

5.  Have you ever been arrested, indicted for, plead guilty to or been found guilty of any crime? If so, please state when and where and the nature of the charge.

ANSWER:    No.

6.  Have you ever been a party to a lawsuit prior the present suit? If so, please state the nature of the suit, the court in which said suit took place in, including the complete style, the cause of action, whether you were Plaintiff or Defendant, the date each such suit was filed and the final disposition of said suit.

ANSWER:    No.

7.  Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:

    a.  you observed the processing of fraudulent or improper vehicle registrations, title applications or title transactions, stating the names and addresses of such persons involved.

    b.  that you were ordered to perform vehicle title transfers and registrations without proof of insurance, stating when this occurred and the names and address of all personal present.

    c.  Defendant Yzaguirre allowed "his friends" to file late vehicle inventory tax reports, waived fees for them, or allowed dealers to continue transactions or transfer titles, describing the names and addresses of each such person and when each instance occurred.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

    a.  Starting in May of 1997, Plaintiff Alvarado witnessed vehicle registration and title

4

transfers being processed with fraudulent documentation by Lomita De Leon, Plaintiff's Supervisor. Further, Plaintiff Alvarado was ordered by Ms. De Leon to perform vehicle title transfers and registrations without proof of insurance. At this time, Plaintiff cannot specify any of these transactions. If Plaintiff recalls any of these specific transactions, she will supplement this interrogatory and/or provide that information during deposition.

b.    The Cameron County Tax Assessor-Collector is required by State law to collect a Special Inventory Tax which are taxes collected by car dealers when a vehicle is purchased. The Tax Assessor-Collector obtain the sales information to keep records and collect fees required by State law. Defendant Yzaguirre allowed his friends to file late reports and, at times, he waived the $500.00 fee for his friends. Further, Defendant Yzaguirre allowed car dealers who failed to meet the reporting requirements to continue to do transfer of titles. Mr. Jesse Garcia also participated in waiving the $500.00 fee and allowing car dealers to continue transactions even though they failed to meet the reporting requirements. Other than the incidents cited herein, Plaintiff cannot recall any other specific transactions. If Plaintiff recalls any of these specific transactions, she will supplement this interrogatory and/or provide that information during deposition.

8.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that on any occasion you told Defendants or any third party that Defendant Yzaguirre did any illegal, improper, or corrupt act. For each occasion of speech, give the names and addresses of all present, the date of such speech activities, and state exactly what you said.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

The legal contention is that I am alleging violation of my right to free speech as well as a right to association. This interrogatory requests only information relevant to the free speech claim.

The speech of those associated with was imputed to me. Their speech is detailed in the pleadings and 7a Replys as well as in their discovery responses.

During the pendency of the Special Inventory Tax, Plaintiff Alvarado spoke out to Jesse Garcia, Jr., Chief Deputy - Administration, that the tax was not being properly administered. This speech started in approximately 1998 and continued, almost on a monthly basis, until Plaintiff Alvarado was involuntarily transferred to the auto clerk position in the San Benito Branch Office. Plaintiff alleges that her speech to Mr. Garcia is protected speech under the First Amendment to the

5

United States Constitution and that the adverse actions taken against her were also due to this protected speech.

At the end of April - early May, Plaintiff Alvarado was extended an offer of employment for a position as secretary for the Emergency Response Department for Defendant Cameron County. The offer was extended through the County Judge. The offer was made under the terms that Plaintiff dismiss her lawsuit against Cameron County and Tony Yzaguirre. The County Judge's extending the offer of employment contingent upon Plaintiff Alvarado dismissing this lawsuit is a violation of Plaintiff Alvarado's rights under the First Amendment to the United States Constitution. Further, Plaintiff Alvarado alleges that she has engaged in further protected speech as the speech contained in this lawsuit and related documents which have been publicly filed are protected speech pursuant to the First Amendment to the United States Constitution. Plaintiff Alvarado alleges that she has been retaliated against by Defendants for the speech contained in this lawsuit and related documents which have been filed connected to the prosecution of this lawsuit. Plaintiff Alvarado lost a job opportunity in retaliation for her protected speech.

These are the specific incidents of speech, other than incidents associated with the association claim, which Plaintiff recalls at this time. If she recalls additional incidents, she will supplement her responses to discovery and/or provide the information through deposition testimony.

9.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:

a.    you transfer in 2003 to the San Benito branch office was an adverse employment action;

b.    Defendant Yzaguirre transferred you because you associated with any of the other Plaintiffs for the purpose of speaking out or encouraging others to do so or had complained of his actions;

c.    Defendants subjected you to a severe and hostile work environment.

d.    You called David Montoya and/or the Texas Board of Tax Professional Examiners and made a complaint, giving the dates of such contacts, the names of the persons with whom you spoke, and the exact complaints you communicated concerning Defendant Yzaguirre.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed

6

and explain the basis of my claims.

a & b   On or about February 28, 2003, Plaintiff Alvarado was involuntarily transferred
c & d   and demoted from her position as Supervisor Property Tax Division at the Central
Office to the position of auto clerk in the San Benito Branch Tax Office. Plaintiff
Alvarado was ordered to report to Linda Garcia. Plaintiff Alvarado alleges that
her involuntarily transfer and demotion was a direct result of her protected speech
and association with Plaintiffs Cantu, Weaver and Munoz. The transfer is an
adverse action against Plaintiff Alvarado as it was an undesirable transfer and a
substantial change in duties wherein her supervisory duties were taken away;
Defendant Yzaguirre ordered that Plaintiff Alvarado not be allowed to use the
computer, not be advised of events occurring within the office; not be allowed to
use the telephone to make long-distance calls because Plaintiff Alvarado had
previously called the Executive Director, David E. Montoya, of the Board of Tax
Professional Examiners located in Austin, Texas wherein she left a message
attempting to make a complaint against Defendant Yzaguirre stating that he was
violating Texas laws in the manner in which he was running the office and that
she was being denied required training so that her license may be updated. Mr.
Montoya returned Plaintiff Alvarado's call, but the office staff was instructed to
not allow the call to go through to Plaintiff Alvarado. Plaintiff Alvarado's act of
associating with Plaintiff Cantu on February 26, 2003 at Dillards Department
Store is protected by the First Amendment to the United States Constitution.
Further, Plaintiff Alvarado's speech of contacting Mr. Montoya and making a
complaint is protected speech by the First Amendment to the United States
Consitution. Plaintiff Alvarado suffered retaliation by being involuntarily
transferred because of her association with Plaintiff Cantu – and Plaintiff
Alvarado was retaliated against for Plaintiff Cantu's speech as set-out specifically
herein was imputed to Plaintiff Alvarado. One reason that the transfer was an
adverse action is that San Benito is located farther from Plaintiff Alvarado's home
and second job at Dillards Department Store. Defendants knew that by
transferring her to the San Benito office it would be more difficult for her to get to
and from work and to continue her part-time job at Dillards Department Store.
Further, transfer of that nature was known by employees as a means by which
Defendants terminated employees.

If Plaintiff recalls additional information, this interrogatory will be supplemented
and/or the information provided through deposition testimony.

10.   Please state and describe your legal contentions and the factual basis for those contentions
pertaining to your claim that you were part of any association to speak out about alleged
improprieties, encourage others to do so, or discuss same. Describe when and how the
association began and who were its members.

7

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

Plaintiffs Cantu, Munoz, Weaver and Alvarado closely associated with each other in the performance of their duties for Defendant. Plaintiff Cantu, Plaintiff Weaver and Plaintiff Alvarado went to lunch together almost every day and worked closely together in the office. From 2001 to approximately May 2002, Plaintiff Cantu, Plaintiff Weaver, and Plaintiff Alvarado, discussed their concerns about Defendant Yzaguirre's unlawful actions in processing vehicle title registrations. The adverse actions taken against Plaintiffs Cantu, Munoz, Alvardo and Weaver were also taken against them because of their close association with each other in speaking out against Defendant Yzaguirre's unlawful actions in the processing of vehicle title registrations.

On or about February 28, 2003, Plaintiff Alvarado was involuntarily transferred and demoted from her position as Supervisor Property Tax Division at the Central Office to the position of auto clerk in the San Benito Branch Tax Office. Plaintiff Alvarado was ordered to report to Linda Garcia. Plaintiff Alvarado alleges that her involuntarily transfer and demotion was a direct result of her protected speech and association with Plaintiffs Cantu, Weaver and Munoz. The transfer is an adverse action against Plaintiff Alvarado as it was an undesirable transfer and a substantial change in duties wherein her supervisory duties were taken away; Defendant Yzaguirre ordered that Plaintiff Alvarado not be allowed to use the computer, not be advised of events occurring within the office; not be allowed to use the telephone to make long-distance calls because Plaintiff Alvarado had previously called the Executive Director, David E. Montoya, of the Board of Tax Professional Examiners located in Austin, Texas wherein she left a message attempting to make a complaint against Defendant Yzaguirre stating that he was violating Texas laws in the manner in which he was running the office and that she was being denied required training so that her license may be updated. Mr. Montoya returned Plaintiff Alvarado's call, but the office staff was instructed to not allow the call to go through to Plaintiff Alvarado. Plaintiff Alvarado's act of associating with Plaintiff Cantu on February 26, 2003 at Dillards Department Store is protected by the First Amendment to the United States Constitution. Further, Plaintiff Alvarado's speech of contacting Mr. Montoya and making a complaint is protected speech by the First Amendment to the United States Consitution. Plaintiff Alvarado suffered retaliation by being involuntarily transferred because of her association with Plaintiff Cantu – and Plaintiff Alvarado was retaliated against for Plaintiff Cantu's speech as set-out specifically herein was imputed to Plaintiff Alvarado. One reason that the transfer was an adverse action is that San Benito is located farther from Plaintiff Alvarado's home and second job at Dillards Department Store. Defendants knew that by

8

transferring her to the San Benito office it would be more difficult for her to get to and from work and to continue her part-time job at Dillards Department Store. Further, transfer of that nature was known by employees as a means by which Defendants terminated employees.

11.  Identify specifically (1) each vehicle registration, title transfer application, title application or instance you claim was fraudulent or improper, and (2) each instance that Defendant Yzaguirre permitted late inventory tax reports or waived fees. For each instances, describe the reasons it was fraudulent or improper, the persons involved, and how Defendant Yzaguirre knew of the alleged fraud or impropriety.

ANSWER:  I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

   a.  Starting in May of 1997, Plaintiff Alvarado witnessed vehicle registration and title transfers being processed with fraudulent documentation by Lomita De Leon, Plaintiff's Supervisor. Further, Plaintiff Alvarado was ordered by Ms. De Leon to perform vehicle title transfers and registrations without proof of insurance. At this time, Plaintiff cannot specify any of these transactions. If Plaintiff recalls any of these specific transactions, she will supplement this interrogatory and/or provide that information during deposition.

   b.  The Cameron County Tax Assessor-Collector is required by State law to collect a Special Inventory Tax which are taxes collected by car dealers when a vehicle is purchased. The Tax Assessor-Collector obtain the sales information to keep records and collect fees required by State law. Defendant Yzaguirre allowed his friends to file late reports and, at times, he waived the $500.00 fee for his friends. Further, Defendant Yzaguirre allowed car dealers who failed to meet the reporting requirements to continue to do transfer of titles. Mr. Jesse Garcia also participated in waiving the $500.00 fee and allowing car dealers to continue transactions even though they failed to meet the reporting requirements. Other than the incidents cited herein, Plaintiff cannot recall any other specific transactions. If Plaintiff recalls any of these specific transactions, she will supplement this interrogatory and/or provide that information during deposition.

12.  For each person identified by you in your disclosures, provide a description of the relevant facts known to that person.

ANSWER:  This information will be supplemented with disclosures.

13.  Please state and describe your legal contentions and the factual basis for those contentions

9

pertaining to your claim that Cameron County made an offer of employment conditioned upon your dismissal of this lawsuit, describing each time such an offer was made, the exact wording of this offer, and the names and address of the persons making the offer and present when it was made.

ANSWER:     I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

At the end of April - early May, Plaintiff Alvarado was extended an offer of employment for a position as secretary for the Emergency Response Department for Defendant Cameron County. The offer was extended through the County Judge. The offer was made under the terms that Plaintiff dismiss her lawsuit against Cameron County and Tony Yzaguirre. The County Judge's extending the offer of employment contingent upon Plaintiff Alvarado dismissing this lawsuit is a violation of Plaintiff Alvarado's rights under the First Amendment to the United States Constitution. Further, Plaintiff Alvarado alleges that she has engaged in further protected speech as the speech contained in this lawsuit and related documents which have been publicly filed are protected speech pursuant to the First Amendment to the United States Constitution. Plaintiff Alvarado alleges that she has been retaliated against by Defendants for the speech contained in this lawsuit and related documents which have been filed connected to the prosecution of this lawsuit. Plaintiff Alvarado lost a job opportunity in retaliation for her protected speech. A copy of Plaintiff's response to this job offer, which was sent by email to the County, has been provided to Defendants.

14.    State the amounts of money you claim in your Prayer for Relief for each type of monetary damage (e.g. compensatory damages, actual damages, punitive damages, front pay, back pay, loss of past and future earnest, lost of retirement/other benefits, and mental anguish); state each element separately.

ANSWER:     I will leave the amount of damages for such things as mental anguish, emotional distress, hurt, shame and humiliation to the jury to decide. Also, I leave the amount of punitive damages to the jury. I need to conduct further discovery in order to determine damages related to pay and other benefits.

MOTION TO COMPEL
EXHIBIT 3

Dear Honorable Gilberto Hinojosa:


This letter is in response to your extending an offer of employment to me for the position of secretary for the Emergency Response Department. However, the terms under which the offer was made to me, specifically, that I dismiss my lawsuit against Cameron County and Tony Yzaguirre, Cameron County Tax Assessor-Collector, I cannot accept your offer of employment. My act of speaking out against wrongdoing and working with others to expose corruption within the Cameron County Tax Assessor-Collector's Office is a protected Constitutional right and the fact that I brought a lawsuit to protect my Constitutional rights is also protected and I should not be required to give up that right to accept employment with Cameron County.


For these reasons, I am unable to accept your job offer.


Respectfully,


Diamantina Alvarado


```
----------------------------------
Do you Yahoo!?
Win a $20,000 Career Makeover at Yahoo! HotJobs
--0-430287657-1083613093=:4495
Content-Type: text/html; charset=us-ascii
```

```
<DIV><PRE><?xml:namespace prefix = st1 ns =
"urn:schemas-microsoft-com:office:smarttags" /><st1:date Month="5" D
2004</TT></st1:date><TT><?xml:namespace prefix = o ns =
"urn:schemas-microsoft-com:office:office"
/><o:p></o:p></TT></PRE><PRE><TT><o:p> </o:p></TT></PRE><PRE><s
Alvarado<o:p></o:p></TT></PRE><PRE><st1:Street><st1:address><TT>676
Florence
Ln</TT></st1:address></st1:Street><TT><o:p></o:p></TT></PRE><PRE><st
</TT><st1:State><TT>TX</TT></st1:State><TT>
</TT><st1:PostalCode><TT>78520</TT></st1:PostalCode></st1:place><TT>
```