IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, et al.<br>　　Plaintiffs | :<br>:<br>: | |
| vs. | :<br>: | |
| | : | CIVIL ACTION NO. B-03-096 |
| CAMERON COUNTY, et al.<br>　　Defendants | :<br>:<br>: | |

### DEFENDANT TONY YZAGUIRRE'S AMENDED MOTION TO COMPEL PLAINTIFF CANTU TO PROVIDE ADEQUATE ANSWERS TO INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendant Tony Yzaguirre, Jr.**, and files his **Amended Motion to Compel Plaintiff Cantu to Provide Adequate Answers to Interrogatories**, and would respectfully show the Court as follows:

### I. Certificate of Conference

Pursuant to Federal Rules of Civil Procedure 37(a)(2)(A) and 37(a)(2)(B) the undersigned has conferred with Plaintiff's counsel to obtain disclosure and to secure the information without court action. Plaintiff's counsel is not willing to supplement voluntarily the interrogatories; court action will be required to obtain the disclosures and information. Pursuant to Local; Rule 7.1D the undersigned has conferred with Plaintiff's counsel and they cannot agree about the disposition of the motion. Plaintiff opposes the relief sought.

## II.  Relief Requested

This is a suit by four Plaintiffs under 42 U.S.C. §1983 for alleged retaliation for speech activities and association.  Dkt #58, 59.  On October 14, 2005, Defendant Yzaguirre sent Plaintiffs interrogatories.  On December 3 and 29, 2005, Plaintiff Cantu served inadequate, evasive answers to them.

Defendants request the Court order that within 10 days of entry of an order on this motion that Plaintiff Cantu:

a.  provide complete answers to Interrogatories 7-11;

b.  that she be limited in her proof at trial to proof that she spoke out only on those twenty-four vehicle registration applications alleged in her Rule 7a Reply ¶17 [Dkt #23]; and,

c.  that she not be permitted to offer evidence of any other alleged improprieties or that she spoke out on any other alleged improprieties.

## III.  Factual Background

A.  <u>Cantu makes vague allegations of retaliation for speech and association.</u>

Plaintiff Cantu alleged that on several occasions between December 2001 and May 2002 told Defendant that he was not following the law.  Dk# 58, ¶23.  The Court has found these allegations conclusory and insufficient.  Order of April 1, 2004, Dkt #48, p. 12. Cantu's Rule 7a Reply, ¶¶17-18, alleged about 24 individual vehicle registration applications that she told Defendant were improper or fraudulent, and that he should not process them. Dkt #23.  The Court found these allegations sufficient to state generally that she spoke on

a matter of public concern, but noted that it was arguable that each individual occurrence would not necessary be a matter of public concern. Order of April 1, 2004, Dkt #48, p. 9.

Cantu also alleged that she faxed complaints of fraudulent vehicle registration to the Texas Department of Transportation. Dkt #58, 26; Dkt#23, ¶20. This allegation the Court called "unclear," noting Cantu did not provide a "detailed description" of the complaints. Order of March 31, 2004, Dkt #48, p. 11. The Court concluded that "at this relatively early stage of proceedings" it conclude say the speech was not on a matter of public concern. *Id.*

Finally Cantu alleged she associated with her co-workers/Plaintiffs from 2001 to May 2002 to discuss their concerns about Defendant Yzaguirre's actions. Dkt#58 ¶33; Dkt # 23, ¶9.

B.   <u>Cantu's Interrogatory Answers are Evasive Incorporation of her Pleadings</u>

On October 14, 2005, Defendant Yzaguirre served Interrogatories on Plaintiffs. Exh. 1. By agreement, the deadline for responses was extended until December 2, 2005.

On December 3, 2005, Defendant Yzaguirre received Plaintiff Cantu's answers to interrogatories. Pertinent excerpts are attached as Exh. 1. With some exceptions, Cantu's answers to Interrogatories 7-11 merely referred Defendant to her pleadings. Exh. 1.

Defendant Yzaguirre complained that these responses were inadequate and Plaintiff Cantu agreed to supplement them. On December 29, 2005, Defendant received supplemental answers. Exh. 2.

Cantu's answers (as supplemented) to Interrogatories 7-11 to provide her factual basis for her allegations were in essence to quote her pleading and to provide more when she

remembers more.  Exhs. 1, 2.  The questions and answers are set out below.

| | Interrogatory | Answer |
|---|---|---|
| 7. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:<br><br>a. Defendant Yzaguirre accepted money or favors from any person or business to process fraudulent or improper vehicle registrations or title transfers, stating the names and addresses of such persons, the amounts of money and the favors.<br><br>b. Defendant Yzaguirre gave "special treatment" to anyone in the processing of vehicle registrations, title transfers, or title applications, stating the names and addresses of such persons.<br><br>c. fraudulent or improper vehicle registration, title transfer, or title application paperwork was submitted, that Plaintiff Cantu rejected them, or that Defendant Yzaguirre "overrode" her rejections. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶¶15-17 from Plaintiffs' Rule 7a Reply; Dkt # 23]<br><br>This is what I recall at this time, if I recall additional information, I will supplement this interrogatory and/or provide the information in deposition testimony.<br><br>[Exh. 1, p. 5; Exh. 2, pp. 5-16] |

| | | |
|---|---|---|
| 8. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that on any occaision you told Defendants or any third party that Defendant Yzaguirred did any illegal, improper, or corrupt act. For each occasion of speech, give the names and addresses of all present, the date of such speech activities, and state exactly what you said. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶¶15-27 from Plaintiffs' Rule 7a Reply; Dkt # 23]<br><br>This is what I recall at this time, if I recall additional information, I will supplement this interrogatory and/or provide the information in deposition testimony.<br><br>[Exh. 1, p. 5; Exh. 2, pp. 16-28] |
| 9. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that you made complaints to the Texas Department of Transportation or any other law enforcement agency concerning any complaints about Defendant Yzaguirre's acts or omissions. For each occasion, give the names and addresses the persons to whom Plaintiff Cantu complained, the date of such speech activities, and state exactly what you said. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶¶15.S, 20 from Plaintiffs' Rule 7a Reply; Dkt # 23]<br><br>This is what I recall at this time, if I recall additional information, I will supplement this interrogatory and/or provide the information in deposition testimony.<br><br>[Exh. 1, pp. 5-6; Exh. 2, pp. 28-31] |
| 10. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that you were part of any association to speak out about alleged improprieties, encourage others to do so, or discuss same. Describe when and how the association began and who were its members. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶26 from Plaintiffs' Rule 7a Reply; Dkt # 23]<br><br>[Exh. 1, p. 6; Exh. 2, p. 30] |

| | |
|---|---|
| 11. Identify specifically each vehicle registration, title transfer application, or title application you claim was fraudulent or improper that should have been rejected or questioned. For each instances, describe the reasons it was fraudulent or improper, the persons involved in the underlying sale or transfer, and how Defendant Yzaguirre knew of the alleged fraud or impropriety. | I cannot recall every specific fraudulent or improper transaction that I witnessed while working for Defendants. I have identified as many as I can. I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶¶17-20 from Plaintiffs' Rule 7a Reply; Dkt # 23]<br><br>This is what I recall at this time, if I recall additional information, I will supplement this interrogatory and/or provide the information in deposition testimony.<br><br>[Exh. 1, p.6; Exh. 2 pp. 30-38] |

### IV. Argument and Authorities

As this Court has noted, claims of retaliation for public speech are context sensitive. March 31, 2004, Order, Dkt #48, pp. 3-7. In several instances, the Court declined to grant Rule 12(b)(6) dismissal of admittedly ambiguous or unclear allegations to give Cantu the benefit of the doubt. However, Cantu makes global vague claims of numerous alleged improprieties and speech activities about them spanning several years. Discovery answers about her nebulous, expansive claims that merely parrot her pleadings are worse than no help. They leave Defendants with little more than pages of conclusory pleadings as a guide to narrow discovery and prepare for trial.

Interrogatories must be answered separately and fully. FED. R. CIV. P. 33(b)(1). The purpose is to narrow discovery in order to prepare for trial and to have a verified basis to impeach a party. *United States v. West Virginia Pulp and Paper Co.,* 36 F.R.D. 250, 251

(S.D.N.Y. 1964). For that reason, a response that simply directs the opposing party to the pleadings is insufficient; incorporating the pleadings by reference is not responsive. *King v. E.F. Hutton & Co., Inc.,* 117 F.R.D. 2, 6 (D.C. 1987); *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 119-120 (N.D.Ga. 1972); *West Virginia Pulp and Paper Co.,* 36 F.R.D. at 251. For the same reason, an answer that merely quotes pleadings is insufficient and not responsive. *West Virginia Pulp and Paper Co.,* 36 F.R.D. at 251; *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.,* 144 F.R.D. 258, 263-64 (.E.D.Pa. 1992); *Rickles, Inc. v. Frances Denney Corp.,* 508 F.Supp. 4, 7 (D.Mass. 1980). An evasive answer is a failure to answer. FED. R. CIV. P. 37(a)(3).

Plaintiffs' pleadings do not provide the kind of specifics and details the interrogatories call for. In several instances the questions call for the exact specifics of what each Plaintiff said, where this occurred and who was present; none of this is provided.

**Interrogatory 7A**. Cantu alleges Defendant Yzaguirre allowed fraudulent vehicle registrations as a "paid favor" to friends "such as Moises Torres, Enrique Barreda, and Enrique Barreda, Jr." Dkt #23, ¶15. Interrogatory 7A required her to identify each such person, describe the money or favor, and describe the factual basis that any fraudulent registration was done for such persons. The answer does not provide that information. Exh 2, pp. 5-16. Her answer does not identify *all* persons, the favors, or link the such persons to any specific vehicle registration. Defendant is left to guess who are all the alleged persons.

**Interrogatory 7B.** Interrogatory 7B required she describe the basis for any claim

that Defendant gave special treatment to anyone in processing vehicle registrations and provide their names. Although Cantu's pleading describes twenty-four transactions she questioned (Dkt#23, ¶17), her answer to Interrogatory 7B does identify to whom special favors were given or the basis that processing any specific registration was a "favor" to anyone.

**Interrogatories 7C and 11.** Interrogatories 7C and 11 required Cantu identify each specific "fraudulent" or improper registration and describe her contention she rejected them and Yzaguirre overrode her decision; Interrogatory 11 require her to explain how Yzaguirre knew they were fraudulent or improper. Her answer identifies only twenty four applications. Exh. 2. However, her pleadings state there were many more. Dkt # 23, ¶¶17, 20. Her answer is as to those is, in effect, "see my pleadings and I will tell you when I remember more." Exh. 2, pp. 5-16, 30-38. In no instance does she explain how Yzaguirre knew any application was fraudulent or improper or for whom processing it was a "favor."

Pleading ignorance is insufficient; the answer party must explain what was done to find out the answer. *Millers v. Doctors Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977). In response to supplement Rule 26 disclosures, Plaintiff produce nearly 2000 pages of vehicle registration applications and gave a 300-plus page list of trial witnesses. Dkt #89. She should be able by now to provide specifics on more than twenty-four applications rather than make Defendants guess.

**Interrogatory 8.** Interrogatory 8 required she described each time she spoke out about Yzaguirre, the date, who was there, and describe her exact words. Although the

answer quotes from her pleadings about twenty-four incidents (Exh. 2, pp. 16-28), she does not name witnesses or state her exact words that accused Yzaguirre of any impropriety for those incidents. She alleges there were more, yet her answer as to those is, in effect, "I will tell you when I remember more." Exh. 2, p. 28. This is entirely insufficient. Defendant is left to guess exactly what she said, how it was a matter of public concern, or how anything she said accused him of any impropriety or corrupt act.

**Interrogatory 9.** Plaintiff alleges that she was punished for faxing complaints to the Texas Department of Transportation. Dkt #23, ¶20. Interrogatory 9 required details, including a description of each complaint and to whom she sent them. This obviously material information is not in the answer. Exh. 2, pp. 28-31.

**Interrogatory 10.** Plaintiff plead in a conclusory manner that she and the other plaintiffs were part of an association to discuss and speak out about Yzaguirre. Dkt #23, ¶ 26. Interrogatory 10 required she identify all members of the association, when it began, and the factual basis that such an association existed. The answer provides none of this. Exh. 2, p. 30.

## Conclusion

It is simply too late for Plaintiff Cantu to answer interrogatories by saying "read my pleadings" or "I'll tell more if and when I remember." Her conclusory pleadings survived Rule 12(b)(6) challenges only because the Court gave her nebulous allegations the benefit of the doubt. Plaintiff Cantu began this suit with a specious claim that Defendants were about to destroy evidence, one that resulted in her admonishment in open court. Dkt #9, 11.

The Court recently ordered her to supplement her defective Rule 26 disclosures and expert designations. Dkt #84, 86. This demonstrates a pattern the Court should not tolerate.

The Court should grant the relief requested.

                              Respectfully submitted,

                              Richard Bilbie
                              State Bar No. 02313500
                              Federal I.D. No. 2239
                              ARMANDO R. VILLALOBOS CAMERON COUNTY (DISTRICT) ATTORNEY
                              974 East Harrison Street
                              Brownsville, Texas 78520
                              Telephone: (956) 544-0849
                              Facsimile: (956) 544-0869

                              By /s/ *Roger W. Hughes*
                                  **Roger W. Hughes**
                                  State Bar No. 10229500
                                  Federal ID No. 5950
                                  **Craig H. Vittitoe**
                                  State Bar No. 20593900
                                  Federal ID NO. 18756
                                  **ADAMS & GRAHAM, L.L.P.**
                                  P. O. Drawer 1429
                                  Harlingen, Texas 78551-1429
                                  Telephone: (956) 428-7495
                                  Facsimile: (956) 428-2954

                              Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the January 21, 2006.

| | |
|---|---|
| Ms. Gay E. Gilson | *CM/RRR 7005 1160 0000 5657 5820* |
| **LAW OFFICE OF GAY E. GILSON** | |
| 719 South Shoreline, Suite 301A | |
| Corpus Christi, TX 78401 | |

| | |
|---|---|
| Mr. David Lee McGee | *Via Ordinary Mail* |
| **LAW OFFICES OF DAVID LEE McGEE, P.C.** | |
| 201 S. 15th, Ste. 204, McAllen (78501) | |
| 701 Park Avenue | |
| Corpus Christi, TX 78401 | |

| | |
|---|---|
| Mr. Charles Willette | *Via Ordinary Mail* |
| **WILLETTE & GUERRA, L.L.P.** | |
| 1534 East 6th Street, Suite 200 | |
| Brownsville, TX 78520 | |

| | |
|---|---|
| Mr. Richard Bilbie | *Via Ordinary Mail* |
| ARMANDO R. VILLALOBOS | |
| CAMERON COUNTY (DISTRICT) ATTORNEY | |
| 974 East Harrison Street | |
| Brownsville, Texas 78520 | |

| | |
|---|---|
| Mr. Richard Burst | *Via Ordinary Mail* |
| **CAMERON COUNTY ATTORNEY** | |
| 964 E. Harrison | |
| Brownsville, TX 78520 | |

                                                    /s/ *Roger W. Hughes*
                                                    Roger W. Hughes