IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, et al.<br>　　Plaintiffs | :<br>:<br>: | |
| vs. | :<br>: | CIVIL ACTION NO. B-03-096 |
| CAMERON COUNTY, et al.<br>　　Defendants | :<br>:<br>:<br>: | |

### DEFENDANT TONY YZAGUIRRE'S AMENDED MOTION TO COMPEL PLAINTIFF MUNOZ TO PROVIDE ADEQUATE ANSWERS TO INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendant Tony Yzaguirre, Jr.**, and files his **Amended Motion to Compel Plaintiff Munoz to Provide Adequate Answers to Interrogatories**, and would respectfully show the Court as follows:

### I.  Certificate of Conference

Pursuant to Federal Rules of Civil Procedure 37(a)(2)(A) and 37(a)(2)(B) the undersigned has conferred with Plaintiff's counsel to obtain disclosure and to secure the information without court action. Plaintiff's counsel is not willing to supplement voluntarily the interrogatories; court action will be required to obtain the disclosures and information. Pursuant to Local; Rule 7.1D the undersigned has conferred with Plaintiff's counsel and they cannot agree about the disposition of the motion.  Plaintiff opposes the relief sought.

## II.  Relief Requested

This is a suit by four Plaintiffs under 42 U.S.C. §1983 for alleged retaliation for speech activities and association. Dkt #58, 59.  On October 14, 2005, Defendant Yzaguirre sent Plaintiffs interrogatories.  On December 2 and 29, 2005, Plaintiff Munoz served inadequate, evasive answers to interrogatories.

Defendants request the Court order that with 10 days of entry of an order on this motion that Plaintiff Munoz:

a. provide complete answers to Interrogatories 7-8, 10-11, 13;

b. that he be limited in her proof at trial to proof that he spoke out only on an alleged impropriety on the one occasion alleged in his Rule 7a Reply ¶44 [Dkt #23] and;

c. that he not be permitted to offer evidence of any other alleged improprieties or that he spoke out on any other alleged improprieties, illegal acts, or corrupt acts.

## III.  Factual Background

A. <u>Munoz Made Vague Allegations of Retaliation</u>

Plaintiff Munoz alleged that he advised Defendant Yzaguirre on several occasions that certain office procedures "looked bad."  Dkt 58, ¶35-36; Dkt 23, ¶30-33.  The Court found these allegation insufficient to be speech on a matter of public concern.  Order of March 31, 2004, Dkt #23, p. 12-13.  Munoz also claimed that in Spring 2002 he told Defendant that he was concerning that Defendant was giving special treatment in processing

vehicle registrations. Dkt #58, ¶38; Dkt #23, ¶44. Munoz also alleged he associated with his co-workers/Plaintiffs from 2001 to May 2002 to discuss their concerns about Defendant Yzaguirre's actions. Dkt#58 ¶33; Dkt #23, ¶9.

B.   <u>Munoz's Interrogatory Answers are Evasive Incorporation of his pleadings</u>

On October 14, 2005, Defendant Yzaguirre served Interrogatories and Request for Production on Plaintiffs. Exh. 1. By agreement, the deadline for responses was extended until December 2, 2005.

On December 3, Defendant Yzaguirre received Plaintiff Munoz's answers to interrogatories. Pertinent excerpts are attached as Exh. 1. With some exceptions, Munoz's answers to Interrogatory Nos. 7-8, 10-11, 13 referred Defendant to his pleadings. Exh. 1.

Defendant Yzaguirre complained that these responses were inadequate and Munoz agreed to supplement them. On December 29, 2005, Defendant received supplemental answers. Exh. 2.

Munoz's answers (as supplemented) to Interrogatories 7-8, 10-11 and 13 were in essence "see my pleadings" and quotes from his pleadings. Exh.1, 2. The questions and answers are set out below.

| Interrogatory | Answer |

| | | |
|---|---|---|
| 7. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:<br><br>a. Defendant Yzaguirre accepted money or favors from any person or business to process fraudulent or improper vehicle registrations, title applications, or title transfers, stating the names and addresses of such persons, the amounts of money and the favors.<br><br>b. Defendant Yzaguirre gave special or preferential treatment to anyone in the processing of vehicle registrations, title transfers, or title applications, stating the names and addresses of such persons and describing each individual actual act of special/preferential treatment.<br><br>c. Defendant Yzaguirre engaged in unprofessional, corrupt, or unlawful activity, describing each such act and when it occurred and stating the names of the persons present or involved. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim<br><br>[Here Plaintiff inserts verbatim ¶¶36-39 from Plaintiffs' Second Am. Complaint; Dkt #58]<br><br>This is what Plaintiff recalls at this time, if he recalls any additional information, he will supplement this interrogatory and/or provide the information through his deposition testimony.<br><br>[Exh. 1, p. 4; Exh. 2, pp. 4-5] |

| | | |
|---|---|---|
| 8. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that on any occasion you told Defendants or any third party that Defendant Yzaguirred did any illegal, improper, or corrupt act. For each occasion of speech, give the names and addresses of all present, the date of such speech activities, and state exactly what you said. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim.<br><br>[Here Plaintiff inserts verbatim ¶¶36-39 from Plaintiffs' Second Am. Complaint; Dkt #58]<br><br>This is what Plaintiff recalls at this time, if he recalls any additional information, he will supplement this interrogatory and/or provide the information through his deposition testimony.<br>[Exh. 1, p. 5; Exh. 2, pp. 5-6] |
| 10. | Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that you were part of any association to speak out about alleged improprieties, encourage others to do so, or discuss same. Describe when and how the association began and who were its members. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim<br><br>[Here Plaintiff inserts verbatim ¶¶34, 40, 46 from Plaintiffs' Second Am. Complaint; Dkt #58]<br><br>[Exh. 1, p. 6; Exh. 2, p. 7] |

| | | |
|---|---|---|
| 11. | Identify specifically each vehicle registration, title transfer application, or title application you claim was fraudulent or improper that should have been rejected or questioned. For each instances, describe the reasons it was fraudulent or improper, the persons involved in the underlying sale or transfer, and how Defendant Yzaguirre knew of the alleged fraud or impropriety. | None of the title registration paperwork went through me. I saw certain people frequently in the office and I saw highly questionable procedures such as these persons directly transacting business through Tony Yzaguirre's office rather than over the counter. There are other things I saw which support that there were severe irregularities and favoritism in the processing of paperwork.<br><br>[Exh. 1, p. 6; Exh. 2, p. 8] |
| 13. | Identify specifically each act or omission of Defendant Yzaguirre as Cameron County Tax Assessor that you claim was fraudulent, illegal, improper, corrupt, or unprofessional. For each instance, describe the reasons it was fraudulent, illegal, improper, corrupt, or unprofessional, and the names and addresses of anyone involved in such conduct. | I incorporate by reference as if full set-out herein, the paragraphs that pertain to me in Plaintiffs' live pleadings and in all 7a Replys. These pleadings are detailed and explain the basis of my claim<br><br>[Here Plaintiff inserts verbatim ¶¶36-39 from Plaintiffs' Second Am. Complaint; Dkt #58]<br><br>This is what Plaintiff recalls at this time, if he recalls any additional information, he will supplement this interrogatory and/or provide the information through his deposition testimony.<br><br>[Exh. 1, p. 84; Exh. 2, p. 9-10] |

## IV. Argument and Authorities

As this Court has noted, claims of retaliation for public speech are context sensitive. March 31, 2004, Order, Dkt #48, pp. 3-7. In several instances, the Court declined to grant Rule 12(b)(6) dismissal of admittedly ambiguous or unclear allegations to give Plaintiff the

benefit of the doubt. However, Plaintiff made global vague claims of numerous alleged improprieties and speech activities about them spanning several years. Discovery answers about their nebulous, expansive claims that say only "see pleadings" are worse than no help. They are an abuse because they leave Defendants with little more than pages of conclusory pleadings as a guide to narrow discovery and prepare for trial.

Interrogatories must be answered separately and fully. FED. R. CIV. P. 33(b)(1). The purpose is to narrow discovery in order to prepare for trial and to have a verified basis to impeach a party. *United States v. West Virginia Pulp and Paper Co.,* 36 F.R.D. 250, 251 (S.D.N.Y. 1964). For that reason, a response that simply directs the opposing party to the pleadings is insufficient; incorporating the pleadings by reference is not responsive. *King v. E.F. Hutton & Co., Inc.,* 117 F.R.D. 2, 6 (D.C. 1987); *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 119-120 (N.D.Ga. 1972); *West Virginia Pulp and Paper Co.,* 36 F.R.D. at 251. For the same reason, an answer that merely quotes pleadings is insufficient and not responsive. *West Virginia Pulp and Paper Co.,* 36 F.R.D. at 251; *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.,* 144 F.R.D. 258, 263-64 (.E.D.Pa. 1992); *Rickles, Inc. v. Frances Denney Corp.,* 508 F.Supp. 4, 7 (D.Mass. 1980). An evasive answer is a failure to answer. FED. R. CIV. P. 37(a)(3).

Plaintiffs' pleadings do not provide the kind of specifics and details the interrogatories call for. In several instances the questions call for the exact specifics of what each Plaintiff said, where this occurred and who was present; none of this is provided.

**Interrogatory 7A**. Munoz alleges he became concerned that Yzaguirred was giving

"these people special treatment." Dkt #58, ¶38. He alleges that he interpreted Alfred Gonzalez's remark that coming to the tax collector's office cost him money as a reference to a bribe. Dkt #58, ¶37. Interrogatory 7A required him to identify each such person, describe the money or favor, and describe the factual basis that Yzaguirre in fact accepted bribes or favors to process fraudulent applications. He answer does not provide that information. Exh 2, pp. 4-5. The answer leaves Defendant to guess all the people to whom Muniz refer, what favors were involved, and witnesses to the alleged improprieties.

**Interrogatory 7B, 11, and 13.** In answer to Interrogatory 11, Munoz claims he saw "questionable procedures," "severe irregularities," and "favoritism" in processing registration paper work, though he provides no specifics. Exh. 2, pp. 4-5, 8-10. Interrogatories 7B and 11 required he describe the basis for any claim that Defendant gave special treatment to anyone in processing vehicle registrations and provide their names, and how Defendant knew they were improper, as well naming the persons present and involved. Interrogatory 13 required the same about each specific act Munoz claimed was improper, illegal, or corrupt. His answers to Interrogatories 7B, 11, and 13 do not identify to whom special favors were given or the basis that processing any specific registration was a "favor" to anyone or any specific corrupt or improper acts, much less identify the persons present or involved for each.

Interrogatory No. 11 required he describe each improper or fraudulent registration or application, how it was fraudulent, who was present or involved for each instance, and how Yzaguirre knew it was false or fraudulent. His answer makes vagues insinuations, but fails

to provide the requested information or a flat admission he has no information.

His answer is as to these interrogatories is, in effect, "I will tell you when I remember more." Exh. 2, pp. 4-5, 84. Pleading ignorance is insufficient; the answer party must explain what was done to find out the answer. *Millers v. Doctors Gen. Hosp.,* 76 F.R.D. 136, 140 (W.D. Okla. 1977). In response to supplement Rule 26 disclosures, Plaintiffs produce nearly 2000 pages of vehicle registration applications and gave a 300-plus page list of trial witnesses. Dkt #89. He should be able by now to provide specifics on more than twenty-four applications rather than make Defendants guess.

**Interrogatories 7C.** Interrogatory 7C required Munoz identify each specific instance of fraudulent or correct behavior and and list witnesses. The answer does not provide the information. Exh. 2, pp. 4-5.

**Interrogatory 8.** Interrogatory 8 required Munoz described each time he spoke out about Yzaguirre, the date, who was there, and describe his exact words. Although the answer provides some specifics about one instance (Exh. 2, pp. 5-6), he does not provide witnesses or her exact words that accused Yzaguirre of any impropriety. He alleges there were more, instances, yet his answer as to those is essentially "I will tell you when I remember more." Exh. 2, p. 6. This is entirely insufficient. Defendant is left to speculate exact what was said, how it accused him of any impropriety, or how it could be a matter of public concern.

**Interrogatory 10.** Munoz plead in a conclusory manner that he and the other plaintiffs were part of an association to discuss and speak out about Yzaguirre. Dkt #58, ¶

34, 40. Interrogatory 10 required he identify all members of the association, when it began, and the factual basis that such an association existed. The answer provides none of this. Exh. 2, p. 7.

## Conclusion

It is simply too late for Plaintiff Munoz to answer interrogatories by saying "read my pleadings" or "I'll tell more if and when I remember." His conclusory pleadings survived Rule 12(b)(6) challenges only because the Court gave his nebulous allegations the benefit of the doubt. Plaintiffs began this suit with a specious claim that that Defendants were about to destroy evidence, which only resulted in admonishment from the Court. Dkt #9, 11. The Court only recently ordered him to supplement her defective Rule 26 disclosures and expert designations. Dkt #84, 86. This demonstrates a pattern the Court should not tolerate.

The Court should grant the relief requested.

Respectfully submitted,

Richard Bilbie
State Bar No. 02313500
Federal I.D. No. 2239
ARMANDO R. VILLALOBOS CAMERON COUNTY
(DISTRICT) ATTORNEY
974 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 544-0849
Facsimile: (956) 544-0869

By /s/ *Roger W. Hughes*
  **Roger W. Hughes**
  State Bar No. 10229500
  Federal ID No. 5950
  **Craig H. Vittitoe**

> State Bar No. 20593900
> Federal ID NO. 18756
> **ADAMS & GRAHAM, L.L.P.**
> P. O. Drawer 1429
> Harlingen, Texas 78551-1429
> Telephone: (956) 428-7495
> Facsimile:  (956) 428-2954

> Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the January 21, 2006.

Ms. Gay E. Gilson                                                            *CM/RRR 7005 1160 0000 5657 5820*
**LAW OFFICE OF GAY E. GILSON**
719 South Shoreline, Suite 301A
Corpus Christi, TX 78401

Mr. David Lee McGee                                                         *Via Ordinary Mail*
**LAW OFFICES OF DAVID LEE McGEE, P.C.**
201 S. 15th, Ste. 204, McAllen (78501)
701 Park Avenue
Corpus Christi, TX 78401

Mr. Charles Willette                                                         *Via Ordinary Mail*
**WILLETTE & GUERRA, L.L.P.**
1534 East 6th Street, Suite 200
Brownsville, TX 78520

Mr. Richard Bilbie                                                           *Via Ordinary Mail*
ARMANDO R. VILLALOBOS
CAMERON COUNTY (DISTRICT) ATTORNEY
974 East Harrison Street
Brownsville, Texas 78520

Mr. Richard Burst                                                                                          *Via Ordinary Mail*
**CAMERON COUNTY ATTORNEY**
964 E. Harrison
Brownsville, TX 78520

                                              /s/ *Roger W. Hughes*
                                              Roger W. Hughes