MOTION TO COMPEL
EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; | § | |
| RUTH WEAVER; | § | |
| DIAMANTINA ALVARADO; AND | § | |
| LINDA GARCIA | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | Civil Action No. 03-CV-96 |
| | § | |
| CAMERON COUNTY and | § | **JURY TRIAL REQUESTED** |
| TONY YZAGUIRE, JR., Tax Assessor- | § | |
| Collector of Cameron County and Director, | § | |
| Cameron County Automobile Crimes | § | |
| Enforcement Task Force, in his | § | |
| individual capacity | § | |

## RUTH WEAVER'S RESPONSES TO DEFENDANT'S INTERROGATORIES

Now comes Plaintiff and provides the following responses to Defendant's interrogatories.

Respectfully submitted,

By: _____

GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
ATTORNEY IN CHARGE FOR PLAINTIFFS

1

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
CO COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Charles Willette
Willette & Guerra, L.L.P.
1534 East 6th Street Suite 200
Brownsville, Texas 78520

on this December 2, 2005.

Gay E. Gilson

1. Please identify yourself by supplying your full name, current address, telephone number, social security number and date of birth.

ANSWER:    Ruth Amanda McGinnis
719 Balboa Ave.
Rancho Viejo, Texas 78575
(956) 350-5535
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
11/11/66

2. Please list for each place of your employment since leaving employment the Cameron County Tax Assessor giving the following information:

   a)   name and address of your employer;
   b)   the date that you commenced working for such employer and the date that you left; and
   c)   your position and compensation.

ANSWER:

   a)   Cameron County Sheriff's Department
        7100 Old Alice Road
        Olmito, Texas 78575
   b)   Approximately October 2002 and I left in approximately December 2004.
   c)   Administrative Secretary and I made approximately $23,000.00/year.

   a)   Abundant Life Home Health
        20 North Park Plaza
        Brownsville, Texas 78520
   b)   Approximately March 2005 and I left in approximately October 2005.
   c)   Senior Community Care Counselor and I made approximately $11.00/hour.

   a)   Ideas in Action
        San Benito, Texas 78586
   b)   I started in October 2005 and I am still at this job.
   c)   Administrative Assistant and I make $10.00/hour.

3. Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital or clinic who has examined, treated you or with whom you have consulted, or to whom you have gone for any reason for a period of since January 1, 1998, by giving the name, address and telephone number of each such healthcare provider; describe the reason for treatment.

Page 3 of 86

ANSWER:    Juan Mancillas, M.D.
           844 Central Blvd.
           Brownsville, Texas 78520
           (956) 546-0369

4.    Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist,
      psychologist, hospital or clinic who has examined, treated you or with whom you have
      consulted by reason of your consortium claim which forms the basis of this lawsuit by
      giving the name, address and telephone number of each such healthcare provider; and the
      condition or reason for treatment.

ANSWER:    Dr. Mancillas discussed with me my weight gain and he commented to me that I
           am weighing more than I was during my pregnancy and he was very concerned. I
           told him that I was very distressed over the issues involving Tony Yzaguirre and
           the Tax Assessor-Collector's office. My doctor advised me that I need to lose
           weight.

5.    Heave you ever been arrested, indicted for, plead guilty to or been found guilty of any
      crime? If so, please state when and where and the nature of the charge.

ANSWER:    I was arrested for allegedly assaulting a woman who was having an affair with my
           husband at the time. As far as I know, the matter was dropped by the Court and I
           was not convicted.

6.    Have you ever been a party to a lawsuit prior the present suit? If so, please state the
      nature of the suit, the court in which said suit took place in, including the complete style,
      the cause of action, whether you were Plaintiff or Defendant, the date each such suit was
      filed and the final disposition of said suit.

ANSWER:    I was divorced from William Weaver in approximately 1997. This took place in
           Cameron County, Texas in front of Judge Hester.

7.    Please state and describe your legal contentions and the factual basis for those contentions
      pertaining to your claim that:

      a.    Defendant accepted money or favors from any person or business to process
            fraudulent or improper vehicle registrations, title applications, or title transfers,
            stating the names and addresses of such persons, the amounts of money and the
            favors.

      b.    Defendant Yzaguirre gave "special treatment" to anyone in the processing of
            vehicle registrations, title transfer, or title transfers, or title applications, stating
            the names and addresses of such persons and describing each individual actual act

Page 4 of 86

of special/preferential treatment.

    c.    Defendant Yzaguirre engaged in unprofessional, corrupt or unlawful activity, describing each such act and when it occurred and stating the names of the persons present or involved.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

8.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that on any occasion you told Defendants or any third party that Defendant Yzaguirred did any illegal, improper, or corrupt act. For each occasion of speech, give the names and addresses of all present, the date of such speech activities, and state exactly what you said.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

9.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:

    a.    Defendant Yzaguirre terminated you for statements you made to any third parties;

    b.    Defendant Yzaguirre terminated you because you associated with any of the other Plaintiffs for the purpose of speaking out or encouraging others to do so.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

10.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that you were part of any association to speak out about alleged improprieties, encourage others to do so, or discuss same. Describe when and how the association began and who were its members.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

11.    Identify specifically each vehicle registration, title transfer application, or title application you claim was fraudulent or improper that should have been rejected or questioned. For

each instances, describe the reasons it was fraudulent or improper, the persons involved in the underlying sale or transfer, and how Defendant Yzaguirre knew of the alleged fraud or impropriety.

ANSWER:    I cannot specify specific documents that I questioned, but I did see signatures that were not valid which were notarized by notaries like Estella Guerra.

12.    For each person identified by you in your disclosures, provide a description of the relevant facts known to that person.

ANSWER:

Vicenta Cantu
c/o Law Office of Gay E. Gilson
719 S. Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Plaintiff in this case. Has knowledge of the claims, facts and damages as specified in complaint.

Felix R. Munoz
c/o Law Office of Gay E. Gilson
719 S. Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Plaintiff in this case. Has knowledge of the claims, facts and damages as specified in complaint.

Ruth Weaver
c/o Law Office of Gay E. Gilson
719 S. Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Plaintiff in this case. Has knowledge of the claims, facts and damages as specified in complaint.

Diamantina Alvarado
c/o Law Office of Gay E. Gilson
719 S. Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Plaintiff in this case. Has knowledge of the claims, facts and damages as specified in complaint.

Robert McGinnis
P.O.Box 4613
Brownsville, Texas 78523
Plaintiff's husband. Has knowledge of Plaintiff's damages - emotional distress, financial
difficulties, mental anguish, insomnia.

Annabel Trevino
(956) 545-7224
Plaintiff's sister. Has knowledge of all difficulties and emotional problems.

John Cruzvillarreal
1st Lt. Auto Crimes Task Force

Victor Alvarado
Cameron County Sherriff's Department
Olmito, Texas

Maz Martinez
UTB Police Academy
Brownsville, Texas

Rolando Mancillas
Cameron County Parks Ranger
South Padre Island

13. Identify specifically each act or omission of Defendant Yzaguirre as Cameron County Tax
Assessor that you claim was fraudulent, illegal, improper, corrupt or unprofessional. For
each instance, describe the reasons it was fraudulent, illegal, improper, corrupt or
unprofessional, and the names and addresses of anyone involved in such conduct.

ANSWER:   I incorporate by reference as if full set-out herein, the paragraphs which pertain to
me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed
and explain the basis of my claims.

14. State the amounts of money you claim in your Prayer for Relief for each type of monetary
damage (e.g. compensatory damages, actual damages, punitive damages, front pay, back
pay, loss of past and future earnest, lost of retirement/other benefits, and mental anguish);
state each element separately.

ANSWER:   I will the amount of damages for such things as mental anguish, emotional distress,
hurt, shame and humiliation to the jury to decide. Also, I leave the amount of
punitive damages to the jury. I need to conduct further discovery in order to
determine damages related to pay and other benefits.

## AFFIDAVIT OF Ruth Weaver McGinnis

STATE OF TEXAS        §
                                §
COUNTY OF NUECES   §

       BEFORE ME, the undersigned authority, on this day personally appeared Ruth Weaver McGinnis after being by me duly sworn did upon his oath depose and say:

       "I am the Plaintiff in the above styled and numbered cause, and I have read the foregoing answers to Interrogatories propounded by the Defendant and state that the same are true and correct."

Ruth Weaver McGinnis

       SWORN TO AND SUBSCRIBED BEFORE ME by the said Plaintiff, Ruth Weaver McGinnis, on this ___01-December-2005___ to certify which witness my hand and seal of office.

> ROLANDO PEREZ GARZA
> Notary Public, State of Texas
> My Commission Expires
> January 25, 2009

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

MY COMMISSION EXPIRES: 01/25/09

MOTION TO COMPEL
EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; | § | |
| RUTH WEAVER; | § | |
| DIAMANTINA ALVARADO; AND | § | |
| LINDA GARCIA | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | Civil Action No. 03-CV-96 |
| | § | |
| CAMERON COUNTY and | § | **JURY TRIAL REQUESTED** |
| TONY YZAGUIRE, JR., Tax Assessor- | § | |
| Collector of Cameron County and Director, | § | |
| Cameron County Automobile Crimes | § | |
| Enforcement Task Force, in his | § | |
| individual capacity | § | |

## <u>RUTH WEAVER'S FIRST SUPPLEMENTAL RESPONSES<br>TO DEFENDANT'S INTERROGATORIES</u>

Now comes Plaintiff and provides the following responses to Defendant's interrogatories.

Respectfully submitted,

By: _____

GAY E. GILSON
Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
(361) 887-0552
Facsimile (361) 887-0554
SBN 00784131/Fed.I.D. 16385
ATTORNEY IN CHARGE FOR PLAINTIFFS

1

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
CO COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Charles Willette
Willette & Guerra, L.L.P.
1534 East 6th Street Suite 200
Brownsville, Texas 78520

on this December 19, 2005.

Gay E. Gilson

1.   Please identify yourself by supplying your full name, current address, telephone number, social security number and date of birth.

ANSWER:    Ruth Amanda McGinnis
           718 Balboa Ave.
           Rancho Viejo, Texas 78575
           (956) 350-5535
           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
           11/11/66

2.   Please list for each place of your employment since leaving employment the Cameron County Tax Assessor giving the following information:

   a)   name and address of your employer;
   b)   the date that you commenced working for such employer and the date that you left; and
   c)   your position and compensation.

ANSWER:

   a)   Cameron County Sheriff's Department
        7100 Old Alice Road
        Olmito, Texas 78575
   b)   Approximately October 2002 and I left in approximately December 2004.
   c)   Administrative Secretary and I made approximately $23,000.00/year.

   a)   Abundant Life Home Health
        20 North Park Plaza
        Brownsville, Texas 78520
   b)   Approximately March 2005 and I left in approximately October 2005.
   c)   Senior Community Care Counselor and I made approximately $11.00/hour.

   a)   Ideas in Action
        San Benito, Texas 78586
   b)   I started in October 2005 and I am still at this job.
   c)   Administrative Assistant and I make $10.00/hour.

3.   Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist, psychologist, hospital or clinic who has examined, treated you or with whom you have consulted, or to whom you have gone for any reason for a period of since January 1, 1998, by giving the name, address and telephone number of each such healthcare provider; describe the reason for treatment.

Page 3 of 11

ANSWER:     Juan Mancillas, M.D.
                     844 Central Blvd.
                     Brownsville, Texas 78520
                     (956) 546-0369

4.     Please identify each physician, chiropractor, doctor of osteopathy, psychiatrist,
        psychologist, hospital or clinic who has examined, treated you or with whom you have
        consulted by reason of your consortium claim which forms the basis of this lawsuit by
        giving the name, address and telephone number of each such healthcare provider; and the
        condition or reason for treatment.

ANSWER:     Dr. Mancillas discussed with me my weight gain and he commented to me that I
                     am weighing more than I was during my pregnancy and he was very concerned. I
                     told him that I was very distressed over the issues involving Tony Yzaguirre and
                     the Tax Assessor-Collector's office. My doctor advised me that I need to lose
                     weight.

5.     Heave you ever been arrested, indicted for, plead guilty to or been found guilty of any
        crime? If so, please state when and where and the nature of the charge.

ANSWER:     I was arrested for allegedly assaulting a woman who was having an affair with my
                     husband at the time. As far as I know, the matter was dropped by the Court and I
                     was not convicted.

6.     Have you ever been a party to a lawsuit prior the present suit? If so, please state the
        nature of the suit, the court in which said suit took place in, including the complete style,
        the cause of action, whether you were Plaintiff or Defendant, the date each such suit was
        filed and the final disposition of said suit.

ANSWER:     I was divorced from William Weaver in approximately 1997. This took place in
                     Cameron County, Texas in front of Judge Hester.

7.     Please state and describe your legal contentions and the factual basis for those contentions
        pertaining to your claim that:

        a.     Defendant accepted money or favors from any person or business to process
                fraudulent or improper vehicle registrations, title applications, or title transfers,
                stating the names and addresses of such persons, the amounts of money and the
                favors.

        b.     Defendant Yzaguirre gave "special treatment" to anyone in the processing of
                vehicle registrations, title transfer, or title transfers, or title applications, stating
                the names and addresses of such persons and describing each individual actual act

Page 4 of 11

of special/preferential treatment.

c.    Defendant Yzaguirre engaged in unprofessional, corrupt or unlawful activity, describing each such act and when it occurred and stating the names of the persons present or involved.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

a. b.    During October 2001, Plaintiff Weaver told Defendant Yzaguirre that the "word
& c.    out on the street is that certain people can get their automobile titles fixed through you [Yzaguirre] and that Esthela Guerra, a notary public, has privileges with you [Yzaguirre] to fix anything that is crooked." In response to Plaintiff Weaver's speech, Defendant Yzaguirre did not comment, but made a frown and walked away. Plaintiff Weaver's act of telling Defendant Yzaguirre that he, as Tax Assessor-Collector of Cameron County and Director, Cameron County Automobile Crimes Enforcement Task force, was violating the law is free speech protected by the First Amendment to the United States Constitution. Plaintiff's speech in telling Defendant Yzaguirre that he was violating the law by allowing these fraudulent transactions is a matter of public concern because it involves misuse of taxpayer money and violation of Texas laws.

During Plaintiff Weaver's employment with Defendants, Defendant Yzaguirre's friends told Plaintiff Weaver that they received special favors, which were in violation of Texas law, from Defendant Yzaguirre in the processing of their vehicle title registrations.

After October 2001, Plaintiff saw Esthela Guerra walk into Defendant Yzaguirre's office and close the door behind her. This was on or about Ms. Guerra's birthday. Plaintiff Weaver heard Defendant Yzaguirre yelling, through the closed door, at Ms. Guerra and demanding to know why she was telling the public that "she could get things fixed through him." Defendant Yzaguirre continued to yell at Ms. Guerra and told her "Don't you ever expect my help in the future. Never come to my office again. Let's see what you are going to do now!" Plaintiff Weaver heard all of this through the closed door as Defendant Yzaguirre was screaming very loud. Ms. Guerra left Defendant Yzaguirre's office in tears.

From October 2001 until approximately May 2002, Plaintiff Weaver asked Defendant, on more than one occasion, why vehicle title registration transactions were being processed through administration rather than through the auto division – as was the practice and policy. Plaintiff Weaver's act of questioning Defendant Yzaguirre why some vehicle title registrations were going through his office

Page 5 of 11

(administration) and not through the auto division as was required by policy is free speech protected by the First Amendment to the United States Constitution. Plaintiff's speech in questioning Defendant Yzaguirre that he was violating the law by allowing these fraudulent transactions is a matter of public concern because it involves misuse of taxpayer money and violation of Texas laws.

Plaintiffs Cantu, Munoz and Weaver closely associated with each other in the performance of their duties for Defendant. Plaintiff Cantu and Plaintiff Weaver went to lunch together almost every day and worked closely together in the office. From 2001 to approximately May 2002, Plaintiff Cantu and Plaintiff Weaver discussed their concerns about Defendant Yzaguirre's unlawful actions in processing vehicle title registrations. The adverse actions taken against Plaintiffs Cantu, Munoz and Weaver were also taken against them because of their close association with each other in speaking out against Defendant Yzaguirre's unlawful actions in the processing of vehicle title registrations.

On or about August 2, 2002, Plaintiff Weaver gave a statement to the Cameron County Sheriff's Department about Defendant Yzaguirre's possible unlawful conduct as the Cameron County Tax Assessor-Collector. Plaintiff incorporates that statement by reference. Plaintiff alleges that this is protected speech.

This is what I recall at this time. If I recall additional information, I will supplement this interrogatory and/or provide the information in my deposition testimony.

8.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that on any occasion you told Defendants or any third party that Defendant Yzaguirre did any illegal, improper, or corrupt act. For each occasion of speech, give the names and addresses of all present, the date of such speech activities, and state exactly what you said.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

During October 2001, Plaintiff Weaver told Defendant Yzaguirre that the "word out on the street is that certain people can get their automobile titles fixed through you [Yzaguirre] and that Esthela Guerra, a notary public, has privileges with you [Yzaguirre] to fix anything that is crooked." In response to Plaintiff Weaver's speech, Defendant Yzaguirre did not comment, but made a frown and walked away. Plaintiff Weaver's act of telling Defendant Yzaguirre that he, as Tax Assessor-Collector of Cameron County and Director, Cameron County Automobile Crimes Enforcement Task force, was violating the law is free speech

Page 6 of 11

protected by the First Amendment to the United States Constitution. Plaintiff's speech in telling Defendant Yzaguirre that he was violating the law by allowing these fraudulent transactions is a matter of public concern because it involves misuse of taxpayer money and violation of Texas laws.

During Plaintiff Weaver's employment with Defendants, Defendant Yzaguirre's friends told Plaintiff Weaver that they received special favors, which were in violation of Texas law, from Defendant Yzaguirre in the processing of their vehicle title registrations.

After October 2001, Plaintiff saw Esthela Guerra walk into Defendant Yzaguirre's office and close the door behind her. This was on or about Ms. Guerra's birthday. Plaintiff Weaver heard Defendant Yzaguirre yelling, through the closed door, at Ms. Guerra and demanding to know why she was telling the public that "she could get things fixed through him." Defendant Yzaguirre continued to yell at Ms. Guerra and told her "Don't you ever expect my help in the future. Never come to my office again. Let's see what you are going to do now!" Plaintiff Weaver heard all of this through the closed door as Defendant Yzaguirre was screaming very loud. Ms. Guerra left Defendant Yzaguirre's office in tears.

From October 2001 until approximately May 2002, Plaintiff Weaver asked Defendant, on more than one occasion, why vehicle title registration transactions were being processed through administration rather than through the auto division – as was the practice and policy. Plaintiff Weaver's act of questioning Defendant Yzaguirre why some vehicle title registrations were going through his office (administration) and not through the auto division as was required by policy is free speech protected by the First Amendment to the United States Constitution. Plaintiff's speech in questioning Defendant Yzaguirre that he was violating the law by allowing these fraudulent transactions is a matter of public concern because it involves misuse of taxpayer money and violation of Texas laws.

Plaintiffs Cantu, Munoz and Weaver closely associated with each other in the performance of their duties for Defendant. Plaintiff Cantu and Plaintiff Weaver went to lunch together almost every day and worked closely together in the office. From 2001 to approximately May 2002, Plaintiff Cantu and Plaintiff Weaver discussed their concerns about Defendant Yzaguirre's unlawful actions in processing vehicle title registrations. The adverse actions taken against Plaintiffs Cantu, Munoz and Weaver were also taken against them because of their close association with each other in speaking out against Defendant Yzaguirre's unlawful actions in the processing of vehicle title registrations.

On or about August 2, 2002, Plaintiff Weaver gave a statement to the Cameron County Sheriff's Department about Defendant Yzaguirre's possible unlawful

conduct as the Cameron County Tax Assessor-Collector. Plaintiff incorporates that statement by reference. Plaintiff alleges that this is protected speech.

This is what I recall at this time. If I recall additional information, I will supplement this interrogatory and/or provide the information in my deposition testimony.

9.    Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that:

     a.    Defendant Yzaguirre terminated you for statements you made to any third parties;

     b.    Defendant Yzaguirre terminated you because you associated with any of the other Plaintiffs for the purpose of speaking out or encouraging others to do so.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

Plaintiffs Cantu, Munoz, Weaver and Alvarado closely associated with each other in the performance of their duties for Defendant. Plaintiff Cantu, Plaintiff Weaver and Plaintiff Alvarado went to lunch together almost every day and worked closely together in the office. From 2001 to approximately May 2002, Plaintiff Cantu, Plaintiff Weaver, and Plaintiff Alvarado, discussed their concerns about Defendant Yzaguirre's unlawful actions in processing vehicle title registrations. On occasion, Plaintiff Munoz would also go to lunch with Plaintiffs Cantu, Weaver and Alvarado. The adverse actions taken against Plaintiffs Cantu, Munoz, Alvardo and Weaver were also taken against them because of their close association with each other in speaking out against Defendant Yzaguirre's unlawful actions in the processing of vehicle title registrations.

At approximately the same time that Plaintiff Munoz's stipend of $3,000.00 was taken away from him by Defendant Yzaguirre, Plaintiff Weaver also suffered a pay cut ordered by Defendant Yzaguirre in the amount of approximately $3,000.00. Plaintiff Weaver alleges that this pay cut was in retaliation for her protected First Amendment Speech as detailed in Plaintiffs' 7(a) Reply, Plaintiff's First Amended Complaint and this pleading.

Plaintiff Weaver was retaliated against for her association with Plaintiff Cantu, Plaintiff Munoz and Plaintiff Alvarado in discussing their concerns about Defendant Yzaguirre's unlawful actions as detailed in Plaintiffs' 7(a) Reply and Plaintiff's First Amended Complaint.

Plaintiffs Cantu, Munoz, Alvarado and Weaver closely associated with each other in the performance of their duties for Defendant. The adverse actions taken against Plaintiffs Cantu, Munoz, Alvarado and Weaver were also taken against them because of their close association with each other in speaking out against Defendant Yzaguirre's unlawful actions in the processing of vehicle title registrations.

Plaintiff Weaver had the job duty of taking care of all personnel records including transfer and termination paperwork. When Plaintiff Cantu was terminated and when Plaintiff Munoz was transferred and demoted to the Harlingen Branch Office, Plaintiff Weaver was not advised of these personnel actions – despite the fact that it was her job duty to take care of the personnel records for each of these employees.

On or about August 2, 2002, Plaintiff Weaver gave a statement to the Cameron County Sheriff's Department about Defendant Yzaguirre's possible unlawful conduct as the Cameron County Tax Assessor-Collector. The statement has been provided to Defendants. It is alleged that Defendant Yzaguirre became aware of Plaintiff Munoz' statement. Plaintiff Weaver alleges that her statement to the Cameron County Sheriff's Department is protected speech under the First Amendment to the United States Constitution and that the adverse actions taken against her as alleged specifically in Plaintiffs' 7(a) Reply, Plaintiff's First Amended Complaint taken in retaliation for Plaintiff Weaver's protected speech.

This is what I recall at this time. If I recall additional information, I will supplement this interrogatory and/or provide the information in my deposition testimony.

10.   Please state and describe your legal contentions and the factual basis for those contentions pertaining to your claim that you were part of any association to speak out about alleged improprieties, encourage others to do so, or discuss same. Describe when and how the association began and who were its members.

ANSWER:   I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

Plaintiffs Cantu, Munoz, Weaver and Alvarado closely associated with each other in the performance of their duties for Defendant. Plaintiff Cantu, Plaintiff Weaver and Plaintiff Alvarado went to lunch together almost every day and worked closely together in the office. From 2001 to approximately May 2002, Plaintiff Cantu, Plaintiff Weaver, and Plaintiff Alvarado, discussed their concerns about Defendant Yzaguirre's unlawful actions in processing vehicle title registrations.

Page 9 of 11

On occasion, Plaintiff Munoz would also go to lunch with Plaintiffs Cantu, Weaver and Alvarado. The adverse actions taken against Plaintiffs Cantu, Munoz, Alvardo and Weaver were also taken against them because of their close association with each other in speaking out against Defendant Yzaguirre's unlawful actions in the processing of vehicle title registrations.

Plaintiff Weaver was retaliated against for her association with Plaintiff Cantu, Plaintiff Munoz and Plaintiff Alvarado in discussing their concerns about Defendant Yzaguirre's unlawful actions as detailed in Plaintiffs' 7(a) Reply and Plaintiff's First Amended Complaint.

Plaintiffs Cantu, Munoz, Alvarado and Weaver closely associated with each other in the performance of their duties for Defendant. The adverse actions taken against Plaintiffs Cantu, Munoz, Alvarado and Weaver were also taken against them because of their close association with each other in speaking out against Defendant Yzaguirre's unlawful actions in the processing of vehicle title registrations.

Plaintiff Weaver had the job duty of taking care of all personnel records including transfer and termination paperwork. When Plaintiff Cantu was terminated and when Plaintiff Munoz was transferred and demoted to the Harlingen Branch Office, Plaintiff Weaver was not advised of these personnel actions – despite the fact that it was her job duty to take care of the personnel records for each of these employees.

This is what I recall at this time. If I recall additional information, I will supplement this interrogatory and/or provide the information in my deposition testimony.

11.    Identify specifically each vehicle registration, title transfer application, or title application you claim was fraudulent or improper that should have been rejected or questioned. For each instances, describe the reasons it was fraudulent or improper, the persons involved in the underlying sale or transfer, and how Defendant Yzaguirre knew of the alleged fraud or impropriety.

ANSWER:    I cannot specify specific documents that I questioned, but I did see signatures that were not valid which were notarized by notaries like Estella Guerra.

This is what I recall at this time. If I recall additional information, I will supplement this interrogatory and/or provide the information in my deposition testimony.

Page 10 of 11

12.    For each person identified by you in your disclosures, provide a description of the relevant facts known to that person.

ANSWER:    This interrogatory will be supplemented with disclosures.

This is what I recall at this time. If I recall additional information, I will supplement this interrogatory and/or provide the information in my deposition testimony.

13.    Identify specifically each act or omission of Defendant Yzaguirre as Cameron County Tax Assessor that you claim was fraudulent, illegal, improper, corrupt or unprofessional. For each instance, describe the reasons it was fraudulent, illegal, improper, corrupt or unprofessional, and the names and addresses of anyone involved in such conduct.

ANSWER:    I incorporate by reference as if full set-out herein, the paragraphs which pertain to me in Plaintiffs' live pleading and in all 7a Replys. These pleadings are detailed and explain the basis of my claims.

I cannot specify specific documents that I questioned, but I did see signatures that were not valid which were notarized by notaries like Estella Guerra.

This is what I recall at this time. If I recall additional information, I will supplement this interrogatory and/or provide the information in my deposition testimony.

14.    State the amounts of money you claim in your Prayer for Relief for each type of monetary damage (e.g. compensatory damages, actual damages, punitive damages, front pay, back pay, loss of past and future earnest, lost of retirement/other benefits, and mental anguish); state each element separately.

ANSWER:    I will the amount of damages for such things as mental anguish, emotional distress, hurt, shame and humiliation to the jury to decide. Also, I leave the amount of punitive damages to the jury. I need to conduct further discovery in order to determine damages related to pay and other benefits.