United States District Court
Southern District of Texas
**ENTERED**

**JAN 2 4 2006**

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| VICENTA CANTU, ET AL. §<br>     Plaintiffs §<br>§<br>v. §<br>§<br>CAMERON COUNTY AND TONY §<br>YZAGUIRRE, Tax Assessor-Collector §<br>of Cameron County and Director, §<br>Cameron County Automobile Crimes §<br>Enforcement Task Force, in his §<br>individual capacity §<br>     Defendants. § | C.A. No. B-03-96 |

## ORDER

BE IT REMEMBERED that on January 23, 2006, the Court **GRANTED** Defendant Tony Yzaguirre's Motion to Compel Plaintiff Munoz to Provide Adequate Answers to Interrogatories [Dkt. No. 101]; Defendant Tony Yzaguirre's Motion to Compel Plaintiff Weaver to Provide Adequate Answers to Interrogatories [Dkt. No. 102]; and Defendant Tony Yzaguirre's Motion to Compel Plaintiff Alvarado to Provide Adequate Answers to Interrogatories [Dkt. No. 103] and the Court **DENIED** Defendant Tony Yzaguirre's Motion to Compel Plaintiff Cantu to Provide Adequate Answers to Interrogatories [Dkt. No. 100]. These motions concern Plaintiffs' responses to interrogatories 7 through 13.

Pursuant to Rule 33(b)(1) of the Federal Rules of Civil Procedure, each interrogatory shall be answered separately and fully in writing unless the party objects. If a party fails to make a disclosure, any other party may move to compel disclosure. Fed. R. Civ. P. 37(a)(2)(A).

Plaintiffs Munoz, Weaver, Alvarado, and Cantu responded to Defendants' interrogatories on December 3, 2005 and supplemented the responses on December 29, 2005. The initial responses to questions seven (7) through thirteen (13) answered by incorporating by reference the pleadings and replies filed with the Court. Such responses are inadequate to meet the requirements of Rule 33(b)(1) that the

interrogatories be answered separately and fully in writing.  With the exception of Plaintiff Cantu's responses of December 29, 2005, the Plaintiffs' supplemental responses merely inserted the language from the pleadings rather than answering the specific questions.  Absent objections by the Plaintiffs, such responses do not comply with Rule 33(b)(1).  Additionally, an incomplete or evasive answer is considered a failure to answer and thus, warrants an order compelling a response.  Fed. R. Civ. P. 37(a)(3).  Therefore, the Court **GRANTS** Defendant Tony Yzaguirre's Motion to Compel Plaintiff Munoz to Provide Adequate Answers to Interrogatories [Dkt. No. 101]; Defendant Tony Yzaguirre's Motion to Compel Plaintiff Weaver to Provide Adequate Answers to Interrogatories [Dkt. No. 102]; and Defendant Tony Yzaguirre's Motion to Compel Plaintiff Alvarado to Provide Adequate Answers to Interrogatories [Dkt. No. 103].  The Court **ORDERS** Plaintiff Munoz, Plaintiff Weaver, and Plaintiff Alvarado to provide complete answers to Interrogatories 7, 8, 10, 11, and 13 within 10 days of entry of this order.

However, Plaintiff Cantu provided detailed supplemental responses that include transaction numbers, names, and dates.   Therefore, the Court **DENIES** Defendant Tony Yzaguirre's Motion to Compel Plaintiff Cantu to Provide Adequate Answers to Interrogatories [Dkt. No. 100].

DONE this 23rd day of January 2006, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

2