IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, et al. | § | |
| | § | CIVIL ACTION NO. B-03-096 |
| vs. | § | |
| | § | |
| CAMERON COUNTY, et al. | § | |

**DEFENDANTS' MOTION FOR SANCTIONS
TO EXCLUDE PLAINTIFFS' EXPERT WITNESSES, PERSONS
WITH RELEVANT KNOWLEDGE, AND FACT WITNESSES**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendants Cameron County and Tony Yzaguirre, Jr., and file their Motion for Sanctions to Exclude Plaintiffs' Expert Witnesses, Persons with Relevant Knowledge, and Fact Witnesses, and would respectfully show the Court as follows:

## I.
### Certificate of Conference

Pursuant to Federal Rules of Civil Procedure 37(a)(2)(A) and 37(a)(2)(B), the undersigned has conferred with Plaintiffs' counsel to obtain disclosure and to secure the information without court action. Plaintiffs' counsel is not willing to supplement voluntarily the interrogatories; court action will be required to obtain the disclosures and information. Pursuant to Local Rule 7.1D, the undersigned has conferred with Plaintiffs' counsel and they cannot agree about the disposition of the motion. Plaintiff opposes the relief sought.

## II.
### RELIEF REQUESTED

This is a suit by four Plaintiffs under 42 U.S.C. § 1983 for alleged retaliation for speech activities and association. Dkt.# 58, 59. On December 12, 2005, the Court ordered Plaintiffs to file supplemental Rule 26(a) disclosures within 15 days which (1) shall provide sufficient description of knowledge each witness possesses and as to which claims that witness's knowledge relates so that Defendants may determine what discovery is necessary, and (2) specify which persons they reasonably anticipate calling to testify at trial. Dkt.# 84. On December 22, 2005, the Court ordered Plaintiffs to amend their designation of experts which shall (1) identify exactly who Plaintiffs expect to call upon as experts in this case, and (2) set forth their qualifications to be an expert under Rule 702 of the Federal Rules of Evidence, the subject of their testimony, and the substance of their opinion. Dkt.# 86.

On January 11, 2006, Plaintiffs provided their First Amended Designation of Experts under Rule 26 as ordered by the Court in which they listed approximately forty-five (45) non-retained experts comprised of individuals and entities. *See* Exhibit 1. Defendants feel that this amended designation of non-retained testifying experts does not comply with the Court's order in that Plaintiffs' amended designation of experts fails to set forth the witnesses' qualifications to be an expert under Rule 702 of the Federal Rules of Evidence and the substance of their expert opinion. Therefore, Defendants request the Court order Plaintiffs' expert witnesses excluded.

On December 27, 2005, Plaintiffs served their Second Supplement Initial Disclosures. *See* Exhibit 2. In large measure it failed to contain the information ordered by the Court. Defendants move to order all or most of the witnesses in the list excluded. Alternatively, the Court should protect Defendants by:

a. ordering Plaintiffs comply with the original order (Dkt # 84) within 10 days;

b. requiring Plaintiffs submit to depositions within 30 days after that and before any further discovery proceeds;

c. allow Defendants up to 10 hours to depose each Plaintiff;

d. extend the time to complete discovery by six (6) months;

e. extend the time to submit dispositive motions and the pre-trial order; and

f. post-pone the final pretrial conference and trial date.

### III.
### FACTUAL BACKGROUND

**A.  Plaintiffs filed deficient Amended Designation of Experts**.

On January 11, 2006, Plaintiffs filed their Amended Designation of Experts which identified as non-retained testifying experts approximately forty-five (45) witnesses comprised of individuals and entities. Plaintiffs' Designation of Experts further designates "all persons identified by Defendants in response to disclosures and/or interrogatories as a persons with relevant knowledge as if fully set-out herein and may request to the Court that anyone so identified testify at the time of trial and provide some expert testimony if said witness is qualified by education, training and experience and their expert testimony may be relevant." *See* Exhibit 1. Plaintiffs' Amended Designation of Experts fails to set forth the qualifications of each expert and the substance of their opinion. In essence, Plaintiff has attempted to designate fact witnesses as non-retained testifying experts.

**B.  Plaintiffs' Second Supplemental Initial Disclosures fail to contain the information ordered by the Court.**

The Court ordered that Plaintiffs designate those persons they reasonably expect to call to

testify. Dkt.#84. The Second Supplemental Initial Disclosures contain 130 pages of over 500 persons "likely to have discoverable information." *See* Exhibit 2. These were largely the same persons identified in the original set. *See* Dkt.#82, exhibit 1. Two witnesses reside in Mexico; over 70 reside outside of Texas. *See* Exhibit 2. Plaintiffs do not state that any of the persons identified are likely to be called to testify at trial. On January 11, 2006, Plaintiffs filed their Identification of Potential Witnesses. Dkt.#89. It lists all the same witnesses as their Second Supplemental Initial Disclosures. Several witnesses are listed as "may call." Dkt. # 89, pp. 12-17. For almost four hundred "potential witnesses," Plaintiffs state only that whether the person "may be called as a witness depends on deposition testimony of Defendant Yzaguirre and others." Dkt.#89, pp. 18-335.

The Court's order required Plaintiffs to provide sufficient description of knowledge each witness possesses and as to which claims that witness's knowledge relates so that Defendants may determine what discovery is necessary. Dkt.#84. For witnesses John Cruzvillarreal, Victor Alvarado, Maz Martinez, and Rolando Mancillas, no information is provided. *See* Exhibit 2, pp. 130-131; Dkt.#89, pp. 337-338. For over 400 individuals, the only description of their knowledge and which claim it relates to is a generic statement that his/her/its name appears on a transaction provided as Exhibit 44 to the Disclosures, that Exhibit 44 was provided to Plaintiff Cantu as part of law enforcement's investigation, and they were questionable transactions. *See* Exhibit 2, pp. 18-129. Her Witness List adds the statement that if he/she/it is called to testify, it will be to "substantiate Plaintiffs' claim of good faith in their speech on matters of public concern." Dkt.#89, pp. 18-335.

Exhibit 44 to Plaintiffs' Disclosures are 1914 pages of title applications, titles, and related documents similar to those attached to Plaintiffs' Rule 7(a) Reply (Dkt.#23). *See* Exhibit 2, p. 131.

# IV.
## ARGUMENT AND AUTHORITIES

What is immediately obvious is the pattern. Plaintiffs make vague allegations of public corruption, provide minimal discovery answers, and snow Defendants with a list of 500 witnesses. Already, the Court has had to order Plaintiffs to supplement their Rule 26(a) disclosures on fact witnesses, supplement their expert witness designation, and their written discovery answers. Dkt.# 84, 86, 105. Their discovery responses have not helped narrow discovery; rather they have prevented Defendants from learning the basics of their case. There simply was not time in the original discovery period to depose all these potential witnesses to find out what should have been disclosed by Plaintiffs early on. The Court should either exclude all or most of the witnesses and experts or protect Defendants.

When a party fails to provide the information required under Rule 26(a), the party is subject to the sanctions as set forth in Rule 37. Under Rule 37(c)(1), "a party that *without substantial justification* fails to disclose information required by Rule 26(a) ... is not, *unless such failure is harmless*, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed.R.Civ.P. 37(c)(1) (emphasis added). Likewise, if a party disobeys an order under Rule 35(a), the Court "may make such orders in regard to the failure as are just." Fed.R.Civ.P. 37(b)(2). Sanctions available under Rule 37(b)(2) include refusing to allow the disobedient party from supporting designated claims, striking pleadings, and staying the proceedings until the orders are obeyed. Fed.R.Civ.P. 37(b)(2)(B, C).

### A. Plaintiffs' experts should be excluded.

The Federal Rules of Civil Procedure divide potential witnesses into three categories for the purposes of disclosure. The first group, fact witnesses, must be disclosed in the manner set forth under Rule 26(a)(1)(A). Fed.R.Civ.P. 26(a)(1)(A). The second and third groups both consist of witnesses providing expert testimony and are differentiated by Rule 26(a)(2). The rule states: "(A) In addition to the disclosures required [regarding fact witnesses], a party *shall disclose* to other parties the *identity of any person* who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. (B) Except as otherwise stipulated or directed by the court, this disclosure shall, *with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report* prepared and signed by the witness.....(C) These disclosures shall be made at the times and in the sequence directed by the court...." Fed.R.Civ.P. 26(a)(2) (emphasis added). The expert designation requirement of Rule 26(a)(2)(A) applies to all testifying experts. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004). Thus, *all* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A). *Musser v. Gentiva Health Services*, 356 F.3d 751, 756 (7th Cir. 2004).

Disclosing a person as a fact witness and disclosing a person as an expert witness are two distinct acts. The Federal Rules of Civil Procedure demand the formal designation of expert witnesses, and a party must disclose in writing a list of names of persons with the designation of expert witness. *Musser*, 356 F.3d at 757. Even if the list of persons is already known to the opposing party through prior discovery, the party is still required to formally designate the persons who are expert witnesses. *Id*. at 757-758. Formal disclosure of experts is necessary in order to put

the opposing party on notice as to who will be an expert witness at trial. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. *Id*. at 757. The failure of the party to disclose experts prejudices the opposing party because there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony on grounds set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report. *Id*. at 757-758.

In this case, it has already been established in Defendants' Motion to Compel Plaintiffs to Provide Adequate Rule 26 Disclosures that Plaintiffs' extensive laundry list of witnesses in Plaintiffs' Initial Disclosures is inadequate. Dkt.# 82. In addition, the Court has held that Plaintiffs' global designation of non-retained testifying experts is inadequate. Dkt.# 86. It is simply unreasonable for Plaintiffs to continue to designate fact witnesses they have named in Plaintiffs' Initial Disclosures as non-retained testifying experts. In essence, Plaintiffs have attempted to circumvent the formal designation of expert witnesses as required under the Federal Rules of Civil Procedure by providing inadequate designation of fact witnesses as non-retained testifying experts. Plaintiffs' Amended Designation of Expert Witnesses is inadequate and does not allow Defendants to properly prepare for trial. Therefore, Plaintiffs' Amended Designation of Experts should be excluded since it is not a proper designation of expert witnesses.

Defendants urge that the proper remedy includes the exclusion of the witnesses identified in Plaintiffs' Amended Designation of Experts.

> **B.     Persons on Plaintiffs' List of Witnesses should be excluded or Defendants should be protected.**

Plaintiffs were required to supplement to state which witnesses they reasonably anticipated to call to testify at trial by December 28, 2005. Dkt.#84. The Supplement wholly failed to do that.

*See* Exhibit 2. The belated Witness List (Dkt.#89) lists a few persons as expected to be called; however, over 400 persons are listed as "may call" depending on what Defendant Yzaguirre or other unnamed persons may say. Dkt.#89, pp. 18-335. This virtually violates the Court's order. Naming over five hundred witnesses, of which 80% are listed as "may call" or "undecided," hardly tells Defendants who Plaintiffs reasonably anticipate calling in order to focus discovery. It leaves Defendants where they were before the Court's order: depose 500 people to find out what Plaintiffs are claiming.

Next, Plaintiffs were ordered to provide sufficient description of knowledge each witness possesses and as to which claims that witness's knowledge relates so that Defendants may determine what discovery is necessary. Dkt.#84. Plaintiffs wholly fail to provide this about witnesses John Cruzvillarreal, Victor Alvarado, Maz Martinez, and Rolando Mancillas. *See* Exhibit 2, pp. 130-131; Dkt.# 89, pp. 337-338.

For over 400 witnesses, all that is stated is that their names appear in the 1914 pages of Exhibit 44, the transactions were "questionable," and they will substantiate Plaintiffs' claims of good faith in speaking on matters of public concerns. *See* Exhibit 2, pp. 18-129; Dkt.#89, pp. 18-335. Plaintiffs Cantu, Munoz, Alvarado, and Weaver do not allege they each spoke out on the same matters; rather each alleges that he/she spoke out about different alleged improprieties at different times. Exhibit 44 contains 1914 pages of title applications and related title documents over hundreds of applications over nearly two years. The generic description for each of these people wholly fails to tell Defendants which witness goes with which Plaintiff's speech claim, much less what that person is supposed to know about a questionable title application.

Excluding these witnesses is a fair sanction under Rule 37. Plaintiffs' overall pattern is one of gamesmanship to hide the ball in order to force Defendants to engage in needless, lengthy, expensive discovery in order to discover just what is the Plaintiffs' case. This strongly suggests a tactic to obstruct Defendants from finding out Plaintiffs don't have a case to discover.

Alternatively, the Court should deprive Plaintiffs of the benefits of their obstruction. It is the Plaintiffs who have run out the discovery period by providing a snow of paper that tells Defendants nothing more than their pleadings and then disobeying Court orders to be specific. Staying any further discovery until Plaintiffs comply and submitting to depositions sufficiently long to cover Plaintiffs' vague claims is a just way to deal with the Plaintiffs' tactics. Defendants do not like asking to reset the deadlines, the final pretrial conference and trial, but such tactics by Plaintiffs have made it necessary. If Plaintiffs thought they might call 400-500 witnesses at trial, then their representations to Defendants and the Court of the appropriate discovery period and the length of trial were in bad faith.

WHEREFORE, PREMISES CONSIDERED, Defendants Cameron County and Tony Yzaguirre, Jr. pray this Court grant the relief requested and any other such relief to which they are entitled.

Signed on January 26, 2006.

Respectfully submitted,

Richard Burst
State Bar No. 00785586
**CAMERON COUNTY LEGAL DIVISION**
964 E. Harrison
Brownsville, TX 78520
Telephone: (956) 550-1345
Facsimile: (956) 550-1348

By: /s/ Charles Willette
    **Charles Willette, Jr.**
    State Bar No. 21509700
    Fed. Bar No. 1937
    **WILLETTE & GUERRA, L.L.P.**
    1534 E. 6th St., Suite 200
    Brownsville, TX 78520
    Telephone: (956) 541-1846
    Facsimile: (956) 5411-1893

Attorneys for *Defendant* CAMERON COUNTY

Richard Bilbie
State Bar No. 02313500
Federal Bar No. 2239
ARMANDO R. VILLALOBOS,
CAMERON COUNTY DISTRICT ATTORNEY
974 E. Harrison
Brownsville, TX 78520
Telephone: (956) 544-0849
Facsimile: (956) 544-0869

By: /s/ Roger Hughes
By: /s/ Charles Willette with permission
    **Roger W. Hughes**
    State Bar No. 10229500
    Federal ID No. 5950
    **Craig H. Vittitoe**
    State Bar No. 20593900
    Federal ID NO. 18756
    **ADAMS & GRAHAM, L.L.P.**
    P. O. Drawer 1429
    Harlingen, Texas 78551-1429
    Telephone: (956) 428-7495
    Facsimile:  (956) 428-2954

Attorneys for *Defendant* TONY YZAGUIRRE, ASSESSOR-COLLECTOR OF CAMERON COUNTY AND DIRECTOR OF CAMERON COUNTY AUTOMOBILE CRIMES ENFORCEMENT TASK FORCE IN HIS INDIVIDUAL CAPACITY

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of above and foregoing instrument was forwarded to the following counsel of record on this the 26th day of January, 2006.


Ms. Gay E. Gilson
**LAW OFFICE OF GAY E. GILSON**
719 South Shoreline, Suite 301A
Corpus Christi, TX 78401


Mr. David Lee McGee
**LAW OFFICES OF DAVID LEE McGEE, P.C.**
201 S. 15th, Ste. 204, McAllen (78501)
701 Park Avenue
Corpus Christi, TX 78401


Mr. Roger Hughes
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429


                                                 By:  /s/ Charles Willette
                                                        Charles Willette, Jr.