UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; | § | |
| RUTH WEAVER; AND | § | |
| DIAMANTINA ALVARADO | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | Civil Action No. 03-CV-96 |
| | § | |
| CAMERON COUNTY and | § | **JURY TRIAL REQUESTED** |
| TONY YZAGUIRE, JR., Tax Assessor- | § | |
| Collector of Cameron County and Director, | § | |
| Cameron County Automobile Crimes | § | |
| Enforcement Task Force, in his | § | |
| individual capacity | § | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS
TO EXCLUDE PLAINTIFFS' EXPERT WITNESSES, PERSONS
WITH RELEVANT KNOWLEDGE AND FACT WITNESSES
AND REQUEST TO FOLLOW LOCAL RULE 7.3**

COME NOW, Vicenta Cantu, Felix R. Munoz, Ruth Weaver, and Diamantina Alvarado

Plaintiffs, and files this their Plaintiffs' Objection to Defendants' Motion for Sanctions to Exclude

Plaintiffs' Expert Witnesses, Persons with Relevant Knowledge and Fact Witnesses and Request to

Follow Local Rule 7.3 and in support thereof would show the following:

1.      Plaintiffs object to Defendants' Motion for Sanctions to Exclude Plaintiffs' Expert

Witnesses, Persons with Relevant Knowledge and Fact Witnesses in that Defendant did not confer

with counsel in regard to this specific motion.  Plaintiffs' counsel did not receive any communication

regarding this particular motion until the actual motion, which had already been filed, was received

on Saturday, January 28, 2006.  Further, the Court's own rules provide that the certificate of

conference must recite the date, time, and place of such conference and the names of all parties

participating therein.  See Court's Civil Procedures 5.L.  This was not done.

2.        There have been a series of discovery related motions filed by Defendants which have been granted without Plaintiffs having any opportunity to respond as allowed by Local Rule 7.3. and the Court's Civil Procedures 5.A. and 5.D.

3.        Specifically, Defendants filed a Motion to Compel 26a Disclosures on December 7, 2005.  The order granting that Motion was entered on December 12, 2005.  Plaintiffs' Counsel's grandmother was terminally ill and passed away on December 10, 2005.  When Plaintiffs' Counsel returned from out of town to attend her grandmother's funeral, the order granting the Motion was sitting on her fax machine.  The copy of the motion arrived after the order had been signed granting it.  Pursuant to Local Rule 7.3, opposed motions will be submitted to the judge twenty days from filing to the Court.  This procedure was not followed.

4.        A motion was filed regarding Plaintiffs' designation of experts on December 16, 2005 and an order granting that motion was entered on December 22, 2005.  Pursuant to Local Rule 7.3, opposed motions will be submitted to the judge twenty days from filing to the Court.  This procedure was not followed.

5.        A motion to compel answers to interrogatories was filed by Defendant on January 16, 2006.  The motion was granted on January 19, 2006.  Pursuant to Local Rule 7.3, opposed motions will be submitted to the judge twenty days from filing to the Court.  This procedure was not followed.

6.        Pursuant to Motion Practice and Briefs 5.a. of the Court's Procedures, the Court states that it follows the written motion practice described in the Local Rules.  The fact that the motions are being granted within days of their being filed without opportunity for Plaintiffs to respond is extremely prejudicial and unfair to Plaintiffs as they have not had the opportunity to

present their side of any discovery dispute.  Further, the motions filed by the Defendants are

extremely serious motions which seek to severely limit Plaintiffs' opportunity to present their claims

or, alternatively, seeking dismissal of Plaintiffs' claims.

### SUMMARY

7.      Plaintiffs have not been afforded the process dictated by the Court's rules in

responding to these discovery motion.

8.      Plaintiffs request that the current motion be struck for failure to follow the local

rules regarding conference on motions, Plaintiffs be allowed to respond to all discovery motions

pursuant to Local Rule 7.3 or, alternatively, be advised of the time frame to respond to Defendants'

discovery motions.

9.      Further, if necessary, Plaintiffs request a hearing, either telephonic or in person, so

that the discovery issues may be discussed.  To this date, every discovery issue has been only a one-

sided presentation and Plaintiffs merely by-standers receiving discovery orders and motions within

days of one another.  A hearing may assist in allowing the Plaintiffs the opportunity to voice their

side of these issues.

Law Office of Gay E. Gilson

719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
Telephone: (361) 887-0552
Facsimile:  (361) 887-0554

By:____/s/ Gay E. Gilson_____
GAY E. GILSON
SBN 00784131/Fed.I.D. 16385
ATTORNEY    IN    CHARGE       FOR
PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Charles Willette
Willette & Guerra, L.L.P.
1534 East 6th Street Suite 200
Brownsville, Texas 78520

on this January 30, 2006.

_____/s/ Gay E. Gilson_____
Gay E. Gilson