United States District Court
Southern District of Texas
ENTERED

JAN 3 1 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU, ET AL. | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | C.A. No. B-03-96 |
| | § | |
| CAMERON COUNTY AND TONY | § | |
| YZAGUIRRE, Tax Assessor-Collector | § | |
| of Cameron County and Director, | § | |
| Cameron County Automobile Crimes | § | |
| Enforcement Task Force, in his | § | |
| individual capacity | § | |
|     Defendants. | § | |

## ORDER

BE IT REMEMBERED that on January 31, 2006, the Court **GRANTED IN PART and DENIED IN PART** Defendants' Motion for Sanctions to Exclude Plaintiffs' Expert Witnesses, Persons with Relevant Knowledge, and Fact Witnesses [Dkt. No. 106].

A party must make initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. A party shall disclose the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). A failure to disclose such information may lead to the exclusion of any witness or information not disclosed. Fed. R. Civ. P. 37(c)(1).

On December 22, 2005, this Court ordered Plaintiffs to file an amended Designation of Experts to (1) identify who Plaintiffs expected to call as experts and (2) set forth their qualifications, the subject of their testimony, and the substance of their opinion [Dkt. No. 86]. Plaintiffs have failed to comply with this order. Therefore, the Court will limit the list of witnesses who may testify as experts to those for whom Plaintiffs have provided the required information under Rule 26 of the Federal Rules of Civil Procedure.

The following witnesses are excluded from testifying as experts for failure to clearly identify a witness or failure to set forth their qualifications: Cameron County

Automobile Crimes Enforcement Task Force, Texas Automobile Theft Prevention Authority, Texas Department of Transportation Texas Motor Vehicle Enforcement Division, Jesse Garcia, Jr., Joe Mireles, Cameron County District Attorney's Office, Cameron County Attorney's Office, Lupita DeLeon, Rene Medrano, Jeffery Chen, John Cruzvillarreal, Cameron County Sherriff's Department, Maz Martinez, and Rolando Mancillas.  Therefore, the Court **GRANTS** the portion of this motion that requests the exclusion of those witnesses listed in the Designation of Experts whose identification does not comply with the Court's previous order.

On December 13, 2005, the Court ordered Plaintiffs to supplement their Initial Disclosures to comply with Rule 26 of the Federal Rules of Civil Procedure.  Plaintiffs' Second Supplemental Initial Disclosures are adequate to meet the requirements of the Court's order.  Therefore, the Court **DENIES** the portion of the motion that requests the exclusion of fact witnesses and persons with relevant knowledge.

Finally, the parties may agree to continue discovery beyond the deadline prescribed in the Scheduling Order, but the Court will not intervene.  Despite an agreement among the parties to extend discovery, the deadlines for the dispositive motions and the joint pretrial order specified in the Scheduling Order remain in effect.

The Court **GRANTS IN PART and DENIES IN PART** Defendants' Motion for Sanctions to Exclude Plaintiffs' Expert Witnesses, Persons with Relevant Knowledge, and Fact Witnesses [Dkt. No. 106].

DONE this 31 day of January 2006, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge