# AFFIDAVIT OF SERVICE

**COUNTY:** SOUTHERN DISTRI     **CASE #** 03-CV-96              **COURT**
                                  Clt. Ref.#                    Clt.#   6984

VICENTA CANTU, FELIX R. MUNOZ, RUTH WEAVER AND DIAMANTINA
ALVARADO

VS
CAMERON COUNTY AND TONY YZAGUIRRE, JR., TAX ASSESSOR-COLLECTOR
OF CAMERON COUNTY AND DIRECTOR, CAMERON COUNTY AUTOMOBILE CRIMES
ENFORCEMENT TASK FORCE, IN HIS INDIVIDUAL CAPACITY

United States District Court
Southern District of Texas
FILED
FEB 0 7 2006
Michael N. Milby
Clerk of Court

The documents came to hand for service on 02/04/06   Time: 11:45:00

Documents received for service:

**FIRST AMENDED NOTICE OF ORAL DEPOSITION OF ESTELLA GUERRA**

The documents were delivered on **02/06/06   Time: 08:50:00**

Executed at: 1385 East 9th St.
             Brownsville, TX 78520

to the following: **Guerra, Estela**

__✓__ PERSONALLY delivering the document(s) to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____ a person over sixteen (16) years of age, at the above listed address which is the usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

## AFFIDAVIT

I, Eddie M Gonzalez_____, am over the age of eighteen, and am neither a party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE FACTS SET FORTH ABOVE. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state OR federal jurisdicition, and I have studied and am familiar with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES CODE and all other applicable rules and statutes relating to service of citation and/or notices I am authorized by written order of the court to serve citations and other notices.

Service Fee: $60
Witness Fee Tendered: $40

Eddie M Gonzalez
Texas LIC#: SCH-1415
Professional Civil Process Brownsville
700 Paredes Ave. Suite 208
Brownsville, Texas 78520

STATE OF TEXAS}

### VERIFICATION

On this day Eddie M Gonzalez appeared before me, a notary public, and being duly sworn by me stated that he/she has personal knowledge of the facts set forth in the foregoing affidavit and declared that the facts contained therein are true and correct. Given my hand and seal of office this ___ day of _____ 200__.

PCP Inv. #R02060025

INDALECIO C. ROJANO III
Notary Public, State of Texas
My Commission Expires
07-10-2008

NOTARY PUBLIC FOR THE STATE OF TEXAS

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VICENTA CANTU, ET AL.
VS.
CAMERON COUNTY, ET AL.

SUBPOENA

CIVIL ACTION NO. 03-CV-96

TO: Estella Guerra
1385 East 9th Street
Brownsville, Texas

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| LAW OFFICE OF FRANK COSTILLA<br>5 East Elizabeth Street<br>Brownsville, Texas 78520 | February 8, 2006 @ 3:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects). (SEE ATTACHED NOTICE & DUCES TECUM)

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| David Lee McGee, Attorney for Plaintiffs | February 3, 2006 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| David Lee McGee, Attorney for Plaintiffs<br>(361) 888-6489 | LAW OFFICES OF DAVID LEE McGEE<br>701 Park Ave., Corpus Christi, Texas 78401 |

AO 88 (11/91) Subpoena in a Civil Case

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) | MANNER SERVED

SERVED BY (PRINT NAME) | TITLE

*PROCESS SERVED AFFIDAVIT ATTACHED*

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United State of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                                        SIGNATURE OF SERVER

PROFESSIONAL CIVIL PROCESS
700 PAREDES AVE., #208
BROWNSVILLE, TEXAS 78520
TEL. (956) 546-1313
                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party of attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designed material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

AO 88 (11/91) Subpoena in a Civil Case

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VICENTA CANTU; FELIX R. MUNOZ;<br>RUTH WEAVER AND<br>DIAMANTINA ALVARADO<br><br>Plaintiffs<br><br>vs.<br><br>CAMERON COUNTY and<br>TONY YZAGUIRE, JR., Tax Assessor-<br>Collector of Cameron County and Director,<br>Cameron County Automobile Crimes<br>Enforcement Task Force, in his<br>individual capacity | Civil Action No. 03-CV-96<br><br>JURY TRIAL REQUESTED |

**FIRST AMENDED NOTICE OF ORAL DEPOSITION OF ESTELLA GUERRA**

Please take notice that pursuant the Federal Rules of Civil Procedure, the telephonic oral deposition of Estella Guerra will be taken at 3:00 p.m. on Wednesday, February 8, 2006 at the Law Offices of Frank Costilla Jr., 5 E. Elizabeth St., Brownsville, Texas 78520.

You are further notified that the deposition will be videotaped.

The name and address of the Court Reporter taking the deposition is: Bryant and Stingley Inc., 2110 E. Harrison, Harlingen, Texas 78550.

Respectfully submitted,

Law Office of Gay E. Gilson
719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
Telephone: (361) 887-0552
Facsimile: (361) 887-0554
By:
GAY E. GILSON
SBN 00784131/Fed.I.D. 16365
ATTORNEY FOR PLAINTIFF

Law Offices of David Lee McGee
701 Park Ave.
Telephone: (361) 888-8489
Facsimile: (361) 888-5585

By: *David Lee McGee*
DAVID LEE MCGEE
SBN 13612550/Fed I.D. 5932
CO-COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this lawsuit was served on

| | |
|---|---|
| Mr. Charles Willette<br>Willette & Guerra, L.L.P.<br>1534 East 6th Street Suite 200<br>Brownsville, Texas 78520 | Via Facsimile (956) 541-1893<br>& Via First Class Mail |
| Mr. Roger Hughes<br>Adams & Graham, L.L.P.<br>222 E Van Buren West Tower<br>Harlingen, Texas 78550 | Via Facsimile (956) 428-2954<br>& Via First Class Mail |
| Rene B. Gonzalez<br>Cameron County (District) Attorney<br>974 East Harrison Street<br>Brownsville, Texas 78520<br>Attorney for Tony Yzaguirre, Jr. | Via First Class Mail |
| Richard O. Burst<br>Civil Legal Department<br>964 East Harrison Street<br>Brownsville, Texas 78520<br>Attorney for Cameron County | Via First Class Mail |

on this February 3, 2006 to the Federal Rules of Civil Procedure.

*David Lee McGee*
David Lee McGee