UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; RUTH WEAVER; AND DIAMANTINA ALVARADO | § § § § | |
| Plaintiffs | § § | |
| vs. | § § | Civil Action No. 03-CV-96 |
| CAMERON COUNTY and TONY YZAGUIRE, JR., Tax Assessor-Collector of Cameron County and Director, Cameron County Automobile Crimes Enforcement Task Force, in his individual capacity | § § § § § § § | **JURY TRIAL REQUESTED** |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS TO EXCLUDE PLAINTIFFS' EXPERT WITNESSES, PERSONS WITH RELEVANT KNOWLEDGE AND FACT WITNESSES

COME NOW, Vicenta Cantu, Felix R. Munoz, Ruth Weaver, and Diamantina Alvarado Plaintiffs, and files this their Plaintiffs' Response to Defendants' Motion for Sanctions to Exclude Plaintiffs' Expert Witnesses, Persons with Relevant Knowledge and Fact Witnesses and in support thereof would show the following:

1.  Plaintiffs object to Defendants' Motion for Sanctions to Exclude Plaintiffs' Expert Witnesses, Persons with Relevant Knowledge and Fact Witnesses in that Defendant did not confer with counsel as represented in regard to this specific motion.  Plaintiffs' counsel did not receive any communication regarding this particular motion until the actual motion, which had already been filed, was received.  Further, the Court's own rules provide that the certificate of conference must recite the date, time, and place of such conference and the names of all parties participating therein. See Court's Civil Procedures 5.L.  This was not done.  After Plaintiff filed objections, Defense

Counsel sent a letter of conference. In response, Plaintiffs' Counsel sent the attached response. See Exhibit 1.

## 26a Disclosures

2.     There is an extremely large amount of information in this case. The Defendants seem to be upset because Plaintiffs have identified a large number of persons who "likely have discoverable information that the disclosing party may use to support its claims or defenses". This disclosure is required by FRCP 26a(1)(A). Plaintiffs provided a box full of transactions which were obtained by Plaintiff Cantu and names were extracted from those documents and identified by Plaintiffs on their 26a disclosures. Plaintiffs further supplemented this information to specify which persons identified they anticipated calling; those they did not anticipate on calling, but may change their mind about calling; and those that may be called if Defendant raise certain defenses (which are as yet undetermined because discovery is substantially incomplete as depositions are in progress). However, it is extremely unfair and limiting to the Plaintiffs' case to require Plaintiffs to provide a witness list before discovery is substantially completed and that is what Defendants are trying to do. It is anticipated that Defendant is going to argue that Plaintiffs' speech about particular transactions was not made in good faith. If that is the case, the Plaintiffs may want to call the parties to that transaction so that they may testify about the improprieties of the transaction at issue and the reasonableness of the Plaintiffs' speech about that transaction. It is certainly not anticipated that Plaintiffs will call every witness, but Plaintiffs would like to have the option to call a sample to support that their speech was made in good faith. It is simply too early to be able to whittle the list down to those persons that may actually need to testify. A lot will depend on the depositions of Defendant Yzaguirre, which has been noticed for February 16, 2006 and other Defense witnesses

who should be deposed within the coming weeks.

## Interrogatories

3.      In regard to the Interrogatory responses, there were no transaction numbers, dates, other than what was provided, because those parties do not have knowledge of that information – not because they are withholding it.  Plaintiff Cantu was the only Plaintiff, as a Registration and Title Examiner, whose primary job duties was to evaluate transactions. She maintained detailed records because of the continuing, serious problems which she saw.  In particular, she was concerned that the passing through of improper transactions would come back against her, as Registration and Title Examiner, if any outside investigation were to occur.  Therefore, Plaintiff Cantu kept detailed records.  The other Plaintiffs did not keep notes or records of improprieties which they saw.  In order for their speech and other actions to be protected, they do not have to cite transaction numbers.  They must be able to substantiate their protected speech and/or protected activity, which they have plead and responded with in responses to interrogatories, to whom they published the statements and when they published the statements.  They have done this – not only in their pleadings and the 7a reply, but again in their interrogatory responses.  Plaintiffs will supplement their responses as the Court ordered, but, other than a few instances, which will be supplemented, they have provided the information that they have as far as dates and transactions.

## Witness List

4.      In paragraph III. B., page 4, first paragraph of Defendant's Motion, Defendant's mischaracterize Plaintiffs' response. Plaintiffs' full response to as what the Defense terms "almost four hundred 'potential witnesses" is as follows:

This name appears on a transaction being provided as Exhibit 44 to disclosures.

Exhibit 44 was provided to law enforcement by Vicenta Cantu as part of law enforcement's investigation into transactions involving notaries and others and the Cameron County Tax Assessor - Collector's office. These were provided to law enforcement because they were questionable transactions. May have knowledge of improper title transactions made the basis of this lawsuit. If this person is called to testify it will be to substantiate Plaintiff's claims of good faith in their speech of matters of public concern which is made the basis of this lawsuit. Whether or not this individual may be called as a witness depends on deposition testimony of Defendant Yzaguirre and others.

5. In regard to paragraph III. B., page 4, second paragraph of Defendants' Motion, John Cruzvillarreal, Victor Alvarado, Maz Martinez and Rolando Mancillas it is believed that these individuals have knowledge of the improper transactions going through the Cameron County Tax Assessor-Collector's office as they previously worked with the office. Because of the large volume of information and difficulty communicating during the Holiday times, this information was inadvertently omitted. No more detailed information is known. This information has been supplemented both through discovery and in the Plaintiffs' Anticipated Witness List.

**Expert Designations**

6. In regard to expert designation, Plaintiffs supplemented their information as ordered by the Court. However, the potential experts identified by Plaintiffs are not retained experts. Most of the persons identified as potential expert witnesses would testify about policies, standards, laws for processing transactions for motor vehicle registrations and related topics. Plaintiffs and other similarly qualified, because of their experience, training, knowledge and work for the Cameron

County Tax Office and related entities, should be allowed to provide an expert opinion about these topics. This is why these persons are identified. Because these individuals are not "retained", they are not required by the rules to provide the same information as "retained" experts.

7.  The following are excerpts from O'Connor's Federal Rules, Civil Trials 2005 regarding *nonretained* expert witnesses:

> A nonretained testifying expert is a testifying expert who is not retained or specifically employed to provide testimony and who usually has firsthand factual knowledge about the case. *See 1970 Notes to FRCP 26 at ¶33, p. 1105 O'Connor's Federal Rules, Civil Trials 2005*; *see e.g. Young v. U.S.*, 181 F.R.D. 344, 346-47 (W.D. Tex.1997) (treating physician should be treated as fact witness unless specifically retained to develop expert opinion). Nonretained testifying experts with knowledge of facts are discoverable as fact witnesses. See 1970 Notes to FRCP at ¶33, p. 1105 O'Connor's Federal Rules, Civil Trials 2005; *Ngo v. Standard Tools & Equip., Co.*, 197 F.R.D. 263, 266-67 (D. Md.2000). These experts are often considered "actors" or "viewers" or lay experts under FRE 701. *See Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co.*, 199 F.R.D. 320, 324 (D. Minn.2000); Ngo, 197 F.R.D. at 266-267; *see also Ager v. Jane C. Stormont Hosp. & Training Sch. For Nurses*, 622 F.2d 496, 501 (10th Cir.1980) (category four expert). Examples include the plaintiff's treating physician, an accident investigator for a governmental entity, or an employee-expert who does not regularly engage in providing expert testimony. *e.g., Brandt Distrib. Co. v. Fed. Ins. Cop.*, 247 F.3d 822, 825-26 (8th Cir.2001) (fire captain for city fire department); *Duluth Lighthouse*, 199

F.R.D. at 324 (employee-expert); *Ngo*, 197 F.R.D. at 266-67 (treating physician); see also *In re Snyder*, 115 F.R.D. 211, 215 (D.AZ.1987) (witness was not truly involuntary expert witness because he had firsthand knowledge of historical events related to litigation). *But see Young*, 181, F.R.D. at 346-47 (treating physician must be considered ordinary fact witness and not testifying expert unless physician has been retained to develop expert opinion). *See O'Connor's Federal Rules, Civil Trials* 2005, page 361.

A party is entitled to obtain the same information about a nonretained testifying expert who has knowledge of facts as it can about a fact witness. See 1970 Notes to FRCP 26 at ¶33, p. 1105, O'Connor's Federal Rules, Civil Trials, 2005; Ngo, 197 F.R.D. at 266-67. *See O'Connor's Federal Rules, Civil Trials* 2005, page 361.

Nonretained experts are not required to submit an expert report or make other expert disclosures under FRCP 26(a)(2)(B). *Rollins v. Barlow*, 188 F.Supp.2d 660, 661-62 (S.D. W.Va2002); See FRCP 26(a)(2)(B) "....this disclosure shall, with respect to a witness who is retained or specifically employed to provide expert testimony in a case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report...". *See O'Connor's Federal Rules, Civil Trials* 2005, page 361.

From the party who designated the nonretained testifying expert, a party may secure information through the following discovery procedures: (1) expert witness disclosures of witness; (2) initial disclosures (identify of witness and subject of

testimony); (3) interrogatories (names of expert trial witnesses, subject of testimony, substance of opinion); and (4) other types of discovery (e.g. oral deposition of the party) to obtain other discovery information known to party about nonretained testifying experts. See FRCP 26(a)(1)(A), FRCP 26(a)(2)(A) (expert witness disclosures), FRCP 26(a)(5) (other types of discovery); *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 653 (D.Md1997) (party can use interrogatories to have other party identify expert witnesses who will offer trial testimony); see e.g., *Chakales v. Hertz Corp.*, 152 F.R.D. 240, 245-46 (N.D. GA.1993) (interrogatory seeking identify of all experts to testify required disclosure of all retained and nonretained testifying experts). *See O'Connor's Federal Rules, Civil Trials* 2005, page 361.

### SUMMARY

8.    Defendants are mischaracterizing Plaintiffs' discovery responses in an attempt to defend this case by trying to have the claims and evidence unfairly limited or, alternatively, the claims dismissed entirely on technical grounds.

9.    Plaintiffs have provided more than sufficient information and documentation through every step of this process to show that they are trying to cooperate in the litigation process. This is an especially difficult case as there are four Plaintiffs and the detailed nature of the claims quite consuming.

10.    Plaintiffs request that Defendants' Motion be denied.

Law Office of Gay E. Gilson

719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
Telephone: (361) 887-0552
Facsimile: (361) 887-0554

By: /s/ Gay E. Gilson
GAY E. GILSON
SBN 00784131/Fed.I.D. 16385
ATTORNEY IN CHARGE FOR PLAINTIFFS

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile: (956) 687-2937
CO-COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Charles Willette
Willette & Guerra, L.L.P.
1534 East 6th Street Suite 200
Brownsville, Texas 78520

on this February 13, 2006.

/s/ Gay E. Gilson
Gay E. Gilson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTA CANTU; FELIX R. MUNOZ; <br> RUTH WEAVER; AND <br> DIAMANTINA ALVARADO <br> <br> Plaintiffs <br> <br> vs. <br> <br> CAMERON COUNTY and <br> TONY YZAGUIRE, JR., Tax Assessor- <br> Collector of Cameron County and Director, <br> Cameron County Automobile Crimes <br> Enforcement Task Force, in his <br> individual capacity | § § § § § § § § § § § § § § § | <br> <br> <br> <br> <br> <br> Civil Action No. 03-CV-96 <br> <br> **JURY TRIAL REQUESTED** |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS TO EXCLUDE PLAINTIFFS' EXPERT WITNESSES, PERSONS WITH RELEVANT KNOWLEDGE AND FACT WITNESSES

COME NOW, Vicenta Cantu, Felix R. Munoz, Ruth Weaver, and Diamantina Alvarado Plaintiffs, and files this their Plaintiffs' Response to Defendants' Motion for Sanctions to Exclude Plaintiffs' Expert Witnesses, Persons with Relevant Knowledge and Fact Witnesses and in support thereof would show the following:

1. Plaintiffs object to Defendants' Motion for Sanctions to Exclude Plaintiffs' Expert Witnesses, Persons with Relevant Knowledge and Fact Witnesses in that Defendant did not confer with counsel as represented in regard to this specific motion. Plaintiffs' counsel did not receive any communication regarding this particular motion until the actual motion, which had already been filed, was received. Further, the Court's own rules provide that the certificate of conference must recite the date, time, and place of such conference and the names of all parties participating therein. See Court's Civil Procedures 5.L. This was not done. After Plaintiff filed objections, Defense

Counsel sent a letter of conference. In response, Plaintiffs' Counsel sent the attached response. See Exhibit 1.

## 26a Disclosures

2. There is an extremely large amount of information in this case. The Defendants seem to be upset because Plaintiffs have identified a large number of persons who "likely have discoverable information that the disclosing party may use to support its claims or defenses". This disclosure is required by FRCP 26a(1)(A). Plaintiffs provided a box full of transactions which were obtained by Plaintiff Cantu and names were extracted from those documents and identified by Plaintiffs on their 26a disclosures. Plaintiffs further supplemented this information to specify which persons identified they anticipated calling; those they did not anticipate on calling, but may change their mind about calling; and those that may be called if Defendant raise certain defenses (which are as yet undetermined because discovery is substantially incomplete as depositions are in progress). However, it is extremely unfair and limiting to the Plaintiffs' case to require Plaintiffs to provide a witness list before discovery is substantially completed and that is what Defendants are trying to do. It is anticipated that Defendant is going to argue that Plaintiffs' speech about particular transactions was not made in good faith. If that is the case, the Plaintiffs may want to call the parties to that transaction so that they may testify about the improprieties of the transaction at issue and the reasonableness of the Plaintiffs' speech about that transaction. It is certainly not anticipated that Plaintiffs will call every witness, but Plaintiffs would like to have the option to call a sample to support that their speech was made in good faith. It is simply too early to be able to whittle the list down to those persons that may actually need to testify. A lot will depend on the depositions of Defendant Yzaguirre, which has been noticed for February 16, 2006 and other Defense witnesses

who should be deposed within the coming weeks.

## Interrogatories

3.  In regard to the Interrogatory responses, there were no transaction numbers, dates, other than what was provided, because those parties do not have knowledge of that information – not because they are withholding it. Plaintiff Cantu was the only Plaintiff, as a Registration and Title Examiner, whose primary job duties was to evaluate transactions. She maintained detailed records because of the continuing, serious problems which she saw. In particular, she was concerned that the passing through of improper transactions would come back against her, as Registration and Title Examiner, if any outside investigation were to occur. Therefore, Plaintiff Cantu kept detailed records. The other Plaintiffs did not keep notes or records of improprieties which they saw. In order for their speech and other actions to be protected, they do not have to cite transaction numbers. They must be able to substantiate their protected speech and/or protected activity, which they have plead and responded with in responses to interrogatories, to whom they published the statements and when they published the statements. They have done this – not only in their pleadings and the 7a reply, but again in their interrogatory responses. Plaintiffs will supplement their responses as the Court ordered, but, other than a few instances, which will be supplemented, they have provided the information that they have as far as dates and transactions.

## Witness List

4.  In paragraph III. B., page 4, first paragraph of Defendant's Motion, Defendant's mischaracterize Plaintiffs' response. Plaintiffs' full response to as what the Defense terms "almost four hundred 'potential witnesses" is as follows:

This name appears on a transaction being provided as Exhibit 44 to disclosures.

Exhibit 44 was provided to law enforcement by Vicenta Cantu as part of law enforcement's investigation into transactions involving notaries and others and the Cameron County Tax Assessor - Collector's office. These were provided to law enforcement because they were questionable transactions. May have knowledge of improper title transactions made the basis of this lawsuit. If this person is called to testify it will be to substantiate Plaintiff's claims of good faith in their speech of matters of public concern which is made the basis of this lawsuit. Whether or not this individual may be called as a witness depends on deposition testimony of Defendant Yzaguirre and others.

5.      In regard to paragraph III. B., page 4, second paragraph of Defendants' Motion, John Cruzvillarreal, Victor Alvarado, Maz Martinez and Rolando Mancillas it is believed that these individuals have knowledge of the improper transactions going through the Cameron County Tax Assessor-Collector's office as they previously worked with the office. Because of the large volume of information and difficulty communicating during the Holiday times, this information was inadvertently omitted. No more detailed information is known. This information has been supplemented both through discovery and in the Plaintiffs' Anticipated Witness List.

**Expert Designations**

6.      In regard to expert designation, Plaintiffs supplemented their information as ordered by the Court. However, the potential experts identified by Plaintiffs are not retained experts. Most of the persons identified as potential expert witnesses would testify about policies, standards, laws for processing transactions for motor vehicle registrations and related topics. Plaintiffs and other similarly qualified, because of their experience, training, knowledge and work for the Cameron

County Tax Office and related entities, should be allowed to provide an expert opinion about these topics. This is why these persons are identified. Because these individuals are not "retained", they are not required by the rules to provide the same information as "retained" experts.

7. The following are excerpts from O'Connor's Federal Rules, Civil Trials 2005 regarding ***nonretained*** expert witnesses:

> A nonretained testifying expert is a testifying expert who is not retained or specifically employed to provide testimony and who usually has firsthand factual knowledge about the case. *See 1970 Notes to FRCP 26 at ¶33, p. 1105 O'Connor's Federal Rules, Civil Trials 2005*; *see e.g. Young v. U.S.*, 181 F.R.D. 344, 346-47 (W.D. Tex.1997) (treating physician should be treated as fact witness unless specifically retained to develop expert opinion). Nonretained testifying experts with knowledge of facts are discoverable as fact witnesses. See 1970 Notes to FRCP at ¶33, p. 1105 O'Connor's Federal Rules, Civil Trials 2005; *Ngo v. Standard Tools & Equip., Co.*, 197 F.R.D. 263, 266-67 (D. Md.2000). These experts are often considered "actors" or "viewers" or lay experts under FRE 701. *See Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co.*, 199 F.R.D. 320, 324 (D. Minn.2000); Ngo, 197 F.R.D. at 266-267; *see also Ager v. Jane C. Stormont Hosp. & Training Sch. For Nurses*, 622 F.2d 496, 501 (10th Cir.1980) (category four expert). Examples include the plaintiff's treating physician, an accident investigator for a governmental entity, or an employee-expert who does not regularly engage in providing expert testimony. *e.g., Brandt Distrib. Co. v. Fed. Ins. Cop.*, 247 F.3d 822, 825-26 (8th Cir.2001) (fire captain for city fire department); *Duluth Lighthouse*, 199

5

F.R.D. at 324 (employee-expert); *Ngo*, 197 F.R.D. at 266-67 (treating physician); see also *In re Snyder*, 115 F.R.D. 211, 215 (D.AZ.1987) (witness was not truly involuntary expert witness because he had firsthand knowledge of historical events related to litigation). *But see Young*, 181, F.R.D. at 346-47 (treating physician must be considered ordinary fact witness and not testifying expert unless physician has been retained to develop expert opinion). *See O'Connor's Federal Rules, Civil Trials* 2005, page 361.

A party is entitled to obtain the same information about a nonretained testifying expert who has knowledge of facts as it can about a fact witness. See 1970 Notes to FRCP 26 at ¶33, p. 1105, O'Connor's Federal Rules, Civil Trials, 2005; Ngo, 197 F.R.D. at 266-67. *See O'Connor's Federal Rules, Civil Trials* 2005, page 361.

Nonretained experts are not required to submit an expert report or make other expert disclosures under FRCP 26(a)(2)(B). *Rollins v. Barlow*, 188 F.Supp.2d 660, 661-62 (S.D. W.Va2002); See FRCP 26(a)(2)(B) "....this disclosure shall, with respect to a witness who is retained or specifically employed to provide expert testimony in a case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report...". *See O'Connor's Federal Rules, Civil Trials* 2005, page 361.

From the party who designated the nonretained testifying expert, a party may secure information through the following discovery procedures: (1) expert witness disclosures of witness; (2) initial disclosures (identify of witness and subject of

testimony); (3) interrogatories (names of expert trial witnesses, subject of testimony, substance of opinion); and (4) other types of discovery (e.g. oral deposition of the party) to obtain other discovery information known to party about nonretained testifying experts. See FRCP 26(a)(1)(A), FRCP 26(a)(2)(A) (expert witness disclosures), FRCP 26(a)(5) (other types of discovery); *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 653 (D.Md1997) (party can use interrogatories to have other party identify expert witnesses who will offer trial testimony); see e.g., *Chakales v. Hertz Corp.*, 152 F.R.D. 240, 245-46 (N.D. GA.1993) (interrogatory seeking identify of all experts to testify required disclosure of all retained and nonretained testifying experts). *See O'Connor's Federal Rules, Civil Trials* 2005, page 361.

### SUMMARY

8.      Defendants are mischaracterizing Plaintiffs' discovery responses in an attempt to defend this case by trying to have the claims and evidence unfairly limited or, alternatively, the claims dismissed entirely on technical grounds.

9.      Plaintiffs have provided more than sufficient information and documentation through every step of this process to show that they are trying to cooperate in the litigation process. This is an especially difficult case as there are four Plaintiffs and the detailed nature of the claims quite consuming.

10.     Plaintiffs request that Defendants' Motion be denied.

Law Office of Gay E. Gilson

719 South Shoreline, Suite 301A
Corpus Christi, Texas 78401
Telephone: (361) 887-0552
Facsimile:  (361) 887-0554

By:   /s/ Gay E. Gilson
GAY E. GILSON
SBN 00784131/Fed.I.D. 16385
ATTORNEY IN CHARGE FOR PLAINTIFFS

DAVID LEE MCGEE
Law Office of David Lee McGee, P.C.
3827 North 10th Street, Suite 302 A
Plaza 10 Building
McAllen, Texas 78501
SBN 13612550/Fed I.D.5932
Telephone: (956) 687-2010
Facsimile:  (956) 687-2937
CO-COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that a copy of this instrument was served on the following attorney's of record according to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Charles Willette
Willette & Guerra, L.L.P.
1534 East 6th Street Suite 200
Brownsville, Texas 78520

on this February 13, 2006.

   /s/ Gay E. Gilson
Gay E. Gilson

8