LAW OFFICE OF GAY E. GILSON

719 SOUTH SHORELINE, SUITE 301A
CORPUS CHRISTI, TEXAS 78401
(361) 887-0552
FAX: (361) 887-0554
EMAIL: gegilson@gilsonlaw.com

February 3, 2006

Mr. Charles Willette                                Via Facsimile (956) 541-1893
Ms. Heather Scott
Willette & Guerra, L.L.P.
1534 East 6th Street Suite 200
Brownsville, Texas 78520

Re:   Vicenta Cantu, et al v. Cameron County, et al; Cause No. 03-CV-96; In the Southern District
      of Texas, Brownsville Division

Dear Mr. Willette and Ms. Scott:

In regard to Defendants' Motion for Sanctions to Exclude Plaintiffs' Expert Witnesses, Persons with Relevant Knowledge, and Fact Witnesses which was filed on January 26, 2006 and now you are conferring with me in order to re-file it, I provide the Plaintiffs' position to each point raised:

> Expert Witnesses: I do not know that it will be necessary to elicit expert testimony from any of the persons identified as experts. However, I anticipate that your client will make an issue over various rules, policies and procedures and I would like for my clients, and others identified, to have the ability to provide an expert opinion if necessary. I do identify the basis for their qualifications being their work experience, education and training. In the Court's original order, she did not exclude my clients from testifying. Certainly, I expect that I will have the opportunity to designate responsive expert witnesses if necessary.
>
> Potential Witnesses: I anticipate that your client will make an argument that my client's speech was not made in good faith. In order to respond to that, I want the ability to call parties to the transactions at issue so that they may testify about why the transactions were improper. I do not expect that I will call, as you have identified "500" witnesses, but I do want the ability to call enough of a sample to establish that my client's speech was made in good faith – if necessary. Further, initial disclosures require identification of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment. We are required to disclose this information. As you know, there are always numerous persons identified in disclosures and through other discovery which are never called to testify. You have had the "transaction" information since we filed the 7a Reply approximately two years ago – so this information should not be a surprise to you.