UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 28 2006

Michael N. Milby
Clerk of Court

| | |
|---|---|
| VICENTA CANTU, ET AL, <br> Plaintiffs, <br> <br> vs. <br> <br> CAMERON COUNTY and <br> TONY YZAGGUIRE, JR., Tax Assessor- <br> Collector of Cameron County and Director, <br> Cameron County Automobile Crimes <br> Enforcement Task Force, in his <br> individual capacity, <br> Defendants. | Civil Action No. B-03-CV-96 |

<u>CAMERON COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST PLAINTIFF ALVARADO
AND SUPPORTING MEMORANDUM
ON THE ISSUE THAT
THE DIRECTOR OF CAMERON COUNTY EMERGENCY MANAGEMENT
IS NOT A POLICYMAKER FOR PURPOSES OF SECTION 1983</u>

Defendant, Cameron County, pursuant to the provisions of Rule 56(b) of the Federal Rules of Civil Procedure, moves for summary judgment, on the issue that the Director of Cameron County Emergency Management is not a policymaker, against Diamantina Alvarado, one of the Plaintiffs in this cause, and in support thereof incorporates the following memorandum of law:

**I. Nature and Stage of Proceedings**

1.      Plaintiff Alvarado is a former employee of the Cameron County Tax Assessor Collector's Office who sued pursuant to 42 U.S.C. § 1983 complaining that Defendant retaliated against her for speaking on matters of public concern. In the Second Amended Complaint she includes a cause of action alleging that after she resigned from the Tax Office, she was offered a job with

1

the Cameron County Emergency Management Department conditioned on dismissing her federal lawsuit – this suit. The Plaintiff contends (see Paragraph 66 of the Second Amended Complaint) that the alleged actions by Defendant constitute an infringement of her rights under the First Amendment to the United States Constitution. Dispositive motions are due by March 1, 2006. This Motion is timely.

## II. Statement of Facts

2.　The County Judge ran into Plaintiff Alvarado at Dillards Department Store in Brownsville. She let him know she would like to work for the County. He told her about an opening in Emergency Management and told her to submit an application. (Ex. 2, Para. 3.) He had no more contact or communication with Plaintiff Alvarado concerning her job application. (Ex. 2, Para. 4.) Plaintiff Alvarado remembered talking to Alice, Jarred, Remi and Tom, but had no recollection of talking to the County Judge. (Ex. 1, P.149, L.8 to P.150, L.17.)

3.　Thomas D. Hushen, Director of Emergency Management (Ex. 3, Para 2), interviewed Plaintiff Alvarado on or about May 3, 2004, and offered her the position as his personal secretary. He made no requirement concerning dropping this lawsuit. (Ex. 3, Para. 6.)

4.　As Director of Cameron County Emergency Management Tom Hushen has discretion to hire and fire employees of Emergency Management, but he serves at the discretion of the County Judge. (Ex. 3, Para. 2.) He is the only person in the Cameron County Emergency Management Department with authority to hire or terminate Emergency Management Department employees. (Ex. 3, Para. 7.)

5.　The Cameron County Commissioners Court has adopted the Cameron County Personnel Policies Manual and from time to time revise it. A copy if attached to Exhibit 4. (Ex. 4, Para. 3

2

& 5.)

6.   Cameron County is an equal opportunity employee. (Ex. 3, Para 4.) And, it is the policy of Cameron County, as set by the Cameron County Commissioners, to fill job vacancies ". . . only on the basis of occupational qualifications and job related factors such as skill, knowledge, educations, experience, and ability to perform the specific job." (Ex. 3, Para. 5.)

### III. Statement Of Issue To Be Ruled On By The Court

11.   The Defendant seeks dismissal and summary judgment on the grounds that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law on Plaintiff Alvarado's failure to hire cause of action because Thomas D. Hushen as the Director of the Cameron County Emergency Management Department is not a policymaker for Cameron County, Texas. Cameron

### IV. Summary Judgment Evidence

12.   The following is Defendant's summary judgment evidence, which is attached and adopted herein by reference:

    12.1   Exhibit 1 – Excerpts from deposition of Plaintiff Diamantina Alvarado.;

    12.2   Exhibit 2 – Affidavit of County Judge Gilberto Hinojosa;

    12.3   Exhibit 3 – Affidavit of Thomas D. Hushen, Director of the Emergency Management Department.

    12.4   Exhibit 4 – Affidavit of Manuel Villarreal.

### V. Argument and Authorities

**A. Standard of Review**

13. Rule 56(b), Federal Rules of Civil Procedure provides that a defending party may, at any time, move, with or without supporting affidavits for summary judgment in the party's favor. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

14. A Party seeking summary judgment bears the initial burden of informing the court of the basis for his motion, and identifying those portions of the record which he believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrell*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.E.2d 265 (1986). Where a party will have the burden of proof on an essential element of his case at trial and does not, after adequate time for discovery, make a showing sufficient to establish the existence of that element, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the non-movant's case necessarily renders all other facts immaterial. *Id.*, at 322-323, 106 S.Ct. at 2552-2553.

15. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct 2505, 91 L.Ed.2d 202 (1986). The dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Where the record as a whole cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith radio Corp.*, 475 U.S. 560, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**B. ISSUE: Thomas Hushen as the Director of the Cameron County Emergency Management Department is not a policymaker for Cameron County, Texas.**

16.   Plaintiff asserts a claim against Defendant County for violation of protected speech under the First Amendment and 42 U.S.C. Section 1983 for failure to hire her unless she dismissed the instant lawsuit. But, Plaintiff has no evidence that the constitutional violation, if any, resulted from County policy or a single act of a policymaker.

17.   "... [A] local government may not be sued under Section 1983 for an injury inflicted solely by it s employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983." *Monell v. Dept. of Social Services of the City of New York,* 436 U.S.658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 452 (1978); see also, *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480-81, 106 S.Ct. 1292, 1298-99; 89 L.Ed.2d 452 (1986).

18.   In this case Plaintiff was offered a job by an appointed department head – Thomas Hushen, Director of Cameron County Emergency Management. (Ex.3, Paras. 2 & 6.) The emergency management program is created by V.T.C.A, Govn. Code, Chapter 418. Specifically, Section 418.102 states that: "Each county shall maintain an emergency management program or participate in a local or interjurisdictional emergency management program that, except as otherwise provided by this chapter, has jurisdiction over and serves the entire county or interjurisdictional area." The Director of the Cameron County Emergency Management is appointed under statutory authority, not an elected official with final policymaking authority to hire and fire.

19.   Thomas Hushen has authority delegated from the County Judge to hire and terminate the employees in his department (Ex. 3. Para. 2), but, the Cameron County Commissioners Court under its constitutional powers sets the employment policy for the County. Texas Const., Art. 5, Sec. 18(b). In that roll the commissioners court has adopted, and from time to time revised, County Policy. (Ex. 4, Para. 3 & 5 and the attached Policies Manual.)

20.   This case fits the hypothetical in *Pembaur*.

> "Thus, for example, the County Sheriff [health administrator in the case at bar] may have discretion to hire and fire employees without also being the county official responsible for establishing county employment policy. If this were the case, the Sheriff's decisions respecting employment would not give rise to municipal liability, although similar decisions with respect to law enforcement practices, over which the Sheriff is the official policymaker, would give rise to municipal liability. Instead, If county employment policy was set by the Board of County Commissioners, only that body's decisions would." *Id*, at 483 {FN12].

21.   Likewise, Thomas Hushen as the appointed Director of the County Emergency Management Department has discretion to hire and fire without also being the County official (County Commissioners Court) responsible for establishing County employment policy. See, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108, 124-30, 108 S.Ct. 915, 924-28, 99 L.Ed.2d 107 (1988); *Cf., Beattie v. Madison County School District*, 254 F.3d 595, 602-03 (5th Cir. 2001); and, *Compare, Brady v. Fort Bend County*, 145 F.3d 691, 699-700 (5th Cir. 1998)(unlike the *Pembaur* hypothetical sheriff, Texas Sheriffs have been vested by the Texas legislature with final policymaking authority in hiring and firing deputies.)

22.   An elected sheriff in Texas is vested by the legislature with final authority to hire or fire (V.T.C.A., Local Govn. Code, Sec. 85.003(c)); he answers only to the voters of the County for his employment actions; that is, if the voters do not like his employment decisions, in the next

election they can vote for someone else, but no one reviews his decisions to hire and fire.

23. Thomas Hushen, as the Cameron County Emergency Management Director, is appointed by the County Judge; and he has been given discretion to hire and fire by the Cameron County Judge, not elected by the voters; he serves at the discretion of the County Judge, and subject to his review for his decisions. (Ex.3, Para. 2.) Moreover, he is subject to the employment policy established by the Commissioners Court. (Ex. 4, Paragraph 3 and 5.)

24. The Cameron County Emergency Management Director, Thomas Hushen, is not a final policy maker for Cameron County. Therefore, Defendant County cannot be held accountable for his actions.

## VI. Conclusion

44. Defendant requests this Court issue an order of dismissal of Plaintiff Diamantina Alvarado's claim for failure to hire against Cameron County for the reasons set forth above.

## VII. Prayer

Wherefore, Defendant County respectfully requests that the Court enter the relief requested herein and grant County all other relief with respect to this Motion to which it may be entitled.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 550-1345
Facsimile: (956) 550-1348

BY:
Richard O. Burst

Attorney In Charge
Texas State Bar No. 00785586
Federal Bar No. 15515

Bruce W. Hodge
Of Counsel
Texas Bar No. 0951700
Federal Bar No. 4003

Dylbia L. Jefferies – Vega
Of Counsel
Texas State Bar #00786516
Federal Bar No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Motion has been mailed, certified mail, return receipt requested, or faxed to the following on this 28th day of February, 2006:

Gay E. Gilson
719 Shoreline, Suite 301A
Corpus Christi, Texas 78401
Facsimile (361) 887-0554

Roger Hughes
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
Facsimile (956) 428 2954

Richard O. Burst