regular salary, or he or she may request unpaid leave of absence. For every day that an employee elects to use compensable leave (sick leave, vacation leave and compensatory time), the Department Head will deduct the appropriate leave category by one-third day.

3. Since said employee is unable and unfit to perform the duties of his or her job, and thus, are not working for the County, the said employee, to the extent and for the time said employee is unfit and unable to work, will be compensated by those benefits required by law and provided by the County's insurance carrier. The said employee will not be paid any type of supplement in addition to such benefits, including payments which, when added to such benefits, would exceed the employee's regular salary. However, during the period of disability (i.e., the period that said employee is unfit for duty and unable to perform such duties), the employee shall receive all other employee benefits, including insurance coverage, to which he or she would be entitled had there been no on-the-job injury.

Medical Attention: A County employee who sustains a bona fide on-the-job injury may seek medical attention from the medical facility or professional of his or her choice. The County requires periodic statements of medical condition, which may include completion of the Work Capacity Form and a copy of a release to return to work (from the attending physician).

Discharge: No county employee shall be discharged or otherwise discriminated against because said employee has in good faith filed a claim under the Texas Worker's Compensation Law. However, this provision in no way precludes a discharge or disciplinary action for another legitimate reason.

Reporting: The Department Head (i.e., the relevant elected official or appointed departmental supervisor) may require that County employees on leave due to an on-the-job injury periodically contact a supervisor to report on his or her condition, the frequency of such reports to be determined by the Department Head. The failure to provide the required medical status reports or to contact the supervisor on the required schedule is grounds for revoking the leave and for taking disciplinary action.

RETURN TO WORK:

1. An employee of Cameron County who has sustain a bonafied on the job injury must not be allowed to return to regular assigned duties unless release by the attending physician.

2. An employee disability released to light duty must be placed to work in light duty activity within the department and if that department cannot accommodate the employee will be placed in another department that can accommodate that status for the specified time on light duty.

10.05 DRUG AND CHEMICAL DEPENDANCY POLICY

It is the intent of the County to eliminate the use, exchange or presence of illegal drugs and to prevent the misuse of illegal drugs or chemicals, of any kind, in County offices, facilities, and work sites. The purpose of this policy is to prevent harm to individuals, damage to County property, and disruption of the work environment.

Illegal drugs are defined as any prescription drug obtained other than through a valid prescription, as well as, the commonly known illegal drugs such as, but not limited to marijuana, cocaine, amphetamines and heroin. Chemicals can be defined but not limited to alcoholic beverages, non-prescribed inhalants and any other chemical that disrupts the ability of the employee to perform his/her work safely to avoid personal injury or to others.

Drug Free Workplace

1. Employees are required to refrain from the unlawful use, manufacture, procurement, distribution, sale, dispensing or possession of illegal drugs.

2. Employees are required to refrain from the use of alcohol while on duty and for a sufficient time prior to the performance of duty so that none of the effects of the use of alcohol remains during job performance.

3. Employees are required to refrain form the misuse of legal drugs while on duty and for a sufficient time prior to the performance of duty so that none of the effects of the misuse of legal drugs remains during job performance.

4. Employees are required to refrain from the misuse of chemical substances and materials in the workplace which may result in physical or mental impairment.

5. **Drug Screening Policy Definition approved by Commissioners Court March 11, 2003 (See Cameron County Accident Prevention Plan).**

Personnel Actions

1. Within thirty (30) days after receiving notice form and employee of a conviction of a drug of alcohol related criminal stature, supervisors and department heads shall either take appropriate personnel action up to and including termination of that employee or required that employee to participate and satisfactorily complete a drug or alcohol abuse assistance or rehabilitation program approved by the County Health Department or the Texas Department of Health and Mental Retardation. Once an employee is enrolled in a substance abuse rehabilitation program, he or she is protected from termination because of substance abused, as long as the employee remains substance free.

2. Supervisors and department heads shall initiate appropriate personnel action after review by the County Attorney's Office, up to an including termination for a first criminal offense of any employee who is found to use, procure, manufacture, distribute, sell, dispense or possess illegal drugs, or to use chemicals such as alcohol or when its effects remain during job performance.

   Disciplinary action is not required for an employee who voluntarily identifies himself/herself as a user of illegal drugs prior to being identified through other means and who obtains counseling and/or rehabilitation and thereafter refrains from using illegal drugs in accordance with the provisions of this policy.

3. Supervisors and department heads shall not allow any employee to remain on duty in a sensitive position such as law enforcement, medical, or safety related position, if that employee is found to use, manufacture, distribute, procure, sell, dispense or possess illegal drugs or its found to use alcohol when its effects will remain during job performance, unless that employee has successfully completed a rehabilitation or counseling program. An employee that successfully completes a rehabilitation or counseling program may be allowed to return to duty in a sensitive position, if it is determined that this action would not pose a danger to public health or safety.

4. Supervisors and department heads shall initiate personnel action to remove from employment any employee who is known to use illegal drugs, or use alcohol when its effects remain during job performance, and that employee:

   - Refuses to obtain counseling or rehabilitation through a program approved by the County; or
   - Does not refrain from using illegal drugs or using alcohol when its effects remain during job performance after having obtained counseling or rehabilitation.

5. All medical evaluations and treatments shall remain confidential unless otherwise specifically authorized in writing by the employee.

6. The determination that an employee is using illegal drugs or using alcohol when its effects will remain during job performance may be made on the basis of direct observation, or the results of a drug test. If drugs test results are positive, the employee may rebut the results with other evidence that he/she has not used illegal drugs or that the employee was not using alcohol when its effects would remain during job performance.

County Programs and Department Responsibilities:

1. The Human Resources/Safety Risk Management Department will develop and implement a drug-free awareness program to inform all county employees about:

- the dangers of drug abuse in the workplace;

- the County's drug and alcohol abuse policy;

- drug and alcohol counseling and rehabilitation programs approved by the county or that may be available through the County's group health insurance; and

- the range of personnel actions that may be imposed on employees for violations of the County's drug and alcohol abuse policy.

2. Any elected official or department heads whose department or office receives a grant or administers a contract financed directly by federal funds shall give a copy of the County's drug and alcohol abuse policy to each employee involved in the performance of that grant or contract.

3. Any elected official or Department Head whose department or office receives a grant or administers a contract financed directly by federal funds shall notify that appropriate federal government agency responsible for those funds of any employee who is convicted of a criminal statue relating to illegal drugs for a violation occurring in the workplace no later than ten (10) days after a conviction.

Drug Testing

1. Any employee who is subjected to disciplinary action because that employee is found to be in noncompliance with the County's drug and alcohol abuse policy may voluntarily request that an appropriate drug test be performed. If that employee requests a drug test, the County shall pay for the test. If alcohol use is suspected, the test may be a breathalyzer, urinalysis, or blood test. If illegal drug use is suspected, the must be done by a certified laboratory and may be an immunoassay or a gas chromatograph-mass spectrometer test, both of which are based on a urine sample.

2. The County shall comply with all constitutional federal and state laws that required employees to submit to drug test, but will not extend mandatory drug testing of County employees beyond the requirements of these laws.

Adoption and Dissemination of Policy

**This policy was adopted by the Cameron County Commissioners Court on May 28, 1991.** The policy shall be incorporated in to Section 10.)) of the County's current Personnel Policies Manual, dealing with "Health and Safety," and shall be given and explained to all county employees. Each county employee shall be required to execute a statement of receipt, acknowledgement and understanding of the policy.

## 11.00 PERFORMANCE EVALUTIONS

### 11.01 PURPOSE

The performance evaluation is designed to help the supervisor and employee measure how well the employee is doing his or her job; to provide a tool for management decisions regarding assignment, promotion and retention of employees; and to identify performance problems that need to be addressed.

### 11.02 PERFORMANCE EVALUAITON REPORT

Each Regular County employee's work performance should be evaluated at least once a year prior to the anniversary date of his or her employment or last promotion. An employee may be evaluated more than once a year at the discretion of the Department Head. The evaluation will be done on a form provided by the Human Resources Office. New employees shall be evaluated at the completion of the six months of employment.

The employee's supervisor will complete the performance evaluation reports and meets with the employee in a setting that is private and free of distractions to explain and discuss the evaluation. Their supervisor will discuss with the employee any improvements in performance which appear desirable or necessary.

Employees are expected to sign the performance evaluation report to acknowledge their participation in evaluation process, and will receive a copy of the complete form.

Employees who are dissatisfied with their evaluation should put their objections in writing and submit copies of this statement to their supervisor and their supervisor's immediate superior, who will review the employee's complaint and determine whether remedial action is warranted.

A copy of the performance evaluation report, including any statements by the employee, will be placed in the employee's personnel file.

## 12.00 DISCIPLINE

### 12.01 REASONS FOR DISCIPLINARY ACTION

Disciplinary action may be taken against an employee for various reasons, which include but are not limited to the following examples:

- Insubordination, i.e., willful disregard of a job assignment;

- Absence without leave, including failure to notify a supervisor of sick leave and repeated tardiness or early departures;

- Endangering the safety of other persons through negligent or willful acts, e.g., horseplay, reckless use of County vehicles or equipment, etc.;

- Unauthorized use or misuse of public funds or property, i.e., theft; misuse of vehicles, equipment, etc.;

- Conviction of a felony;

- Conviction of official misconduct or oppression;

- Falsification of documents or record;

- Unauthorized use of official information or unauthorized disclosure of confidential information;

- Unauthorized or abusive use of official authority

- Violation of on the job safety rules;

- Violation of The County's Sexual Harassment Policy;

- Violation of the County's Drug and Alcohol Abuse Policy;

- Incompetence or neglect of duty;

- Disruptive behavior which impairs the performance of others; e.g., fighting and sexual harassment, etc.;

- Violation of the requirements of these personnel policies;

- Other misconducts which may render an employee liable for disciplinary action.

## 12.02 PROGRESSIVE DISCIPLINE

To the greatest extent practical, the County uses the following progressive discipline system. The County, however, is not obligated to use all of the steps defined below. Additionally, the County may begin the disciplinary process at any level, up to and including discharge, based upon the severity of the infraction.

- Verbal Warnings with records of each warning maintained by the supervisor and filed in the employee's personnel file;

- Written Reprimands to the employee which the supervisor must, in all cases, transmit through the Department Head to the employee's personnel files;

- Demotion;

- Suspension from duty without pay for up to thirty (30) days; or

- Separation by involuntary dismissal.

Except in the case of verbal warning, disciplinary action is accomplished or preceded by written notice to the employee involved. A notice to an employee would include a description of the reason for the action, and except in the case of dismissal states the likely consequences of further unsatisfactory performance or conduct. Written notice of disciplinary action is always included in the employee's personnel file.

Disciplinary action does not automatically or permanently disqualify an employee from consideration for future promotion, pay increases, commendations, or other beneficial personnel action.

## 12.03 SUSPENSION WITH PAY.

If an employee is arrested for a felony, prior to indictment, or if some other conduct or behavior of an employee is brought to the attention of a Department Head, the Department Head may suspend the employee with pay pending investigation (external or internal) of such alleged conduct or behavior, until indictment or until other disciplinary action. Provided that any suspension with pay must be reviewed and approved by the Civil Division of Commissioner's Court and may not be extended beyond two weeks without the consent of the Commissioner's Court. Further provided that the "other conduct or behavior of the employee" must be of a nature that would, if true, impact such employee's ability to perform their job.

**Approved by Commissioners Court 05-24-05**

## 13.00 SEPARATIONS

### 13.01 TYPES OF SEPARTION

All separations of employees are designed as one of the following types:

- Resignation
- Retirement
- Reduction in Force
- Elimination of Position
- Dismissal
- Disability
- Death

### 13.02 RESIGNATION

An employee who intends to resign must notify his or her department head in writing at least ten working days prior to the last day of work.

An employee who reigns without sufficient notice is subject to having a written reprimand placed in his or her file documenting this violation of personnel policies unless there is a valid reason approved by the Department Head for not being able to give sufficient notice.

### 13.03 RETIREMENT

Employees who retire must submit their written retirement notice to the Department Head and County Auditor in time for an application to retire to be received by the office of the Texas County and District Retirement System at least thirty (30) days but not more than ninety (90) days prior to the date on which the retirement is to become effective. The effective date specified in the application must be the last day of the calendar month and shall not be a date preceding the termination of the member's employment with the County.

There is no mandatory retirement age for employees of Cameron County, and employees are encourage to remain in their respective positions, subject to the requirements of pertinent policies for the performance for their respective duties.

### 13.04 REDUCTION IN FORCE

An employee may be separated for lack of work or funds.

In deciding who will be separated from their employment as a result of a reduction in force, the County will consider, but is not limited to the following factors:

1. The employee's length of service with the County,

2. the performance record of each employee,

3. a qualification of the employee for remaining positions.

13.05 ELIMINATION OF POSITION

An employee may be separated because of changes in duties or reorganization. The relative necessity of each position to the organization is considered when positions are considered for elimination.

13.06 DISMISSAL

A new employee may be dismissed at any time during the initial six (6) month or the extended probationary period when, in the judgment of the Department Head, the quality and performance of his or her work does not merit continuation as a County employee.

An employee who has completed his or her initial probationary period may be dismissed by the Department Head for various reasons, which include but are not limited to those listed in Section 12.01. All employees remain subject to performance evaluations to be conducted at least once a year.

There is no tenure or permanent lifetime employment or appointment with Cameron County.

13.07 DISABILITY

If it is determined that an employee has a disability as defined by law, and that employee can no longer perform the duties of his or her job, the County will make a reasonable effort to accommodate such employee to the extent such an accommodation will not cause an undue hardship on the County. If reasonable accommodation is not possible, the employee may be dismissed or reassigned, as is allowed by the state and federal law.

13.08 DEATH

If a County employee dies, his or her estate receives all earned pay and any earned and payable benefits.

13.09 EXIT INTERVIEWS AND RECORDS

Employee Separation Forms. An Employee Separation Form must be filled out by the supervisor or Department Head for each employee who is separated, noting the reason for the separation. The Department Head shall keep a copy of the form and submit the original to the payroll clerk and a copy to the Human Resource Department for further processing.

Payroll Attendance Worksheet. Information regarding employee separation must also be reported to the Payroll Clerk of the Pay roll Attendance Worksheet and must reflect any vacation and/or comp-time pending.

Exit Interview Form. Each supervisor separating an employee will fill out an employee exit interview form to be submitted to the Human Resource/Safety Risk Office. . **The Human Resources Administrator/Designated Staff will discuss the separation in an interview with the employee. The terminated employee will pickup final pay check at the Human Resources/Safety Risk Department.**

**Approved by Commissioners Court 01-04-05**

## 14.00 GRIEVANCES

### 14.01 POLICY

It is the policy of Cameron County, insofar as possible, to prevent the need for employee grievances and to deal promptly with those which occur.

### 14.02 GROUND FOR GRIEVANCE

Any difference or disagreement between the County and any employee who has completed his or her initial evaluation period involving the interpretation, application, or enforcement of any of the provisions of this Handbook, except those involving involuntary dismissal, shall constitute a grievance and must be taken up by the employee in the manner set forth in the following sections. The grievance procedure provided in the following sections is not available to the employee who has been involuntarily dismissed from employment by the County or the employee who has not completed his or her initial evaluation period.

### 14.03 INFORMAL GRIEVANCE

The first step in the grievance procedure is for the employee to resolve the grievance by an informal conference with his or her immediate supervisor within ten (10) working days after the events upon which the grievance is based. If informal conference with the supervisor does not result in a resolution of the problem(s) that is satisfactory to the employee, he or she may file a formal grievance.

### 14.04 FORMAL GRIEVANCE

Formal grievance should be in writing, signed by the employee, and presented to the employee's Department Head within ten working days after the informal conference is held. The employee should state what action he or she would like to see taken to resolve the grievance.

Within five (5) working days after being presented with a formal grievance, the Department Head shall elect to either:

1. request a recommendation from the Advisory Grievance Committee appointed by the Commissioners Court, in accordance with the procedures set forth in Section 14.05; or

2. make a determination of the grievance without requesting a recommendation from the Advisory Grievance Committee appointed by the Commissioners Court.

If the Department Head elects to make a determination of the grievance without requesting a recommendation from the Advisory Grievance Committee appointed by the Commissioners Court, he or she shall:

1. investigate and make a decision on the grievance within five (5) working days from the date of his initial election; and

2. Communicate his decision in writing to the employee within two (2) working days after it is made.

The manner of investigating the grievance shall be left to the discretion of the Department Head, but shall involve, at a minimum, a review of the employee's personnel file and any other documents relevant to the grievance, and a discussion with the employee and a discussion with the employee's immediate supervisor concerning the events upon which the grievance is based.

In the case of elected Department Heads, the decision of the Department Head is final. In the case of Department Heads appointed by the County Judge and/or the Commissioners Court, appeals may be made to the Commissioners Court (in executive session). Department Heads appointed by a board may choose to recommend a method of appeal to that board.

14.05 ADVISORY GRIEVANCE COMMITTEE PROCEDURES

If a Department Head presented with a formal grievance elects to request a recommendation from the Advisory Grievance Committee appointed by the Commissioners Court, the Advisory Grievance Committee shall convene a meeting within ten (10) working days after the Department Head requests a recommendation. The purpose of the meeting shall be to uncover sufficient facts to allow the Advisory Grievance Committee to determine whether the actions upon which the grievance is based are in violation of the County Personnel Policies as set forth in this manual. It is not an adversarial proceeding.

Within five (5) working days after the meeting is adjourned, the Advisory Grievance Committee shall transmit a written letter to the Department Head stating one of the following conclusions:

1. "After completing of an investigation of this matter in accordance with the provisions of Section 14.05 of the Cameron County Personnel Policies Manual, it is the opinion of the Advisory Grievance Committee appointed by the Commissioners Court that the County Personnel Policies as set forth in the Cameron County Personnel Policies Manual have been followed. It is therefore our recommendation that the formal grievance be denied"; or

2. "After completion of an investigation of this matter in accordance with the provisions of Section 14.05 of the Cameron County Personnel Policies

Manual, the Advisory Grievance Committee is not satisfied that the County Personnel Policies as set forth in the Cameron County Personnel Policies Manual have been followed. It is therefore our recommendation that the action requested by the employee in the formal grievance be [granted] [modified as follows: {recommended action be taken}]."

After receipt of the recommendation from the Advisory Grievance Committee, the Department Head shall:

1. investigate and make a decision on the grievance within five (5) working days;

2. communicate his decision to the employee in writing within the two (2) working days after it is made.

The manner of investigating the grievance shall be left to the discretion of the Department Head, but shall involve, at a minimum, a review of the employee's personnel file and any other documents relevant to the grievance.

In the case of elected Department Heads, the decision of the Department Head is final. In the case of Department Heads appointed by the County Judge and/or the Commissioners Court, appeals may be made to the Commissioners Court (in executive session). Department Heads appointed by a board may choose to recommend a method of appeal to that board.

## 15.00 PERSONNEL FILES

### 15.01 GENERAL

Personnel files are maintained by each Department Head or elected official. The record copy of all personnel information related to an employee shall be filed in the employee's personnel file.

Most information in an employee's personnel file is open to the public unless disclosure of specific items is prohibited or not required by law. New employees will be asked to sign a Disclosure of Home Address and Telephone Number Form, indicating whether or not they wish to allow public access to their home address and telephone number. No information from any record placed in an employee's file will be communicated to any person or organization except by the Department Head, the County Auditor, the Human Resources Administrator, or by an employee authorized to do so by one of these persons.

An employee or his or her representative designated in writing may examine the employee's personnel file upon request during normal working hours at the County offices. Exceptions to this policy may be made when the records are related to pending or reasonably expected litigation.

Employees are expected to inform their supervisors of any changes in or corrections to information recorded in their individual personnel file such as home address, telephone number, person to be notified in case of emergency, or other pertinent information.

### 15.02 PERSONNEL ACTION FORM

The Personnel Action Form is the official document for recording and transmitting to the personnel file each personnel action. This form is used to promote uniformity in matters affecting:

- Positions Title and Classification (i.e., Demotion or Promotion),

- Annual Salary (i.e., Pay increase or decrease), and

- Other actions affecting the employee's status (i.e., separation).

Each Personnel Action Form becomes a permanent part of the employee's personnel file, and a copy is given to the employee.

### 15.03 CONTENTS OF PERSONNEL FILES

An employee's personnel file contains; a copy of the employee's application for employment, a signed copy of the employee's acknowledgement of receiving the Personnel Policies Handbook, Insurance Handbook, and Retirement System Handbook, the class (job) description for the position he or she currently occupies, personnel action forms, performance evaluation records, records of any citations for excellence or awards

for good performance, records of leave accrued and taken, and any other pertinent information having a bearing on the employee's status.

15.04 LEAVE RECORDS

Official records of annual leave and sick leave accrual and of leave usage will be kept for each employee by the Department Head. Leave records are updated at the end of each month. Leave balances are shown on the official record to reflect any remaining leave to which an employee is entitled.

## 16.00 COUNTY BUSINESS TRAVEL

### 16.01 REIMBURSEMENT

The commissioner's Court will reimburse county employees traveling out of the county on county business, for such travel only upon submitting the appropriate travel expense forms and prior approval.

### 16.02 TRAVEL ADVANCES

Travel Advances will be issued only if Commissioner's Court has approved travel before date of travel.

### 16.03 AVAILABLE FUNDS

All travel expenditures requisitioned must be encumbered on official encumbrance from prior to actual travel to insure that actual funds are available. If travel is for a seminar, conference, etc. a copy of the pamphlet or brochure must be attached.

### 16.04 HOTEL ALLOWANCES

The maximum daily allowance for hotel stay is $100/night inclusive of all applicable taxes. Exception to this rule must have prior approval by Commissioner's Court. Except in the following cities.

| City | Per Diem |
|---|---|
| Washington D.C. | $200.00 |
| New York City | $200.00 |
| Mexico City | $200.00 |

The per diem is per person per night. If a room is shared, then accommodations costing more than $100.00 per night can fall within the policy guideline. For example:

| | |
|---|---|
| Hotel Room/night | $125.00 |
| State Hotel Tax | $ 9.00 |
| City Hotel Tax | $ 10.00 |
| Total | $144.00 |

Allowable for two (2) occupants @ $100.00 per diem each is $200.00

REVISED 11/22/05                                    46

16.05 ASSOCIATION SEMINARS

Travel for an association's annual seminar and hotel rates have been negotiated and a block of rooms reserved; than, the negotiated room rate plus tax will be allowed rate. A copy of the association seminar announcement will be required with request.

If no more blocked rooms are available due to late enrollment the normal per diem of $100.00 applies.

Exceptions

Overnight lodging will not be allowed for travel within four county areas, which includes Cameron, Willacy, Hidalgo and Starr Counties.

Seminars or conventions held at South Padre Island may be excluded from the four county policies. Officials with offices in Port Isabel or South Padre Island will not be reimbursed for overnight stay.

16.06 EXPENSE VERIFICATION

Receipts for all expenses incurred while on travel for county business with the exception of meals. (hotel/motel, taxi/car rental, handbooks or resource material, etc).

Expenses for daily travel (not overnight) will be reimbursed only total time exceeds six (6) hours. Receipts are required for all expenditures including meals. Meals must not exceed the allowable amount as per meal schedule.

Meal Expenses

Expenses for meals when travel time is less than six (6) will not be refunded.

The employee will be reimbursed per meal based on travel time from 7:00 A.M. to 7:00 P.M. Evening meal if return at 7:00 P.M. or after.

| | |
|---|---|
| Morning Meal | $ 7.00 |
| Noon Meal | $ 8.00 |
| Evening Meal | $10.00 |

Transportation Expenses

The County will reimburse for actual expenses on travel by Air, Bus Train or Personal Vehicle at the lowest cost to Cameron County.

Employees traveling outside the County for 500 or more miles round trip will be reimbursed at the rate not to exceed the cost of round trip airfare coach class. Amounts in excess of that cost must be submitted to the Commissioners Court for approval one month in advance. Extradition of prisoners is exempt.

Authorized use of personal vehicle is differentiated by two classifications. Those that are awarded a car allowance for travel expenses incurred while performing job functions within Cameron County. Those who receive mileage reimbursement for travel on county business in or out of Cameron County as needed.

Mileage reimbursement Guide:

- In County Travel          $0.25

  Out of County             $0.20

(Employees receiving a car allowance may receive mileage for travel outside Cameron County.)

On regular workday mileage is calculated from employee's place of work. The employees required to travel on a non-working day will initiate travel mileage from their home.

It is recommended that Cameron County employees traveling to the same conference/seminar in county or personal vehicle share transportation. When more than one employee travel in the same personal vehicle only one may claim mileage reimbursement. They are allowed other travel reimbursement for eligible expenses.

16.07 RESPONSIBILITY

It shall be the responsibility of the Official or Department Head to use out-of-county travel funds for official county business only. These funds are budgeted for the purpose of allowing Officials, Department Heads and their employees to attend various association meetings, training seminars, education seminars, and required law enforcement travel relating to prisoner and probationers.

Official and Department Heads are responsible for the strict enforcement of these policies.

## 17.00 EXEMPT POSITIONS

Except as otherwise provided, only elected County officials are exempts from these personnel policies.